# **EXHIBIT A**

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.      **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u>  COUNTY, FLORIDA

<u>David Sidney Potter</u>
Plaintiff

Case # _____  2021 CA 000401

Judge _____

vs.

<u>Rooven Akiba, Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation,</u>
<u>Paychex Insurance Agency, Inc, Greg Gehris</u>
Defendant

II.     **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

III.     **TYPE OF CASE**      (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions

- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☒ Other
    - ☐ Antitrust/Trade regulation
    - ☒ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☐ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

## COUNTY CIVIL

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.    NUMBER OF CAUSES OF ACTION: [   ]**
(Specify)

<u>6</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ D. Sidney Potter</u>       Fla. Bar #
        Attorney or party           (Bar # if attorney)

<u>D. Sidney Potter</u>         <u>03/02/2021</u>
  (type or print name)       Date

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

2nd Judicial District of Florida in Leon County

Civil Division

| | | |
|---|---|---|
| David Sidney Potter | ) | Case No.   2021 CA 000401 |
| _____ | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | Jury Trial: *(check one)*  ☒ Yes  ☐ No |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| Rooven Akiba, Ryan Marier, James Pate, | ) | |
| Leanne Keegan, Secure One Capital Corporation, | ) | |
| Paychex Insurance, Inc, Greg Gehris | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued.  If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.  **The Parties to This Complaint**

    A.  **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | David Sidney Potter |
| Street Address | P.O. Box 287 |
| City and County | Pasadena |
| State and Zip Code | CA 91102 |
| Telephone Number | 818-298-4388 |
| E-mail Address | dsidneypotter@yahoo.com |

    B.  **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

    Name                             Rooven Akiba

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name                             Ryan Marier

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name                             James Pate

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name                             Leanne Keegan

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## C.    Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Secure One Capital Corporation |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒    Other federal law *(specify the federal law)*:

Affordable Care Act, Todd-Frank Act

☒    Relevant state law *(specify, if known)*:

Florida

☐    Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐   Failure to hire me.

☒   Termination of my employment.

☐   Failure to promote me.

☐   Failure to accommodate my disability.

☒   Unequal terms and conditions of my employment.

☒   Retaliation.

☐   Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

2/26/2021

C.   I believe that defendant(s) *(check one)*:

☒   is/are still committing these acts against me.

☐   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐   race   _____

☐   color   _____

☐   gender/sex   _____

☐   religion   _____

☐   national origin   _____

☒   age *(year of birth)*   1964   *(only when asserting a claim of age discrimination.)*

☐   disability or perceived disability *(specify disability)*

_____

E.   The facts of my case are as follows.  Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Terminated because of age. Retaliation for making inquiry into health insurance as mandated by ACA.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☐   issued a Notice of Right to Sue letter, which I received on *(date)* _____ .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Still have right to sue based on other torts committed by Defendants irrespective of when EEOC claim is filed.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          2/27/2021

Signature of Plaintiff        / D. Sidney Potter /
Printed Name of Plaintiff    D. Sidney Potter

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL DISTRICT, IN AND FOR
LEON COUNTY, FLORIDA

David Sidney Potter,

      Plaintiff

vs.

Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
Greg Gehris

      Defendants

**COMPLAINT AND JURY DEMAND**
Leon County
Case No. 2021 CA 000401

**CAUSES OF ACTIONS:**

**COUNT 1: FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy Against All Defendants)**
**COUNT 2: SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)**
**COUNT 3: THIRD CAUSE OF ACTION (Age Discrimination)**
**COUNT 4: FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)**
**COUNT 5: FIFTH CAUSE OF ACTION (Violation of The Consumer Financial Protection Act)**
**COUNT 6: SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)**

D. Sidney Potter vs. Secure One Capital Corporation, et al.

Page 1

# TABLE OF CONTENTS

I.  THE NATURE OF THE ACTION………………………………………….......3

II. PARTIES.........................................................................................................6

III. JURISDICTION AND VENUE………………………………..…….....……7

IV. FACTUAL ALLEGATIONS……………………………………………….7

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES……………….……...............9

VI. ARGUMENT

    FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy Against All Defendants)…………………………………….…………….........10

    SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)……..11

    THIRD CAUSE OF ACTION (Age Discrimination)………………………..12

    FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)……….14

    FIFTH CAUSE OF ACTION (Violation of the Consumer Financial Protection Act).15

    SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)…………..…15

VII. PRAYER FOR RELIEF……………………………………………..…….16

VIII. DEMAND FOR JURY TRIAL…………………………………………......18

    IX.  EXHIBITS……………………………………………………………..…20

D. Sidney Potter vs. Secure One Capital Corporation, et al.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*********** **False Claims Act & Qui Tam** ***********

Notice is hereby given that Plaintiff reserves the right to further his claim against said Defendants in the False Claims Act and Que Tam. The absence of such claim in this subject litigation does not preclude Plaintiff from exercising such right. False Claims Act is 31 U.S.C. Sections 3729-3733.

Page 3

Plaintiff D. Sidney Potter alleges as follows:

## THE NATURE OF THE ACTION

1.      The case involves the wrongful termination of D. Sidney Potter by Secure One Capital Corporation, (herein known as SECURE ONE), a mortgage lender that is regionally based in Loxahatchee, FL (as the registered location); and Paychex Insurance Agency, Inc., an accessory Defendant to the termination (herein known as PAYCHEX), regionally based in Sarasota, FL.  The employee, D. Sidney Potter (herein known as Potter), who would be entitled to different protections as a contractor, was hired and started as an employee with SECURE ONE on July 13, 2020 from their California office at 555 Anton Blvd, Costa Mesa, CA 92626, and was subsequently fired February 26, 2021. Mr. Potter accepted employment from SECURE ONE while in Florida (see Exhibits for State of Florida identification card), and subsequently worked in North Carolina while under the employ of SECURE ONE.  Mr. Potter has never been to the offices of SECURE ONE in California. For purposes of jurisdiction, Florida law and statue dominates this case; procedurally and legally, in terms of personal justification and venue, and legal jurisdiction. All counties are applicable, since SECURE ONE and PAYCHEX operate all.

2.      The Plaintiff, D. Sidney Potter, is an experienced mortgage operations consultant who has worked on dozens of projects over a 13-year period for an inordinate number of banks, finance companies, and mortgage analytics firms.  Some of the companies include the following: GE Money, IndyMac, Ameriquest, Bank of America, Countrywide, Merrill Lynch, Bank One, Washington Mutual and Wells Fargo.  Along with those latter named Fortune 500 companies, Potter has worked with Big Six consulting firms, such as Arthur Andersen, Accenture, Deloitte & Touché, Cognizant and Ernst & Young.  In terms of project locations, they include Boston, Jacksonville, Charlotte, Minneapolis, Dallas, San Francisco, Phoenix, Detroit and Los Angeles.

In addition to whom and where Potter has worked, he has primarily been engaged in several capacities when on site as a mortgage operations consultant.  Those mortgage operation "hats" include the role of a mortgage underwriter, repurchase analyst, due diligence processer, quality control auditor and as a mortgage analyst.  In his various roles, it has been necessary to achieve certification and authorization designations in order to perform certain functions, such as that of an underwriter.  Over a 13-year period, it is estimated that Potter has taken hundreds of assessments and continuing education courses at the various banks he has worked during his role as a mortgage operations consultant.

3.       The Plaintiff, D. Sidney Potter is a published author and writes for several well-known online periodicals, such as The Huffington Post, CNN (iReports), Politico, Inman and CounterPunch.  He is considered a subject matter expert (SME) in the mortgage and real estate industry.  Some of his work includes on camera talent for "how to" instruction videos in real estate and mortgages for Demand Studies.  In 2011, he was named "Person of the Week" from Mortgage Orb Magazine, in addition to being quoted directly via other online periodicals, and subsequently in 2017, was mentioned as a person to watch in Inman Real Estate magazine for his prowess in real estate and his Jack Kerouac like travels as a journeyman writer.

4.       The Plaintiff, D. Sidney Potter, successfully passed the preliminary test cases administrated verbally by SECURE ONE precedent to employment. The Defendant, SECURE ONE choose to rely on these preliminary assessments to hire Potter as an Underwriter.

5.       As a result of SECURE ONE's wrongful termination of Potter's employment on February 26, 2021, and despite employment being conveyed as "guaranteed" and continually – unless otherwise stated for the next 10 years as expressed by SECURE ONE, the following employees of SECURE ONE and the accessory defendant PAYCHEX: Rooven Akiba (Primary

Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, are apart of this legal complaint via the legal theory of Respondeat Superior.  It is worth noting that SECURE ONE and PAYCHEX will be sued in a companion lawsuit as a result of the unlawful conduct of additional employees not herein named as Defendants, wherein Potter has suffered serious economic harm as a result of discriminatory treatment and wrongful termination.

6.      In particular, a formal job discrimination complaint with the EEOC will be filed in the Tampa, Florida within the next 60 days and be made apart of this compliant.

7.      This lawsuit seeks to redress the harm suffered by Potter and shed light on the discriminatory employment practices that have pervaded SECURE ONE throughout Potter's tenure while employed.

8.      Defendants had no right to terminate Potter's employment at SECURE ONE under these circumstances, and Defendants wrongful and tortuous conduct has resulted in damage to Potter in an amount as-of-yet undetermined.  More specifically, this lawsuit seeks an as-of-yet undetermined amount of money and to force both companies to implement safeguards to prevent financial harm to its customers; in addition that other non-Whistleblower claims to be substantially punitive in terms of damages and to be determined by a jury of Potter's peers and/or a bench decision by this Court. In terms of Whistleblower damages, refer to the Florida Whistleblower Act and the Consumer Financial Protection Act for compensatory damages and injunctive relief contained herein. In addition, SECURE ONE has not fully redressed allegations of predatory lending as to the 'benefit to borrower' criteria as established by The Dodd-Frank Act of 2010.

## PARTIES

9.      Plaintiff, D. Sidney Potter ("Potter" or "Plaintiff") is, and at all relevant times was, an individual working as a mortgage operations consultant based in California and North Carolina, whilst conducting business under his sole proprietorship entitled Potter Equities.  For the work performed for SECURE ONE, the Plaintiff was temporally in the State of North Carolina, and maintains ties to Florida as evidenced with his current State of Florida identification.  Employment laws in North Carolina are applicable to the case at hand. The second venue is California, wherein the Plaintiff may file in Los Angeles County.

10.      Plaintiff is informed and believes and based thereon alleges that Defendant, SECURE ONE, is, and at all relevant times was, a corporation that conducts business, and is organized and existing under the laws of the State of Florida, doing business in the County of Leon, State of Florida. SECURE ONE is registered with the Florida Office of Financial Regulation, 200 E. Gaines Street, Tallahassee, FL 32399.  The company identification is MLDB: 12273, in addition that employee Ryan Marier maintains an NMLS license of LO032715. The registrant for SECURE ONE is InCorp Services, Inc, located at 17888 67th Court North, Loxahatchee, FL 33470.  Despite popular claims, SECURE ONE was established in 2011, not 1995, some 25+ years ago, as has been suggested.  (see Exhibits with date of incorporation, and attached Articles of Incorporation).

11.      Plaintiff is informed and believes and based thereon alleges that Defendant, PAYCHEX, is, and at all relevant times was, a corporation that conducts business, and is organized doing business in the County of Leon, State of Florida.  The address of record for PAYCHEX is 2817 Cattlemen Road, Suite 2817, Sarasota, FL 34232.

12.      Plaintiff is informed and believes, and based thereon alleges, that each Defendant;

and the following employees of SECURE ONE and PAYCHEX: Rooven Akiba (Primary Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, at all times mentioned in this complaint was the agent, employee, partner, joint venturer, co-conspirator, and/or employer of the other Defendants and was at all times herein mentioned acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture.  Plaintiff is further informed and believes, and thereon alleges, that the acts and conduct herein alleged of each Defendant was known to, authorized by and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

13.     Jurisdiction and venue are proper in this Court because, SECURE ONE, incorporated in the State of Florida, with MLDB ID: 12273, conducts business in the State of Florida; and PAYCHEX, conducts business in the State of Florida, under its corporate parent, Paychex, Inc., (NASDAQ: PAYX) is registered with the Florida Division of Corporations.

14.     The Plaintiff, D. Sidney Potter accepted employment and executed an employment agreement on July 13, 2020 with SECURE ONE for the purpose of performing work for SECURE ONE, emanating from conversations whilst in the State of Florida.

15.     The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

16.     As noted earlier, the employee, D. Sidney Potter, successfully passed training as verbally administrated by SECURE ONE employee Ryan Marier. The employer, SECURE ONE, authorized said training.

17.     As a result of the success of the training, Potter was offered a position with SECURE ONE.

18.     Companies enjoy a strong degree of discretion to 'fire and hire' mortgage employees at their whim – and do so with an alarming zest.  Potter has witnessed this dysfunctional behavior firsthand and understands – however morally and ethically wrong, that there are few if no repercussions for employers who engage in this quasi "white collar" ethnic cleansing.  Potter is also cognizantly aware that these very same employers cannot fire an employee based on a charge of wrongful termination and/or discriminatory nature.  The Defendants are liable for this breach of American jurisprudence, in that they have skirted the law under the pretext of ending Potter's assignment under the guise that as an "employee-at-will" he was fireable at any moment, when infact they are guilty of breaking the law by willfully committing an unlawful termination.  In part, it is "what they do".

19.     To be brief, the employee, D. Sidney Potter, had his position eliminated – in part because of a subjective bias in his performance competencies, wherein his competency was at or above the requisite level.  A statistical analysis will prove this fact.  This is against the law, and as a result, SECURE ONE will have to reimburse Potter for his economic loss.

**20.     Furthermore, the employee, D. Sidney Potter, had his position eliminated because he notified in writing to two employees in human resources of SECURE ONE on three separate occasions, the first in August 2020, January 2021, and more specifically on February 26, 2021, of their failure to properly initiate company mandated healthcare as required by law.  In particular, when Mr. Potter informed SECURE ONE by email of incorrect coverage from Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage**

was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated.  This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation.  State and federal law has been broken as a result of these tortious acts that have caused economic harm to the Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.    Not all wrongful discharge claims are discrimination-based. If an employee is given a contract of employment, either expressly or impliedly and/or verbally, and is terminated before the expiration of, and in violation of, under that contract he or she is entitled to bring a claim for wrongful discharge and breach of employment contract.  **As such, the claim brought by Plaintiff is not subject to exhaustive remedies, per EEOC, but will be filed within 60 days**.

22.    SECURE ONE, a mortgage lender company of approximately 100 employees that hires mortgage banking professionals, like the Plaintiff, for mortgage operations work, will try to suggest that the email from SECURE ONE, dated February 26, 2021, somehow acts as a release against any and all future claims against SECURE ONE.  And that the employment agreement signed shortly before the commencement of work on July 13, 2020 nullifies any post-employment legal claims, is wholly inaccurate and supercilious   And even if SECURE ONE tried to suggest that Potter was precluded from suing them directly for any and all reasons under the sun, SECURE ONE cannot succeed on this frivolous claim and Mickey Mouse assertion. The courts have long frowned upon blanket assertions of unsubstantiated claims and any other similar facsimile or quasi agreement (i.e., Arbitration/AAA), which are drafted, amended and submitted by employers to employees in a non-arm's length capacity; as an all-inclusive defense and/or an attempt to absolve them of any future litigation.  The litigation at hand against all

Page 9

Defendants is predicated upon its own merits, and is not subject to an inapplicable email, letter or agreement, but rather the allegations presented thereon will be subject to the reasoning of the trier of fact, either from the bench or by jury trial, that will adjudicate in part and/or in full on behalf of the aggrieved party, that being the Plaintiff himself.

## FIRST CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against All Defendants)

23.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

24.     Potter's employment with SECURE ONE was terminated by Defendants in violation of fundamental public policy of the State of Florida since he was wrongly terminated based on Whistleblowing activity and as a result of his entire test assessments falsely alleged of not being substantially above what other underwriters at this SECURE ONE mortgage unit have performed at.  This by any other name is discriminatory.  Holding the Plaintiff to a higher standard not required by other employees is clearly a violation of Plaintiffs' rights.

25.     As set forth above, the actions and conduct of Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of Florida, the State of California, and the State of North Carolina, as reflected in their respective laws objectives and policies.

26.     More specifically, SECURE ONE terminated Potter's employment in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including but not limited to Const. Art. I section 8.

27.    In committing the foregoing acts, SECURE ONE is guilty of oppression, fraud, and/or malice under Florida Civil Code section 3294, thereby entitling Potter to punitive damages in a sum appropriate to punish and make an example out of SECURE ONE.

28.    As a direct and proximate result of the Defendants' conduct, Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trail.

29.    Potter is informed and believes and based thereon alleges that the above-described conduct of Defendants was willful and intentional and done with malice, fraud and oppression, and constitutes despicable conduct in conscious and reckless disregard of Potter's rights and interest, such that the conduct warrants the imposition of punitive damages in a sum appropriate to punish Defendants, and each of them, and to deter Defendants from engaging in future similar misconduct, the exact sum subject to proof at the time of trial.

30.    Potter has been damaged in an amount within the jurisdictional limits of this Court.

### SECOND CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

31.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

32.    Defendants anticipatorily repudiate and materially breached the Implied Covenant of Good Faith, the implied employment agreement, and the verbal agreement (herein all three elements referred to as Agreement), that Potter accepted before commencing work for the named Defendants to perform the duties of the job.

33.     Potter has performed all conditions, covenants and promises required pursuant to the terms of the Agreement, except to the extent such performance was waived executed or prevented by reason of the acts or omissions of Defendants.

34.     As a direct and proximate result of the anticipatory and material breach and the conspiratorial conduct by both Defendants as it relates to a breach of the Affordable Care Act in the deliverance of health care; wherein each party subverted their fiduciary responsibility to the Plaintiff; and as such Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trial.

35.     Potter is also entitled to an award of his reasonable lawyer's fees and costs pursuant to Florida Civil Code section 1717, wherein Potter anticipates that he will hire legal representation for this case in the near future.

### THIRD CAUSE OF ACTION

#### (Age Discrimination)

36.     The Plaintiff has been treated differently than similarly situated employees by Defendants in the terms and conditions of his employment because of his age, and professional responsibilities.

37.     Defendants engaged in illegal discrimination against the Plaintiff because of his age, as validated by the hire practices of the SECURE ONE.

38.     Defendants have engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

39.     Defendants' conduct violates Title VII and The Age Discrimination in Employment Act of 1967.

40.     No later than March 15th, 2021, the Plaintiff will have filed a timely Charge of Discrimination against SECURE ONE, alleging age discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX will be attached to an amended complaint and will be filed at the EEOC office at 501 E. Polk St, Suite 1000, Tampa, FL 33602. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

41.     As of and no later than March 31st, 2021, the Plaintiff will file a timely Charge of Discrimination against SECURE ONE alleging any additional charges as deemed necessary after conferring with legal counsel, with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX, will be attached to an amended complaint and will be filed at the EEOC Los Angeles office, located at 255 E Temple St, Los Angeles, CA 90012. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

42.     The Plaintiff will have satisfied all statutory prerequisites for filing this action.

43.     Defendants' discriminatory conduct, in violation of Title VII and The Age Discrimination in Employment Act of 1967, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

44.     Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

Page 13

45.      Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a, with a true and accurate copy of the both EEOC Charges of Discrimination. Notwithstanding the EEOC filing, Plaintiff still asserts his rights in this case in that a federal question is at hand for the Court to determine.

## FOURTH CAUSE OF ACTION

### (Violation of Florida's Whistleblower Act, per Statute 448.102)

46.      The FWA (Florida Statute Section 448.102) prohibits private-sector employers from retaliating against employees who report employers' legal violations to authorities or who refuse to participate in violations of the law. To prove a prima facie case under the FWA, the plaintiff must establish that:

1.   he or she engaged in statutorily protected expression;

2.   he or she suffered an adverse employment action; and

3.   the adverse employment action was causally linked to the protected activity.

Confusion as to what employees need to show to claim protection under the FWA has persisted since 2015, when a Florida appellate court, unlike another court, held that the employee must show an actual violation of the law. *Kearns v. Farmer Acquisition Co. d/b/a Charlotte Honda*, 157 So.3d 458 (Fla. 2d DCA 2015). Another Florida appellate court had held two years earlier that an employee need only show that he or she had a good-faith belief a violation occurred when claiming protection under the law. *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

47.      Since *Aery*, Florida's federal district courts have adopted the good-faith belief standard, concluding that *Kearns* did not directly conflict with *Aery*, and that *Aery* was the law of

the state. Under the good-faith belief standard, if an employee refuses to engage in an activity at work because he or she *mistakenly believed* the activity is illegal, the employee likely will enjoy whistleblower protections from any adverse employment action arising out of not performing his or her job. Critics argue that this frustrates Florida's status as an at-will employment state.

## FIFTH CAUSE OF ACTION

### (Violation of the Consumer Financial Protection Act, per Title X of the Dodd-Frank Act)

48.   The anti-retaliation provision of the Consumer Financial Protection Act provides a cause of action for corporate whistleblowers who suffer retaliation for raising concerns about potential violations of rules or regulations of the Consumer Financial Protection Bureau.  In addition, the CFPA whistleblower law proscribes a broad range of adverse employment actions, including terminating, "intimidating, threatening, restraining, coercing, blacklisting or disciplining, any covered employee or any authorized representative of covered employees" because of the employee's protected whistleblowing.

## SIXTH CAUSE OF ACTION

### (Violation of the Affordable Care Act)

49.   As notated early, when Mr. Potter informed SECURE ONE by email of incorrect and non-existent coverage for Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated.  This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation.  Both the email and voicemail have been saved electronically and by MP4 audio clip.  Further discovery shortly after the initial email and

Page 15

subsequent phone call(s) will evidence correspondence between the Defendants regarding the unlawful termination.

50.    It was PAYCHEX's willful disregard of the fiduciary well-being to Mr. Potter, that makes this a like-type violation of the Hippocratic oath and its conspiratorial conduct with SECURE ONE that lead to the termination of Plaintiff.  More specifically, Mr. Potter made an inquiry to employee Greg Gehris of PAYCHEX, that the plan he choose was not correct and that several attempts to remedy the negligence of PAYCHEX had been attempted over the past month, but to no avail. For over a month, the Plaintiff had no coverage. As a result of Plaintiff's right to make a change to his health plan as mandated by the Affordable Care Act, both Defendants took it upon themselves to consider the termination for the Plaintiff as a solution, rather than address their act of professional negligence, which if done as proscribed by law, would have been, to select the correct plan.  Instead, without moral conscious and erudition, Mr. Potter was promptly fired 43 minutes later in relation for exercising his constitutional rights; in addition to his rights as covered by the Affordable Care Act.  Common violations employers have committed: https://www.myefbc.com/wp-content/uploads/2015/09/ACA-Violations-Penalties-and-Excise-Taxes_October-2015.pdf

51.    Mr. Potter can answer affirmatively to the three-prong litmus test:

a.    Mr. Potter was engaged in statutorily protected expression;

b.    Mr. Potter was in fact fired as a result of raising concerns to SECURE ONE on violations of law as they relate to the Affordable Care Act and The Dodd-Frank Act; and

c.    Mr. Potters' termination resulted from his expression of protected activity.

## **PRAYER FOR RELIEF**

52.   For general damages, according to proof on each cause of action for which such damages are available.

53.   For special damages, according to proof on each cause of action for which such damages are available.

54.   For compensatory damages, according to proof on each cause of action for which such damages are available.

55.   For punitive damages, according to proof on each cause of action for which such damages are available.

56.   For declaratory and injunctive relief as appropriate.

57.   For reasonable lawyer fees incurred in this action, should the Plaintiff hire a lawyer to handle this litigation.

58.   As proscribed by law per under the Florida's Whistleblower Act for compensatory damages, that include and not limited for emotional distress and mental anguish (Aery, 118 So.3d at 914-15), (Fla. Stat. s. 448.103[2]).

59.   As proscribed by law per under the Consumer Financial Protection Act, a violation results in Defendant liable for punitive, compensatory or special damages, in addition to reinstatement, back pay and front pay in lieu of reinstatement to the Plaintiff. (See §1057. EMPLOYEE PROTECTION of the Consumer Financial Protection Act of 2010).

60.   As proscribed by law per under the Consumer Financial Protection Act, an award of 10% to 30% of the sanctions collected from subject financial institution.

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Florida Jurisdiction §34.01, Potter hereby demands a jury trial on all issues so triable.

Dated:  this 27th of February 2021.


Respectively Submitted,

/ D. Sidney Potter /

_____
D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th of February 2021, a copy of the foregoing was sent via first class mail to:

Defendant Addresses:

Rooven Akiba
[DRE ID: 00350120]
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936]
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379]
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

D. Sidney Potter v. Secure One Capital Corporation, et al.

# EXHIBITS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

D. Sidney Potter v. Secure One Capital Corporation, et al.

IN THE CIRCUIT/COUNTY COURT OF THE _____2ND_____ JUDICIAL CIRCUIT
IN AND FOR _____LEON_____ COUNTY, FLORIDA

CASE NO. _____2021 CA 000401_____

DAVID SIDNEY POTTER
Plaintiff/Petitioner or in the interest of

ROOVEN AKIBA, ET AL
Defendant/Respondent

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have __0__ dependents. *(Include only those persons you list on your U.S. income tax return.)*
   Are you Married?...Yes (No)  Does your Spouse Work?...Yes (No)  Annual Spouse Income? $ ___0___

2. I have a net income of $ __17,500__ paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly (Yearly) other  WHEN I WORK, I AM A WORKER.
   *(Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court-ordered payments such as child support.)*

3. I have other income paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly ( ) yearly ( ) other _____
   *(Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")*

| | | | |
|---|---|---|---|
| Second Job....................Yes $ | No | Veterans' benefits......................Yes $ | No |
| Social Security benefits | | Workers compensation................Yes $ | No |
| For you..................Yes $ | No | Income from absent family members...Yes $ | No |
| For child(ren)..............Yes $ | No | Stocks/bonds............................Yes $ | No |
| Unemployment compensation.....Yes $ | No | Rental income..........................Yes $ | No |
| Union payments..................Yes $ | No | Dividends or interest.................Yes $ | No |
| Retirement/pensions.............Yes $ | No | Other kinds of income not on the list...Yes $ | No |
| Trusts.........................Yes $ | No | Gifts....................................Yes $ | No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. I have other assets: *(Circle 'yes' and fill in the value of the property, otherwise circle 'No')*

| | | | |
|---|---|---|---|
| Cash.........................Yes $ 108. No | Savings account...............Yes $ 15. No |
| Bank account(s)..............Yes $ 2,500. No | Stocks/bonds..................Yes $ No |
| Certificates of deposit or | Homestead Real Property*......Yes $ No |
| Money market accounts......Yes $ No | Motor Vehicle*................Yes $ 1,700 No |
| Boats*......................Yes $ No | Non-homestead real property/real estate*...Yes $ No |
| | Other assets* NEGATIVE INC( NET OPERATING INCOME )Yes $ (387,000) No |

Check one: I ( ) DO (DO NOT) expect to receive more assets in the near future. The asset  NOT.
is _____ (THE NET OPERATING LOSS IS $387,000, WHICH MAKES A NEGATIVE INCOME FOR CALENDAR YEAR 2020.)

5. I have total liabilities and debts of $ (387,000) as follows: Motor Vehicle $ 1,700, Home $ 0, Boat $ 0
   $ 0, Non-homestead Real Property $ 0, Child Support paid direct $ 0, Credit Cards
   $ 36,865. Medical Bills $ 0, Cost of medicines (monthly) $ 0, Other $ 0

6. I have a private lawyer in this case...........Yes  (No) *I RECEIVED A FEE WAIVER TWO YEARS AGO IN ANOTHER CASE FOR BREACH OF CONTRACT.

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information I have provided on this application is true and accurate to the best of my knowledge.

Signed on __2/27__, 20_21_

Signature of Applicant for Indigent Status

Year of Birth __1964__  Last 4 digits of Driver License or ID Number __9578__

Print Full Legal Name __DAVID SIDNEY POTTER__

Email address: __DSIDNEY POTTER @ YAHOO.COM__   Phone Number/s: __(818) 298-4388__

P.O. BOX 287, PASADENA, CA 91102
Address: Street, City, State, Zip Code

This form was completed with the assistance of: _____
Clerk/Deputy Clerk/Other authorized person.

---

## CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be X Indigent ( ) Not indigent, according to s.___ F.S.

Dated on __3/3/2021__, 20___

Clerk of the Circuit Court
By _____, Deputy Clerk

APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REQUEST.
Sign here if you want the judge to review the clerk's decision _____

1  D. Sidney Potter
2  (Attorney TBD)
   P.O. Box 287
3  Pasadena, CA 91102
   (818) 771-7710 telephone
4  (818) 924-0404 facsimile
5  dsidneypotter@potterequities.com
6
7            IN THE CIRCUIT COURT OF THE
8         SECOND JUDICIAL DISTRICT, IN AND FOR
                LEON COUNTY, FLORIDA
9  ────────────────────────────────────────────
10 David Sidney Potter,
11         Plaintiff
12                              **COMPLAINT AND JURY DEMAND**
13         vs.                        Leon County
14                             Case No.  2021 CA 000401
   Rooven Akiba, Ryan Marier,
15 James Pate, Leanne Keegan,
   Secure One Capital Corporation,
16 Paychex Insurance Agency, Inc.,
   Greg Gehris
17
18         Defendants
19 ────────────────────────────────────────────
20            **CAUSES OF ACTIONS:**
21 **COUNT 1: FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public
             Policy Against All Defendants)**
22 **COUNT 2: SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)**
   **COUNT 3: THIRD CAUSE OF ACTION (Age Discrimination)**
23 **COUNT 4: FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)**
   **COUNT 5: FIFTH CAUSE OF ACTION (Violation of The Consumer Financial Protection
24            Act)**
   **COUNT 6: SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)**
25
26 ────────────────────────────────────────────
27
28
                                                                              Page 1

# TABLE OF CONTENTS

I.  THE NATURE OF THE ACTION.................................................................................3

II. PARTIES..................................................................................................................6

III. JURISDICTION AND VENUE............................................................................7

IV. FACTUAL ALLEGATIONS.................................................................................7

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES...................................9

VI. ARGUMENT

    FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy Against All Defendants)............................................................................10

    SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)........11

    THIRD CAUSE OF ACTION (Age Discrimination)......................................12

    FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)..........14

    FIFTH CAUSE OF ACTION (Violation of the Consumer Financial Protection Act).15

    SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)...............15

VII.  PRAYER FOR RELIEF.......................................................................................16

VIII. DEMAND FOR JURY TRIAL...........................................................................18

IX.  EXHIBITS..............................................................................................................20

*********** **False Claims Act & Qui Tam** ***********

Notice is hereby given that Plaintiff reserves the right to further his claim against said Defendants in the False Claims Act and Que Tam. The absence of such claim in this subject litigation does not preclude Plaintiff from exercising such right. False Claims Act is 31 U.S.C. Sections 3729-3733.

D. Sidney Potter vs. Secure One Capital Corporation, et al.

Plaintiff D. Sidney Potter alleges as follows:

## THE NATURE OF THE ACTION

1.      The case involves the wrongful termination of D. Sidney Potter by Secure One Capital Corporation, (herein known as SECURE ONE), a mortgage lender that is regionally based in Loxahatchee, FL (as the registered location); and Paychex Insurance Agency, Inc., an accessory Defendant to the termination (herein known as PAYCHEX), regionally based in Sarasota, FL.  The employee, D. Sidney Potter (herein known as Potter), who would be entitled to different protections as a contractor, was hired and started as an employee with SECURE ONE on July 13, 2020 from their California office at 555 Anton Blvd, Costa Mesa, CA 92626, and was subsequently fired February 26, 2021. Mr. Potter accepted employment from SECURE ONE while in Florida (see Exhibits for State of Florida identification card), and subsequently worked in North Carolina while under the employ of SECURE ONE.  Mr. Potter has never been to the offices of SECURE ONE in California. For purposes of jurisdiction, Florida law and statue dominates this case; procedurally and legally, in terms of personal justification and venue, and legal jurisdiction. All counties are applicable, since SECURE ONE and PAYCHEX operate all.

2.      The Plaintiff, D. Sidney Potter, is an experienced mortgage operations consultant who has worked on dozens of projects over a 13-year period for an inordinate number of banks, finance companies, and mortgage analytics firms.  Some of the companies include the following: GE Money, IndyMac, Ameriquest, Bank of America, Countrywide, Merrill Lynch, Bank One, Washington Mutual and Wells Fargo.  Along with those latter named Fortune 500 companies, Potter has worked with Big Six consulting firms, such as Arthur Andersen, Accenture, Deloitte & Touché, Cognizant and Ernst & Young.  In terms of project locations, they include Boston, Jacksonville, Charlotte, Minneapolis, Dallas, San Francisco, Phoenix, Detroit and Los Angeles.

In addition to whom and where Potter has worked, he has primarily been engaged in several capacities when on site as a mortgage operations consultant.  Those mortgage operation "hats" include the role of a mortgage underwriter, repurchase analyst, due diligence processer, quality control auditor and as a mortgage analyst.  In his various roles, it has been necessary to achieve certification and authorization designations in order to perform certain functions, such as that of an underwriter.  Over a 13-year period, it is estimated that Potter has taken hundreds of assessments and continuing education courses at the various banks he has worked during his role as a mortgage operations consultant.

3.      The Plaintiff, D. Sidney Potter is a published author and writes for several well-known online periodicals, such as The Huffington Post, CNN (iReports), Politico, Inman and CounterPunch.  He is considered a subject matter expert (SME) in the mortgage and real estate industry.  Some of his work includes on camera talent for "how to" instruction videos in real estate and mortgages for Demand Studies.  In 2011, he was named "Person of the Week" from Mortgage Orb Magazine, in addition to being quoted directly via other online periodicals, and subsequently in 2017, was mentioned as a person to watch in Inman Real Estate magazine for his prowess in real estate and his Jack Kerouac like travels as a journeyman writer.

4.      The Plaintiff, D. Sidney Potter, successfully passed the preliminary test cases administrated verbally by SECURE ONE precedent to employment. The Defendant, SECURE ONE choose to rely on these preliminary assessments to hire Potter as an Underwriter.

5.      As a result of SECURE ONE's wrongful termination of Potter's employment on February 26, 2021, and despite employment being conveyed as "guaranteed" and continually – unless otherwise stated for the next 10 years as expressed by SECURE ONE, the following employees of SECURE ONE and the accessory defendant PAYCHEX: Rooven Akiba (Primary

Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, are apart of this legal complaint via the legal theory of Respondeat Superior. It is worth noting that SECURE ONE and PAYCHEX will be sued in a companion lawsuit as a result of the unlawful conduct of additional employees not herein named as Defendants, wherein Potter has suffered serious economic harm as a result of discriminatory treatment and wrongful termination.

6.      In particular, a formal job discrimination complaint with the EEOC will be filed in the Tampa, Florida within the next 60 days and be made apart of this compliant.

7.      This lawsuit seeks to redress the harm suffered by Potter and shed light on the discriminatory employment practices that have pervaded SECURE ONE throughout Potter's tenure while employed.

8.      Defendants had no right to terminate Potter's employment at SECURE ONE under these circumstances, and Defendants wrongful and tortuous conduct has resulted in damage to Potter in an amount as-of-yet undetermined. More specifically, this lawsuit seeks an as-of-yet undetermined amount of money and to force both companies to implement safeguards to prevent financial harm to its customers; in addition that other non-Whistleblower claims to be substantially punitive in terms of damages and to be determined by a jury of Potter's peers and/or a bench decision by this Court. In terms of Whistleblower damages, refer to the Florida Whistleblower Act and the Consumer Financial Protection Act for compensatory damages and injunctive relief contained herein. In addition, SECURE ONE has not fully redressed allegations of predatory lending as to the 'benefit to borrower' criteria as established by The Dodd-Frank Act of 2010.

**PARTIES**

9.      Plaintiff, D. Sidney Potter ("Potter" or "Plaintiff") is, and at all relevant times was, an individual working as a mortgage operations consultant based in California and North Carolina, whilst conducting business under his sole proprietorship entitled Potter Equities.  For the work performed for SECURE ONE, the Plaintiff was temporally in the State of North Carolina, and maintains ties to Florida as evidenced with his current State of Florida identification.  Employment laws in North Carolina are applicable to the case at hand. The second venue is California, wherein the Plaintiff may file in Los Angeles County.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant, SECURE ONE, is, and at all relevant times was, a corporation that conducts business, and is organized and existing under the laws of the State of Florida, doing business in the County of Leon, State of Florida. SECURE ONE is registered with the Florida Office of Financial Regulation, 200 E. Gaines Street, Tallahassee, FL 32399.  The company identification is MLDB: 12273, in addition that employee Ryan Marier maintains an NMLS license of LO032715. The registrant for SECURE ONE is InCorp Services, Inc, located at 17888 67th Court North, Loxahatchee, FL 33470.  Despite popular claims, SECURE ONE was established in 2011, not 1995, some 25+ years ago, as has been suggested.  (see Exhibits with date of incorporation, and attached Articles of Incorporation).

11.     Plaintiff is informed and believes and based thereon alleges that Defendant, PAYCHEX, is, and at all relevant times was, a corporation that conducts business, and is organized doing business in the County of Leon, State of Florida.  The address of record for PAYCHEX is 2817 Cattlemen Road, Suite 2817, Sarasota, FL 34232.

12.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant;

and the following employees of SECURE ONE and PAYCHEX: Rooven Akiba (Primary Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, at all times mentioned in this complaint was the agent, employee, partner, joint venturer, co-conspirator, and/or employer of the other Defendants and was at all times herein mentioned acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture.  Plaintiff is further informed and believes, and thereon alleges, that the acts and conduct herein alleged of each Defendant was known to, authorized by and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

13.     Jurisdiction and venue are proper in this Court because, SECURE ONE, incorporated in the State of Florida, with MLDB ID: 12273, conducts business in the State of Florida; and PAYCHEX, conducts business in the State of Florida, under its corporate parent, Paychex, Inc., (NASDAQ: PAYX) is registered with the Florida Division of Corporations.

14.     The Plaintiff, D. Sidney Potter accepted employment and executed an employment agreement on July 13, 2020 with SECURE ONE for the purpose of performing work for SECURE ONE, emanating from conversations whilst in the State of Florida.

15.     The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

16.     As noted earlier, the employee, D. Sidney Potter, successfully passed training as verbally administrated by SECURE ONE employee Ryan Marier. The employer, SECURE ONE, authorized said training.

17.     As a result of the success of the training, Potter was offered a position with SECURE ONE.

18.     Companies enjoy a strong degree of discretion to 'fire and hire' mortgage employees at their whim – and do so with an alarming zest.  Potter has witnessed this dysfunctional behavior firsthand and understands – however morally and ethically wrong, that there are few if no repercussions for employers who engage in this quasi "white collar" ethnic cleansing.  Potter is also cognizantly aware that these very same employers cannot fire an employee based on a charge of wrongful termination and/or discriminatory nature.  The Defendants are liable for this breach of American jurisprudence, in that they have skirted the law under the pretext of ending Potter's assignment under the guise that as an "employee-at-will" he was fireable at any moment, when infact they are guilty of breaking the law by willfully committing an unlawful termination.  In part, it is "what they do".

19.     To be brief, the employee, D. Sidney Potter, had his position eliminated – in part because of a subjective bias in his performance competencies, wherein his competency was at or above the requisite level.  A statistical analysis will prove this fact.  This is against the law, and as a result, SECURE ONE will have to reimburse Potter for his economic loss.

**20.     Furthermore, the employee, D. Sidney Potter, had his position eliminated because he notified in writing to two employees in human resources of SECURE ONE on three separate occasions, the first in August 2020, January 2021, and more specifically on February 26, 2021, of their failure to properly initiate company mandated healthcare as required by law.  In particular, when Mr. Potter informed SECURE ONE by email of incorrect coverage from Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage**

was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated.  This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation.  State and federal law has been broken as a result of these tortious acts that have caused economic harm to the Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.    Not all wrongful discharge claims are discrimination-based. If an employee is given a contract of employment, either expressly or impliedly and/or verbally, and is terminated before the expiration of, and in violation of, under that contract he or she is entitled to bring a claim for wrongful discharge and breach of employment contract.  **As such, the claim brought by Plaintiff is not subject to exhaustive remedies, per EEOC, but will be filed within 60 days**.

22.    SECURE ONE, a mortgage lender company of approximately 100 employees that hires mortgage banking professionals, like the Plaintiff, for mortgage operations work, will try to suggest that the email from SECURE ONE, dated February 26, 2021, somehow acts as a release against any and all future claims against SECURE ONE.  And that the employment agreement signed shortly before the commencement of work on July 13, 2020 nullifies any post-employment legal claims, is wholly inaccurate and supercilious   And even if SECURE ONE tried to suggest that Potter was precluded from suing them directly for any and all reasons under the sun, SECURE ONE cannot succeed on this frivolous claim and Mickey Mouse assertion. The courts have long frowned upon blanket assertions of unsubstantiated claims and any other similar facsimile or quasi agreement (i.e., Arbitration/AAA), which are drafted, amended and submitted by employers to employees in a non-arm's length capacity; as an all-inclusive defense and/or an attempt to absolve them of any future litigation.  The litigation at hand against all

Defendants is predicated upon its own merits, and is not subject to an inapplicable email, letter or agreement, but rather the allegations presented thereon will be subject to the reasoning of the trier of fact, either from the bench or by jury trial, that will adjudicate in part and/or in full on behalf of the aggrieved party, that being the Plaintiff himself.

## FIRST CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against All Defendants)

23.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

24.     Potter's employment with SECURE ONE was terminated by Defendants in violation of fundamental public policy of the State of Florida since he was wrongly terminated based on Whistleblowing activity and as a result of his entire test assessments falsely alleged of not being substantially above what other underwriters at this SECURE ONE mortgage unit have performed at.  This by any other name is discriminatory.  Holding the Plaintiff to a higher standard not required by other employees is clearly a violation of Plaintiffs' rights.

25.     As set forth above, the actions and conduct of Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of Florida, the State of California, and the State of North Carolina, as reflected in their respective laws objectives and policies.

26.     More specifically, SECURE ONE terminated Potter's employment in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including but not limited to Const. Art. I section 8.

27.   In committing the foregoing acts, SECURE ONE is guilty of oppression, fraud, and/or malice under Florida Civil Code section 3294, thereby entitling Potter to punitive damages in a sum appropriate to punish and make an example out of SECURE ONE.

28.   As a direct and proximate result of the Defendants' conduct, Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trail.

29.   Potter is informed and believes and based thereon alleges that the above-described conduct of Defendants was willful and intentional and done with malice, fraud and oppression, and constitutes despicable conduct in conscious and reckless disregard of Potter's rights and interest, such that the conduct warrants the imposition of punitive damages in a sum appropriate to punish Defendants, and each of them, and to deter Defendants from engaging in future similar misconduct, the exact sum subject to proof at the time of trial.

30.   Potter has been damaged in an amount within the jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

31.   Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

32.   Defendants anticipatorily repudiate and materially breached the Implied Covenant of Good Faith, the implied employment agreement, and the verbal agreement (herein all three elements referred to as Agreement), that Potter accepted before commencing work for the named Defendants to perform the duties of the job.

Page 11

33.   Potter has performed all conditions, covenants and promises required pursuant to the terms of the Agreement, except to the extent such performance was waived executed or prevented by reason of the acts or omissions of Defendants.

34.   As a direct and proximate result of the anticipatory and material breach and the conspiratorial conduct by both Defendants as it relates to a breach of the Affordable Care Act in the deliverance of health care; wherein each party subverted their fiduciary responsibility to the Plaintiff; and as such Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trial.

35.   Potter is also entitled to an award of his reasonable lawyer's fees and costs pursuant to Florida Civil Code section 1717, wherein Potter anticipates that he will hire legal representation for this case in the near future.

## THIRD CAUSE OF ACTION

### (Age Discrimination)

36.   The Plaintiff has been treated differently than similarly situated employees by Defendants in the terms and conditions of his employment because of his age, and professional responsibilities.

37.   Defendants engaged in illegal discrimination against the Plaintiff because of his age, as validated by the hire practices of the SECURE ONE.

38.   Defendants have engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

39.   Defendants' conduct violates Title VII and The Age Discrimination in Employment Act of 1967.

Page 12

40.     No later than March 15th, 2021, the Plaintiff will have filed a timely Charge of Discrimination against SECURE ONE, alleging age discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX will be attached to an amended complaint and will be filed at the EEOC office at 501 E. Polk St, Suite 1000, Tampa, FL 33602. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

41.     As of and no later than March 31st, 2021, the Plaintiff will file a timely Charge of Discrimination against SECURE ONE alleging any additional charges as deemed necessary after conferring with legal counsel, with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX, will be attached to an amended complaint and will be filed at the EEOC Los Angeles office, located at 255 E Temple St, Los Angeles, CA 90012. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

42.     The Plaintiff will have satisfied all statutory prerequisites for filing this action.

43.     Defendants' discriminatory conduct, in violation of Title VII and The Age Discrimination in Employment Act of 1967, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

44.     Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

45.     Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a, with a true and accurate copy of the both EEOC Charges of Discrimination. Notwithstanding the EEOC filing, Plaintiff still asserts his rights in this case in that a federal question is at hand for the Court to determine.

## FOURTH CAUSE OF ACTION

### (Violation of Florida's Whistleblower Act, per Statute 448.102)

46.     The FWA (Florida Statute Section 448.102) prohibits private-sector employers from retaliating against employees who report employers' legal violations to authorities or who refuse to participate in violations of the law. To prove a prima facie case under the FWA, the plaintiff must establish that:

1.   he or she engaged in statutorily protected expression;

2.   he or she suffered an adverse employment action; and

3.   the adverse employment action was causally linked to the protected activity.

Confusion as to what employees need to show to claim protection under the FWA has persisted since 2015, when a Florida appellate court, unlike another court, held that the employee must show an actual violation of the law. *Kearns v. Farmer Acquisition Co. d/b/a Charlotte Honda*, 157 So.3d 458 (Fla. 2d DCA 2015). Another Florida appellate court had held two years earlier that an employee need only show that he or she had a good-faith belief a violation occurred when claiming protection under the law. *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

47.     Since *Aery*, Florida's federal district courts have adopted the good-faith belief standard, concluding that *Kearns* did not directly conflict with *Aery*, and that *Aery* was the law of

the state. Under the good-faith belief standard, if an employee refuses to engage in an activity at work because he or she *mistakenly believed* the activity is illegal, the employee likely will enjoy whistleblower protections from any adverse employment action arising out of not performing his or her job. Critics argue that this frustrates Florida's status as an at-will employment state.

## FIFTH CAUSE OF ACTION

### (Violation of the Consumer Financial Protection Act, per Title X of the Dodd-Frank Act)

48.    The anti-retaliation provision of the Consumer Financial Protection Act provides a cause of action for corporate whistleblowers who suffer retaliation for raising concerns about potential violations of rules or regulations of the Consumer Financial Protection Bureau.  In addition, the CFPA whistleblower law proscribes a broad range of adverse employment actions, including terminating, "intimidating, threatening, restraining, coercing, blacklisting or disciplining, any covered employee or any authorized representative of covered employees" because of the employee's protected whistleblowing.

## SIXTH CAUSE OF ACTION

### (Violation of the Affordable Care Act)

49.    As notated early, when Mr. Potter informed SECURE ONE by email of incorrect and non-existent coverage for Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated.  This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation.  Both the email and voicemail have been saved electronically and by MP4 audio clip.  Further discovery shortly after the initial email and

subsequent phone call(s) will evidence correspondence between the Defendants regarding the unlawful termination.

50.   It was PAYCHEX's willful disregard of the fiduciary well-being to Mr. Potter, that makes this a like-type violation of the Hippocratic oath and its conspiratorial conduct with SECURE ONE that lead to the termination of Plaintiff.  More specifically, Mr. Potter made an inquiry to employee Greg Gehris of PAYCHEX, that the plan he choose was not correct and that several attempts to remedy the negligence of PAYCHEX had been attempted over the past month, but to no avail. For over a month, the Plaintiff had no coverage. As a result of Plaintiff's right to make a change to his health plan as mandated by the Affordable Care Act, both Defendants took it upon themselves to consider the termination for the Plaintiff as a solution, rather than address their act of professional negligence, which if done as proscribed by law, would have been, to select the correct plan.  Instead, without moral conscious and erudition, Mr. Potter was promptly fired 43 minutes later in relation for exercising his constitutional rights; in addition to his rights as covered by the Affordable Care Act.  Common violations employers have committed: https://www.myefbc.com/wp-content/uploads/2015/09/ACA-Violations-Penalties-and-Excise-Taxes_October-2015.pdf

51.   Mr. Potter can answer affirmatively to the three-prong litmus test:

a.   Mr. Potter was engaged in statutorily protected expression;

b.   Mr. Potter was in fact fired as a result of raising concerns to SECURE ONE on violations of law as they relate to the Affordable Care Act and The Dodd-Frank Act; and

c.   Mr. Potters' termination resulted from his expression of protected activity.

## **PRAYER FOR RELIEF**

52.   For general damages, according to proof on each cause of action for which such damages are available.

53.   For special damages, according to proof on each cause of action for which such damages are available.

54.   For compensatory damages, according to proof on each cause of action for which such damages are available.

55.   For punitive damages, according to proof on each cause of action for which such damages are available.

56.   For declaratory and injunctive relief as appropriate.

57.   For reasonable lawyer fees incurred in this action, should the Plaintiff hire a lawyer to handle this litigation.

58.   As proscribed by law per under the Florida's Whistleblower Act for compensatory damages, that include and not limited for emotional distress and mental anguish (Aery, 118 So.3d at 914-15), (Fla. Stat. s. 448.103[2]).

59.   As proscribed by law per under the Consumer Financial Protection Act, a violation results in Defendant liable for punitive, compensatory or special damages, in addition to reinstatement, back pay and front pay in lieu of reinstatement to the Plaintiff. (See §1057. EMPLOYEE PROTECTION of the Consumer Financial Protection Act of 2010).

60.   As proscribed by law per under the Consumer Financial Protection Act, an award of 10% to 30% of the sanctions collected from subject financial institution.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and Florida Jurisdiction §34.01, Potter hereby demands a jury trial on all issues so triable.

Dated:  this 27th of February 2021.

Respectively Submitted,

/ D. Sidney Potter /

_____

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

D. Sidney Potter v. Secure One Capital Corporation, et al.

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th of February 2021, a copy of the foregoing was sent via first class mail to:

_Defendant Addresses:_

Rooven Akiba
[DRE ID: 00350120]
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936]
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379]
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

Page 19

D. Sidney Potter v. Secure One Capital Corporation, et al.

# EXHIBITS

D. Sidney Potter v. Secure One Capital Corporation, et al.

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL DISTRICT, IN AND FOR
LEON COUNTY, FLORIDA

David Sidney Potter,

       Plaintiff

vs.

Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
Greg Gehris

       Defendants

**COMPLAINT AND JURY DEMAND**
Leon County
Case No. _2021 CA 000401_

**CAUSES OF ACTIONS:**

**COUNT 1: FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy Against All Defendants)**

**COUNT 2: SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)**

**COUNT 3: THIRD CAUSE OF ACTION (Age Discrimination)**

**COUNT 4: FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)**

**COUNT 5: FIFTH CAUSE OF ACTION (Violation of The Consumer Financial Protection Act)**

**COUNT 6: SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)**

# TABLE OF CONTENTS

I.  THE NATURE OF THE ACTION……………………………………………......3

II. PARTIES………………………………………………………………………6

III. JURISDICTION AND VENUE……………………………………..…….…..7

IV. FACTUAL ALLEGATIONS………………………………………………….7

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES…………………….........9

VI. ARGUMENT

      FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy Against All Defendants)………………………………….………….........10

      SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)……..11

      THIRD CAUSE OF ACTION (Age Discrimination)………………………..12

      FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)……….14

      FIFTH CAUSE OF ACTION (Violation of the Consumer Financial Protection Act).15

      SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)…………....…15

VII.  PRAYER FOR RELIEF……………………………………………..……16

VIII. DEMAND FOR JURY TRIAL…………………………………………......18

  IX.  EXHIBITS….…………………………………………………………..20

*********** **False Claims Act & Qui Tam** ***********
Notice is hereby given that Plaintiff reserves the right to further his claim against said Defendants in the False Claims Act and Que Tam. The absence of such claim in this subject litigation does not preclude Plaintiff from exercising such right. False Claims Act is 31 U.S.C. Sections 3729-3733.

D. Sidney Potter vs. Secure One Capital Corporation, et al.

Plaintiff D. Sidney Potter alleges as follows:

## THE NATURE OF THE ACTION

1.      The case involves the wrongful termination of D. Sidney Potter by Secure One Capital Corporation, (herein known as SECURE ONE), a mortgage lender that is regionally based in Loxahatchee, FL (as the registered location); and Paychex Insurance Agency, Inc., an accessory Defendant to the termination (herein known as PAYCHEX), regionally based in Sarasota, FL.  The employee, D. Sidney Potter (herein known as Potter), who would be entitled to different protections as a contractor, was hired and started as an employee with SECURE ONE on July 13, 2020 from their California office at 555 Anton Blvd, Costa Mesa, CA 92626, and was subsequently fired February 26, 2021. Mr. Potter accepted employment from SECURE ONE while in Florida (see Exhibits for State of Florida identification card), and subsequently worked in North Carolina while under the employ of SECURE ONE.  Mr. Potter has never been to the offices of SECURE ONE in California. For purposes of jurisdiction, Florida law and statue dominates this case; procedurally and legally, in terms of personal justification and venue, and legal jurisdiction. All counties are applicable, since SECURE ONE and PAYCHEX operate all.

2.      The Plaintiff, D. Sidney Potter, is an experienced mortgage operations consultant who has worked on dozens of projects over a 13-year period for an inordinate number of banks, finance companies, and mortgage analytics firms.  Some of the companies include the following: GE Money, IndyMac, Ameriquest, Bank of America, Countrywide, Merrill Lynch, Bank One, Washington Mutual and Wells Fargo.  Along with those latter named Fortune 500 companies, Potter has worked with Big Six consulting firms, such as Arthur Andersen, Accenture, Deloitte & Touché, Cognizant and Ernst & Young.  In terms of project locations, they include Boston, Jacksonville, Charlotte, Minneapolis, Dallas, San Francisco, Phoenix, Detroit and Los Angeles.

In addition to whom and where Potter has worked, he has primarily been engaged in several capacities when on site as a mortgage operations consultant.  Those mortgage operation "hats" include the role of a mortgage underwriter, repurchase analyst, due diligence processer, quality control auditor and as a mortgage analyst.  In his various roles, it has been necessary to achieve certification and authorization designations in order to perform certain functions, such as that of an underwriter.  Over a 13-year period, it is estimated that Potter has taken hundreds of assessments and continuing education courses at the various banks he has worked during his role as a mortgage operations consultant.

3.     The Plaintiff, D. Sidney Potter is a published author and writes for several well-known online periodicals, such as The Huffington Post, CNN (iReports), Politico, Inman and CounterPunch.  He is considered a subject matter expert (SME) in the mortgage and real estate industry.  Some of his work includes on camera talent for "how to" instruction videos in real estate and mortgages for Demand Studies.  In 2011, he was named "Person of the Week" from Mortgage Orb Magazine, in addition to being quoted directly via other online periodicals, and subsequently in 2017, was mentioned as a person to watch in Inman Real Estate magazine for his prowess in real estate and his Jack Kerouac like travels as a journeyman writer.

4.     The Plaintiff, D. Sidney Potter, successfully passed the preliminary test cases administrated verbally by SECURE ONE precedent to employment. The Defendant, SECURE ONE choose to rely on these preliminary assessments to hire Potter as an Underwriter.

5.     As a result of SECURE ONE's wrongful termination of Potter's employment on February 26, 2021, and despite employment being conveyed as "guaranteed" and continually – unless otherwise stated for the next 10 years as expressed by SECURE ONE, the following employees of SECURE ONE and the accessory defendant PAYCHEX: Rooven Akiba (Primary

Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, are apart of this legal complaint via the legal theory of Respondeat Superior.  It is worth noting that SECURE ONE and PAYCHEX will be sued in a companion lawsuit as a result of the unlawful conduct of additional employees not herein named as Defendants, wherein Potter has suffered serious economic harm as a result of discriminatory treatment and wrongful termination.

6.      In particular, a formal job discrimination complaint with the EEOC will be filed in the Tampa, Florida within the next 60 days and be made apart of this compliant.

7.      This lawsuit seeks to redress the harm suffered by Potter and shed light on the discriminatory employment practices that have pervaded SECURE ONE throughout Potter's tenure while employed.

8.      Defendants had no right to terminate Potter's employment at SECURE ONE under these circumstances, and Defendants wrongful and tortuous conduct has resulted in damage to Potter in an amount as-of-yet undetermined.  More specifically, this lawsuit seeks an as-of-yet undetermined amount of money and to force both companies to implement safeguards to prevent financial harm to its customers; in addition that other non-Whistleblower claims to be substantially punitive in terms of damages and to be determined by a jury of Potter's peers and/or a bench decision by this Court. In terms of Whistleblower damages, refer to the Florida Whistleblower Act and the Consumer Financial Protection Act for compensatory damages and injunctive relief contained herein. In addition, SECURE ONE has not fully redressed allegations of predatory lending as to the 'benefit to borrower' criteria as established by The Dodd-Frank Act of 2010.

## PARTIES

9.      Plaintiff, D. Sidney Potter ("Potter" or "Plaintiff") is, and at all relevant times was, an individual working as a mortgage operations consultant based in California and North Carolina, whilst conducting business under his sole proprietorship entitled Potter Equities.  For the work performed for SECURE ONE, the Plaintiff was temporally in the State of North Carolina, and maintains ties to Florida as evidenced with his current State of Florida identification.  Employment laws in North Carolina are applicable to the case at hand. The second venue is California, wherein the Plaintiff may file in Los Angeles County.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant, SECURE ONE, is, and at all relevant times was, a corporation that conducts business, and is organized and existing under the laws of the State of Florida, doing business in the County of Leon, State of Florida. SECURE ONE is registered with the Florida Office of Financial Regulation, 200 E. Gaines Street, Tallahassee, FL 32399.  The company identification is MLDB: 12273, in addition that employee Ryan Marier maintains an NMLS license of LO032715. The registrant for SECURE ONE is InCorp Services, Inc, located at 17888 67th Court North, Loxahatchee, FL 33470.  Despite popular claims, SECURE ONE was established in 2011, not 1995, some 25+ years ago, as has been suggested.  (see Exhibits with date of incorporation, and attached Articles of Incorporation).

11.     Plaintiff is informed and believes and based thereon alleges that Defendant, PAYCHEX, is, and at all relevant times was, a corporation that conducts business, and is organized doing business in the County of Leon, State of Florida.  The address of record for PAYCHEX is 2817 Cattlemen Road, Suite 2817, Sarasota, FL 34232.

12.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant;

and the following employees of SECURE ONE and PAYCHEX: Rooven Akiba (Primary Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, at all times mentioned in this complaint was the agent, employee, partner, joint venturer, co-conspirator, and/or employer of the other Defendants and was at all times herein mentioned acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture.  Plaintiff is further informed and believes, and thereon alleges, that the acts and conduct herein alleged of each Defendant was known to, authorized by and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

13.      Jurisdiction and venue are proper in this Court because, SECURE ONE, incorporated in the State of Florida, with MLDB ID: 12273, conducts business in the State of Florida; and PAYCHEX, conducts business in the State of Florida, under its corporate parent, Paychex, Inc., (NASDAQ: PAYX) is registered with the Florida Division of Corporations.

14.      The Plaintiff, D. Sidney Potter accepted employment and executed an employment agreement on July 13, 2020 with SECURE ONE for the purpose of performing work for SECURE ONE, emanating from conversations whilst in the State of Florida.

15.      The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

16.      As noted earlier, the employee, D. Sidney Potter, successfully passed training as verbally administrated by SECURE ONE employee Ryan Marier. The employer, SECURE ONE, authorized said training.

17.      As a result of the success of the training, Potter was offered a position with SECURE ONE.

18.      Companies enjoy a strong degree of discretion to 'fire and hire' mortgage employees at their whim – and do so with an alarming zest.  Potter has witnessed this dysfunctional behavior firsthand and understands – however morally and ethically wrong, that there are few if no repercussions for employers who engage in this quasi "white collar" ethnic cleansing.  Potter is also cognizantly aware that these very same employers cannot fire an employee based on a charge of wrongful termination and/or discriminatory nature.  The Defendants are liable for this breach of American jurisprudence, in that they have skirted the law under the pretext of ending Potter's assignment under the guise that as an "employee-at-will" he was fireable at any moment, when infact they are guilty of breaking the law by willfully committing an unlawful termination.  In part, it is "what they do".

19.      To be brief, the employee, D. Sidney Potter, had his position eliminated – in part because of a subjective bias in his performance competencies, wherein his competency was at or above the requisite level.  A statistical analysis will prove this fact.  This is against the law, and as a result, SECURE ONE will have to reimburse Potter for his economic loss.

**20.      Furthermore, the employee, D. Sidney Potter, had his position eliminated because he notified in writing to two employees in human resources of SECURE ONE on three separate occasions, the first in August 2020, January 2021, and more specifically on February 26, 2021, of their failure to properly initiate company mandated healthcare as required by law.  In particular, when Mr. Potter informed SECURE ONE by email of incorrect coverage from Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage**

**was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06**

**pm (PST) that he was terminated.  This is a classic cause and effect and is recognized by**

**most Courts of law as primia facia evidence of retaliation.  State and federal law has been**

**broken as a result of these tortious acts that have caused economic harm to the Plaintiff.**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.     Not all wrongful discharge claims are discrimination-based. If an employee is

given a contract of employment, either expressly or impliedly and/or verbally, and is terminated

before the expiration of, and in violation of, under that contract he or she is entitled to bring a

claim for wrongful discharge and breach of employment contract.  **As such, the claim brought**

**by Plaintiff is not subject to exhaustive remedies, per EEOC, but will be filed within 60**

**days**.

22.     SECURE ONE, a mortgage lender company of approximately 100 employees that

hires mortgage banking professionals, like the Plaintiff, for mortgage operations work, will try to

suggest that the email from SECURE ONE, dated February 26, 2021, somehow acts as a release

against any and all future claims against SECURE ONE.  And that the employment agreement

signed shortly before the commencement of work on July 13, 2020 nullifies any post-

employment legal claims, is wholly inaccurate and supercilious   And even if SECURE ONE

tried to suggest that Potter was precluded from suing them directly for any and all reasons under

the sun, SECURE ONE cannot succeed on this frivolous claim and Mickey Mouse assertion.

The courts have long frowned upon blanket assertions of unsubstantiated claims and any other

similar facsimile or quasi agreement (i.e., Arbitration/AAA), which are drafted, amended and

submitted by employers to employees in a non-arm's length capacity; as an all-inclusive defense

and/or an attempt to absolve them of any future litigation.  The litigation at hand against all

Defendants is predicated upon its own merits, and is not subject to an inapplicable email, letter or agreement, but rather the allegations presented thereon will be subject to the reasoning of the trier of fact, either from the bench or by jury trial, that will adjudicate in part and/or in full on behalf of the aggrieved party, that being the Plaintiff himself.

## FIRST CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against All Defendants)

23.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

24.     Potter's employment with SECURE ONE was terminated by Defendants in violation of fundamental public policy of the State of Florida since he was wrongly terminated based on Whistleblowing activity and as a result of his entire test assessments falsely alleged of not being substantially above what other underwriters at this SECURE ONE mortgage unit have performed at.  This by any other name is discriminatory.  Holding the Plaintiff to a higher standard not required by other employees is clearly a violation of Plaintiffs' rights.

25.     As set forth above, the actions and conduct of Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of Florida, the State of California, and the State of North Carolina, as reflected in their respective laws objectives and policies.

26.     More specifically, SECURE ONE terminated Potter's employment in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including but not limited to Const. Art. I section 8.

27.     In committing the foregoing acts, SECURE ONE is guilty of oppression, fraud, and/or malice under Florida Civil Code section 3294, thereby entitling Potter to punitive damages in a sum appropriate to punish and make an example out of SECURE ONE.

28.     As a direct and proximate result of the Defendants' conduct, Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trail.

29.     Potter is informed and believes and based thereon alleges that the above-described conduct of Defendants was willful and intentional and done with malice, fraud and oppression, and constitutes despicable conduct in conscious and reckless disregard of Potter's rights and interest, such that the conduct warrants the imposition of punitive damages in a sum appropriate to punish Defendants, and each of them, and to deter Defendants from engaging in future similar misconduct, the exact sum subject to proof at the time of trial.

30.     Potter has been damaged in an amount within the jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

31.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

32.     Defendants anticipatorily repudiate and materially breached the Implied Covenant of Good Faith, the implied employment agreement, and the verbal agreement (herein all three elements referred to as Agreement), that Potter accepted before commencing work for the named Defendants to perform the duties of the job.

33.     Potter has performed all conditions, covenants and promises required pursuant to the terms of the Agreement, except to the extent such performance was waived executed or prevented by reason of the acts or omissions of Defendants.

34.     As a direct and proximate result of the anticipatory and material breach and the conspiratorial conduct by both Defendants as it relates to a breach of the Affordable Care Act in the deliverance of health care; wherein each party subverted their fiduciary responsibility to the Plaintiff; and as such Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trial.

35.     Potter is also entitled to an award of his reasonable lawyer's fees and costs pursuant to Florida Civil Code section 1717, wherein Potter anticipates that he will hire legal representation for this case in the near future.

### THIRD CAUSE OF ACTION

**(Age Discrimination)**

36.     The Plaintiff has been treated differently than similarly situated employees by Defendants in the terms and conditions of his employment because of his age, and professional responsibilities.

37.     Defendants engaged in illegal discrimination against the Plaintiff because of his age, as validated by the hire practices of the SECURE ONE.

38.     Defendants have engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

39.     Defendants' conduct violates Title VII and The Age Discrimination in Employment Act of 1967.

Page 12

40.     No later than March 15th, 2021, the Plaintiff will have filed a timely Charge of Discrimination against SECURE ONE, alleging age discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX will be attached to an amended complaint and will be filed at the EEOC office at 501 E. Polk St, Suite 1000, Tampa, FL 33602. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

41.     As of and no later than March 31st, 2021, the Plaintiff will file a timely Charge of Discrimination against SECURE ONE alleging any additional charges as deemed necessary after conferring with legal counsel, with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX, will be attached to an amended complaint and will be filed at the EEOC Los Angeles office, located at 255 E Temple St, Los Angeles, CA 90012. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

42.     The Plaintiff will have satisfied all statutory prerequisites for filing this action.

43.     Defendants' discriminatory conduct, in violation of Title VII and The Age Discrimination in Employment Act of 1967, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

44.     Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

45.    Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a, with a true and accurate copy of the both EEOC Charges of Discrimination. Notwithstanding the EEOC filing, Plaintiff still asserts his rights in this case in that a federal question is at hand for the Court to determine.

## FOURTH CAUSE OF ACTION

### (Violation of Florida's Whistleblower Act, per Statute 448.102)

46.    The FWA (Florida Statute Section 448.102) prohibits private-sector employers from retaliating against employees who report employers' legal violations to authorities or who refuse to participate in violations of the law. To prove a prima facie case under the FWA, the plaintiff must establish that:

1.  he or she engaged in statutorily protected expression;

2.  he or she suffered an adverse employment action; and

3.  the adverse employment action was causally linked to the protected activity.

Confusion as to what employees need to show to claim protection under the FWA has persisted since 2015, when a Florida appellate court, unlike another court, held that the employee must show an actual violation of the law. *Kearns v. Farmer Acquisition Co. d/b/a Charlotte Honda*, 157 So.3d 458 (Fla. 2d DCA 2015). Another Florida appellate court had held two years earlier that an employee need only show that he or she had a good-faith belief a violation occurred when claiming protection under the law. *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

47.    Since *Aery*, Florida's federal district courts have adopted the good-faith belief standard, concluding that *Kearns* did not directly conflict with *Aery*, and that *Aery* was the law of

the state. Under the good-faith belief standard, if an employee refuses to engage in an activity at work because he or she *mistakenly believed* the activity is illegal, the employee likely will enjoy whistleblower protections from any adverse employment action arising out of not performing his or her job. Critics argue that this frustrates Florida's status as an at-will employment state.

## FIFTH CAUSE OF ACTION

### (Violation of the Consumer Financial Protection Act, per Title X of the Dodd-Frank Act)

48.    The anti-retaliation provision of the Consumer Financial Protection Act provides a cause of action for corporate whistleblowers who suffer retaliation for raising concerns about potential violations of rules or regulations of the Consumer Financial Protection Bureau.  In addition, the CFPA whistleblower law proscribes a broad range of adverse employment actions, including terminating, "intimidating, threatening, restraining, coercing, blacklisting or disciplining, any covered employee or any authorized representative of covered employees" because of the employee's protected whistleblowing.

## SIXTH CAUSE OF ACTION

### (Violation of the Affordable Care Act)

49.    As notated early, when Mr. Potter informed SECURE ONE by email of incorrect and non-existent coverage for Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated.  This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation.  Both the email and voicemail have been saved electronically and by MP4 audio clip.  Further discovery shortly after the initial email and

subsequent phone call(s) will evidence correspondence between the Defendants regarding the unlawful termination.

50.   It was PAYCHEX's willful disregard of the fiduciary well-being to Mr. Potter, that makes this a like-type violation of the Hippocratic oath and its conspiratorial conduct with SECURE ONE that lead to the termination of Plaintiff.  More specifically, Mr. Potter made an inquiry to employee Greg Gehris of PAYCHEX, that the plan he choose was not correct and that several attempts to remedy the negligence of PAYCHEX had been attempted over the past month, but to no avail. For over a month, the Plaintiff had no coverage. As a result of Plaintiff's right to make a change to his health plan as mandated by the Affordable Care Act, both Defendants took it upon themselves to consider the termination for the Plaintiff as a solution, rather than address their act of professional negligence, which if done as proscribed by law, would have been, to select the correct plan.  Instead, without moral conscious and erudition, Mr. Potter was promptly fired 43 minutes later in relation for exercising his constitutional rights; in addition to his rights as covered by the Affordable Care Act.  Common violations employers have committed: https://www.myefbc.com/wp-content/uploads/2015/09/ACA-Violations-Penalties-and-Excise-Taxes_October-2015.pdf

51.   Mr. Potter can answer affirmatively to the three-prong litmus test:

a.   Mr. Potter was engaged in statutorily protected expression;

b.   Mr. Potter was in fact fired as a result of raising concerns to SECURE ONE on violations of law as they relate to the Affordable Care Act and The Dodd-Frank Act; and

c.   Mr. Potters' termination resulted from his expression of protected activity.

## **PRAYER FOR RELIEF**

52.   For general damages, according to proof on each cause of action for which such damages are available.

53.   For special damages, according to proof on each cause of action for which such damages are available.

54.   For compensatory damages, according to proof on each cause of action for which such damages are available.

55.   For punitive damages, according to proof on each cause of action for which such damages are available.

56.   For declaratory and injunctive relief as appropriate.

57.   For reasonable lawyer fees incurred in this action, should the Plaintiff hire a lawyer to handle this litigation.

58.   As proscribed by law per under the Florida's Whistleblower Act for compensatory damages, that include and not limited for emotional distress and mental anguish (Aery, 118 So.3d at 914-15), (Fla. Stat. s. 448.103[2]).

59.   As proscribed by law per under the Consumer Financial Protection Act, a violation results in Defendant liable for punitive, compensatory or special damages, in addition to reinstatement, back pay and front pay in lieu of reinstatement to the Plaintiff. (See §1057. EMPLOYEE PROTECTION of the Consumer Financial Protection Act of 2010).

60.   As proscribed by law per under the Consumer Financial Protection Act, an award of 10% to 30% of the sanctions collected from subject financial institution.

## __DEMAND FOR JURY TRIAL__

Pursuant to Federal Rule of Civil Procedure 38 and Florida Jurisdiction §34.01, Potter hereby demands a jury trial on all issues so triable.

Dated:  this 27th of February 2021.


Respectively Submitted,

/ D. Sidney Potter /

_____

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th of February 2021, a copy of the foregoing was sent via first class mail to:

_____

<u>Defendant Addresses:</u>

Rooven Akiba
[DRE ID: 00350120]
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936]
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379]
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

Page 19

# EXHIBITS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

D. Sidney Potter v. Secure One Capital Corporation, et al.

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL DISTRICT, IN AND FOR
LEON COUNTY, FLORIDA

David Sidney Potter,

       Plaintiff

vs.

Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
Greg Gehris

       Defendants

**AMENDED**
(Jurisdiction & DRE Revocation, Suspension, Restriction in Exhibits)
**COMPLAINT AND JURY DEMAND**
Leon County
Case No. 2021 CA 000401

## CAUSES OF ACTIONS:

**COUNT 1: FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy Against All Defendants)**
**COUNT 2: SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)**
**COUNT 3: THIRD CAUSE OF ACTION (Age Discrimination)**
**COUNT 4: FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)**
**COUNT 5: FIFTH CAUSE OF ACTION (Violation of The Consumer Financial Protection Act)**
**COUNT 6: SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)**

# TABLE OF CONTENTS

I. THE NATURE OF THE ACTION...................................................................3

II. PARTIES.............................................................................................6

III. JURISDICTION AND VENUE..................................................................7

IV. FACTUAL ALLEGATIONS.....................................................................7

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES......................................9

VI. ARGUMENT

     FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy Against All Defendants).......................................................................10

     SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)........11

     THIRD CAUSE OF ACTION (Age Discrimination)......................................12

     FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)..........14

     FIFTH CAUSE OF ACTION (Violation of the Consumer Financial Protection Act).15

     SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)................15

VII. PRAYER FOR RELIEF........................................................................16

VIII. DEMAND FOR JURY TRIAL................................................................18

IX. EXHIBITS......................................................................................20

*********** **False Claims Act & Qui Tam** ***********

Notice is hereby given that Plaintiff reserves the right to further his claim against said Defendants in the False Claims Act and Que Tam. The absence of such claim in this subject litigation does not preclude Plaintiff from exercising such right. False Claims Act is 31 U.S.C. Sections 3729-3733.

Plaintiff D. Sidney Potter alleges as follows:

## THE NATURE OF THE ACTION

1.      The case involves the wrongful termination of D. Sidney Potter by Secure One

Capital Corporation, (herein known as SECURE ONE), a mortgage lender that is regionally

based in Loxahatchee, FL (as the registered location); and Paychex Insurance Agency, Inc., an

accessory Defendant to the termination (herein known as PAYCHEX), regionally based in

Sarasota, FL.  The employee, D. Sidney Potter (herein known as Potter), who would be entitled

to different protections as a contractor, was hired and started as an employee with SECURE

ONE on July 13, 2020 from their California office at 555 Anton Blvd, Costa Mesa, CA 92626,

and was subsequently fired February 26, 2021. Mr. Potter accepted employment from SECURE

ONE while in Florida (see Exhibits for State of Florida identification card), and subsequently

worked in North Carolina while under the employ of SECURE ONE.  Mr. Potter has never been

to the offices of SECURE ONE in California. For purposes of jurisdiction, Florida law and statue

dominates this case; procedurally and legally, in terms of personal justification and venue, and

legal jurisdiction. All counties are applicable, since SECURE ONE and PAYCHEX operate all.

2.      The Plaintiff, D. Sidney Potter, is an experienced mortgage operations consultant

who has worked on dozens of projects over a 13-year period for an inordinate number of banks,

finance companies, and mortgage analytics firms.  Some of the companies include the following:

GE Money, IndyMac, Ameriquest, Bank of America, Countrywide, Merrill Lynch, Bank One,

Washington Mutual and Wells Fargo.  Along with those latter named Fortune 500 companies,

Potter has worked with Big Six consulting firms, such as Arthur Andersen, Accenture, Deloitte

& Touché, Cognizant and Ernst & Young.  In terms of project locations, they include Boston,

Jacksonville, Charlotte, Minneapolis, Dallas, San Francisco, Phoenix, Detroit and Los Angeles.

In addition to whom and where Potter has worked, he has primarily been engaged in several capacities when on site as a mortgage operations consultant. Those mortgage operation "hats" include the role of a mortgage underwriter, repurchase analyst, due diligence processer, quality control auditor and as a mortgage analyst. In his various roles, it has been necessary to achieve certification and authorization designations in order to perform certain functions, such as that of an underwriter. Over a 13-year period, it is estimated that Potter has taken hundreds of assessments and continuing education courses at the various banks he has worked during his role as a mortgage operations consultant.

3.      The Plaintiff, D. Sidney Potter is a published author and writes for several well-known online periodicals, such as The Huffington Post, CNN (iReports), Politico, Inman and CounterPunch. He is considered a subject matter expert (SME) in the mortgage and real estate industry. Some of his work includes on camera talent for "how to" instruction videos in real estate and mortgages for Demand Studies. In 2011, he was named "Person of the Week" from Mortgage Orb Magazine, in addition to being quoted directly via other online periodicals, and subsequently in 2017, was mentioned as a person to watch in Inman Real Estate magazine for his prowess in real estate and his Jack Kerouac like travels as a journeyman writer.

4.      The Plaintiff, D. Sidney Potter, successfully passed the preliminary test cases administrated verbally by SECURE ONE precedent to employment. The Defendant, SECURE ONE choose to rely on these preliminary assessments to hire Potter as an Underwriter.

5.      As a result of SECURE ONE's wrongful termination of Potter's employment on February 26, 2021, and despite employment being conveyed as "guaranteed" and continually – unless otherwise stated for the next 10 years as expressed by SECURE ONE, the following employees of SECURE ONE and the accessory defendant PAYCHEX: Rooven Akiba (Primary

Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital

Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, are apart of this legal complaint

via the legal theory of Respondeat Superior.  It is worth noting that SECURE ONE and

PAYCHEX will be sued in a companion lawsuit as a result of the unlawful conduct of additional

employees not herein named as Defendants, wherein Potter has suffered serious economic harm

as a result of discriminatory treatment and wrongful termination.

    6.      In particular, a formal job discrimination complaint with the EEOC will be filed

in the Tampa, Florida within the next 60 days and be made apart of this compliant.

    7.      This lawsuit seeks to redress the harm suffered by Potter and shed light on the

discriminatory employment practices that have pervaded SECURE ONE throughout Potter's

tenure while employed.

    8.      Defendants had no right to terminate Potter's employment at SECURE ONE

under these circumstances, and Defendants wrongful and tortuous conduct has resulted in

damage to Potter in an amount as-of-yet undetermined.  More specifically, this lawsuit seeks an

as-of-yet undetermined amount of money and to force both companies to implement safeguards

to prevent financial harm to its customers; in addition that other non-Whistleblower claims to be

substantially punitive in terms of damages and to be determined by a jury of Potter's peers and/or

a bench decision by this Court. In terms of Whistleblower damages, refer to the Florida

Whistleblower Act and the Consumer Financial Protection Act for compensatory damages and

injunctive relief contained herein. In addition, SECURE ONE has not fully redressed allegations

of predatory lending as to the 'benefit to borrower' criteria as established by The Dodd-Frank

Act of 2010.

## PARTIES

9.      Plaintiff, D. Sidney Potter ("Potter" or "Plaintiff") is, and at all relevant times was, an individual working as a mortgage operations consultant based in California and North Carolina, whilst conducting business under his sole proprietorship entitled Potter Equities.  For the work performed for SECURE ONE, the Plaintiff was temporally in the State of North Carolina, and maintains ties to Florida as evidenced with his current State of Florida identification.  Employment laws in North Carolina are applicable to the case at hand. The second venue is California, wherein the Plaintiff may file in Los Angeles County.

10.      Plaintiff is informed and believes and based thereon alleges that Defendant, SECURE ONE, is, and at all relevant times was, a corporation that conducts business, and is organized and existing under the laws of the State of Florida, doing business in the County of Leon, State of Florida. SECURE ONE is registered with the Florida Office of Financial Regulation, 200 E. Gaines Street, Tallahassee, FL 32399.  The company identification is MLDB: 12273, in addition that employee Ryan Marier maintains an NMLS license of LO032715. The registrant for SECURE ONE is InCorp Services, Inc, located at 17888 67th Court North, Loxahatchee, FL 33470.  Despite popular claims, SECURE ONE was established in 2011, not 1995, some 25+ years ago, as has been suggested.  (see Exhibits with date of incorporation, and attached Articles of Incorporation).

11.      Plaintiff is informed and believes and based thereon alleges that Defendant, PAYCHEX, is, and at all relevant times was, a corporation that conducts business, and is organized doing business in the County of Leon, State of Florida.  The address of record for PAYCHEX is 2817 Cattlemen Road, Suite 2817, Sarasota, FL 34232.

12.      Plaintiff is informed and believes, and based thereon alleges, that each Defendant;

and the following employees of SECURE ONE and PAYCHEX: Rooven Akiba (Primary Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, at all times mentioned in this complaint was the agent, employee, partner, joint venturer, co-conspirator, and/or employer of the other Defendants and was at all times herein mentioned acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture. Plaintiff is further informed and believes, and thereon alleges, that the acts and conduct herein alleged of each Defendant was known to, authorized by and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

13.     Jurisdiction and venue are proper in this Court because, SECURE ONE, incorporated in the State of Florida, with MLDB ID: 12273, conducts business in the State of Florida; and PAYCHEX, conducts business in the State of Florida, under its corporate parent, Paychex, Inc., (NASDAQ: PAYX) is registered with the Florida Division of Corporations.

14.     The Plaintiff, D. Sidney Potter accepted employment and executed an employment agreement on July 13, 2020 with SECURE ONE for the purpose of performing work for SECURE ONE, emanating from conversations whilst in the State of Florida.

15.     The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

16.     As noted earlier, the employee, D. Sidney Potter, successfully passed training as verbally administered by SECURE ONE employee Ryan Marier. The employer, SECURE ONE, authorized said training.

Page 7

17.    As a result of the success of the training, Potter was offered a position with SECURE ONE.

18.    Companies enjoy a strong degree of discretion to 'fire and hire' mortgage employees at their whim – and do so with an alarming zest. Potter has witnessed this dysfunctional behavior firsthand and understands – however morally and ethically wrong, that there are few if no repercussions for employers who engage in this quasi "white collar" ethnic cleansing. Potter is also cognizantly aware that these very same employers cannot fire an employee based on a charge of wrongful termination and/or discriminatory nature. The Defendants are liable for this breach of American jurisprudence, in that they have skirted the law under the pretext of ending Potter's assignment under the guise that as an "employee-at-will" he was fireable at any moment, when infact they are guilty of breaking the law by willfully committing an unlawful termination. In part, it is "what they do".

19.    To be brief, the employee, D. Sidney Potter, had his position eliminated – in part because of a subjective bias in his performance competencies, wherein his competency was at or above the requisite level. A statistical analysis will prove this fact. This is against the law, and as a result, SECURE ONE will have to reimburse Potter for his economic loss.

**20.    Furthermore, the employee, D. Sidney Potter, had his position eliminated because he notified in writing to two employees in human resources of SECURE ONE on three separate occasions, the first in August 2020, January 2021, and more specifically on February 26, 2021, of their failure to properly initiate company mandated healthcare as required by law. In particular, when Mr. Potter informed SECURE ONE by email of incorrect coverage from Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage**

was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated. **This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation. State and federal law has been broken as a result of these tortious acts that have caused economic harm to the Plaintiff.**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.     Not all wrongful discharge claims are discrimination-based. If an employee is given a contract of employment, either expressly or impliedly and/or verbally, and is terminated before the expiration of, and in violation of, under that contract he or she is entitled to bring a claim for wrongful discharge and breach of employment contract. **As such, the claim brought by Plaintiff is not subject to exhaustive remedies, per EEOC, but will be filed within 60 days**.

22.     SECURE ONE, a mortgage lender company of approximately 100 employees that hires mortgage banking professionals, like the Plaintiff, for mortgage operations work, will try to suggest that the email from SECURE ONE, dated February 26, 2021, somehow acts as a release against any and all future claims against SECURE ONE. And that the employment agreement signed shortly before the commencement of work on July 13, 2020 nullifies any post-employment legal claims, is wholly inaccurate and supercilious  And even if SECURE ONE tried to suggest that Potter was precluded from suing them directly for any and all reasons under the sun, SECURE ONE cannot succeed on this frivolous claim and Mickey Mouse assertion. The courts have long frowned upon blanket assertions of unsubstantiated claims and any other similar facsimile or quasi agreement (i.e., Arbitration/AAA), which are drafted, amended and submitted by employers to employees in a non-arm's length capacity; as an all-inclusive defense and/or an attempt to absolve them of any future litigation. The litigation at hand against all

Defendants is predicated upon its own merits, and is not subject to an inapplicable email, letter or agreement, but rather the allegations presented thereon will be subject to the reasoning of the trier of fact, either from the bench or by jury trial, that will adjudicate in part and/or in full on behalf of the aggrieved party, that being the Plaintiff himself.

### FIRST CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy Against All Defendants)**

23.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

24.     Potter's employment with SECURE ONE was terminated by Defendants in violation of fundamental public policy of the State of Florida since he was wrongly terminated based on Whistleblowing activity and as a result of his entire test assessments falsely alleged of not being substantially above what other underwriters at this SECURE ONE mortgage unit have performed at.  This by any other name is discriminatory.  Holding the Plaintiff to a higher standard not required by other employees is clearly a violation of Plaintiffs' rights.

25.     As set forth above, the actions and conduct of Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of Florida, the State of California, and the State of North Carolina, as reflected in their respective laws objectives and policies.

26.     More specifically, SECURE ONE terminated Potter's employment in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including but not limited to Const. Art. I section 8.

27.   In committing the foregoing acts, SECURE ONE is guilty of oppression, fraud, and/or malice under Florida Civil Code section 3294, thereby entitling Potter to punitive damages in a sum appropriate to punish and make an example out of SECURE ONE.

28.   As a direct and proximate result of the Defendants' conduct, Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trail.

29.   Potter is informed and believes and based thereon alleges that the above-described conduct of Defendants was willful and intentional and done with malice, fraud and oppression, and constitutes despicable conduct in conscious and reckless disregard of Potter's rights and interest, such that the conduct warrants the imposition of punitive damages in a sum appropriate to punish Defendants, and each of them, and to deter Defendants from engaging in future similar misconduct, the exact sum subject to proof at the time of trial.

30.   Potter has been damaged in an amount within the jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

31.   Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

32.   Defendants anticipatorily repudiate and materially breached the Implied Covenant of Good Faith, the implied employment agreement, and the verbal agreement (herein all three elements referred to as Agreement), that Potter accepted before commencing work for the named Defendants to perform the duties of the job.

33.     Potter has performed all conditions, covenants and promises required pursuant to the terms of the Agreement, except to the extent such performance was waived executed or prevented by reason of the acts or omissions of Defendants.

34.     As a direct and proximate result of the anticipatory and material breach and the conspiratorial conduct by both Defendants as it relates to a breach of the Affordable Care Act in the deliverance of health care; wherein each party subverted their fiduciary responsibility to the Plaintiff; and as such Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trial.

35.     Potter is also entitled to an award of his reasonable lawyer's fees and costs pursuant to Florida Civil Code section 1717, wherein Potter anticipates that he will hire legal representation for this case in the near future.

### THIRD CAUSE OF ACTION

#### (Age Discrimination)

36.     The Plaintiff has been treated differently than similarly situated employees by Defendants in the terms and conditions of his employment because of his age, and professional responsibilities.

37.     Defendants engaged in illegal discrimination against the Plaintiff because of his age, as validated by the hire practices of the SECURE ONE.

38.     Defendants have engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

39.     Defendants' conduct violates Title VII and The Age Discrimination in Employment Act of 1967.

D. Sidney Potter v. Secure One Capital Corporation, et al.

40.     No later than March 15th, 2021, the Plaintiff will have filed a timely Charge of Discrimination against SECURE ONE, alleging age discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX will be attached to an amended complaint and will be filed at the EEOC office at 501 E. Polk St, Suite 1000, Tampa, FL 33602. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

41.     As of and no later than March 31st, 2021, the Plaintiff will file a timely Charge of Discrimination against SECURE ONE alleging any additional charges as deemed necessary after conferring with legal counsel, with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX, will be attached to an amended complaint and will be filed at the EEOC Los Angeles office, located at 255 E Temple St, Los Angeles, CA 90012. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

42.     The Plaintiff will have satisfied all statutory prerequisites for filing this action.

43.     Defendants' discriminatory conduct, in violation of Title VII and The Age Discrimination in Employment Act of 1967, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

44.     Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

45.     Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a, with a true and accurate copy of the both EEOC Charges of Discrimination. Notwithstanding the EEOC filing, Plaintiff still asserts his rights in this case in that a federal question is at hand for the Court to determine.

## FOURTH CAUSE OF ACTION

### (Violation of Florida's Whistleblower Act, per Statute 448.102)

46.     The FWA (Florida Statute Section 448.102) prohibits private-sector employers from retaliating against employees who report employers' legal violations to authorities or who refuse to participate in violations of the law. To prove a prima facie case under the FWA, the plaintiff must establish that:

1.   he or she engaged in statutorily protected expression;

2.   he or she suffered an adverse employment action; and

3.   the adverse employment action was causally linked to the protected activity.

Confusion as to what employees need to show to claim protection under the FWA has persisted since 2015, when a Florida appellate court, unlike another court, held that the employee must show an actual violation of the law. *Kearns v. Farmer Acquisition Co. d/b/a Charlotte Honda*, 157 So.3d 458 (Fla. 2d DCA 2015). Another Florida appellate court had held two years earlier that an employee need only show that he or she had a good-faith belief a violation occurred when claiming protection under the law. *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

47.     Since *Aery*, Florida's federal district courts have adopted the good-faith belief standard, concluding that *Kearns* did not directly conflict with *Aery*, and that *Aery* was the law of

Page 14

the state. Under the good-faith belief standard, if an employee refuses to engage in an activity at

work because he or she *mistakenly believed* the activity is illegal, the employee likely will enjoy

whistleblower protections from any adverse employment action arising out of not performing his

or her job. Critics argue that this frustrates Florida's status as an at-will employment state.

## FIFTH CAUSE OF ACTION

### (Violation of the Consumer Financial Protection Act, per Title X of the Dodd-Frank Act)

48.   The anti-retaliation provision of the Consumer Financial Protection Act provides

a cause of action for corporate whistleblowers who suffer retaliation for raising concerns about

potential violations of rules or regulations of the Consumer Financial Protection Bureau.  In

addition, the CFPA whistleblower law proscribes a broad range of adverse employment actions,

including terminating, "intimidating, threatening, restraining, coercing, blacklisting or

disciplining, any covered employee or any authorized representative of covered employees"

because of the employee's protected whistleblowing.

## SIXTH CAUSE OF ACTION

### (Violation of the Affordable Care Act)

49.   As notated early, when Mr. Potter informed SECURE ONE by email of incorrect

and non-existent coverage for Blue Shield of California on February 26, 2021 through its health

insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage was

lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST)

that he was terminated.  This is a classic cause and effect and is recognized by most Courts of

law as primia facia evidence of retaliation.  Both the email and voicemail have been saved

electronically and by MP4 audio clip.  Further discovery shortly after the initial email and

Page 15

subsequent phone call(s) will evidence correspondence between the Defendants regarding the unlawful termination.

50.    It was PAYCHEX's willful disregard of the fiduciary well-being to Mr. Potter, that makes this a like-type violation of the Hippocratic oath and its conspiratorial conduct with SECURE ONE that lead to the termination of Plaintiff.  More specifically, Mr. Potter made an inquiry to employee Greg Gehris of PAYCHEX, that the plan he choose was not correct and that several attempts to remedy the negligence of PAYCHEX had been attempted over the past month, but to no avail. For over a month, the Plaintiff had no coverage. As a result of Plaintiff's right to make a change to his health plan as mandated by the Affordable Care Act, both Defendants took it upon themselves to consider the termination for the Plaintiff as a solution, rather than address their act of professional negligence, which if done as proscribed by law, would have been, to select the correct plan.  Instead, without moral conscious and erudition, Mr. Potter was promptly fired 43 minutes later in relation for exercising his constitutional rights; in addition to his rights as covered by the Affordable Care Act.  Common violations employers have committed: https://www.myefbc.com/wp-content/uploads/2015/09/ACA-Violations-Penalties-and-Excise-Taxes_October-2015.pdf

51.    Mr. Potter can answer affirmatively to the three-prong litmus test:

a.    Mr. Potter was engaged in statutorily protected expression;

b.    Mr. Potter was in fact fired as a result of raising concerns to SECURE ONE on violations of law as they relate to the Affordable Care Act and The Dodd-Frank Act; and

c.    Mr. Potters' termination resulted from his expression of protected activity.

## **PRAYER FOR RELIEF**

52.   For general damages, according to proof on each cause of action for which such damages are available.

53.   For special damages, according to proof on each cause of action for which such damages are available.

54.   For compensatory damages, according to proof on each cause of action for which such damages are available.

55.   For punitive damages, according to proof on each cause of action for which such damages are available.

56.   For declaratory and injunctive relief as appropriate.

57.   For reasonable lawyer fees incurred in this action, should the Plaintiff hire a lawyer to handle this litigation.

58.   As proscribed by law per under the Florida's Whistleblower Act for compensatory damages, that include and not limited for emotional distress and mental anguish (Aery, 118 So.3d at 914-15), (Fla. Stat. s. 448.103[2]).

59.   As proscribed by law per under the Consumer Financial Protection Act, a violation results in Defendant liable for punitive, compensatory or special damages, in addition to reinstatement, back pay and front pay in lieu of reinstatement to the Plaintiff. (See §1057. EMPLOYEE PROTECTION of the Consumer Financial Protection Act of 2010).

60.   As proscribed by law per under the Consumer Financial Protection Act, an award of 10% to 30% of the sanctions collected from subject financial institution.

## __DEMAND FOR JURY TRIAL__

Pursuant to Federal Rule of Civil Procedure 38 and Florida Jurisdiction §34.01, Potter hereby demands a jury trial on all issues so triable.

Dated:  this 5th of March 2021.

Respectively Submitted,

/ D. Sidney Potter /

_____
D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th of March 2021, a copy of the foregoing was sent via first class mail to:

Defendant Addresses:

Rooven Akiba
[DRE ID: 00350120] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

Page 19

# EXHIBITS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NCTO:

A0708028

**FILED** DR
In the office of the Secretary of State
of the State of California

OCT 1 2 2010

Re: Capital Reverse Mortgage Group, Inc.
C1955424

## CERTIFICATE OF AMENDMENT OF ARTICLES OF INCORPORATION

The undersigned certify that:

1. They are the **president** and the **secretary**, respectively, of **CAPITAL REVERSE MORTGAGE GROUP, INC.**, a California corporation.

2. Article I of the Articles of Incorporation of this corporation is amended to read as follows:

   The Name of the corporation is:

   ## SECURE ONE CAPITAL CORPORATION

3. The foregoing amendment of Articles of Incorporation has been duly approved by the board of directors.

4. The foregoing amendment of Articles of Incorporation has been duly approved by the required vote of shareholders in accordance with Section 902, California Corporations Code. The total number of outstanding shares of the corporation is One Hundred Thousand (100,000). The number of shares voting in favor of the amendment equaled or exceeded the vote required. The percentage vote required was more than 50%.

We further declare under penalty of perjury under the laws of the State of California that the matters set fort in this certificate are true and correct of our own knowledge.

Date: October 12, 2010

Rooven Akiba, President

Rooven Akiba, Secretary



# REALSYSTEM
## Regulatory Enforcement and Licensing

Florida Office of Financial Regulation

Logon

License Details

Press "Previous Record" to display the previous license.

Press "Next Record" to display the next license.

Press "Search Results" to return to the Search Results list.

Press "New Search Criteria" to do another search of this type.

Press "New Search" to start a new search.

**License Number: MLDB12273**                          Current Date: 02/27/2021 12:24 AM

| | |
|---|---|
| Name: | SECURE ONE CAPITAL CORPORATION |
| License Type: | Mortgage Lender Branch |
| License Status: | Current Active License |
| License Status Effective Date: | 01/29/2021 |
| Expiration Date: | 12/31/2021 |
| Original Date of Licensure: | 01/29/2021 |

**Addresses**

| | | |
|---|---|---|
| License Main | Address | 3200 PARK CENTER DRIVE |
| | | SUITE 1300 |
| | | COSTA MESA , CA |
| | | ORANGE |
| | | 92626 |
| | | US |
| | | View on a map |
| | Phone Number: | 3492374700 |

# aychex, Inc.

to Paychex, Inc.'s website

## Company Profile

Get a D&B Hoovers Free Trial

THIS PAGE

**BRANCH**

| | |
|---|---|
| Website | www.paychex.com |
| Address | 2817 Cattlemen Rd |
| | Sarasota, FL 34232-6244 |
| | United States |
| Phone | (941) 377-4210 |
| Company Description | Paychex, Inc. is located in Sarasota, FL, United States and is part of the Payroll Services Industry. Paychex, Inc. has 5 employees at this location. There are 386 companies in the Paychex, Inc. corporate family. |
| Key Principal | LARRY KRAMS |
| Industry | Payroll Services |
| | Professional Services Sector |
| | Payroll accounting service |

See other locations

See more contacts

## D&B Hoovers

For dynamic search and list-building capabilities, real-time trigger alerts, comprehensive company profiles, and valuable research and technology reports by D&B Hoovers for free!

Get a D&B Hoovers Free Trial

D&B Email IQ

Install plugin and receive up to 50 free email contacts per month!

FREE INSTALL >>

1   Department of Real Estate
2   320 West 4th Street, Suite 350
    Los Angeles, California 90013-1105
3
    Telephone: (213) 576-6982
4

FILED

MAR 30 2011

DEPARTMENT OF REAL ESTATE

By _C_

5

6

7

8              BEFORE THE DEPARTMENT OF REAL ESTATE

9                        STATE OF CALIFORNIA

10                            * * * *

11
    To:                              )        No.   H-37185 LA
12                                   )
    RYAN WILLIAM MARIER,             )        ORDER TO DESIST
13   JAMES ERIC PATE,                )        AND REFRAIN
    PATE, MARIER AND ASSOCIATES,     )
14   INC.,                           )
    NATIONAL HOME ASSISTANCE         )        (B&P Code Section 10086)
15   GROUP, INC.,                    )
    NATIONAL HOME ASSISTANCE         )
16   GROUP,                          )
    NHA GROUP,                       )
17   NATIONAL HOME ASSISTANCE,       )
    MICHELLE LEFAOSEU,               )
18   BARON MORLEDGE, and             )
    BRANDON MICKLEY.                 )
19                                   )
20  _____)

21         The Commissioner ("Commissioner") of the California Department of Real Estate

22  ("Department") caused an investigation to be made of the activities of RYAN WILLIAM

23  MARIER, JAMES ERIC PATE, PATE, MARIER AND ASSOCIATES, INC., NATIONAL

24  HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE GROUP, NHA

25  GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU, BARON

26  MORLEDGE, and BRANDON MICKLEY. Based on that investigation the Commissioner has

27

1  determined that RYAN WILLIAM MARIER, JAMES ERIC PATE, PATE, MARIER AND

2  ASSOCIATES, INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME

3  ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE

4  LEFAOSEU, BARON MORLEDGE, and BRANDON MICKLEY have engaged in or are

5  engaging in acts or attempting to engage in the business of, acting in the capacity of, and/or

6  advertising or assuming to act as real estate brokers in the State of California within the meaning

7  of Business and Professions Code Section 10131(d) (solicit borrowers for or negotiate loans or

8  perform services for borrowers in connection with loans secured by liens on real property).

9      In addition, based on that investigation, the Commissioner has determined that

10  RYAN WILLIAM MARIER, JAMES ERIC PATE, PATE, MARIER AND ASSOCIATES,

11  INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE

12  GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU,

13  BARON MORLEDGE, and BRANDON MICKLEY have engaged in or are engaging in acts or

14  are attempting to engage practices constituting violations of the California Business and

15  Professions Code ("Code") and/or Title 10, California Code of Regulations ("Regulations").

16  Based on the findings of that investigation, set forth below, the Commissioner hereby issues the

17  following Findings of Fact, Conclusions of Law, and Desist and Refrain Order under the

18  authority of Section 10086 of the Code.

19                                    FINDINGS OF FACT

20      1. From November 13, 2008, through the present, RYAN WILLIAM MARIER

21  has been licensed by the Department of Real Estate ("Department") as a real estate broker,

22  Department License No. 01848936.

23      2. From October 5, 2000, through the present, JAMES ERIC PATE has been

24  licensed by the Department as a real estate salesperson, Department License No. 01297379.

25  From March 12, 2008, through November 10, 2009, JAMES ERIC PATE was licensed under the

26  employment of real estate broker Firstline Mortgage, Inc., Department License No. 00895998.

27

3.  At no time mentioned herein have PATE, MARIER AND ASSOCIATES, INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU, BARON MORLEDGE, and BRANDON MICKLEY ever been licensed by the Department in any capacity.

4.  On December 17, 2008, RYAN WILLIAM MARIER and JAMES ERIC PATE formed PATE, MARIER AND ASSOCIATES, INC., a California corporation.  RYAN WILLIAM MARIER and JAMES ERIC PATE are the directors and officers of PATE, MARIER AND ASSOCIATES, INC. and own or control 10 percent or more of the corporation's stock.

5.  On February 17, 2009, PATE, MARIER AND ASSOCIATES, INC. filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA GROUP."

6.  For an unknown period of time beginning no later than May 15, 2009, while using the unlicensed fictitious business name NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, or NATIONAL HOME ASSISTANCE, RYAN WILLIAM MARIER and JAMES ERIC PATE engaged in the business of soliciting to modify or negotiate loans secured by real property, and claimed, demanded, charged, received, collected or contracted for the collection of advance fees, within the meaning of Code Section 10026, for including, but not limited to, the following borrowers:

a.  On or about May 15, 2009, Wilfred C. paid an advance fee of $2,495 to NATIONAL HOME ASSISTANCE GROUP, INC. pursuant to an advance fee agreement for loan modification and negotiation services.  NATIONAL HOME ASSISTANCE GROUP, INC. failed to perform the loan modification and negotiation services that had been promised to Wilfred C.  NATIONAL HOME ASSISTANCE GROUP, INC. failed to refund the advance fee paid by Wilfred C.

b.  On or about July 7, 2009, Timothy G. paid an advance fee of $2,090 to NATIONAL HOME ASSISTANCE GROUP pursuant to an advance fee agreement for loan

1   modification and negotiation services. NATIONAL HOME ASSISTANCE GROUP, INC.
2   failed to perform the loan modification and negotiation services that had been promised to
3   Timothy G. NATIONAL HOME ASSISTANCE GROUP, INC. failed to refund the advance fee
4   paid by Timothy G.

5       7. MICHELLE LEFAOSEU and BARON MORLEDGE performed some or all
6   of the services alleged in Paragraph 6, subsection (a), above, though neither was licensed as a
7   real estate salesperson or broker.

8       8. BRANDON MICKLEY performed some or all of the services alleged in
9   Paragraph 6, subsection (b), above, though he was not at the time licensed as a real estate
10  salesperson or broker.

11                      CONCLUSIONS OF LAW

12      9. Based on the information contained in Paragraphs 1 through 8, above, JAMES
13  ERIC PATE, while doing business as NATIONAL HOME ASSISTANCE GROUP, INC.,
14  NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME
15  ASSISTANCE, PATE, MARIER AND ASSOCIATES, INC., MICHELLE LEFAOSEU,
16  BARON MORLEDGE, and BRANDON MICKLEY, violated Section 10130 of the Code by
17  engaging in the activities without first obtaining a broker license from the Department or being
18  under the employ of a licensed real estate broker.

19      10. Based on the information contained in Paragraphs 1 through 8, above,
20  JAMES ERIC PATE, while doing business as NATIONAL HOME ASSISTANCE GROUP,
21  INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME
22  ASSISTANCE, or PATE, MARIER AND ASSOCIATES, INC. violated Section 10137 of the
23  Code by accepting compensation from any person other than the broker under whom he is at the
24  time licensed.

25      11. Based on the information contained in Paragraphs 1 through 8, above, RYAN
26  WILLIAM MARIER, while doing business as NATIONAL HOME ASSISTANCE GROUP,
27  INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME

                              -  4  -

1  ASSISTANCE, or PATE, MARIER AND ASSOCIATES, INC. violated Section 10159.5 of the

2  Code and Section 2731 of the Regulations by using an unlicensed fictitious business name to

3  conduct activities that require a real estate license.

4  DESIST AND REFRAIN ORDER

5  Based upon the FINDINGS OF FACT and CONCLUSIONS OF LAW stated

6  herein, IT IS HEREBY ORDERED THAT JAMES ERIC PATE, while doing business as

7  NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE

8  GROUP, NHA GROUP, or NATIONAL HOME ASSISTANCE, PATE, MARIER AND

9  ASSOCIATES, INC., MICHELLE LEFAOSEU, BARON MORLEDGE, and BRANDON

10  MICKLEY immediately desist and refrain from: engaging in the activities requiring a real estate

11  license without first obtaining a broker license or being licensed as a salesperson under the

12  employ of a licensed real estate broker.

13  Based upon the FINDINGS OF FACT and CONCLUSIONS OF LAW stated

14  herein, IT IS HEREBY ORDERED THAT RYAN WILLIAM MARIER immediately desist and

15  refrain from using an unlicensed fictitious business name while engaging in activities that require

16  a real estate license including, but not limited to, the following unlicensed fictitious business

17  names: NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME

18  ASSISTANCE GROUP, NHA GROUP, or NATIONAL HOME ASSISTANCE, PATE,

19  MARIER AND ASSOCIATES, INC.

20

21  DATED: _____, 2011.

22

23  JEFF DAVI
   Real Estate Commissioner

24

25

26

27

– 5 –

**Notice:** Business and Professions Code Section 10139 provides that "Any person acting as a real estate broker or real estate salesperson without a license or who advertises using words indicating that he or she is a real estate broker without being so licensed shall be guilty of a public offense punishable by a fine not exceeding twenty thousand dollars ($20,000), or by imprisonment in the county jail for a term not to exceed six months, or by both fine and imprisonment; or if a corporation, be punished by a fine not exceeding sixty thousand dollars ($60,000)."

cc: Ryan William Marier, Pate, Marier and Associates, Inc., National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, and National Home Assistance
151 Kalmus Drive, Suite B250
Costa Mesa, CA 92626

James Eric Pate, Pate, Marier and Associates, Inc., National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, and National Home Assistance
20282 Ramona Lane
Huntington Beach, CA 92648

Michelle Lefaoseu, Baron Morledge, and Brandon Mickley
3151 Airway Avenue, Suite F-109
Costa Mesa, CA 92626

3151 Airway Avenue, Suite P-1
Costa Mesa, CA 92626

1 | LISSETE GARCIA, Counsel (SBN 211552)
2 | Department of Real Estate
3 | 320 West 4th Street, Suite 350
Los Angeles, California 90013-1105

FILED

JAN 18 2012

DEPARTMENT OF REAL ESTATE

By C.A

4 | Telephone:  (213) 576-6982
(Direct)   (213) 576-6914
5 | (Fax)     (213) 576-6917

6

7

8 | BEFORE THE DEPARTMENT OF REAL ESTATE

9 | STATE OF CALIFORNIA

10 | * * *

11 | In the Matter of the Accusation of )
                                     )     DRE No. H-37126 LA
12 |   JAMES ERIC PATE,               )     OAH No. L-2011081204
                                     )
13 |                                  )     SUPPLEMENTAL ACCUSATION
                                     )
14 |                 Respondent.      )
     _____)

15

16 |         Complainant hereby supplements and amends the

17 | Accusation filed on March 10, 2011, as follows:

18 |                           22.

19 |                          AUDIT

20 |         Complainant incorporates all of the allegations

21 | contained in Paragraphs 1 through 21 of the Accusation, with the

22 | same force and effect as if herein fully set forth.

23 |                           23.

24 |         On September 6, 2011, the Department completed an

25 | examination of Ryan William Marier's books and records

26 | pertaining to the mortgage loan activities and loan modification

1

activities conducted by Ryan William Marier and Respondent PATE
in the name of "Pate, Marier and Associates, Inc." doing
business as NHA Group and/or National Home Assistance Group.
Ryan William Marier and Respondent PATE each owned 50% of Pate,
Marier and Associates, Inc.  The audit covered the period from
November 13, 2008 through March 31, 2011, which examination
revealed violations of the Business and Professions Code
("Code") and Regulations as set forth below.

24.

During the audit examination of Ryan William Marier,
it was determined that, Respondent PATE and Ryan William Marier,
doing business as Pate, Marier and Associates, Inc., NHA Group,
or National Home Assistance Group, engaged in the business of,
acted in the capacity of, advertised or assumed to act as real
estate brokers in the State of California, within the meaning of
Section 10131(d) of the Code, including soliciting prospective
borrowers or lenders for, or negotiating loans, or offering to
perform services connected to loans secured directly or
collaterally by liens on real property for another or others,
for or in expectation of compensation.

25.

In connection with the aforementioned real estate
activities, it was determined that Respondent PATE and Ryan
William Marier, while doing business as Pate, Marier and
Associates, Inc., NHA Group, or National Home Assistance Group
accepted, received, deposited and/or disbursed funds including
funds in trust (hereinafter "trust funds").  From time to time

2

herein mentioned, said funds and/or trust funds were maintained by Respondent PATE and Ryan William Marier general bank accounts, including but not necessarily limited to, Account No. ▉▉▉▉▉, at Wells Fargo Bank.

26.

The audit examination determined that Respondent Pate, while doing business as Pate, Marier and Associates, Inc., NHA Group or National Home Assistance Group, charged and collected fees in advance from borrowers for loan modification and negotiation activity in violation of Section 10130 of the Code.

27.

Respondent PATE operated an unlicensed corporation, whom Respondent PATE knew or should have known to be unlicensed, to perform acts and conduct activity requiring a real estate license as described in Section 10131(d) of the Code.

28.

The conduct, acts and omissions of Respondent PATE described in Paragraphs 26 and 27, above, constitutes cause for the suspension or revocation of all real estate licenses and license rights of Respondent PATE under the provisions of Sections 10137, 10177(d) and/or 10177(g) of the Code.

29.

The conduct, acts and omissions of Respondent PATE, described in Paragraphs 26 and 27, above, in willfully aiding and abetting Ryan William Marier to violate Section 10130 of the Code is further cause to suspend or revoke all real estate

3

licenses and license rights of Respondent PATE under the provisions of Sections 10177(g) and/or 10176(i) of the Code.

WHEREFORE, Complainant prays that a hearing be conducted on the allegations of this Accusation and that upon proof thereof, a decision be rendered imposing disciplinary action against all licenses and/or license rights of Respondent JAMES ERIC PATE under the Real Estate Law (Part 1 of Division 4 of the California Business and Professions Code) and for such other and further relief as may be proper under other applicable provisions of law.

Dated this _17th_ day of _____, 2012.

MARIA SUAREZ
Deputy Real Estate Commissioner

cc:    James Eric Pate
       Edward O. Lear, Esq.
       Maria Suarez
       Sacto.
       OAH

4

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

In the Matter of the Accusation of   )
                                     )   NO. H-37126 LA
     RYAN WILLIAM MARIER and         )
     JAMES ERIC PATE,                )
                                     )
          Respondents.               )
_____)

FILED

AUG 29 2011

DEPARTMENT OF REAL ESTATE

By _____

## DECISION

This Decision is being issued in accordance with the
provisions of Section 11520 of the Government Code, on evidence
of compliance with Section 11505 of the Government Code and
pursuant to the Order of Default filed on August 11, 2011, and
the findings of fact set forth herein are based on one or more
of the following:  (1) Respondent's express admissions; (2)
affidavits; and (3) other evidence.

## FINDINGS OF FACT

### 1.

On March 9, 2011, Maria Suarez made the Accusation in
her official capacity as a Deputy Real Estate Commissioner of
the State of California.  The Accusation, Statement to
Respondent, and Notice of Defense were mailed, by certified
mail, return receipt requested, to Respondent RYAN WILLIAM
MARIER's last known mailing address on file with the Department
on March 10, 2011 and May 12, 2011, and by regular mail on
April 13, 2011 and May 2, 2011.

On August 11, 2011, no Notice of Defense having been
filed herein within the time prescribed by Section 11506 of the
Government Code, Respondent RYAN WILLIAM MARIER's default was
entered herein.

2.

From November 13, 2008, through the present, Respondent MARIER has been licensed by the Department of Real Estate ("Department") as a real estate broker, Department License No. 01848936.

3.

From October 5, 2000, through the present, Respondent PATE has been licensed by the Department as a real estate salesperson, Department License No. 01297379.   From March 12, 2008 through November 10, 2009, Respondent PATE was licensed under the employ of real estate broker Firstline Mortgage, Inc., Department License No. 00895998.

4.

At all times herein mentioned, Respondent MARIER, engaged in the business of, acted in the capacity of, advertised or assumed to act as a real estate broker in the State of California, by doing or negotiating to do the following acts for another or others, for compensation or in expectation of compensation: (1) sell or offer to sell, solicit prospective sellers or purchasers of, solicit or obtain listings of, or negotiate the purchase, sale or exchange of real property within the meaning of Business and Professions Code ("Code") Section 10131(a); and (2) solicit borrowers, negotiate loans, collect payments or perform services for borrowers in connection with loans secured directly or collaterally by liens on real property within the meaning of Code Section 10131(d).

5.

At no time mentioned herein have National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, National Home Assistance or Pate, Marier and Associates, Inc. ever been licensed by the Department in any capacity.

6.

On December 17, 2008, Respondent MARIER formed Pate, Marier and Associates, Inc., a California corporation.

-2-

Respondent MARIER is a director and officer of Pate, Marier and Associates, Inc. and owns or controls 10 percent or more of the corporation's stock.

7.

On February 17, 2009, Pate, Marier and Associates, Inc. filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA Group".

8.

For an unknown period of time beginning no later than May 15, 2009, while using the unlicensed fictitious business name National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, Respondent MARIER engaged in the business of soliciting to modify or negotiate loans secured by real property, and claimed, demanded, charged, received, collected or contracted for the collection of advance fees, within the meaning of Code Section 10026, for, including but not limited to, the following borrowers:

a. On or about May 15, 2009, Wilfred J. Caron paid an advance fee of $2,495 to National Home Assistance Group, Inc. pursuant to an advance fee agreement for loan modification and negotiation services. Respondent failed to perform the loan modification and negotiation services that had been promised to Mr. Caron. Respondent failed to refund the advance fee paid by Mr. Caron.

b. On or about July 7, 2009, Timothy Wayne Girard paid an advance fee of $2,090 to National Home Assistance Group pursuant to an advance fee agreement for loan modification and negotiation services. Respondent failed to perform the loan modification and negotiation services that had been promised to Mr. Girard. Respondent failed to refund the advance fee paid by Mr. Girard.

9.

The advance fee agreement used by Respondent MARIER, while doing business as National Home Assistance Group, Inc.,

National Home Assistance Group, NHA Group, or National Home
Assistance, had not been approved by the Department prior to use
as is required under Code Section 10085 and Section 2970, Title
10, Chapter 6, California Code of Regulations ("Regulations").

10.

The conduct, acts and/or omissions of Respondent
MARIER as set forth above, in collecting advance fees from
prospective borrowers pursuant to a written fee agreement, which
agreement was not submitted to the Department for review prior
to use, was in violation of Code Section 10085 and Section 2970
of the Regulations, and constitutes grounds for the suspension
or revocation of the license and license rights of Respondent
MARIER pursuant to Code Sections 10177(d) and 10177(g).

11.

The advance fees collected by Respondent MARIER while
doing business as National Home Assistance Group, Inc., National
Home Assistance Group, NHA Group, or National Home Assistance,
were not deposited in a trust account as required under Code
Section 10146.

12.

The conduct, acts and/or omissions of Respondent
MARIER as set forth above, in collecting advance fees from
prospective borrowers and failing to deposit the advance fees
into a trust account, was in violation of Code Section 10146 and
constitutes grounds for the suspension or revocation of the
license and license rights of Respondent MARIER pursuant to Code
Sections 10177(d) and 10177(g).

13.

The activities described in Paragraph 8, supra,
require a real estate license under Code Sections 10131(d) and
10131.2.  Respondent MARIER violated Code Section 10137 by
employing and/or compensating individuals who were not licensed
as real estate salespersons or as brokers to perform activities
requiring a license as follows:

-4-

a.   Respondent MARIER employed and/or compensated Michelle Lefaoseu and Baron Morledge to perform some or all of the services alleged in Paragraph 8, subsection (a), above though neither was licensed as a real estate salesperson or broker.

b.   Respondent MARIER employed and/or compensated Brandon Mickley to perform some or all of the services alleged in Paragraph 8, subsection (b), above, though he was not licensed as a real estate salesperson or broker.

14.

The conduct, acts and/or omissions of Respondent MARIER, as set forth in Paragraph 13, above, violate Code Section 10137, and are cause for the suspension or revocation of the licenses and license rights of Respondent MARIER pursuant to Code Sections 10137, 10177(d) and 10177(g).

15.

Use of a fictitious business name for activities requiring the issuance of a real estate license requires the filing of an application for the use of such name with the Department in accordance with the provisions of Code Section 10159.5.

16.

Respondent MARIER acted without Department authorization in using the fictitious business names National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance to engage in activities requiring the issuance of a real estate license.

17.

The conduct, acts and/or omissions of Respondent MARIER, as set forth in Paragraphs 15 and 16, above, violate Code Section 10159.5 and Section 2731 of the Regulations, and are cause for the suspension or revocation of the licenses and license rights of Respondent MARIER pursuant to Code Sections 10177(d) and 10177(g).

## DETERMINATION OF ISSUES

### 1.

Respondent RYAN WILLIAM MARIER's conduct, acts, and/or omissions are in violation of Code Sections 10085, 10137, 10146, and 10159.5 and Regulations 2731 and 2970.

### 2.

Cause for disciplinary action against Respondent RYAN WILLIAM MARIER exists pursuant to Code Sections 10177(d) and 10177(g).

### 3.

The standard of proof applied was clear and convincing proof to a reasonable certainty.

### ORDER

The license and license rights of Respondent RYAN WILLIAM MARIER under the provisions of Part I of Division 4 of the Business and Professions Code are revoked.

This Decision shall become effective at 12 o'clock noon Sept. 19, 2011.

DATED: _8/24_____, 2011.

BARBARA J. BIGBY
Acting Real Estate Commissioner

-6-

1  Department of Real Estate
2  320 West Fourth Street, Suite 350
   Los Angeles, California 90013-1105
3
4
5
6
7



FILED
AUG 1 1 2011
DEPARTMENT OF REAL ESTATE

By _____

8              BEFORE THE DEPARTMENT OF REAL ESTATE
9                    STATE OF CALIFORNIA
10                      *   *   *   *
11  In the Matter of the Accusation of  )
                                         )      NO. H-37126 LA
12    RYAN WILLIAM MARIER and            )
      JAMES ERIC PATE,                   )      DEFAULT ORDER
13                                       )
                                         )
14                  Respondents.         )
   _____)

15
16          Respondent, RYAN WILLIAM MARIER, having failed to file
17  a Notice of Defense within the time required by Section 11506
18  of the Government Code, is now in default.  It is, therefore,
19  ordered that a default be entered on the record in this matter.

20        IT IS SO ORDERED  *August 11, 2011* .

21                    BARBARA J. BIGBY
                      Acting Real Estate Commissioner
22
23
24                    By: DOLORES WEEKS
                          Regional Manager
25
26
27

1  LISSETE GARCIA, Counsel (SBN 211552)
   Department of Real Estate
2  320 West 4th Street, Suite 350
3  Los Angeles, California 90013-1105



MAR 1 0 2011
DEPARTMENT OF REAL ESTATE

4  Telephone:  (213) 576-6982
   (Direct)    (213) 576-6914
5                                          By

6

7

8              BEFORE THE DEPARTMENT OF REAL ESTATE

9                     STATE OF CALIFORNIA

10                         *  *  *

11 In the Matter of the Accusation of )
                                      )    NO.  H-37126 LA
12    RYAN WILLIAM MARIER and         )
      JAMES ERIC PATE,                )    A C C U S A T I O N
13                                    )
                                      )
14                    Respondents.    )
                                      )
15 _____)

16        The Complainant, Maria Suarez, a Deputy Real

17 Estate Commissioner of the State of California, for cause of

18 Accusation against RYAN WILLIAM MARIER and JAMES ERIC PATE

19 (collectively "Respondents"), is informed and alleges as

20 follows:

21                         1.

22        The Complainant, Maria Suarez, a Deputy Real Estate

23 Commissioner of the State of California, makes this Accusation

24 in her official capacity.

25                         2.

26        Respondents RYAN WILLIAM MARIER ("MARIER") and JAMES

   ERIC PATE ("PATE") are presently licensed and/or have license

                             1

1  rights under the Real Estate Law (Part 1 of Division 4 of the

2  California Business and Professions Code, "Code").

3                                  3.

4          From November 13, 2008, through the present,

5  Respondent MARIER has been licensed by the Department of Real

6  Estate ("Department") as a real estate broker, Department

7  License No. 01848936.

8                                  4.

9          From October 5, 2000, through the present, Respondent

10  PATE has been licensed by the Department as a real estate

11  salesperson, Department License No. 01297379.  From March 12,

12  2008 through November 10, 2009, Respondent PATE was licensed

13  under the employ of real estate broker Firstline Mortgage, Inc.,

14  Department License No. 00895998.

15                                  5.

16          At all times herein mentioned, Respondents MARIER and

17  PATE, engaged in the business of, acted in the capacity of,

18  advertised or assumed to act as real estate brokers in the State

19  of California, by doing or negotiating to do the following acts

20  for another or others, for compensation or in expectation of

21  compensation: (1) sell or offer to sell, solicit prospective

22  sellers or purchasers of, solicit or obtain listings of, or

23  negotiate the purchase, sale or exchange of real property within

24  the meaning of Code Section 10131(a); and (2) solicit borrowers,

25  negotiate loans, collect payments or perform services for

26  borrowers in connection with loans secured directly or

collaterally by liens on real property within the meaning of

2

Code Section 10131(d).

### FIRST CAUSE OF ACCUSATION
(Advance Fee Violations)

6.

At no time mentioned herein have National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, National Home Assistance or Pate, Marier and Associates, Inc. ever been licensed by the Department in any capacity.

7.

On December 17, 2008, Respondents MARIER and PATE formed Pate, Marier and Associates, Inc., a California corporation.  Respondents MARIER and PATE are the directors and officers of Pate, Marier and Associates, Inc. and own or control 10 percent or more of the corporation's stock.

8.

On February 17, 2009, Pate, Marier and Associates, Inc. filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA Group".

9.

For an unknown period of time beginning no later than May 15, 2009, while using the unlicensed fictitious business name National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, Respondents MARIER and PATE engaged in the business of soliciting to modify or negotiate loans secured by real

3

1  property, and claimed, demanded, charged, received, collected or

2  contracted for the collection of advance fees, within the

3  meaning of Code Section 10026, for including, but not limited

4  to, the following borrowers:

5          a.    On or about May 15, 2009, Wilfred J. Caron paid an

6  advance fee of $2,495 to National Home Assistance Group, Inc.

7  pursuant to an advance fee agreement for loan modification and

8  negotiation services.  Respondents failed to perform the loan

9  modification and negotiation services that had been promised to

10  Mr. Caron.  Respondents failed to refund the advance fee paid by

11  Mr. Caron.

12          b.    On or about July 7, 2009, Timothy Wayne Girard

13  paid an advance fee of $2,090 to National Home Assistance Group

14  pursuant to an advance fee agreement for loan modification and

15  negotiation services.  Respondents failed to perform the loan

16  modification and negotiation services that had been promised to

17  Mr. Girard.  Respondents failed to refund the advance fee paid

18  by Mr. Girard.

19                              10.

20          The advance fee agreement used by Respondents MARIER

21  and PATE, while doing business as National Home Assistance

22  Group, Inc., National Home Assistance Group, NHA Group, or

23  National Home Assistance, had not been approved by the

24  Department prior to use as is required under Code Section 10085

25  and Section 2970, Title 10, Chapter 6, California Code of

26  Regulations (hereinafter "Regulations").

4

11.

The conduct, acts and/or omissions of Respondents MARIER and PATE as set forth above, in collecting advance fees from prospective borrowers pursuant to a written fee agreement, which agreement was not submitted to the Department for review prior to use was in violation of Code Section 10085 and Section 2970 of the Regulations, and constitutes grounds for the suspension or revocation of the license and license rights of Respondents MARIER and PATE pursuant to Code Sections 10177(d) and/or 10177(g).

12.

The advance fees collected by Respondent MARIER while doing business as National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, were not deposited in a trust account as required under Code Section 10146.

13.

The conduct, acts and/or omissions of Respondent MARIER as set forth above, in collecting advance fees from prospective borrowers and failing to deposit the advance fees into a trust account was in violation of Code Section 10146 and constitutes grounds for the suspension or revocation of the license and license rights of Respondent MARIER pursuant to Code Sections 10177(d) and/or 10177(g).

///

///

5

SECOND CAUSE OF ACCUSATION
(Unlawful employment or payment of compensation)
(Unlicensed Activity)

14.

There is hereby incorporated in this Second, separate, Cause of Accusation, all of the allegations contained in Paragraphs 1 through 13 above, with the same force and effect as if herein fully set forth.

15.

The activities described in Paragraph 9, supra, require a real estate license under Code Sections 10131(d) and 10131.2. Respondent MARIER violated Code Section 10137 by employing and/or compensating individuals who were not licensed as real estate salespersons or as brokers to perform activities requiring a license as follows:

a.   Respondent MARIER employed and/or compensated Michelle Lefaoseu and Baron Morledge to perform some or all of the services alleged in Paragraph 9, subsection (a), above though neither was licensed as a real estate salesperson or broker.

b.   Respondent MARIER employed and/or compensated Brandon Mickley to perform some or all of the services alleged in Paragraph 9, subsection (b), above though he was not licensed as a real estate salesperson or broker.

6

16.

The conduct, acts and/or omissions of Respondent MARIER, as set forth in Paragraph 15, above, violate Code Section 10137, and are cause for the suspension or revocation of the licenses and license rights of Respondent MARIER pursuant to Code Sections 10137, 10177(d) and/or 10177(g).

17.

The conduct, acts and/or omissions of Respondent PATE, in accepting compensation for activities that require a real estate license from a person other than the broker under whom he is at the time licensed, violate Code Section 10137, and are cause for the suspension or revocation of the licenses and license rights of Respondent PATE pursuant to Code Sections 10137, 10177(d) and/or 10177(g).

THIRD CAUSE OF ACCUSATION
(Use of Unauthorized Fictitious Business Name)

18.

There is hereby incorporated in this Third, separate, Cause of Accusation, all of the allegations contained in Paragraphs 1 through 17 above, with the same force and effect as if herein fully set forth.

19.

Use of a fictitious business name for activities requiring the issuance of a real estate license requires the filing of an application for the use of such name with the

1   Department in accordance with the provisions of Code Section

2   10159.5.

3                                    20.

4        Respondent MARIER acted without Department

5   authorization in using the fictitious business names National

6
    Home Assistance Group, Inc., National Home Assistance Group, NHA
7
8   Group, or National Home Assistance to engage in activities

9   requiring the issuance of a real estate license.

10                                   21.

11       The conduct, acts and/or omissions of Respondent

12  MARIER, as set forth in Paragraphs 19 and 20, above, violate

13  Code Section 10159.5 and Section 2731 of the Regulations, and

14  are cause for the suspension or revocation of the licenses and

15  license rights of Respondent MARIER pursuant to Code Sections

16  10177(d) and/or 10177(g).

17

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

                                    8

1     WHEREFORE, Complainant prays that a hearing be

2  conducted on the allegations of this Accusation and that upon

3  proof thereof, a decision be rendered imposing disciplinary

4  action against all licenses and/or license rights of Respondents

5  RYAN WILLIAM MARIER and JAMES ERIC PATE under the Real Estate

6  Law (Part 1 of Division 4 of the California Business and

7  Professions Code) and for such other and further relief as may

8  be proper under other applicable provisions of law.

9  this _____ day of _____, 2011.

10

11

12                                 MARIA SUAREZ
                                Deputy Real Estate Commissioner
13

14

15

16

17

18

19

20

21

22

23  cc:   Ryan William Marier
          James Eric Pate
24        Maria Suarez
          Sacto.
25

26

                              9

**FILED**

DEC 11 2015

BUREAU OF REAL ESTATE

By S. Block

BEFORE THE BUREAU OF REAL ESTATE

STATE OF CALIFORNIA

* * *

In the Matter of the Accusation of

RYAN WILLIAM MARIER,

Respondent.

No. H-37126 LA

ORDER DENYING REINSTATEMENT OF LICENSE

BUT GRANTING RIGHT TO A RESTRICTED LICENSE

On August 24, 2011, in Case No. H-37126 LA, a Decision was rendered revoking the real estate broker license of Respondent effective September 19, 2011.

On February 10, 2015, Respondent petitioned for reinstatement of said real estate broker license, and the Attorney General of the State of California has been given notice of the filing of said petition.

The burden of proving rehabilitation rests with the petitioner (*Feinstein v. State Bar* (1952) 39 Cal. 2d 541). A petitioner is required to show greater proof of honesty and integrity than an applicant for first time licensure. The proof must be sufficient to overcome the prior adverse judgment on the applicant's character (*Tardiff v. State Bar* (1980) 27 Cal. 3d 395).

I have considered Respondent's petition and the evidence submitted in support thereof.

///

1     The Bureau has developed criteria in Section 2911 of Title 10, California Code of

2   Regulations (Regulations) to assist in evaluating the rehabilitation of an applicant for

3   reinstatement of a license. Among the criteria relevant in this proceeding are:

4     Regulation 2911(j) Discharge of, or bona fide efforts toward discharging,

5   adjudicated debts or monetary obligations to others.

6     Respondent listed 5 civil judgments in his application. Two of them have been

7   satisfied and dismissed. Two others were settled, with no evidence that Respondent has

8   defaulted on repayment. One judgment, a 2011 Breach of Lease Agreement before the Orange

9   County Superior Court, Respondent's Petition Application states that the judgment has not been

10   satisfied, with no explanation for why. (Note this was a $4,500 small claims

11   judgment. Respondent has satisfied other judgments for substantially more money). This is the

12   only reason why we cannot grant a plenary broker's license.

13     Respondent has failed to demonstrate to my satisfaction that Respondent has

14   undergone sufficient rehabilitation to warrant the reinstatement of Respondent's unrestricted real

15   estate broker license.

16     I am satisfied, however, that it will not be against the public interest to issue a

17   restricted real estate broker license to Respondent.

18     A restricted real estate broker license shall be issued to Respondent pursuant to

19   Section 10156.5 of the Business and Professions Code, if Respondent satisfies the following

20   conditions prior to and as a condition of obtaining a restricted real estate broker license within

21   twelve (12) months from the effective date of this Order:

22     1.     Respondent shall qualify for, take and pass the real estate broker license

23   examination.

24     2.     Submittal of a completed application and payment of the fee for a real

25   estate broker license.

26     3.     Respondent shall provide proof that reimbursement of the advance fees

27   paid by Wilfred J. Caron in the amount of $2,495.00 and Timothy Wayne Girard in the amount

1   of $2,090.00 has been made.  If Respondent can not provide such evidence, the monies owed to

2   Wilfred J. Caron and Timothy Wayne Girard shall be subject to the Unclaimed Property Law

3   (Code of Civil Procedure Sections 1500 et. Seq.), and those monies shall be remitted to the

4   California's State Controller. Until Respondent provides proof satisfactory to the Commissioner,

5   the Commissioner will deny any and all licenses.

6           The restricted license issued to Respondent shall be subject to all of the provisions

7   of Section 10156.7 of the Business and Professions Code and to the following limitations,

8   conditions and restrictions imposed under authority of Section 10156.6 of that Code:

9           A.    The restricted license issued to Respondent may be suspended prior to

10   hearing by Order of the Real Estate Commissioner in the event of Respondent's conviction or

11   plea of nolo contendere to a crime which is substantially related to Respondent's fitness or

12   capacity as a real estate licensee.

13           B.    The restricted license issued to Respondent may be suspended prior to

14   hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner

15   that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands

16   Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted

17   license.

18           C.    Respondent shall not be eligible to apply for the issuance of an

19   unrestricted real estate license nor the removal of any of the limitations, conditions or restrictions

20   of a restricted license until two (2) years have elapsed from the date of the issuance of the

21   restricted license to Respondent.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

- 3 -

1           D.    Respondent shall notify the Commissioner in writing within 72 hours of

2 any arrest by sending a certified letter to the Commissioner at the Bureau of Real Estate, Post

3 Office Box 137007, Sacramento, CA 95813-7007. The letter shall set forth the date of

4 Respondent's arrest, the crime for which Respondent was arrested and the name and address of

5 the arresting law enforcement agency. Respondent's failure to timely file written notice shall

6 constitute an independent violation of the terms of the restricted license and shall be grounds for

7 the suspension or revocation of that license.

8           This Order shall become effective at 12 o'clock noon on    **JAN 0 4 2016**

9           IT IS SO ORDERED    _12/11/2015_

10                               REAL ESTATE COMMISSIONER

11

12

13                               Wayne S. Bell

14

15

16

17

18

19

20

21

22

23

24

25

26

27

- 4 -

FILED

MAY 1 6 2013.

DEPARTMENT OF REAL ESTATE
BY: _____

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * *

| In the Matter of the Accusation of | ) | DRE No. H-37126 LA |
|---|---|---|
| | ) | |
| RYAN WILLIAM MARIER and | ) | |
| JAMES ERIC PATE, | ) | |
| | ) | |
| Respondents. | ) | |

ORDER SUSPENDING RESTRICTED REAL ESTATE LICENSE

TO:   JAMES ERIC PATE
      19422 Summer Breeze Lane
      Huntington Beach, CA 92648

On May 21, 2012, a restricted real estate salesperson license was issued by the Department of Real Estate to JAMES ERIC PATE ("Respondent") on the terms, conditions and restrictions set forth in the Real Estate Commissioner's Decision in Case No. H-37126 LA.  This Decision, which was filed on April 30, 2012, and became effective May 21, 2012, granted Respondent the right to the issuance of a restricted real estate salesperson license subject to the provisions of Section 10156.7 of the California Business and Professions Code (hereinafter "Code") and to enumerated additional terms, conditions and restrictions imposed under authority of Section 10156.6 of said Code.

- 1 -

1   Among the terms and conditions, Respondent was required to take and pass the

2   Professional Responsibility Examination within six (6) months from the effective date of the

3   Decision.  The Commissioner has determined that as of December 21, 2012, Respondent has

4   failed to satisfy this condition.

5   NOW, THEREFORE, IT IS ORDERED under authority of the Order issued in

6   this matter that the real estate salesperson license heretofore issued to Respondent and the

7   exercise of any privileges thereunder is hereby suspended until such time as Respondent

8   provides proof satisfactory to the Department of compliance with the "condition" referred to

9   above, or pending final determination made after hearing (see "Hearing Rights" set forth below).

10   IT IS FURTHER ORDERED that all license certificates and identification cards

11   issued by Department which are in the possession of Respondent be immediately surrendered by

12   personal delivery or by mailing in the enclosed, self-addressed envelope

13   to:

14

15   Department of Real Estate
Attn:  Flag Section

16   P. O. Box 187000
Sacramento, CA 95818-7000

17

18   HEARING RIGHTS:  You have the right to a hearing to contest the

19   Commissioner's determination that you are in violation of the Order issued in this matter.  If you

20   desire a hearing, you must submit a written request.  The request may be in any form, as long as

21   it is in writing and indicates that you want a hearing.  Unless a written request for a hearing,

22   signed by or on behalf of you, is delivered or mailed to the Department at 320 W. 4th Street,

23   Room 350, Los Angeles, California 90013, within 20 days after the date that this Order was

24   mailed to or served on you, the Department will not be obligated or required to provide you with

25   ///

26   ///

27   ///

– 2 –

a hearing.

This Order shall be effective immediately.

DATED: May ___13___, 2013.

REAL ESTATE COMMISSIONER

By: Jeffrey Mason
    Chief Deputy Commissioner

# FILED

APR 3 0 2012

DEPARTMENT OF REAL ESTATE
BY: _____

## BEFORE THE DEPARTMENT OF REAL ESTATE

### STATE OF CALIFORNIA

* * * * *

| | |
|---|---|
| In the Matter of the Accusation of | DRE No. H-37126 LA |
| RYAN WILLIAM MARIER and JAMES ERIC PATE, | OAH No. 2011081204 |
| Respondents. | |

### DECISION

The Proposed Decision dated March 22, 2012, of the Administrative

Law Judge of the Office of Administrative Hearings, is hereby adopted as the

Decision of the Real Estate Commissioner in the above-entitled matter.

This Decision shall become effective at 12 o'clock noon on
May 21, 2012.

IT IS SO ORDERED _____ 4/22 _____, 2012.

Real Estate Commissioner

By WAYNE S. BELL
Chief Counsel

**BEFORE THE**
**DEPARTMENT OF REAL ESTATE**
**STATE OF CALIFORNIA**

|  |  |
|---|---|
| In the Matter of the Accusation and Supplemental Accusation Against: | Case No. H-37126 LA |
| JAMES ERIC PATE, | OAH No. 2011081204 |
| Respondent. |  |

## PROPOSED DECISION

This matter was heard by Eric Sawyer, Administrative Law Judge, Office of Administrative Hearings, State of California, on February 28, 2012, in Los Angeles. The record was closed and the matter was submitted for decision at the conclusion of the hearing.

Lissete Garcia, Counsel, represented Maria Suarez, Deputy Real Estate Commissioner (Complainant), California Department of Real Estate (Department).

Edward O. Lear, Esq., represented James Eric Pate (Respondent), who was present.

## FACTUAL FINDINGS

*Parties and Jurisdiction*

1. Complainant brought the Accusation and Supplemental Accusation in her official capacity. Respondent timely submitted a Notice of Defense, which contained a request for a hearing.

2. From October 5, 2000, through the present, Respondent has been licensed by the Department as a real estate salesperson (License No. S/01297379). From March 12, 2008, through November 10, 2009, Respondent was licensed under the employ of real estate broker Firstline Mortgage, Inc.

3. As discussed in more detail below, Respondent went into business with Ryan William Marier (Marier), who was licensed by the Department as a real estate broker during the relevant times. Mr. Marier was also named as a respondent in this matter, but his license was revoked by default due to his failure to respond timely to the initial Accusation. It was not established that Respondent was ever affiliated with Marier's broker license.

*Respondent Goes into the Loan Modification Business*

4.      Respondent and Mr. Marier were acquaintances who worked in the real estate field. In 2008, they decided to go into business together. Respondent had some prior experience in helping friends and clients with home loan modifications. At this time, the housing market was crashing and the demand for loan modification soared. So Respondent and Marier decided to start a company to provide loan modification services to homeowners.

5.   ,   On December 17, 2008, Respondent and Marier formed Pate, Marier and Associates, Inc. (PMAI), a California corporation. Respondent and Marier were the directors and officers of PMAI, and owned all of the corporation's stock. This was the parent company formed as an umbrella for all the various business ventures Respondent and Marier created.

6.      On February 17, 2009, PMAI filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA Group." This fictitious business name was intended for the loan modification business. However, over time, the loan modification business became known by several other business names, including National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, National Home Assistance, and Pate, Marier and Associates. At no time had any of those business names or entities been licensed by the Department. Use of a fictitious business name for activities requiring the issuance of a real estate license requires the filing of an application for the use of such name with the Department in accordance with the provisions of Business and Professions Code section 10159.5.[1]

7.      On January 20, 2009, Marier submitted to the Department an advance fee agreement and accounting format. On February 24, 2009, the Department issued a letter acknowledging receipt of that document and stating that the Department had no objection to it. However, the advance fee agreements actually used by PMAI in the loan modification business were different in material respects from the one submitted to the Department, and therefore were not approved by the Department prior to use as required by section 10085, and California Code of Regulations, title 10, section 2970 (Regulation).

8.      From February 2009 through August 2009, Respondent and Marier, while using the unlicensed fictitious business names described above in Factual Finding No. 6, engaged in loan modification services. Respondent was primarily involved in the administrative affairs of the business, and Marier attended to the finances and operations. Neither of them was involved in actual loan modification work. They employed several individuals to perform the loan modification services, none of whom were licensed by the Department. In all, PMAI was involved in at least 258 loan modification transactions with consumers. Of that total, only two consumers are known to have submitted complaints to the Department, i.e., Wilfred J. Caron and Timothy Wayne Girard.

---

[1] All further statutory references are to the Business and Professions Code.

9.      On or about May 15, 2009, Wilfred J. Caron paid an advance fee of $2,495 to National Home Assistance Group, Inc., (NHAGI) pursuant to an advance fee agreement for loan modification and negotiation services that had not been approved by the Department. In July 2009, NHAGI sent financial materials to Mr. Caron's primary lender and began negotiations to reduce the loan principal and interest rate of Mr. Caron's loan. Mr. Caron ultimately rejected a loan modification proposal made by his lender. Mr. Caron was not satisfied with NHAGI's services and he requested a full refund in September of 2009. NHAGI did not offer him a refund, but instead referred Mr. Caron to a real estate agent for purposes of arranging a short sale of his property. Mr. Caron entered into a short sale transaction with a willing buyer, but the sale was not consummated because the lender requested the sales price to be increased and the parties did not agree to do so. Mr. Caron decided to no longer pursue a short sale of his home. He has since retained the services of another loan modification business. It was not established that NHAGI failed to perform the loan modification and negotiation services promised to Mr. Caron. In fact, the advance fee agreement Mr. Caron signed indicated that the fee was deemed earned upon a loan modification offer from his lender or a short sale offer on his home, both of which occurred due to the efforts of NHAGI. Mr. Caron submitted his complaint to the Department in May 2010. He still owns his home.

10.     On or about July 7, 2009, Timothy Wayne Girard paid an advance fee of $2,090 to National Home Assistance Group (NHAG) pursuant to an advance fee agreement for loan modification and negotiation services for the first and second mortgages on his home. In September 2009, Mr. Girard's primary lender made a forbearance offer to Mr. Girard. The secondary lender delayed making an offer until the primary lender's position was solidified. Mr. Girard rejected the primary lender's offer. Several months later, NHAG notified Mr. Girard that the business was closing and that no further action would be taken on his file. It was not established that NHAG failed to perform the loan modification and negotiation services promised to Mr. Girard. The advance fee agreement Mr. Girard signed indicated the fee was deemed earned upon a loan modification offer from his lender, which occurred due to the efforts of NHAG. Mr. Girard submitted his complaint to the Department in September 2010. He still owns his home.

11.     When Respondent and Marier established their loan modification business in late 2008, they did not think they needed any licenses additional to Marier's broker license to engage in that type of activity. By early 2009, when Legislature enacted laws regulating the loan modification business, Respondent and Marier decided to submit the proposed advance fee agreement to the Department to position themselves for the effective date of those laws in July 2009. However, by that time, Respondent and Marier realized the full extent of the new legislation and quickly realized that they would not be able to have all staff fully licensed and bonded in compliance with the new laws. By August 2009, Respondent and Marier stopped accepting new loan modification work and began closing their business. They tried to resolve the remaining open cases and transferred others to an attorney. They were required to pay the attorney a fee for accepting those cases, as well as transferring to him their pre-paid office lease in order for him to accept their open cases. By December of 2009, Respondent and Marier completely shut-down the loan modification business.

*The Audit of PMAI's Books and Records*

12.     On September 6, 2011, the Department completed an examination of books and records in the possession of Marier, pertaining to the mortgage loan modification activities conducted by PMAI. The audit covered the period from November 13, 2008, through March 31, 2011.

13.     The audit revealed that PMAI engaged in the business of, acted in the capacity of, advertised or assumed to act as real estate brokers in the State of California, within the meaning of section 10131, subdivision (d), including soliciting prospective borrowers or lenders for, or negotiating loans, or offering to perform services connected to loans secured directly or collaterally by liens on real property for another or others, for or in expectation of compensation.

14.     PMAI was not licensed to engage in the loan modification activities described above. Respondent actively engaged with Marier in operating the unlicensed corporation, whose employees performed acts requiring a real estate license pursuant to section 10131, subdivision (d). Respondent should have known that such activity required a license. He was a licensed salesperson who had taken courses on the scope of activity requiring a license from the Department. He and Marier were well aware of recent legislation pointing to the Department as the regulator of loan modification activity. His partner Marier submitted an advance fee agreement to the Department in anticipation of the newly enacted laws. Most of the loan modification services transacted by PMAI occurred after Marier had submitted the advance fee agreement to the Department. Under these circumstances, Respondent should have known that a license was required to engage in such activity, or at the very least to contact the Department to ascertain whether that was the case.

15.     The audit also revealed that PMAI accepted, received, deposited and/or disbursed funds, including funds in trust. Those trust funds, including the advance fees collected by PMAI while engaged in loan modification services, were not deposited in a trust account as required by section 10146. By conservative estimates, Respondent and Marier took in at least $306,984 in service fees. The audit revealed total receipts of $1.1 million, although the loan modification fees were comingled with funds from their other ventures.

*Mitigation*

16.     Respondent has no prior history of discipline with the Department.

17.     Shortly before the hearing, Respondent fully refunded Mr. Caron and Mr. Girard, including not just the return of their fees but also interest to date. It was not established that Respondent's acts caused any harm to either consumer. Though Mr. Caron and Mr. Girard were not satisfied with the loan modification offers they were given, it was not established that Respondent and Marier breached their contracts or took money for services that were not provided. It was not established that any other PMAI consumer was injured or abandoned by PMAI.

4

18. Respondent has not been involved in any loan modification activity since he and Marier terminated their loan modification business at the end of 2009. Though he still communicates with Marier, he is no longer involved in real estate with him.

19. Respondent submitted a number of character reference letters from colleagues in the real estate and business fields, former clients, friends and family members. All attest to Respondent generally having good character, integrity and honesty.

20. Respondent has been married for eight years and has three young sons. He and his family regularly attend church. Respondent participates in volunteer activity in his community through his church. He is currently employed by a Fortune 500 company as a manager in a unit involved in loan originations.

## LEGAL CONCLUSIONS

1. Cause was established for disciplinary action against Respondent pursuant to section 10177, subdivisions (d) and (g). Respondent, through the loan modification business he co-owned with Marier, collected advance fees from prospective borrowers pursuant to a written fee agreement, which was not submitted to the Department for review prior to use, in violation of section 10085 and Regulation 2970. In addition, Respondent failed to deposit the advance fees into a trust account in violation of section 10146. Therefore, Respondent violated the Real Estate Law in these regards (§ 10177, subd. (d)) and was negligent in carrying out acts requiring a real estate license by failing to ensure the proper advance fee forms were used, and by failing to properly deposit and account for advance fee trust funds in his possession (§ 10177, subd. (g)). (Factual Findings 1-15.)

2. Cause was established for disciplinary action against Respondent pursuant to sections 10137 and 10177, subdivision (d). Respondent was engaged in activities that required a real estate license under sections 10131, subdivision (d), and 10131.2. At the times that Respondent was engaged in the loan modification business with Marier, Respondent's real estate salesperson license was not affiliated with Marier's broker license. By splitting the proceeds of the PMAI business with Marier, and by accepting fees from consumers who retained the services of PMAI's loan modification business, Respondent received compensation for activities that required a real estate license from persons other than the broker under whom he was at the time licensed, in violation of section 10137.[2] (Factual Findings 1-15.)

3. Cause was established for disciplinary action against Respondent pursuant to sections 10137 and 10177, subdivisions (d) and (g), in that Respondent operated an unlicensed corporation, which Respondent should have known needed to be licensed to perform acts and conduct activity requiring a real estate license as described in section 10131, subdivision (d). (Factual Findings 1-15.)

---

[2] The third cause for discipline in the Accusation was alleged only against Marier.

4.      Cause was established for disciplinary action against Respondent pursuant to section 10177, subdivision (g), in that Respondent was negligent in aiding and abetting Mr. Marier to violate section 10130, which prohibits unlicensed real estate activity, when Respondent should have known that he, PMAI, and Marier were engaged in conduct for which a real estate license was required, but for which they were not licensed. However, it was not established that cause exists to discipline Respondent pursuant to section 10176, subdivision (i), in that it was not established that Respondent's conduct in this regard equated to fraud or dishonest dealing. (Factual Findings 1-15.)

5A.     Since cause for discipline against Respondent's licensing rights has been established, the inquiry shifts to the degree of discipline warranted. Respondent's misconduct is considered moderately serious, in that he facilitated and actively engaged in unlicensed practice under circumstances when he should have known better. A number of important statutes and regulations were violated in the manner in which Respondent and his partner conducted business. Of concern is the fact that not long after submitting an advance fee agreement to the Department, Respondent and his partner abandoned that form and replaced it with one the Department had never seen before. Respondent and his partner benefitted substantially from the loan modification enterprise, in that the business took in at least $300,000 in fees and probably much more.

5B.     On the other hand, there is substantial mitigating evidence in this case to indicate that revocation is unwarranted and would be punitive. It was not established that Respondent engaged in fraud or dishonest dealing. It was not established that Respondent's business breached its contracts with any consumer. In fact, no actual injury to any consumer was established. Nonetheless, Respondent has made restitution on his own accord to the two consumers who complained to the Department about his business. Respondent has no prior record of discipline. Respondent and his partner took extensive efforts to wind down their loan modification business without abandoning their clients. Respondent has completely removed himself from loan modification activity. Other than his failed foray into loan modification in 2009, it appears that Respondent has otherwise conducted himself with integrity and honesty in his personal and professional life.

5C.     Under these circumstances, a restricted salesperson license with appropriate conditions is warranted. Pursuant to Regulation 2930, subdivision 18(A), when a licensee has been compensated for performing unlicensed activity, the penalty shall include a suspension. The length of the suspension is calculated by assigning $100 per day, and dividing $100 into the total amount of unlicensed compensation, up to a maximum of $10,000. Since Respondent and his partner received in excess of $10,000 of compensation for their unlicensed activity, a 100 day suspension is warranted. However, pursuant to Regulation 2930, subdivision 18(A), Respondent shall be allowed to petition the Commissioner to convert the 100 day suspension into a $10,000 monetary penalty. Other conditions shall include a three year period of restriction, reporting this discipline to his employing broker, being current on his continuing education requirements, and taking and passing the Professional Responsibility Examination to verify that Respondent has an understanding of the California Real Estate Law and its application. (Factual Findings 1-20.)

## ORDER

All licenses and licensing rights of Respondent James Eric Pate under the Real Estate Law are revoked; provided, however, a restricted real estate salesperson license shall be issued to Respondent pursuant to section 10156.5 of the Business and Professions Code if Respondent makes application therefore and pays to the Department of Real Estate the appropriate fee for the restricted license within 90 days from the effective date of this Decision. The restricted license issued to Respondent shall be subject to all of the provisions of section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of section 10156.6 of that Code:

1.      The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's conviction or plea of nolo contendere to a crime which is substantially related to Respondent's fitness or capacity as a real estate licensee.

2.      All licenses and licensing rights of Respondent under the Real Estate Law are suspended for a period of 100 days from the effective date of this Decision; provided, however, that if Respondent petitions, said suspension shall be stayed upon condition that:

A. Respondent pays a monetary penalty pursuant to section 10175.2 at the rate of $100.00 for each day of the suspension for a total monetary penalty of $10,000.

B. Said payment shall be in the form of a cashier's or certified check made payable to the Recovery Account of the Real Estate Fund. Said check must be received by the Department prior to the effective date of the Decision in this matter.

C. No further cause for disciplinary action against the real estate license of Respondent occurs within one year from the effective date of the Decision in this matter.

D. If Respondent fails to pay the monetary penalty in accordance with the terms and conditions of the Decision, the Commissioner may, without a hearing, order the immediate execution of all or any part of the stayed suspension in which event the Respondent shall not be entitled to any repayment nor credit, prorated or otherwise, for money paid to the Department under the terms of this Decision.

E. If Respondent pays the monetary penalty and if no further cause for disciplinary action against the real estate license of Respondent occurs within one year from the effective date of the Decision, the stay hereby granted shall become permanent.

7

3.    The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

4.    Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor for the removal of any of the conditions, limitations or restrictions of a restricted license until three years have elapsed from the effective date of this Decision.

5.    Respondent shall submit with any application for license under an employing broker, or any application for transfer to a new employing broker, a statement signed by the prospective employing real estate broker on a form approved by the Department of Real Estate which shall certify:

    (a) That the employing broker has read the Decision of the Commissioner which granted the right to a restricted license; and

    (b) That the employing broker will exercise close supervision over the performance by the restricted licensee relating to activities for which a real estate license is required.

6.    Respondent shall, within nine months from the effective date of this Decision, present evidence satisfactory to the Real Estate Commissioner that Respondent has, since the most recent issuance of an original or renewal real estate license, taken and successfully completed the continuing education requirements of Article 2.5 of Chapter 3 of the Real Estate Law for renewal of a real estate license. If Respondent fails to satisfy this condition, the Commissioner may order the suspension of the restricted license until Respondent presents such evidence. The Commissioner shall afford Respondent the opportunity for a hearing pursuant to the Administrative Procedure Act to present such evidence.

7.    Respondent shall, within six months from the effective date of this Decision, take and pass the Professional Responsibility Examination administered by the Department including the payment of the appropriate examination fee. If Respondent fails to satisfy this condition, the Commissioner may order suspension of Respondent's license until Respondent passes the examination.

DATED: March 22, 2012

ERIC SAWYER,
Administrative Law Judge
Office of Administrative Hearings

FILED

SEP. - 4 1998

DEPARTMENT OF REAL ESTATE

By _K Niederholt_

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

In the Matter of the Accusation of     )
                                        )
     CITIFED DIVERSIFIED, INC.,         )     DRE   H-27339 LA
     and, DARLENE SUE WARD,             )
     individually and as designated     )     OAH   L-1998020296
     officer of Citifed                 )
     Diversified, Inc.                   )
                                        )
                                        )
                    Respondents.        )
_____)

## DECISION GRANTING MONETARY PENALTIES IN LIEU OF SUSPENSION

On July 16, 1998, a Decision was rendered in the above-entitled matter to become effective August 13, 1998. On July 28, 1998, the effective date was stayed until September 1ঁ, 1998.

On July 28, 1998, Respondent CITIFED DIVERSIFIED, INC., filed a petition of monetary penalty in lieu of actual suspension for the limited purpose of determining whether the suspension imposed against Respondent CITIFED DIVERSIFIED, INC., filed as part of said Decision should reduced. I have considered the petition of Respondent CITIFED DIVERSIFIED, INC., and it is hereby ordered that the disciplinary action therein imposed against said Respondent is modified to allow said Respondent to pay a monetary penalty pursuant to Section 10175.2 of he Business and Professions Code to

the Department in lieu of an actual license suspension in the amount of $100.00 per day in order to stay all or part of the thirty day suspension.  The total would be $3,000 for all thirty days of the actual suspension.

Payment of the monetary penalty set forth above shall be in the form of a cashier's check or certified check made payable to the Department of Real Estate.  Said check must be delivered to the Department prior to the effective date of the Order in this matter.

The Commissioner has determined that this Order is in the public interest and the public welfare will be adequately served by this Order.

The Decision of July 16, 1998 shall become effective at 12 o'clock noon on September 1₿,  1998.

IT IS SO ORDERED _8/10_, 1998


JIM ANTT, JR.
Real Estate Commissioner

F I L E D

AUG - 5 1998

DEPARTMENT OF REAL ESTATE

By _K. Niederhof_

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

In the Matter of the Accusation of )
                                   )
CITIFED DIVERSIFIED, INC.,         )    DRE   H-27339 LA
and, DARLENE SUE WARD,             )
individually and as designated     )    OAH   L-1998020296
officer of Citifed                 )
Diversified, Inc.                  )
                                   )
                                   )
              Respondents.         )
_____)

ORDER STAYING EFFECTIVE DATE

On July 16, 1998, a Decision was rendered in the above-entitled matter to become effective August 13, 1998.

IT IS HEREBY ORDERED that the effective date of the Decision of July 16, 1998, is stayed for a period of 30 days.

The Decision of July 16, 1998, shall become effective at 12 o'clock noon on September 13, 1998.

DATED _28 July 1998_

_____
Randolph Brendia
Regional Manager

F I L E D

˹JUL 1 6 1998

DEPARTMENT OF REAL ESTATE

DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

By _____

* * * * *

In the Matter of the Accusation of      )   No. H-27339 LA
                                         )
                                         )   L-1998020296
      CITIFED DIVERSIFIED, INC.,         )
      and DARLENE SUE WARD,              )
      individually and as               )
      designated officer of             )
      Citifed Diversified, Inc.,        )
                                         )
                                         )
                                         )
                                         )
                                         )
              Respondent(s).             )
_____  )

## DECISION

The Proposed Decision dated June 11, 1998,

of the Administrative Law Judge of the Office of

Administrative Hearings, is hereby adopted as the Decision

of the Real Estate Commissioner in the above-entitled matter.

This Decision shall become effective at 12 o'clock

noon on ~~August 13, 1998~~ .

IT IS SO ORDERED ___7/16/98___ .

JIM ANTT, JR.
Real Estate Commissioner

BEFORE THE
DEPARTMENT OF REAL ESTATE
STATE OF CALIFORNIA

| | | |
|---|---|---|
| In the Matter of the Accusation Against: | ) ) ) | File No. H-27339 LA |
| CITIFED DIVERSIFIED, INC.; and, DARLENE SUE WARD individually and as designated officer of Citifed Diversified, Inc., | ) ) ) ) ) ) | OAH No. L-1998020296 |
| Respondents. | ) ) ) | |

## PROPOSED DECISION

On May 19, 1998, in Los Angeles, California, John D. Wagner, Administrative Law Judge, Office of Administrative Hearings, State of California, heard this matter.

Complainant was represented by Elliott Mac Lennan, Counsel, Department of Real Estate.

Respondents were represented by W. Curtis Cover, Attorney at Law.

Evidence was received, a stipulation of facts and a portion of the following discipline were received, the record was closed and the matter was submitted.

## FINDINGS OF FACT

1. Complainant Thomas McCardy made and filed the Accusation in his official capacity as a Deputy Real Estate Commissioner of the State of California.

2. Respondent Citifed Diversidfied, Inc. (CDI), and respondent Darlene Sue Ward (Ward) are presently licensed and/or have license rights under the Real Estate Law.

3. At all times mentioned herein, CDI (known as Canyon Springs Financial prior to December 24, 1996,) was licensed by the Department of Real Estate of the State of California (Department) as a corporate real estate broker by and through Ward as its

1

designated officer.  As of January 1, 1995, CDI was doing business as American Builders
Mortgage

       4.  As of January 1, 1995, respondent Ward was licensed by the
Department as the designated officer of CDI to qualify CDI, and to act for CDI as a real estate
broker.  As provided by Section 10159.2 of the Business and Professions Code, she was
responsible for the supervision and control of the activities conducted on behalf of CDI by its
officers, managers and employees as necessary to secure full compliance with the provisions of
the Real Estate Law, including the supervision of the salespersons licensed to the corporation in
the performance of acts which a real estate license is required.

       5.  At all times mentioned herein, CDI and Ward were acting as the agent
or employee of the other and within the course and scope of such agency or employment.[1]

       6.  At all times mentioned herein, in the City of Santa Ana, Orange
County, California, respondent CDI and respondent Ward acted as real estate brokers by
soliciting lenders and borrowers for loans secured directly or collaterally by liens on real
property.  Such loans were arranged, negotiated, processed, and consummated on behalf of
others for compensation or in expectation of compensation and for fees often collected in
advance.

       7.  On January 24, 1997, the Department completed a field audit
examination of the books and records pertaining to the activities of CDI described in Finding 6.
The audit covered the period beginning on August 7, 1996, and ending on November 29, 1996.

       8.  In connection with the real estate activities described in Finding 6, CDI
and Ward, accepted or received funds in trust (trust funds) from or on behalf of borrowers and
lenders and thereafter made disbursements of such funds, including credit reports, appraisals and
loan processing fees.  Respondents maintained the following trust accounts into which they
deposited certain of these funds:

       "Loan Purchase Trust Account (T/A #1)
       Account No. 24435-09829"
       Bank of America
       South Coast Center Dr.
       P.O. Box 60049

       "Citifed Diversified Trust Account (T/A #2)
       Account No. 24431-04234"
       Bank of America
       South Coast Center Dr.
       P.O. Box 60049

---

[1] Whenever reference is made in these findings to an act or omission of CDI, such finding shall be deemed to mean
that the officers, Directors, managers, employees, agents and real estate licensees employed by or associated with
CDI, including Ward, committed such act or omission while engaged in the furtherance of the business or operation
of CDI and while acting within the course and scope of its authority agency and employment.

"Title I Trust Account (T/A #3)
Account No. ███████████"
Bank of America
South Coast Center Dr.
P.O. Box 60049

9.  With respect to the trust funds referred to in Finding 8, CDI and Ward:

a.  Failed to maintain T/A #1 and T/A #3 in the name of the broker, as required by former Regulation 2830 now Regulation 2832;[2]

b.  Failed to maintain a separate record for each beneficiary or transaction, thereby failing to account for all trust funds, received, deposited, and disbursed by the trust accounts, as required by Regulation 2831.1;

c.  Failed to perform a monthly reconciliation of the balance of all separate beneficiary or transaction records maintained pursuant to Regulation 2831.1 with the record of all trust funds received and disbursed by T/A #2, as required by Regulation 2831 and in the manner required by Regulation 2831.2;

d.  Commingled CDI's funds with trust funds in T/A #2 in the amount of $11,954.06 to $21,007.06, by failing to disburse all broker owned funds in the trust account within twenty-five (25) days of deposit, in violation of Code Section 10176(e) and Regulation 2835 (Broker money was left in the account because financial records were not available to reconcile the account.)

e.  Failed to place credit report and appraisals fees, accepted on behalf of another, into the hands of the owner of the funds, into a neutral escrow depository or into a trust fund account in the name of the broker as trustee at a bank or other financial institution not later than three business days following receipt of the funds by the broker or by the broker's salesperson, as required by Section 2832 of the Regulations; and

f.  Permitted an unlicensed person who was insufficiently bonded, Deborah McCarron, to be an authorized signatory on the trust account, in violation of Section 2834 of the Regulations.

10.  The above audit examination further revealed that respondent CDI used the fictitious name of "Cartel Diversified, Inc." to conduct residential resale and mortgage loan activities on behalf of CDI without holding a license bearing said fictitious business name.

11.  In mitigation of the above Findings, no client of CDI suffered financial loss.  Some of the above findings were the result of CDI not promptly withdrawing its profits from accounts.  Respondent Ward was fully cooperative during the audit.

---

[2]  All references to the "Code" are to the California Business and Professions Code.  All references to "Regulations" are to sections in title 10 of the California Code of Regulations.

3

Prior Discipline

12. On May 18, 1995, in Case No. H-2035 SA, an Accusation was filed against respondent CDI, under its former corporate name of Canyon Springs Financial, a corporation, that resulted in a stayed, suspension that became effective August 6, 1996, for violations of Sections 10145 and 10240 of the California Business and Professions Code and Sections 2726, 2830, 2831, 2831.2, title 10, of the California Code of Regulations. These violations occurred prior to Ward becoming the designated officer of CDI.

## DETERMINATION OF ISSUES

1. Cause for discipline of both respondents' licenses was established pursuant to section 10177(d) of the Business and Professions Code for the following violations of said code and regulations:

a. For violation of sections 10145 and 10159.2 of said code, by reason of Finding 9a.

b. For violation of sections 10145 and 10159.2 of said code, and section 2831 of the Regulations, by reason of Finding 9b.

c. For violation of sections 10145 and 10159.2 of said code, by reason of Finding 9c.

d. For violation of sections 10145 and 10159.2 of said code, by reason of Finding 9d.

e. For violation of section 10176(e) of said code, and section 2835 of the Regulations, by reason of Finding 9e.

f. For violation of section 10159.2 of said code, by reason of Finding 9f.

g. For violation of section 2731 of the Regulations, by reason of Finding 10.

2. In view of the fact that respondent Ward was fully cooperative with the audit that provided the evidence for the above violations; that no clients of CDI suffered financial loss; that several of the above violations involved mitigating circumstances; and the fact that the parties have partially stipulated to appropriate discipline, the licenses of both respondents should be restricted with the conditions set forth in the following order.

4

## ORDER

Wherefore, the following order is hereby made:

## CITIFED DIVERSIFIED, INC.

1. All licenses and licensing rights of respondent Citifed Diversified, Inc. under the Real Estate Law are revoked; provided, however, a restricted real estate broker license shall be issued to said respondent pursuant to section 10156.5 of the Business and Professions Code if respondent makes application therefore, and pays to the Department of Real Estate the appropriate fee for the restricted license within ninety (90) days of the effective date of this Decision. The restricted license issued to Respondent shall be subject to all the provisions of section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of section 10156.6 of that Code:

a. The restricted license issued to Respondent shall be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's or its designated broker's conviction or plea of nolo contendere to a crime which is substantially related to fitness or capacity as a real estate licensee.

b. The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

c. Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor for the removal of any of the conditions, limitations or restrictions of a restricted license until 2 years have elapsed from the effective date of this Decision.

d. Respondent's license and license rights shall be actually suspended for a period of 30 days. Respondent may, pursuant to Section 10175.2, petition the Commissioner to pay a monetary penalty and thereby further stay imposition of the term of the actual suspension.

e. Respondent shall obey all laws, rules and regulations governing the rights, duties and responsibilities of a real estate licensee in the State of California.

f. Pursuant to Section 10148 of the Business and Professions Code, Respondent shall pay $1,800 as the Commissioner's reasonable cost for a compliance audit to determine if Respondent has corrected the trust fund violations found in Determination of Issues 1. Respondent shall pay such cost within 45 days of receiving an invoice from the Commissioner. The Commissioner may, in his discretion, vacate and set aside the above stay order, if payment is not timely made as provided for herein, or as provided for in a subsequent agreement between the Respondent and the Commissioner. The vacation and the set aside of the stay shall remain in effect until payment is made in full, or until Respondent enters into an agreement satisfactory to the Commissioner to provide for payment.

DARLENE SUE WARD

2. All licenses and licensing rights of respondent Darlene Sue Ward under the Real Estate Law are revoked; provided, however, a restricted real estate broker license shall be issued to Respondent pursuant to Section 10156.5 of the Business and Professions Code if Respondent makes application therefor and pays to the Department of Real Estate the appropriate fee for the restricted license within 90 days from the effective date of this Decision. The restricted license issued to Respondent shall be subject to all of the provisions of Section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of Section 10156.6 of that Code:

a. The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's conviction or plea of nolo contendere to a crime which is substantially related to Respondent's fitness or capacity as a real estate licensee.

b. The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

c. Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor for the removal of any of the conditions, limitations or restrictions of a restricted license until 1 year has elapsed from the effective date of this Decision.

d. Respondent shall, within nine months from the effective date of this Decision, present evidence satisfactory to the Real Estate Commissioner that Respondent has, since the most recent issuance of an original or renewal real estate license, taken and successfully completed the continuing education requirements of Article 2.5 of Chapter 3 of the Real Estate Law for renewal of a real estate license. If Respondent fails to satisfy this condition, the Commissioner may order the suspension of the restricted license until the Respondent presents such evidence. The Commissioner shall afford Respondent the opportunity for a hearing pursuant to the Administrative Procedure Act to present such evidence.

e. Respondent shall, within six months from the effective date of this Decision, take and pass the Professional Responsibility Examination administered by the Department including the payment of the appropriate examination fee. If Respondent fails to satisfy this condition, the Commissioner may order suspension of Respondent's license until Respondent passes the examination.

f. During the first 90 days from the effective date of this Decision, Respondent shall not be the designated officer of any corporation except Citifed Diversified, Inc. and Cartel Diversified, Inc. After 90 days from the effective date of this Decision, Respondent Ward shall not be the designated officer of any corporation, including Citifed Diversified, Inc., except Cartel Diversified, Inc.

g.  Respondent shall be jointly and severally liable for the $1,800 cost of a compliance audit set forth in condition 1f of a restricted license issued to Citifed Diversified, Inc., regardless of whether Respondent is still the designated officer of said corporation.  Said condition 1f shall also apply to Respondent Ward.


Dated: _June 11, 1998_


_John D. Wagner_

JOHN D. WAGNER
Administrative Law Judge
Office of Administrative Hearings

7



**BEFORE THE DEPARTMENT OF REAL ESTATE**
**STATE OF CALIFORNIA**

FILED

APR 1 3 1998

DEPARTMENT OF REAL ESTATE

By _____

*In the Matter of the Accusation of*

CITIFED DIVERSIFIED INC., et al.,

} Case No.  H-27339 LA

OAH No.  L-1998020296

_____
*Respondent*

### NOTICE OF HEARING ON ACCUSATION

*To the above named respondent:*

*You are hereby notified* that a hearing will be held before the Department of Real Estate at _____

Office of Administrative Hearings, 107 South Broadway, Second Floor

Los Angeles, CA   90012

on ___ May 19, 1998 _____, at the hour of  9:00 a.m.,
or as soon thereafter as the matter can be heard, upon the Accusation served upon you. If you object to the place of hearing, you must notify the presiding administrative law judge of the Office of Administrative Hearings within ten (10) days after this notice is served on you. Failure to notify the presiding administrative law judge within ten days will deprive you of a change in the place of the hearing.

You may be present at the hearing. You have the right to be represented by an attorney at your own expense. You are not entitled to the appointment of an attorney to represent you at public expense. You are entitled to represent yourself without legal counsel. If you are not present in person nor represented by counsel at the hearing, the Department may take disciplinary action against you based upon any express admission or other evidence including affidavits, without any notice to you.

You may present any relevant evidence and will be given full opportunity to cross-examine all witnesses testifying against you. You are entitled to the issuance of subpenas to compel the attendance of witnesses and the production of books, documents or other things by applying to the Department of Real Estate.

The hearing shall be conducted in the English language. If you want to offer the testimony of any witness who does not proficiently speak the English language, you must provide your own interpreter and pay his or her costs. The interpreter must be certified in accordance with Sections 11435.30 and 11435.55 of the Government Code.

DEPARTMENT OF REAL ESTATE

*Dated:*  APR 1 3 1998

*By* _____
*Counsel*

cc:   Citifed Diversified Inc.
      Darlene Sue Ward
      Sacto
      OAH DB

RE 501 (Rev. 8/97)
kw



**BEFORE THE DEPARTMENT OF REAL ESTATE**
**STATE OF CALIFORNIA**

FILED
MAR - 2 1998
DEPARTMENT OF REAL ESTATE

By _____

*In the Matter of the Accusation of*

CITIFED DIVERSIFIED INC., et al.,

}

Case No.  H-27339 LA

OAH No.  L-1998020296

*Respondent*

## NOTICE OF HEARING ON ACCUSATION

*To the above named respondent:*

*You are hereby notified* that a hearing will be held before the Department of Real Estate at _____

Office of Administrative Hearing, 107 South Broadway, Second Floor

Los Angeles, CA  90012

on _____ April 2, 1998 _____, at the hour of _9:00 a.m,_ or as soon thereafter as the matter can be heard, upon the Accusation served upon you. If you object to the place of hearing, you must notify the presiding administrative law judge of the Office of Administrative Hearings within ten (10) days after this notice is served on you. Failure to notify the presiding administrative law judge within ten days will deprive you of a change in the place of the hearing.

You may be present at the hearing. You have the right to be represented by an attorney at your own expense. You are not entitled to the appointment of an attorney to represent you at public expense. You are entitled to represent yourself without legal counsel. If you are not present in person nor represented by counsel at the hearing, the Department may take disciplinary action against you based upon any express admission or other evidence including affidavits, without any notice to you.

You may present any relevant evidence and will be given full opportunity to cross-examine all witnesses testifying against you. You are entitled to the issuance of subpenas to compel the attendance of witnesses and the production of books, documents or other things by applying to the Department of Real Estate.

The hearing shall be conducted in the English language. If you want to offer the testimony of any witness who does not proficiently speak the English language, you must provide your own interpreter and pay his or her costs. The interpreter must be certified in accordance with Sections 11435.30 and 11435.55 of the Government Code.

DEPARTMENT OF REAL ESTATE

*Dated:* _MAR - 2 1998_

*By* _____
*Counsel*

cc:  Citifed Diversified Inc.
     Darlene S. Ward
     Sacto
     OAH   DB
RE 501 (Rev. 8/97)
  kw

ELLIOTT MAC LENNAN, Counsel
Department of Real Estate
107 South Broadway, Room 8107
Los Angeles, California  90012

(213) 897-3937



F I L E D

AUG 1 9 1997

DEPARTMENT OF REAL ESTATE

By K. Niederholt

DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * * *

| | | |
|---|---|---|
| In the Matter of the Accusation of | ) | No. H- 27339  LA |
| | ) | |
| CITIFED DIVERSIFIED, INC.; | ) | A C C U S A T I O N |
| and, DARLENE SUE WARD | ) | |
| individually and | ) | |
| as designated officer of | ) | |
| Citifed Diversified, Inc., | ) | |
| | ) | |
| | ) | |
| Respondents | ) | |
| _____ | ) | |

        The Complainant, Thomas McCrady, a Deputy Real Estate

Commissioner of the State of California, for cause of Accusation

against CITIFED DIVERSIFIED, INC., dba Canyon Springs Financial, a

corporation and dba American Builders Mortgage, and DARLENE SUE

WARD, individually and as designated officer of Citifed

Diversified, Inc., is informed and alleges in his official

capacity as follows:

                                /

                                /

                                /

                                /

## I

CITIFED DIVERSIFIED, INC., (CDI) and DARLENE SUE WARD (WARD), sometimes collectively referred to as respondents, are presently licensed and/or have license rights under the Real Estate Law (Part 1 of Division 4 of the California Business and Professions Code).

## II

All references to the "Code" are to the California Business and Professions Code and all references to "Regulations" are to Title 10, Chapter 6, California Code of Regulations.

## III

At all times mentioned, CDI was licensed by the Department of Real Estate of the State of California (Department) as a corporate real estate broker by and through WARD as designated officer.  CDI was first licensed by the Department on November 30, 1987.

## IV

At all times mentioned, WARD was licensed by the Department as designated officer of CDI to qualify CDI and to act for CDI as a real estate broker and, as provided by Section 10159.2 of the Code, was responsible for the supervision and control of the activities conducted on behalf of CDI by its officers, managers and employees as necessary to secure full compliance with the provisions of the Real Estate Law including the supervision of the salespersons licensed to the corporation in the performance of acts for which a real estate license is required.

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

05 26391

-2-

V

Whenever reference is made in an allegation in the accusation to an act or omission of CDI such allegation shall be deemed to mean that the officers, directors, managers, employees, agents and real estate licensees employed by or associated with CDI, including WARD, committed such act or omission while engaged in the furtherance of the business or operation of CDI and while acting within the course and scope of its corporate authority, agency and employment.

VI

At all times mentioned, CDI and WARD were acting as the agent or employee of the other and within the course and scope of such agency or employment.

VII

At all times mentioned, in the City of Santa Ana, Orange County, California, respondent CDI and respondent WARD acted as real estate brokers within the meaning of Code Section 10131(d), whereby lenders and borrowers were solicited for loans secured directly or collaterally by liens on real property, wherein such loans were arranged, negotiated, processed, and consummated on behalf of others for compensation or in expectation of compensation and for fees often collected in advance.

/

/

/

/

/



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95 28391

-3-

VIII

On January 24, 1997, the Department completed a field audit examination of the books and records pertaining to the activities of CDI described in Paragraph VII, above, beginning on August 7, 1996, and ending on November 29, 1996, which revealed violations of the Code and the Regulations as set forth in the following paragraphs.

IX

In connection with the aforesaid real estate activities described in Paragraph VII, CDI and WARD, accepted or received funds in trust (trust funds) from or on behalf of borrowers and lenders and thereafter made disbursements of such funds including credit reports, appraisals and loan processing fees.  Respondents maintained the following trust accounts into which they deposited certain of these funds:

"Loan Purchase Trust Account (T/A #1)
Account No. ███████"
Bank of America
South Coast Center Dr.
P.O. Box 60049

"Citifed Diversified Trust Account (T/A #2)
Account No. ███████"
Bank of America
South Coast Center Dr.
P.O. Box 60049

"Title I Trust Account (T/A #3)
Account No. ███████"
Bank of America
South Coast Center Dr.
P.O. Box 60049

-4-

X

With respect to the trust funds referred to in Paragraph IX, CDI and WARD:

(a)   Failed to maintain T/A #1 and T/A #3 in the name of the broker, as required by former Regulation 2830 now Regulation 2832;

(b)   Failed to maintain a separate record for each beneficiary or transaction, thereby failing to account for all trust funds received, deposited, and disbursed by the trust accounts, as required by Regulation 2831.1;

(c)   Failed to perform a monthly reconciliation of the balance of all separate beneficiary or transaction records maintained pursuant to Regulation 2831.1 with the record of all trust funds received and disbursed by T/A #2, as required by Regulation 2831 and in the manner required by Regulation 2831.2;

(d)   Commingled CDI' funds with trust funds in T/A #2, in the amount of $11,954.06 TO $21,007.06, by failing to disburse all broker owned funds in the trust account within twenty-five (25) days of deposit, in violation of Section 10176(e) and Regulation 2835;

(e)   Failed to place credit report and appraisal fees, accepted on behalf of another into the hands of the owner of the funds, into a neutral escrow depository or into a trust fund account in the name of the broker as trustee at a bank or other financial institution not later than three business days following receipt of the funds by the broker or by the broker's salesperson, as required by Section 2832 of the Regulations; and



1        (f)   Permitted an unlicensed person who was

2  insufficiently bonded, Deborah McCarron, to be an authorized

3  signatory on the trust account, in violation of Section 2834 of

4  the Regulations.

5                         XI

6       The conduct of respondents CDI and WARD, described in

7  Paragraph X, above, violated the Code and the Regulations as set

8  forth below:

9      PARAGRAPH            PROVISIONS VIOLATED

10     X(a)           Section 10145 & 10159.2 of the Code, and

11                     Section 2832 of the Regulations

12

13     X(b)           Section 10145 & 10159.2 of the Code, and

14                     Section 2831 of the Regulations

15

16     X(c)           Section 10145 & 10159.2 of the Code, and

17                     Section 2831.1 of the Regulations

18

19     X(d)           Section 10145 & 10159.2 of the Code, and

20                     Section 2831.2 of the Regulations

21

22     X(e)           Section 10176(e) of the Code, and

23                     Section 2835 of the Regulations

24

25     X(f)          Section 10145 & 10159.2 of the Code, and

26                     Section 2834 of the Regulations

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

05 28391

1  Each of the foregoing violations separately constitutes cause for

2  the suspension or revocation of the real estate licenses and

3  license rights of respondents CDI and WARD under the provisions of

4  Section 10177(d) of the Code.

5                              XII

6        The audit examination further revealed that respondent

7  CDI used the fictitious name of "Cartel Diversified, Inc." to

8  conduct residential resale and mortgage loan activities on behalf

9  of CDI without holding a license bearing said fictitious business

10  name.  The conduct of respondent CDI, in failing to obtain

11  licenses for use of the aforesaid name, is in violation of

12  Regulation 2731 and is cause to suspend or revoke respondent's

13  real estate license and license rights under Section 10177(d) of,

14  the Code.

15                        Prior Discipline

16                             XIII

17        On May 18, 1995, in Case No. H-2035 SA, an Accusation

18  was filed against respondent CDI, under its former corporate name

19  of Canyon Springs Financial, a corporation, that resulted in a

20  suspension stayed that became effective August 6, 1996, for said

21  respondent for violations of Sections 10145 and 10240 of the

22  California Business and Professions Code and Sections 2726, 2830,

23  2831 and 2831.2 of Title 10, Chapter 6, California Code of

24  Regulations.

25                              /

26                              /

27                              /



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95  28391

1    WHEREFORE, Complainant prays that a hearing be conducted

2  on the allegations made by the accusation, and, that upon proof

3  thereof, a decision be rendered imposing disciplinary action

4  against the license and license rights of against CITIFED

5  DIVERSIFIED, INC., and DARLENE SUE WARD, individually and as

6  designated officer of Citifed Diversified, Inc., under the Real

7  Estate Law (Part 1 of Division 4 of the Business and Professions

8  Code) and for such other and further relief as may be proper under

9  other applicable provisions of law.

10 Dated at Los Angeles, California

11 this 19th day of August, 1997.

12

13                                  THOMAS MC CRADY

                                    _____
14                                  Deputy Real Estate Commissioner

15

16

17

18

19

20

21

22

23

24

25 cc:  Citifed Diversified, Inc.
        c/o Darlene S. Ward, D.O.
26      Sacto.
        DB
27

State of California – Department of Business Oversight

1  MARY ANN SMITH
   Deputy Commissioner
2  SEAN ROONEY
   Assistant Chief Counsel
3  JUDY L. HARTLEY (CA BAR NO. 110628)
   Senior Corporations Counsel
4  Department of Business Oversight
   320 West 4th Street, Ste. 750
5  Los Angeles, California 90013-2344
   Telephone: (213) 576-7604  Fax: (213) 576-7181
6
   Attorneys for Complainant
7

8              BEFORE THE DEPARTMENT OF BUSINESS OVERSIGHT

9                     OF THE STATE OF CALIFORNIA

10

11  In the Matter of the Petition for Reinstatement   )   FileNo.: 603-A620
    of:                                               )
12                                                    )
                                                      )   ORDER DENYING PETITION FOR
13  SEAN ROBERTS aka SEAN R. ROBERTS                  )   REINSTATEMENT
                                                      )   (CaliforniaGovernment  Code section 11522)
14                                                    )
                                                      )
15                                                    )
                                                      )
16                                                    )
                                                      )
17                                                    )
                                                      )
18  ─────────────────────────────────────────────────)

19       TO:    Jeffrey A. Katz, Esq.
20              Republic Consumer Law Group LLP
                675 Anton Blvd., Suite 300
21              Costa Mesa, California92626

22              KAMALA D. HARRIS
23              ATTORNEY GENERAL, STATE OF CALIFORNIA
                Department of Justice
24              P.O. Box 944255
                Sacramento, California 94244-2550
25

26       Petitioner, Sean R. Roberts ("Roberts,") having filed a petition for reinstatement regarding
27  the August 26, 2009 order barring Roberts from any position of employment, management or control
28  of any finance lender and/or broker brought by the Commissioner of Business Oversight formerly

State of California – Department of Business Oversight

known as the California Corporations Commissioner ("Commissioner") entitled <u>In the Matter of the</u> <u>Accusation of the California Corporations Commissioner v. Charles T. Christiansen, Rooven Akiba,</u> <u>and Sean R. Roberts</u>; the petition and further arguments having been considered, this agency finds that:

Roberts is not entitled to reinstatement of employment, management or control of a finance lender and/or broker for the following reasons:

1.      Roberts' history in the lending arena discloses that Roberts is not fit to be employed by or manage or control a finance lender and/or broker.

(a)  As the owner and president of Instafi.com ("Instafi"), a former finance lender licensee of the Commissioner, Roberts, in December 2003, abruptly closed the business with over 200 loans in progress.  The finance lender license was later revoked by the Commissioner on November 16, 2004 based upon the failure of Instafi to timely submit information to the Commissioner, which information was necessary to protect consumers and adequately address concerns regarding Instafi.com's abrupt closure.  Instafi also had its license with the Department of Real Estate ("DRE") revoked on September 29, 2005.  To date, Instafi has never properly been wound down as the company's status with the California Secretary of State is "suspended".

(b)  FiVanta Funding Corp., formerly known as Champions Group Equity Lending ("FiVanta") was a finance lender licensee of the Commissioner from November 29, 2004 through April 9, 2008 when its license was revoked by the Commissioner for failing to maintain a surety bond.  During Roberts' known tenure with FiVanta; March 16, 2008 through at least February 17, 2009, Roberts not only failed to immediately notify the Commissioner that he was an officer and director of FiVanta, as required by Financial Code section 22108 and California Code of Regulations, title 10, section 1422, but additionally, on behalf of FiVanta, engaged in false advertising through mailers and an advertising campaign with KNX radio still running in January 2009 describing FiVanta as a finance lender licensed by the Commissioner despite such license having been revoked back in April 2008.  FiVanta's current status with the California Secretary of State is also "suspended".

State of California – Department of Business Oversight

1    Roberts' comparison of his situation with that of Rooven Akiba ("Akiba") regarding

2  FiVanta is misplaced.  The Administrative Law Judge's finding that the Commissioner failed to

3  establish that Akiba possessed the responsibility for maintaining the current list of officers and

4  directors was based upon an underlying finding that the Commissioner failed to establish that Akiba

5  was an officer of FiVanta.  Moreover, the allegations against Akiba were limited to failure to report

6  new officers.

7    (c)    On January 7, 2009, Roberts doing business as Debt Barters, Inc. was ordered

8  by the DRE to desist and refrain from unlicensed real brokerage activity by "engaging in a business,

9  for or in expectation of compensation or an advance fee, that solicited or offered to provide loan

10  modification, re-finance of a loan, or short-sale negotiation services to consumers".  Debt Barter,

11  Inc.'s current status with the California Secretary of State is also "suspended".

12    2.    The petition does not indicate that Roberts has undertaken any educational training

13  whatsoever in the area of mortgage lending, which could have benefitted him in a rehabilitation

14  process or otherwise demonstrated that he possesses the technical skills or knowledge of the policies,

15  procedures, and controls necessary to competently be employed, manage and/or control a finance

16  lender and/or broker and ensure that the same problems did not recur in the future.  This is

17  particularly true given the substantial changes that have occurred to state and federal laws since

18  Roberts last worked in the industry.

19    3.    In the area of rehabilitation, Roberts submits documentation in support of his claims

20  of charitable activity.  However, none of those documents disclose his personal participation in such

21  charitable activities.  Nonetheless, while engaging in charitable activity is to be admired and

22  encouraged, it bears little on general fitness to be employed, manage or control a finance lender

23  and/or broker.

24    WHEREFORE, IT IS ORDERED that the Petition be denied.

25  Dated: July 16, 2013                      JAN LYNN OWEN
       Los Angeles, Ca                         Commissioner of Business Oversight
26

27                                            By_____
                                                 Mary Ann Smith
28                                               Deputy Commissioner
                                                 Enforcement Division

-3-

Filing # 122622646 E-Filed 03/05/2021 06:28:56 PM

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com

## IN THE CIRCUIT COURT OF THE
## SECOND JUDICIAL DISTRICT, IN AND FOR
## LEON COUNTY, FLORIDA

David Sidney Potter,

        Plaintiff

        vs.

Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
Greg Gehris

        Defendants

**AMENDED**
(Jurisdiction & DRE Revocation, Suspension, Restriction in Exhibits)
**COMPLAINT AND JURY DEMAND**
Leon County
Case No. 2021 CA 000401

## CAUSES OF ACTIONS:

**COUNT 1: FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy Against All Defendants)**
**COUNT 2: SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)**
**COUNT 3: THIRD CAUSE OF ACTION (Age Discrimination)**
**COUNT 4: FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)**
**COUNT 5: FIFTH CAUSE OF ACTION (Violation of The Consumer Financial Protection Act)**
**COUNT 6: SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)**

D. Sidney Potter vs. Secure One Capital Corporation, et al.

Page 1

# TABLE OF CONTENTS

I.  THE NATURE OF THE ACTION…………………………………………………....3

II. PARTIES……………………………………………………………………………….6

III. JURISDICTION AND VENUE……………………………………………..…..……7

IV. FACTUAL ALLEGATIONS………………………………………………………….7

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES………………………............9

VI. ARGUMENT

 FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy Against All Defendants)……………………………………..………….........10

 SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)……..11

 THIRD CAUSE OF ACTION (Age Discrimination)…………………………..……..12

 FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)……….14

 FIFTH CAUSE OF ACTION (Violation of the Consumer Financial Protection Act).15

 SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)……………......15

VII.  PRAYER FOR RELIEF…………………………………………………..………….16

VIII. DEMAND FOR JURY TRIAL……………………………………………………....18

IX.  EXHIBITS……..………………………………………………………………..20

*********** **False Claims Act & Qui Tam** ***********

Notice is hereby given that Plaintiff reserves the right to further his claim against said Defendants in the False Claims Act and Que Tam. The absence of such claim in this subject litigation does not preclude Plaintiff from exercising such right. False Claims Act is 31 U.S.C. Sections 3729-3733.

Plaintiff D. Sidney Potter alleges as follows:

## THE NATURE OF THE ACTION

1.      The case involves the wrongful termination of D. Sidney Potter by Secure One

Capital Corporation, (herein known as SECURE ONE), a mortgage lender that is regionally

based in Loxahatchee, FL (as the registered location); and Paychex Insurance Agency, Inc., an

accessory Defendant to the termination (herein known as PAYCHEX), regionally based in

Sarasota, FL.  The employee, D. Sidney Potter (herein known as Potter), who would be entitled

to different protections as a contractor, was hired and started as an employee with SECURE

ONE on July 13, 2020 from their California office at 555 Anton Blvd, Costa Mesa, CA 92626,

and was subsequently fired February 26, 2021. Mr. Potter accepted employment from SECURE

ONE while in Florida (see Exhibits for State of Florida identification card), and subsequently

worked in North Carolina while under the employ of SECURE ONE.  Mr. Potter has never been

to the offices of SECURE ONE in California. For purposes of jurisdiction, Florida law and statue

dominates this case; procedurally and legally, in terms of personal justification and venue, and

legal jurisdiction. All counties are applicable, since SECURE ONE and PAYCHEX operate all.

2.      The Plaintiff, D. Sidney Potter, is an experienced mortgage operations consultant

who has worked on dozens of projects over a 13-year period for an inordinate number of banks,

finance companies, and mortgage analytics firms.  Some of the companies include the following:

GE Money, IndyMac, Ameriquest, Bank of America, Countrywide, Merrill Lynch, Bank One,

Washington Mutual and Wells Fargo.  Along with those latter named Fortune 500 companies,

Potter has worked with Big Six consulting firms, such as Arthur Andersen, Accenture, Deloitte

& Touché, Cognizant and Ernst & Young.  In terms of project locations, they include Boston,

Jacksonville, Charlotte, Minneapolis, Dallas, San Francisco, Phoenix, Detroit and Los Angeles.

In addition to whom and where Potter has worked, he has primarily been engaged in several capacities when on site as a mortgage operations consultant.  Those mortgage operation "hats" include the role of a mortgage underwriter, repurchase analyst, due diligence processer, quality control auditor and as a mortgage analyst.  In his various roles, it has been necessary to achieve certification and authorization designations in order to perform certain functions, such as that of an underwriter.  Over a 13-year period, it is estimated that Potter has taken hundreds of assessments and continuing education courses at the various banks he has worked during his role as a mortgage operations consultant.

3.     The Plaintiff, D. Sidney Potter is a published author and writes for several well-known online periodicals, such as The Huffington Post, CNN (iReports), Politico, Inman and CounterPunch.  He is considered a subject matter expert (SME) in the mortgage and real estate industry.  Some of his work includes on camera talent for "how to" instruction videos in real estate and mortgages for Demand Studies.  In 2011, he was named "Person of the Week" from Mortgage Orb Magazine, in addition to being quoted directly via other online periodicals, and subsequently in 2017, was mentioned as a person to watch in Inman Real Estate magazine for his prowess in real estate and his Jack Kerouac like travels as a journeyman writer.

4.     The Plaintiff, D. Sidney Potter, successfully passed the preliminary test cases administrated verbally by SECURE ONE precedent to employment. The Defendant, SECURE ONE choose to rely on these preliminary assessments to hire Potter as an Underwriter.

5.     As a result of SECURE ONE's wrongful termination of Potter's employment on February 26, 2021, and despite employment being conveyed as "guaranteed" and continually -- unless otherwise stated for the next 10 years as expressed by SECURE ONE, the following employees of SECURE ONE and the accessory defendant PAYCHEX: Rooven Akiba (Primary

Page 4

Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, are apart of this legal complaint via the legal theory of Respondeat Superior.  It is worth noting that SECURE ONE and PAYCHEX will be sued in a companion lawsuit as a result of the unlawful conduct of additional employees not herein named as Defendants, wherein Potter has suffered serious economic harm as a result of discriminatory treatment and wrongful termination.

6.      In particular, a formal job discrimination complaint with the EEOC will be filed in the Tampa, Florida within the next 60 days and be made apart of this compliant.

7.      This lawsuit seeks to redress the harm suffered by Potter and shed light on the discriminatory employment practices that have pervaded SECURE ONE throughout Potter's tenure while employed.

8.      Defendants had no right to terminate Potter's employment at SECURE ONE under these circumstances, and Defendants wrongful and tortuous conduct has resulted in damage to Potter in an amount as-of-yet undetermined.  More specifically, this lawsuit seeks an as-of-yet undetermined amount of money and to force both companies to implement safeguards to prevent financial harm to its customers; in addition that other non-Whistleblower claims to be substantially punitive in terms of damages and to be determined by a jury of Potter's peers and/or a bench decision by this Court. In terms of Whistleblower damages, refer to the Florida Whistleblower Act and the Consumer Financial Protection Act for compensatory damages and injunctive relief contained herein. In addition, SECURE ONE has not fully redressed allegations of predatory lending as to the 'benefit to borrower' criteria as established by The Dodd-Frank Act of 2010.

## **PARTIES**

9.      Plaintiff, D. Sidney Potter ("Potter" or "Plaintiff") is, and at all relevant times was, an individual working as a mortgage operations consultant based in California and North Carolina, whilst conducting business under his sole proprietorship entitled Potter Equities.  For the work performed for SECURE ONE, the Plaintiff was temporally in the State of North Carolina, and maintains ties to Florida as evidenced with his current State of Florida identification.  Employment laws in North Carolina are applicable to the case at hand. The second venue is California, wherein the Plaintiff may file in Los Angeles County.

10.     Plaintiff is informed and believes and based thereon alleges that Defendant, SECURE ONE, is, and at all relevant times was, a corporation that conducts business, and is organized and existing under the laws of the State of Florida, doing business in the County of Leon, State of Florida. SECURE ONE is registered with the Florida Office of Financial Regulation, 200 E. Gaines Street, Tallahassee, FL 32399.  The company identification is MLDB: 12273, in addition that employee Ryan Marier maintains an NMLS license of LO032715. The registrant for SECURE ONE is InCorp Services, Inc, located at 17888 67th Court North, Loxahatchee, FL 33470.  Despite popular claims, SECURE ONE was established in 2011, not 1995, some 25+ years ago, as has been suggested.  (see Exhibits with date of incorporation, and attached Articles of Incorporation).

11.     Plaintiff is informed and believes and based thereon alleges that Defendant, PAYCHEX, is, and at all relevant times was, a corporation that conducts business, and is organized doing business in the County of Leon, State of Florida.  The address of record for PAYCHEX is 2817 Cattlemen Road, Suite 2817, Sarasota, FL 34232.

12.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant;

and the following employees of SECURE ONE and PAYCHEX: Rooven Akiba (Primary Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, at all times mentioned in this complaint was the agent, employee, partner, joint venturer, co-conspirator, and/or employer of the other Defendants and was at all times herein mentioned acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture.  Plaintiff is further informed and believes, and thereon alleges, that the acts and conduct herein alleged of each Defendant was known to, authorized by and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

13.     Jurisdiction and venue are proper in this Court because, SECURE ONE, incorporated in the State of Florida, with MLDB ID: 12273, conducts business in the State of Florida; and PAYCHEX, conducts business in the State of Florida, under its corporate parent, Paychex, Inc., (NASDAQ: PAYX) is registered with the Florida Division of Corporations.

14.     The Plaintiff, D. Sidney Potter accepted employment and executed an employment agreement on July 13, 2020 with SECURE ONE for the purpose of performing work for SECURE ONE, emanating from conversations whilst in the State of Florida.

15.     The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

16.     As noted earlier, the employee, D. Sidney Potter, successfully passed training as verbally administered by SECURE ONE employee Ryan Marier. The employer, SECURE ONE, authorized said training.

17.     As a result of the success of the training, Potter was offered a position with SECURE ONE.

18.     Companies enjoy a strong degree of discretion to 'fire and hire' mortgage employees at their whim – and do so with an alarming zest.  Potter has witnessed this dysfunctional behavior firsthand and understands – however morally and ethically wrong, that there are few if no repercussions for employers who engage in this quasi "white collar" ethnic cleansing.  Potter is also cognizantly aware that these very same employers cannot fire an employee based on a charge of wrongful termination and/or discriminatory nature.  The Defendants are liable for this breach of American jurisprudence, in that they have skirted the law under the pretext of ending Potter's assignment under the guise that as an "employee-at-will" he was fireable at any moment, when infact they are guilty of breaking the law by willfully committing an unlawful termination.  In part, it is "what they do".

19.     To be brief, the employee, D. Sidney Potter, had his position eliminated – in part because of a subjective bias in his performance competencies, wherein his competency was at or above the requisite level.  A statistical analysis will prove this fact.  This is against the law, and as a result, SECURE ONE will have to reimburse Potter for his economic loss.

20.     **Furthermore, the employee, D. Sidney Potter, had his position eliminated because he notified in writing to two employees in human resources of SECURE ONE on three separate occasions, the first in August 2020, January 2021, and more specifically on February 26, 2021, of their failure to properly initiate company mandated healthcare as required by law.  In particular, when Mr. Potter informed SECURE ONE by email of incorrect coverage from Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage**

was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated.  **This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation.  State and federal law has been broken as a result of these tortious acts that have caused economic harm to the Plaintiff.**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.    Not all wrongful discharge claims are discrimination-based. If an employee is given a contract of employment, either expressly or impliedly and/or verbally, and is terminated before the expiration of, and in violation of, under that contract he or she is entitled to bring a claim for wrongful discharge and breach of employment contract.  **As such, the claim brought by Plaintiff is not subject to exhaustive remedies, per EEOC, but will be filed within 60 days.**

22.    SECURE ONE, a mortgage lender company of approximately 100 employees that hires mortgage banking professionals, like the Plaintiff, for mortgage operations work, will try to suggest that the email from SECURE ONE, dated February 26, 2021, somehow acts as a release against any and all future claims against SECURE ONE.  And that the employment agreement signed shortly before the commencement of work on July 13, 2020 nullifies any post-employment legal claims, is wholly inaccurate and supercilious   And even if SECURE ONE tried to suggest that Potter was precluded from suing them directly for any and all reasons under the sun, SECURE ONE cannot succeed on this frivolous claim and Mickey Mouse assertion. The courts have long frowned upon blanket assertions of unsubstantiated claims and any other similar facsimile or quasi agreement (i.e., Arbitration/AAA), which are drafted, amended and submitted by employers to employees in a non-arm's length capacity; as an all-inclusive defense and/or an attempt to absolve them of any future litigation.  The litigation at hand against all

Defendants is predicated upon its own merits, and is not subject to an inapplicable email, letter or agreement, but rather the allegations presented thereon will be subject to the reasoning of the trier of fact, either from the bench or by jury trial, that will adjudicate in part and/or in full on behalf of the aggrieved party, that being the Plaintiff himself.

## FIRST CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against All Defendants)

23.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

24.     Potter's employment with SECURE ONE was terminated by Defendants in violation of fundamental public policy of the State of Florida since he was wrongly terminated based on Whistleblowing activity and as a result of his entire test assessments falsely alleged of not being substantially above what other underwriters at this SECURE ONE mortgage unit have performed at.  This by any other name is discriminatory.  Holding the Plaintiff to a higher standard not required by other employees is clearly a violation of Plaintiffs' rights.

25.     As set forth above, the actions and conduct of Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of Florida, the State of California, and the State of North Carolina, as reflected in their respective laws objectives and policies.

26.     More specifically, SECURE ONE terminated Potter's employment in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including but not limited to Const. Art. I section 8.

27.    In committing the foregoing acts, SECURE ONE is guilty of oppression, fraud, and/or malice under Florida Civil Code section 3294, thereby entitling Potter to punitive damages in a sum appropriate to punish and make an example out of SECURE ONE.

28.    As a direct and proximate result of the Defendants' conduct, Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trail.

29.    Potter is informed and believes and based thereon alleges that the above-described conduct of Defendants was willful and intentional and done with malice, fraud and oppression, and constitutes despicable conduct in conscious and reckless disregard of Potter's rights and interest, such that the conduct warrants the imposition of punitive damages in a sum appropriate to punish Defendants, and each of them, and to deter Defendants from engaging in future similar misconduct, the exact sum subject to proof at the time of trial.

30.    Potter has been damaged in an amount within the jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

31.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

32.    Defendants anticipatorily repudiate and materially breached the Implied Covenant of Good Faith, the implied employment agreement, and the verbal agreement (herein all three elements referred to as Agreement), that Potter accepted before commencing work for the named Defendants to perform the duties of the job.

D. Sidney Potter v. Secure One Capital Corporation, et al.

33.     Potter has performed all conditions, covenants and promises required pursuant to the terms of the Agreement, except to the extent such performance was waived executed or prevented by reason of the acts or omissions of Defendants.

34.     As a direct and proximate result of the anticipatory and material breach and the conspiratorial conduct by both Defendants as it relates to a breach of the Affordable Care Act in the deliverance of health care; wherein each party subverted their fiduciary responsibility to the Plaintiff; and as such Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trial.

35.     Potter is also entitled to an award of his reasonable lawyer's fees and costs pursuant to Florida Civil Code section 1717, wherein Potter anticipates that he will hire legal representation for this case in the near future.

### THIRD CAUSE OF ACTION

#### (Age Discrimination)

36.     The Plaintiff has been treated differently than similarly situated employees by Defendants in the terms and conditions of his employment because of his age, and professional responsibilities.

37.     Defendants engaged in illegal discrimination against the Plaintiff because of his age, as validated by the hire practices of the SECURE ONE.

38.     Defendants have engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

39.     Defendants' conduct violates Title VII and The Age Discrimination in Employment Act of 1967.

Page 12

40.     No later than March 15th, 2021, the Plaintiff will have filed a timely Charge of Discrimination against SECURE ONE, alleging age discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX will be attached to an amended complaint and will be filed at the EEOC office at 501 E. Polk St, Suite 1000, Tampa, FL 33602. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

41.     As of and no later than March 31st, 2021, the Plaintiff will file a timely Charge of Discrimination against SECURE ONE alleging any additional charges as deemed necessary after conferring with legal counsel, with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX, will be attached to an amended complaint and will be filed at the EEOC Los Angeles office, located at 255 E Temple St, Los Angeles, CA 90012. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

42.     The Plaintiff will have satisfied all statutory prerequisites for filing this action.

43.     Defendants' discriminatory conduct, in violation of Title VII and The Age Discrimination in Employment Act of 1967, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

44.     Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

Page 13

45.     Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a, with a true and accurate copy of the both EEOC Charges of Discrimination. Notwithstanding the EEOC filing, Plaintiff still asserts his rights in this case in that a federal question is at hand for the Court to determine.

## FOURTH CAUSE OF ACTION

### (Violation of Florida's Whistleblower Act, per Statute 448.102)

46.     The FWA (Florida Statute Section 448.102) prohibits private-sector employers from retaliating against employees who report employers' legal violations to authorities or who refuse to participate in violations of the law. To prove a prima facie case under the FWA, the plaintiff must establish that:

1.  he or she engaged in statutorily protected expression;

2.  he or she suffered an adverse employment action; and

3.  the adverse employment action was causally linked to the protected activity.

Confusion as to what employees need to show to claim protection under the FWA has persisted since 2015, when a Florida appellate court, unlike another court, held that the employee must show an actual violation of the law. *Kearns v. Farmer Acquisition Co. d/b/a Charlotte Honda*, 157 So.3d 458 (Fla. 2d DCA 2015). Another Florida appellate court had held two years earlier that an employee need only show that he or she had a good-faith belief a violation occurred when claiming protection under the law. *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

47.     Since *Aery*, Florida's federal district courts have adopted the good-faith belief standard, concluding that *Kearns* did not directly conflict with *Aery*, and that *Aery* was the law of

the state. Under the good-faith belief standard, if an employee refuses to engage in an activity at work because he or she *mistakenly believed* the activity is illegal, the employee likely will enjoy whistleblower protections from any adverse employment action arising out of not performing his or her job. Critics argue that this frustrates Florida's status as an at-will employment state.

## FIFTH CAUSE OF ACTION

### (Violation of the Consumer Financial Protection Act, per Title X of the Dodd-Frank Act)

48.   The anti-retaliation provision of the Consumer Financial Protection Act provides a cause of action for corporate whistleblowers who suffer retaliation for raising concerns about potential violations of rules or regulations of the Consumer Financial Protection Bureau.  In addition, the CFPA whistleblower law proscribes a broad range of adverse employment actions, including terminating, "intimidating, threatening, restraining, coercing, blacklisting or disciplining, any covered employee or any authorized representative of covered employees" because of the employee's protected whistleblowing.

## SIXTH CAUSE OF ACTION

### (Violation of the Affordable Care Act)

49.   As notated early, when Mr. Potter informed SECURE ONE by email of incorrect and non-existent coverage for Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated.  This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation.  Both the email and voicemail have been saved electronically and by MP4 audio clip.  Further discovery shortly after the initial email and

subsequent phone call(s) will evidence correspondence between the Defendants regarding the unlawful termination.

50.    It was PAYCHEX's willful disregard of the fiduciary well-being to Mr. Potter, that makes this a like-type violation of the Hippocratic oath and its conspiratorial conduct with SECURE ONE that lead to the termination of Plaintiff.  More specifically, Mr. Potter made an inquiry to employee Greg Gehris of PAYCHEX, that the plan he choose was not correct and that several attempts to remedy the negligence of PAYCHEX had been attempted over the past month, but to no avail. For over a month, the Plaintiff had no coverage. As a result of Plaintiff's right to make a change to his health plan as mandated by the Affordable Care Act, both Defendants took it upon themselves to consider the termination for the Plaintiff as a solution, rather than address their act of professional negligence, which if done as proscribed by law, would have been, to select the correct plan.  Instead, without moral conscious and erudition, Mr. Potter was promptly fired 43 minutes later in relation for exercising his constitutional rights; in addition to his rights as covered by the Affordable Care Act.  Common violations employers have committed: https://www.myefbc.com/wp-content/uploads/2015/09/ACA-Violations-Penalties-and-Excise-Taxes_October-2015.pdf

51.    Mr. Potter can answer affirmatively to the three-prong litmus test:

a.    Mr. Potter was engaged in statutorily protected expression;

b.    Mr. Potter was in fact fired as a result of raising concerns to SECURE ONE on violations of law as they relate to the Affordable Care Act and The Dodd-Frank Act; and

c.    Mr. Potters' termination resulted from his expression of protected activity.

**PRAYER FOR RELIEF**

52.   For general damages, according to proof on each cause of action for which such damages are available.

53.   For special damages, according to proof on each cause of action for which such damages are available.

54.   For compensatory damages, according to proof on each cause of action for which such damages are available.

55.   For punitive damages, according to proof on each cause of action for which such damages are available.

56.   For declaratory and injunctive relief as appropriate.

57.   For reasonable lawyer fees incurred in this action, should the Plaintiff hire a lawyer to handle this litigation.

58.   As proscribed by law per under the Florida's Whistleblower Act for compensatory damages, that include and not limited for emotional distress and mental anguish (Aery, 118 So.3d at 914-15), (Fla. Stat. s. 448.103[2]).

59.   As proscribed by law per under the Consumer Financial Protection Act, a violation results in Defendant liable for punitive, compensatory or special damages, in addition to reinstatement, back pay and front pay in lieu of reinstatement to the Plaintiff. (See §1057. EMPLOYEE PROTECTION of the Consumer Financial Protection Act of 2010).

60.   As proscribed by law per under the Consumer Financial Protection Act, an award of 10% to 30% of the sanctions collected from subject financial institution.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Florida Jurisdiction §34.01, Potter hereby demands a jury trial on all issues so triable.

Dated:  this 5th of March 2021.

Respectively Submitted,

/ D. Sidney Potter /

_____

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 5th of March 2021, a copy of the foregoing was sent via first class mail to:

Defendant Addresses:

Rooven Akiba
[DRE ID: 00350120] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBITS

NCTO:

A0708028

**FILED** DR
In the office of the Secretary of State
of the State of California

Re:  Capital Reverse Mortgage Group, Inc.
  C1955424

OCT 1 2 2010

## CERTIFICATE OF AMENDMENT OF ARTICLES OF INCORPORATION

The undersigned certify that:

1.  They are the **president** and the **secretary**, respectively, of **CAPITAL REVERSE MORTGAGE GROUP, INC.**, a California corporation.

2.  Article I of the Articles of Incorporation of this corporation is amended to read as follows:

    The Name of the corporation is:

    **SECURE ONE CAPITAL CORPORATION**

3.  The foregoing amendment of Articles of Incorporation has been duly approved by the board of directors.

4.  The foregoing amendment of Articles of Incorporation has been duly approved by the required vote of shareholders in accordance with Section 902, California Corporations Code. The total number of outstanding shares of the corporation is One Hundred Thousand (100,000). The number of shares voting in favor of the amendment equaled or exceeded the vote required. The percentage vote required was more than 50%.

We further declare under penalty of perjury under the laws of the State of California that the matters set fort in this certificate are true and correct of our own knowledge.

Date:  October 12, 2010

Rooven Akiba, President

Rooven Akiba, Secretary



# REALSYSTEM
## Regulatory Enforcement and Licensing

Florida Office of Financial Regulation

Logon

License Details.

Press "Previous Record" to display the previous license.

Press "Next Record" to display the next license.

Press "Search Results" to return to the Search Results list.

Press "New Search Criteria" to do another search of this type.

Press "New Search" to start a new search.

**License Number: MLDB12273**                              Current Date: 02/27/2021 12:24 AM

| | |
|---|---|
| Name: | SECURE ONE CAPITAL CORPORATION |
| License Type: | Mortgage Lender Branch |
| License Status: | Current Active License |
| License Status Effective Date: | 01/29/2021 |
| Expiration Date: | 12/31/2021 |
| Original Date of Licensure: | 01/29/2021 |

**Addresses**

| License Main | Address | |
|---|---|---|
| | | 3200 PARK CENTER DRIVE |
| | | SUITE 1300 |
| | | COSTA MESA , CA |
| | | ORANGE |
| | | 92626 |
| | | US |
| | | View on a map |
| | Phone Number: | 9493374700 |

Paychex, Inc.

to Paychex, Inc.'s website

N THIS PAGE

...Company Profile
...dit Reports
...Company Profile
...mpany Snapshot
...ated Companies
...lable Contacts +
...a Plugin
...ustry Information

## Company Profile

[ Get a D&B Hoovers Free Trial ]

**BRANCH**

| | |
|---|---|
| Website | www.paychex.com |
| Address | 2817 Cattlemen Rd |
| | Sarasota, FL 34232-6244          See other locations |
| | United States |
| Phone | (941) 371-9310 |
| Company Description | Paychex, Inc. is located in Sarasota, FL, United States and is part of the Payroll Services Industry. Paychex, Inc. has 5 employees at this location. There are 266 companies in the Paychex, Inc. corporate family. |
| Key Principal | LARRY KRAMS          See more contacts |
| Industry | Payroll Services |
| | Professional Services Sector |
| | Payroll accounting services |

**D&B Hoovers**

For dynamic search and list-building capabilities, real-time trigger alerts, comprehensive company profiles, and valuable research and technology reports by D&B Hoovers for free.

[ Get a D&B Hoovers Free Trial ]

D&B Email IQ

Install plugin and receive up to 50 free email contacts per month!

FREE INSTALL

1  Department of Real Estate
2  320 West 4th Street, Suite 350
   Los Angeles, California 90013-1105
3
   Telephone:  (213) 576-6982
4
5

FILED
MAR 3 0 2011
DEPARTMENT OF REAL ESTATE
By  C

6

7

8                  BEFORE THE DEPARTMENT OF REAL ESTATE

9                         STATE OF CALIFORNIA

10                            *  *  *  *

11
   To:                           )        No.   H-37185 LA
12                                )
   RYAN WILLIAM MARIER,           )        ORDER TO DESIST
13   JAMES ERIC PATE,             )        AND REFRAIN
   PATE, MARIER AND ASSOCIATES,   )
14   INC.,                        )
   NATIONAL HOME ASSISTANCE       )        (B&P Code Section 10086)
15   GROUP, INC.,                 )
   NATIONAL HOME ASSISTANCE       )
16   GROUP,                       )
   NHA GROUP,                     )
17   NATIONAL HOME ASSISTANCE,    )
   MICHELLE LEFAOSEU,             )
18   BARON MORLEDGE, and          )
   BRANDON MICKLEY.               )
19                                )
20 _____)

21          The Commissioner ("Commissioner") of the California Department of Real Estate

22 ("Department") caused an investigation to be made of the activities of RYAN WILLIAM

23 MARIER, JAMES ERIC PATE, PATE, MARIER AND ASSOCIATES, INC., NATIONAL

24 HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE GROUP, NHA

25 GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU, BARON

26 MORLEDGE, and BRANDON MICKLEY.  Based on that investigation the Commissioner has

27

                              - 1 -

determined that RYAN WILLIAM MARIER, JAMES ERIC PATE, PATE, MARIER AND ASSOCIATES, INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU, BARON MORLEDGE, and BRANDON MICKLEY have engaged in or are engaging in acts or attempting to engage in the business of, acting in the capacity of, and/or advertising or assuming to act as real estate brokers in the State of California within the meaning of Business and Professions Code Section 10131(d) (solicit borrowers for or negotiate loans or perform services for borrowers in connection with loans secured by liens on real property).

In addition, based on that investigation, the Commissioner has determined that RYAN WILLIAM MARIER, JAMES ERIC PATE, PATE, MARIER AND ASSOCIATES, INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU, BARON MORLEDGE, and BRANDON MICKLEY have engaged in or are engaging in acts or are attempting to engage practices constituting violations of the California Business and Professions Code ("Code") and/or Title 10, California Code of Regulations ("Regulations"). Based on the findings of that investigation, set forth below, the Commissioner hereby issues the following Findings of Fact, Conclusions of Law, and Desist and Refrain Order under the authority of Section 10086 of the Code.

<u>FINDINGS OF FACT</u>

1. From November 13, 2008, through the present, RYAN WILLIAM MARIER has been licensed by the Department of Real Estate ("Department") as a real estate broker, Department License No. 01848936.

2. From October 5, 2000, through the present, JAMES ERIC PATE has been licensed by the Department as a real estate salesperson, Department License No. 01297379. From March 12, 2008, through November 10, 2009, JAMES ERIC PATE was licensed under the employment of real estate broker Firstline Mortgage, Inc., Department License No. 00895998.

- 2 -

3. At no time mentioned herein have PATE, MARIER AND ASSOCIATES, INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU, BARON MORLEDGE, and BRANDON MICKLEY ever been licensed by the Department in any capacity.

4. On December 17, 2008, RYAN WILLIAM MARIER and JAMES ERIC PATE formed PATE, MARIER AND ASSOCIATES, INC., a California corporation. RYAN WILLIAM MARIER and JAMES ERIC PATE are the directors and officers of PATE, MARIER AND ASSOCIATES, INC. and own or control 10 percent or more of the corporation's stock.

5. On February 17, 2009, PATE, MARIER AND ASSOCIATES, INC. filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA GROUP."

6. For an unknown period of time beginning no later than May 15, 2009, while using the unlicensed fictitious business name NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, or NATIONAL HOME ASSISTANCE, RYAN WILLIAM MARIER and JAMES ERIC PATE engaged in the business of soliciting to modify or negotiate loans secured by real property, and claimed, demanded, charged, received, collected or contracted for the collection of advance fees, within the meaning of Code Section 10026, for including, but not limited to, the following borrowers:

a. On or about May 15, 2009, Wilfred C. paid an advance fee of $2,495 to NATIONAL HOME ASSISTANCE GROUP, INC. pursuant to an advance fee agreement for loan modification and negotiation services. NATIONAL HOME ASSISTANCE GROUP, INC. failed to perform the loan modification and negotiation services that had been promised to Wilfred C. NATIONAL HOME ASSISTANCE GROUP, INC. failed to refund the advance fee paid by Wilfred C.

b. On or about July 7, 2009, Timothy G. paid an advance fee of $2,090 to NATIONAL HOME ASSISTANCE GROUP pursuant to an advance fee agreement for loan

1  modification and negotiation services.  NATIONAL HOME ASSISTANCE GROUP, INC.

2  failed to perform the loan modification and negotiation services that had been promised to

3  Timothy G.  NATIONAL HOME ASSISTANCE GROUP, INC. failed to refund the advance fee

4  paid by Timothy G.

5  7.  MICHELLE LEFAOSEU and BARON MORLEDGE performed some or all

6  of the services alleged in Paragraph 6, subsection (a), above, though neither was licensed as a

7  real estate salesperson or broker.

8  8.  BRANDON MICKLEY performed some or all of the services alleged in

9  Paragraph 6, subsection (b), above, though he was not at the time licensed as a real estate

10  salesperson or broker.

11  <p align="center">CONCLUSIONS OF LAW</p>

12  9.  Based on the information contained in Paragraphs 1 through 8, above, JAMES

13  ERIC PATE, while doing business as NATIONAL HOME ASSISTANCE GROUP, INC.,

14  NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME

15  ASSISTANCE, PATE, MARIER AND ASSOCIATES, INC., MICHELLE LEFAOSEU,

16  BARON MORLEDGE, and BRANDON MICKLEY, violated Section 10130 of the Code by

17  engaging in the activities without first obtaining a broker license from the Department or being

18  under the employ of a licensed real estate broker.

19  10.  Based on the information contained in Paragraphs 1 through 8, above,

20  JAMES ERIC PATE, while doing business as NATIONAL HOME ASSISTANCE GROUP,

21  INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME

22  ASSISTANCE, or PATE, MARIER AND ASSOCIATES, INC. violated Section 10137 of the

23  Code by accepting compensation from any person other than the broker under whom he is at the

24  time licensed.

25  11.  Based on the information contained in Paragraphs 1 through 8, above, RYAN

26  WILLIAM MARIER, while doing business as NATIONAL HOME ASSISTANCE GROUP,

27  INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME

1 | ASSISTANCE, or PATE, MARIER AND ASSOCIATES, INC. violated Section 10159.5 of the
2 | Code and Section 2731 of the Regulations by using an unlicensed fictitious business name to
3 | conduct activities that require a real estate license.

4 | ### DESIST AND REFRAIN ORDER

5 | Based upon the FINDINGS OF FACT and CONCLUSIONS OF LAW stated
6 | herein, IT IS HEREBY ORDERED THAT JAMES ERIC PATE, while doing business as
7 | NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE
8 | GROUP, NHA GROUP, or NATIONAL HOME ASSISTANCE, PATE, MARIER AND
9 | ASSOCIATES, INC., MICHELLE LEFAOSEU, BARON MORLEDGE, and BRANDON
10 | MICKLEY immediately desist and refrain from: engaging in the activities requiring a real estate
11 | license without first obtaining a broker license or being licensed as a salesperson under the
12 | employ of a licensed real estate broker.

13 | Based upon the FINDINGS OF FACT and CONCLUSIONS OF LAW stated
14 | herein, IT IS HEREBY ORDERED THAT RYAN WILLIAM MARIER immediately desist and
15 | refrain from using an unlicensed fictitious business name while engaging in activities that require
16 | a real estate license including, but not limited to, the following unlicensed fictitious business
17 | names: NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME
18 | ASSISTANCE GROUP, NHA GROUP, or NATIONAL HOME ASSISTANCE, PATE,
19 | MARIER AND ASSOCIATES, INC.

21 | DATED: _____, 2011.

23 | JEFF DAVI
Real Estate Commissioner

- 5 -

1

**Notice:**   Business and Professions Code Section 10139 provides that "Any person acting as a
real estate broker or real estate salesperson without a license or who advertises using words
indicating that he or she is a real estate broker without being so licensed shall be guilty of a
public offense punishable by a fine not exceeding twenty thousand dollars ($20,000), or by
imprisonment in the county jail for a term not to exceed six months, or by both fine and
imprisonment; or if a corporation, be punished by a fine not exceeding sixty thousand dollars
($60,000)."

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

cc:  Ryan William Marier, Pate, Marier and Associates, Inc., National Home Assistance Group,
Inc., National Home Assistance Group, NHA Group, and National Home Assistance

18
    151 Kalmus Drive, Suite B250
    Costa Mesa, CA 92626

19

20

James Eric Pate, Pate, Marier and Associates, Inc., National Home Assistance Group, Inc.,
National Home Assistance Group, NHA Group, and National Home Assistance
20282 Ramona Lane
Huntington Beach, CA 92648

21

22

Michelle Lefaoseu, Baron Morledge, and Brandon Mickley
3151 Airway Avenue, Suite F-109
Costa Mesa, CA 92626

23

24

25
    3151 Airway Avenue, Suite P-1
    Costa Mesa, CA 92626

26

27

1  LISSETE GARCIA, Counsel (SBN 211552)
   Department of Real Estate
2  320 West 4th Street, Suite 350
   Los Angeles, California 90013-1105
3

FILED

JAN 18 2012
DEPARTMENT OF REAL ESTATE

By C.A

4  Telephone:  (213) 576-6982
   (Direct)    (213) 576-6914
5  (Fax)       (213) 576-6917

6

7

8                BEFORE THE DEPARTMENT OF REAL ESTATE

9                      STATE OF CALIFORNIA

10                          *  *  *

11 In the Matter of the Accusation of )
                                      )   DRE No. H-37126 LA
12    JAMES ERIC PATE,                )   OAH No. L-2011081204
                                      )
13                                    )   SUPPLEMENTAL ACCUSATION
                                      )   _____
14                    Respondent.     )
   _____)

15

16        Complainant hereby supplements and amends the

17 Accusation filed on March 10, 2011, as follows:

18                             22.

19                            AUDIT

20        Complainant incorporates all of the allegations

21 contained in Paragraphs 1 through 21 of the Accusation, with the

22 same force and effect as if herein fully set forth.

23                             23.

24        On September 6, 2011, the Department completed an

25 examination of Ryan William Marier's books and records

26 pertaining to the mortgage loan activities and loan modification

                                 1

activities conducted by Ryan William Marier and Respondent PATE
in the name of "Pate, Marier and Associates, Inc." doing
business as NHA Group and/or National Home Assistance Group.
Ryan William Marier and Respondent PATE each owned 50% of Pate,
Marier and Associates, Inc.  The audit covered the period from
November 13, 2008 through March 31, 2011, which examination
revealed violations of the Business and Professions Code
("Code") and Regulations as set forth below.

                              24.

        During the audit examination of Ryan William Marier,
it was determined that, Respondent PATE and Ryan William Marier,
doing business as Pate, Marier and Associates, Inc., NHA Group,
or National Home Assistance Group, engaged in the business of,
acted in the capacity of, advertised or assumed to act as real
estate brokers in the State of California, within the meaning of
Section 10131(d) of the Code, including soliciting prospective
borrowers or lenders for, or negotiating loans, or offering to
perform services connected to loans secured directly or
collaterally by liens on real property for another or others,
for or in expectation of compensation.

                              25.

        In connection with the aforementioned real estate
activities, it was determined that Respondent PATE and Ryan
William Marier, while doing business as Pate, Marier and
Associates, Inc., NHA Group, or National Home Assistance Group
accepted, received, deposited and/or disbursed funds including
funds in trust (hereinafter "trust funds").  From time to time

                              2

herein mentioned, said funds and/or trust funds were maintained
by Respondent PATE and Ryan William Marier general bank
accounts, including but not necessarily limited to, Account No.
████████, at Wells Fargo Bank.

26.

The audit examination determined that Respondent Pate,
while doing business as Pate, Marier and Associates, Inc., NHA
Group or National Home Assistance Group, charged and collected
fees in advance from borrowers for loan modification and
negotiation activity in violation of Section 10130 of the Code.

27.

Respondent PATE operated an unlicensed corporation,
whom Respondent PATE knew or should have known to be unlicensed,
to perform acts and conduct activity requiring a real estate
license as described in Section 10131(d) of the Code.

28.

The conduct, acts and omissions of Respondent PATE
described in Paragraphs 26 and 27, above, constitutes cause for
the suspension or revocation of all real estate licenses and
license rights of Respondent PATE under the provisions of
Sections 10137, 10177(d) and/or 10177(g) of the Code.

29.

The conduct, acts and omissions of Respondent PATE,
described in Paragraphs 26 and 27, above, in willfully aiding
and abetting Ryan William Marier to violate Section 10130 of the
Code is further cause to suspend or revoke all real estate

1

2  licenses and license rights of Respondent PATE under the

3  provisions of Sections 10177(g) and/or 10176(i) of the Code.

4       WHEREFORE, Complainant prays that a hearing be

5  conducted on the allegations of this Accusation and that upon

6  proof thereof, a decision be rendered imposing disciplinary

7  action against all licenses and/or license rights of Respondent

8  JAMES ERIC PATE under the Real Estate Law (Part 1 of Division 4

9  of the California Business and Professions Code) and for such

10  other and further relief as may be proper under other applicable

11  provisions of law.

Dated this _17th_ day of _____, 2012.

12

13

14                                    MARIA SUAREZ
15                                    Deputy Real Estate Commissioner

16

17

18

19

20

.21

22

cc:   James Eric Pate
23        Edward O. Lear, Esq.
          Maria Suarez
24        Sacto.
          OAH
25

26

4

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

In the Matter of the Accusation of )
                                    )   NO. H-37126 LA
    RYAN WILLIAM MARIER and         )
    JAMES ERIC PATE,                )
                                    )
            Respondents.            )
_____)

FILED

AUG 29 2011

DEPARTMENT OF REAL ESTATE

By _____

## DECISION

This Decision is being issued in accordance with the provisions of Section 11520 of the Government Code, on evidence of compliance with Section 11505 of the Government Code and pursuant to the Order of Default filed on August 11, 2011, and the findings of fact set forth herein are based on one or more of the following:  (1) Respondent's express admissions;  (2) affidavits; and (3) other evidence.

## FINDINGS OF FACT

1.

On March 9, 2011, Maria Suarez made the Accusation in her official capacity as a Deputy Real Estate Commissioner of the State of California.  The Accusation, Statement to Respondent, and Notice of Defense were mailed, by certified mail, return receipt requested, to Respondent RYAN WILLIAM MARIER's last known mailing address on file with the Department on March 10, 2011 and May 12, 2011, and by regular mail on April 13, 2011 and May 2, 2011.

On August 11, 2011, no Notice of Defense having been filed herein within the time prescribed by Section 11506 of the Government Code, Respondent RYAN WILLIAM MARIER's default was entered herein.

2.

From November 13, 2008, through the present,
Respondent MARIER has been licensed by the Department of Real
Estate ("Department") as a real estate broker, Department
License No. 01848936.

3.

From October 5, 2000, through the present, Respondent
PATE has been licensed by the Department as a real estate
salesperson, Department License No. 01297379.  From March 12,
2008 through November 10, 2009, Respondent PATE was licensed
under the employ of real estate broker Firstline Mortgage, Inc.,
Department License No. 00895998.

4.

At all times herein mentioned, Respondent MARIER,
engaged in the business of, acted in the capacity of, advertised
or assumed to act as a real estate broker in the State of
California, by doing or negotiating to do the following acts for
another or others, for compensation or in expectation of
compensation: (1) sell or offer to sell, solicit prospective
sellers or purchasers of, solicit or obtain listings of, or
negotiate the purchase, sale or exchange of real property within
the meaning of Business and Professions Code ("Code") Section
10131(a); and (2) solicit borrowers, negotiate loans, collect
payments or perform services for borrowers in connection with
loans secured directly or collaterally by liens on real property
within the meaning of Code Section 10131(d).

5.

At no time mentioned herein have National Home
Assistance Group, Inc., National Home Assistance Group, NHA
Group, National Home Assistance or Pate, Marier and Associates,
Inc. ever been licensed by the Department in any capacity.

6.

On December 17, 2008, Respondent MARIER formed Pate,
Marier and Associates, Inc., a California corporation.

Respondent MARIER is a director and officer of Pate, Marier and Associates, Inc. and owns or controls 10 percent or more of the corporation's stock.

7.

On February 17, 2009, Pate, Marier and Associates, Inc. filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA Group".

8.

For an unknown period of time beginning no later than May 15, 2009, while using the unlicensed fictitious business name National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, Respondent MARIER engaged in the business of soliciting to modify or negotiate loans secured by real property, and claimed, demanded, charged, received, collected or contracted for the collection of advance fees, within the meaning of Code Section 10026, for, including but not limited to, the following borrowers:

a. On or about May 15, 2009, Wilfred J. Caron paid an advance fee of $2,495 to National Home Assistance Group, Inc. pursuant to an advance fee agreement for loan modification and negotiation services. Respondent failed to perform the loan modification and negotiation services that had been promised to Mr. Caron. Respondent failed to refund the advance fee paid by Mr. Caron.

b. On or about July 7, 2009, Timothy Wayne Girard paid an advance fee of $2,090 to National Home Assistance Group pursuant to an advance fee agreement for loan modification and negotiation services. Respondent failed to perform the loan modification and negotiation services that had been promised to Mr. Girard. Respondent failed to refund the advance fee paid by Mr. Girard.

9.

The advance fee agreement used by Respondent MARIER, while doing business as National Home Assistance Group, Inc.,

National Home Assistance Group, NHA Group, or National Home
Assistance, had not been approved by the Department prior to use
as is required under Code Section 10085 and Section 2970, Title
10, Chapter 6, California Code of Regulations ("Regulations").

10.

The conduct, acts and/or omissions of Respondent
MARIER as set forth above, in collecting advance fees from
prospective borrowers pursuant to a written fee agreement, which
agreement was not submitted to the Department for review prior
to use, was in violation of Code Section 10085 and Section 2970
of the Regulations, and constitutes grounds for the suspension
or revocation of the license and license rights of Respondent
MARIER pursuant to Code Sections 10177(d) and 10177(g).

11.

The advance fees collected by Respondent MARIER while
doing business as National Home Assistance Group, Inc., National
Home Assistance Group, NHA Group, or National Home Assistance,
were not deposited in a trust account as required under Code
Section 10146.

12.

The conduct, acts and/or omissions of Respondent
MARIER as set forth above, in collecting advance fees from
prospective borrowers and failing to deposit the advance fees
into a trust account, was in violation of Code Section 10146 and
constitutes grounds for the suspension or revocation of the
license and license rights of Respondent MARIER pursuant to Code
Sections 10177(d) and 10177(g).

13.

The activities described in Paragraph 8, supra,
require a real estate license under Code Sections 10131(d) and
10131.2.   Respondent MARIER violated Code Section 10137 by
employing and/or compensating individuals who were not licensed
as real estate salespersons or as brokers to perform activities
requiring a license as follows:

-4-

a.   Respondent MARIER employed and/or compensated Michelle Lefaoseu and Baron Morledge to perform some or all of the services alleged in Paragraph 8, subsection (a), above though neither was licensed as a real estate salesperson or broker.

b.   Respondent MARIER employed and/or compensated Brandon Mickley to perform some or all of the services alleged in Paragraph 8, subsection (b), above, though he was not licensed as a real estate salesperson or broker.

14.

The conduct, acts and/or omissions of Respondent MARIER, as set forth in Paragraph 13, above, violate Code Section 10137, and are cause for the suspension or revocation of the licenses and license rights of Respondent MARIER pursuant to Code Sections 10137, 10177(d) and 10177(g).

15.

Use of a fictitious business name for activities requiring the issuance of a real estate license requires the filing of an application for the use of such name with the Department in accordance with the provisions of Code Section 10159.5.

16.

Respondent MARIER acted without Department authorization in using the fictitious business names National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance to engage in activities requiring the issuance of a real estate license.

17.

The conduct, acts and/or omissions of Respondent MARIER, as set forth in Paragraphs 15 and 16, above, violate Code Section 10159.5 and Section 2731 of the Regulations, and are cause for the suspension or revocation of the licenses and license rights of Respondent MARIER pursuant to Code Sections 10177(d) and 10177(g).

## DETERMINATION OF ISSUES

### 1.

Respondent RYAN WILLIAM MARIER's conduct, acts, and/or omissions are in violation of Code Sections 10085, 10137, 10146, and 10159.5 and Regulations 2731 and 2970.

### 2.

Cause for disciplinary action against Respondent RYAN WILLIAM MARIER exists pursuant to Code Sections 10177(d) and 10177(g).

### 3.

The standard of proof applied was clear and convincing proof to a reasonable certainty.

### ORDER

The license and license rights of Respondent RYAN WILLIAM MARIER under the provisions of Part I of Division 4 of the Business and Professions Code are revoked.

This Decision shall become effective at 12 o'clock noon Sept. 19, 2011.

DATED: _8/24_ , 2011.

BARBARA J. BIGBY
Acting Real Estate Commissioner

-6-

Department of Real Estate
320 West Fourth Street, Suite 350
Los Angeles, California 90013-1105



FILED
AUG 11 2011
DEPARTMENT OF REAL ESTATE

By _____

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

\* \* \* \*

| | |
|---|---|
| In the Matter of the Accusation of | ) |
| | )   NO. H-37126 LA |
| RYAN WILLIAM MARIER and | ) |
| JAMES ERIC PATE, | )   DEFAULT ORDER |
| | ) |
| Respondents. | ) |

Respondent, RYAN WILLIAM MARIER, having failed to file a Notice of Defense within the time required by Section 11506 of the Government Code, is now in default. It is, therefore, ordered that a default be entered on the record in this matter.

IT IS SO ORDERED _August 11, 2011_.

BARBARA J. BIGBY
Acting Real Estate Commissioner

By: DOLORES WEEKS
Regional Manager



1  LISSETE GARCIA, Counsel (SBN 211552)
2  Department of Real Estate
   320 West 4th Street, Suite 350
3  Los Angeles, California 90013-1105

4  Telephone:  (213) 576-6982
   (Direct)    (213) 576-6914
5

6

7

8              BEFORE THE DEPARTMENT OF REAL ESTATE

9                    STATE OF CALIFORNIA

10                       *  *  *

11 In the Matter of the Accusation of )
                                      )    NO.   H-37126 LA
12    RYAN WILLIAM MARIER and         )
      JAMES ERIC PATE,                )    A C C U S A T I O N
13                                    )
                                      )
14                   Respondents.     )
   _____ )

15

16        The Complainant, Maria Suarez, a Deputy Real

17 Estate Commissioner of the State of California, for cause of

18 Accusation against RYAN WILLIAM MARIER and JAMES ERIC PATE

19 (collectively "Respondents"), is informed and alleges as

20 follows:

                              1.

21

22        The Complainant, Maria Suarez, a Deputy Real Estate

23 Commissioner of the State of California, makes this Accusation

24 in her official capacity.

                              2.

25

26        Respondents RYAN WILLIAM MARIER ("MARIER") and JAMES

   ERIC PATE ("PATE") are presently licensed and/or have license

                              1

1  rights under the Real Estate Law (Part 1 of Division 4 of the
2  California Business and Professions Code, "Code").

3.

4      From November 13, 2008, through the present,
5  Respondent MARIER has been licensed by the Department of Real
6  Estate ("Department") as a real estate broker, Department
7  License No. 01848936.

4.

9      From October 5, 2000, through the present, Respondent
10 PATE has been licensed by the Department as a real estate
11 salesperson, Department License No. 01297379.  From March 12,
12 2008 through November 10, 2009, Respondent PATE was licensed
13 under the employ of real estate broker Firstline Mortgage, Inc.,
14 Department License No. 00895998.

5.

16     At all times herein mentioned, Respondents MARIER and
17 PATE, engaged in the business of, acted in the capacity of,
18 advertised or assumed to act as real estate brokers in the State
19 of California, by doing or negotiating to do the following acts
20 for another or others, for compensation or in expectation of
21 compensation: (1) sell or offer to sell, solicit prospective
22 sellers or purchasers of, solicit or obtain listings of, or
23 negotiate the purchase, sale or exchange of real property within
24 the meaning of Code Section 10131(a); and (2) solicit borrowers,
25 negotiate loans, collect payments or perform services for
26 borrowers in connection with loans secured directly or
collaterally by liens on real property within the meaning of

2

1   Code Section 10131(d).

2                    FIRST CAUSE OF ACCUSATION
                       (Advance Fee Violations)
3
4                                  6.

5        At no time mentioned herein have National Home

6   Assistance Group, Inc., National Home Assistance Group, NHA

7   Group, National Home Assistance or Pate, Marier and Associates,

8   Inc. ever been licensed by the Department in any capacity.

9                                  7.

10       On December 17, 2008, Respondents MARIER and PATE

11  formed Pate, Marier and Associates, Inc., a California

12  corporation.  Respondents MARIER and PATE are the directors and

13  officers of Pate, Marier and Associates, Inc. and own or control

14  10 percent or more of the corporation's stock.

15                                 8.

16       On February 17, 2009, Pate, Marier and Associates,

17  Inc. filed a fictitious business name statement with the Orange

18  County Clerk-Recorder for use of the fictitious business name

19  "NHA Group".

20                                 9.

21       For an unknown period of time beginning no later than

22  May 15, 2009, while using the unlicensed fictitious business

23  name National Home Assistance Group, Inc., National Home

24  Assistance Group, NHA Group, or National Home Assistance,

25  Respondents MARIER and PATE engaged in the business of

26  soliciting to modify or negotiate loans secured by real

                                   3

property, and claimed, demanded, charged, received, collected or contracted for the collection of advance fees, within the meaning of Code Section 10026, for including, but not limited to, the following borrowers:

a.    On or about May 15, 2009, Wilfred J. Caron paid an advance fee of $2,495 to National Home Assistance Group, Inc. pursuant to an advance fee agreement for loan modification and negotiation services.  Respondents failed to perform the loan modification and negotiation services that had been promised to Mr. Caron.  Respondents failed to refund the advance fee paid by Mr. Caron.

b.    On or about July 7, 2009, Timothy Wayne Girard paid an advance fee of $2,090 to National Home Assistance Group pursuant to an advance fee agreement for loan modification and negotiation services.  Respondents failed to perform the loan modification and negotiation services that had been promised to Mr. Girard.  Respondents failed to refund the advance fee paid by Mr. Girard.

10.

The advance fee agreement used by Respondents MARIER and PATE, while doing business as National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, had not been approved by the Department prior to use as is required under Code Section 10085 and Section 2970, Title 10, Chapter 6, California Code of Regulations (hereinafter "Regulations").

1                                    11.

2           The conduct, acts and/or omissions of Respondents

3  MARIER and PATE as set forth above, in collecting advance fees

4  from prospective borrowers pursuant to a written fee agreement,

5  which agreement was not submitted to the Department for review

6  prior to use was in violation of Code Section 10085 and Section

7  2970 of the Regulations, and constitutes grounds for the

8  suspension or revocation of the license and license rights of

9  Respondents MARIER and PATE pursuant to Code Sections 10177(d)

10 and/or 10177(g).

11                                   12.

12          The advance fees collected by Respondent MARIER while

13 doing business as National Home Assistance Group, Inc., National

14 Home Assistance Group, NHA Group, or National Home Assistance,

15 were not deposited in a trust account as required under Code

16 Section 10146.

17                                   13.

18          The conduct, acts and/or omissions of Respondent

19 MARIER as set forth above, in collecting advance fees from

20 prospective borrowers and failing to deposit the advance fees

21 into a trust account was in violation of Code Section 10146 and

22 constitutes grounds for the suspension or revocation of the

23 license and license rights of Respondent MARIER pursuant to Code

24 Sections 10177(d) and/or 10177(g).

25 ///

26 ///

                                     5

## SECOND CAUSE OF ACCUSATION
(Unlawful employment or payment of compensation)
(Unlicensed Activity)

14.

There is hereby incorporated in this Second, separate, Cause of Accusation, all of the allegations contained in Paragraphs 1 through 13 above, with the same force and effect as if herein fully set forth.

15.

The activities described in Paragraph 9, supra, require a real estate license under Code Sections 10131(d) and 10131.2. Respondent MARIER violated Code Section 10137 by employing and/or compensating individuals who were not licensed as real estate salespersons or as brokers to perform activities requiring a license as follows:

a. Respondent MARIER employed and/or compensated Michelle Lefaoseu and Baron Morledge to perform some or all of the services alleged in Paragraph 9, subsection (a), above though neither was licensed as a real estate salesperson or broker.

b. Respondent MARIER employed and/or compensated Brandon Mickley to perform some or all of the services alleged in Paragraph 9, subsection (b), above though he was not licensed as a real estate salesperson or broker.

6

16.

The conduct, acts and/or omissions of Respondent MARIER, as set forth in Paragraph 15, above, violate Code Section 10137, and are cause for the suspension or revocation of the licenses and license rights of Respondent MARIER pursuant to Code Sections 10137, 10177(d) and/or 10177(g).

17.

The conduct, acts and/or omissions of Respondent PATE, in accepting compensation for activities that require a real estate license from a person other than the broker under whom he is at the time licensed, violate Code Section 10137, and are cause for the suspension or revocation of the licenses and license rights of Respondent PATE pursuant to Code Sections 10137, 10177(d) and/or 10177(g).

THIRD CAUSE OF ACCUSATION
(Use of Unauthorized Fictitious Business Name)

18.

There is hereby incorporated in this Third, separate, Cause of Accusation, all of the allegations contained in Paragraphs 1 through 17 above, with the same force and effect as if herein fully set forth.

19.

Use of a fictitious business name for activities requiring the issuance of a real estate license requires the filing of an application for the use of such name with the

1  Department in accordance with the provisions of Code Section

2  10159.5.

3                                    20.

4          Respondent MARIER acted without Department

5
   authorization in using the fictitious business names National
6
7  Home Assistance Group, Inc., National Home Assistance Group, NHA

8  Group, or National Home Assistance to engage in activities

9  requiring the issuance of a real estate license.

10                                   21.

11         The conduct, acts and/or omissions of Respondent

12 MARIER, as set forth in Paragraphs 19 and 20, above, violate

13 Code Section 10159.5 and Section 2731 of the Regulations, and

14 are cause for the suspension or revocation of the licenses and

15 license rights of Respondent MARIER pursuant to Code Sections
16
17 10177(d) and/or 10177(g).

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

                                      8

1    WHEREFORE, Complainant prays that a hearing be

2  conducted on the allegations of this Accusation and that upon

3  proof thereof, a decision be rendered imposing disciplinary

4  action against all licenses and/or license rights of Respondents

5  RYAN WILLIAM MARIER and JAMES ERIC PATE under the Real Estate

6  Law (Part 1 of Division 4 of the California Business and

7  Professions Code) and for such other and further relief as may

8  be proper under other applicable provisions of law.

9  this _____ day of _____, 2011.

12  MARIA SUAREZ
    Deputy Real Estate Commissioner

23  cc:   Ryan William Marier
24        James Eric Pate
          Maria Suarez
25        Sacto.

26

9

**FILED**

DEC 11 2015

BUREAU OF REAL ESTATE

By S. Black

BEFORE THE BUREAU OF REAL ESTATE

STATE OF CALIFORNIA

* * *

In the Matter of the Accusation of

RYAN WILLIAM MARIER,                     No. H-37126 LA

Respondent.

## ORDER DENYING REINSTATEMENT OF LICENSE
## BUT GRANTING RIGHT TO A RESTRICTED LICENSE

On August 24, 2011, in Case No. H-37126 LA, a Decision was rendered revoking the real estate broker license of Respondent effective September 19, 2011.

On February 10, 2015, Respondent petitioned for reinstatement of said real estate broker license, and the Attorney General of the State of California has been given notice of the filing of said petition.

The burden of proving rehabilitation rests with the petitioner (*Feinstein v. State Bar* (1952) 39 Cal. 2d 541). A petitioner is required to show greater proof of honesty and integrity than an applicant for first time licensure. The proof must be sufficient to overcome the prior adverse judgment on the applicant's character (*Tardiff v. State Bar* (1980) 27 Cal. 3d 395).

I have considered Respondent's petition and the evidence submitted in support thereof.

///

- 1 -

The Bureau has developed criteria in Section 2911 of Title 10, California Code of Regulations (Regulations) to assist in evaluating the rehabilitation of an applicant for reinstatement of a license. Among the criteria relevant in this proceeding are:

Regulation 2911(j) Discharge of, or bona fide efforts toward discharging, adjudicated debts or monetary obligations to others.

Respondent listed 5 civil judgments in his application. Two of them have been satisfied and dismissed. Two others were settled, with no evidence that Respondent has defaulted on repayment. One judgment, a 2011 Breach of Lease Agreement before the Orange County Superior Court, Respondent's Petition Application states that the judgment has not been satisfied, with no explanation for why. (Note this was a $4,500 small claims judgment. Respondent has satisfied other judgments for substantially more money). This is the only reason why we cannot grant a plenary broker's license.

Respondent has failed to demonstrate to my satisfaction that Respondent has undergone sufficient rehabilitation to warrant the reinstatement of Respondent's unrestricted real estate broker license.

I am satisfied, however, that it will not be against the public interest to issue a restricted real estate broker license to Respondent.

A restricted real estate broker license shall be issued to Respondent pursuant to Section 10156.5 of the Business and Professions Code, if Respondent satisfies the following conditions prior to and as a condition of obtaining a restricted real estate broker license within twelve (12) months from the effective date of this Order:

1.   Respondent shall qualify for, take and pass the real estate broker license examination.

2.   Submittal of a completed application and payment of the fee for a real estate broker license.

3.   Respondent shall provide proof that reimbursement of the advance fees paid by Wilfred J. Caron in the amount of $2,495.00 and Timothy Wayne Girard in the amount

- 2 -

1   of $2,090.00 has been made.  If Respondent can not provide such evidence, the monies owed to

2   Wilfred J. Caron and Timothy Wayne Girard shall be subject to the Unclaimed Property Law

3   (Code of Civil Procedure Sections 1500 et. Seq.), and those monies shall be remitted to the

4   California's State Controller. Until Respondent provides proof satisfactory to the Commissioner,

5   the Commissioner will deny any and all licenses.

6          The restricted license issued to Respondent shall be subject to all of the provisions

7   of Section 10156.7 of the Business and Professions Code and to the following limitations,

8   conditions and restrictions imposed under authority of Section 10156.6 of that Code:

9          A.     The restricted license issued to Respondent may be suspended prior to

10  hearing by Order of the Real Estate Commissioner in the event of Respondent's conviction or

11  plea of nolo contendere to a crime which is substantially related to Respondent's fitness or

12  capacity as a real estate licensee.

13         B.     The restricted license issued to Respondent may be suspended prior to

14  hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner

15  that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands

16  Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted

17  license.

18         C.     Respondent shall not be eligible to apply for the issuance of an

19  unrestricted real estate license nor the removal of any of the limitations, conditions or restrictions

20  of a restricted license until two (2) years have elapsed from the date of the issuance of the

21  restricted license to Respondent.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

D.   . Respondent shall notify the Commissioner in writing within 72 hours of any arrest by sending a certified letter to the Commissioner at the Bureau of Real Estate, Post Office Box 137007, Sacramento, CA 95813-7007. The letter shall set forth the date of Respondent's arrest, the crime for which Respondent was arrested and the name and address of the arresting law enforcement agency. Respondent's failure to timely file written notice shall constitute an independent violation of the terms of the restricted license and shall be grounds for the suspension or revocation of that license.

This Order shall become effective at 12 o'clock noon on   **JAN 0 4 2016**

IT IS SO ORDERED   _12 / 11 / 2015_

REAL ESTATE COMMISSIONER

Wayne S. Bell

1

2

**FILED**

3

MAY 1 6 2013.

4

DEPARTMENT OF REAL ESTATE
BY: _C____

5

6

7

8           BEFORE THE DEPARTMENT OF REAL ESTATE

9                    STATE OF CALIFORNIA

10                          * * *

11  In the Matter of the Accusation of          )     DRE No. H-37126 LA
                                                 )
12      RYAN WILLIAM MARIER and                  )
        JAMES ERIC PATE,                         )
13                                               )
                                                 )
14                      Respondents.             )
                                                 )
15

16         ORDER SUSPENDING RESTRICTED REAL ESTATE LICENSE

17  TO:   JAMES ERIC PATE
          19422 Summer Breeze Lane
18        Huntington Beach, CA 92648

19

20          On May 21, 2012, a restricted real estate salesperson license was issued by the

21  Department of Real Estate to JAMES ERIC PATE ("Respondent") on the terms, conditions and

22  restrictions set forth in the Real Estate Commissioner's Decision in Case No. H-37126 LA. This

23  Decision, which was filed on April 30, 2012, and became effective May 21, 2012, granted

24  Respondent the right to the issuance of a restricted real estate salesperson license subject to the

25  provisions of Section 10156.7 of the California Business and Professions Code (hereinafter

26  "Code") and to enumerated additional terms, conditions and restrictions imposed under authority

27  of Section 10156.6 of said Code.

- 1 -

1          Among the terms and conditions, Respondent was required to take and pass the

2  Professional Responsibility Examination within six (6) months from the effective date of the

3  Decision. The Commissioner has determined that as of December 21, 2012, Respondent has

4  failed to satisfy this condition.

5          NOW, THEREFORE, IT IS ORDERED under authority of the Order issued in

6  this matter that the real estate salesperson license heretofore issued to Respondent and the

7  exercise of any privileges thereunder is hereby suspended until such time as Respondent

8  provides proof satisfactory to the Department of compliance with the "condition" referred to

9  above, or pending final determination made after hearing (see "Hearing Rights" set forth below).

10          IT IS FURTHER ORDERED that all license certificates and identification cards

11  issued by Department which are in the possession of Respondent be immediately surrendered by

12  personal delivery or by mailing in the enclosed, self-addressed envelope

13  to:

14

15          Department of Real Estate
        Attn: Flag Section

16          P. O. Box 187000
        Sacramento, CA 95818-7000

17

18          HEARING RIGHTS: You have the right to a hearing to contest the

19  Commissioner's determination that you are in violation of the Order issued in this matter. If you

20  desire a hearing, you must submit a written request. The request may be in any form, as long as

21  it is in writing and indicates that you want a hearing. Unless a written request for a hearing,

22  signed by or on behalf of you, is delivered or mailed to the Department at 320 W. 4th Street,

23  Room 350, Los Angeles, California 90013, within 20 days after the date that this Order was

24  mailed to or served on you, the Department will not be obligated or required to provide you with

25  / / /

26  / / /

27  / / /

- 2 -

1    a hearing.

2         This Order shall be effective immediately.

3         DATED: May ___13___, 2013.

4                              REAL ESTATE COMMISSIONER

5

6

7

8                              By: Jeffrey Mason
                                   Chief Deputy Commissioner

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

– 3 –

# FILED

APR 3 0 2012

DEPARTMENT OF REAL ESTATE
BY: _____

## BEFORE THE DEPARTMENT OF REAL ESTATE

## STATE OF CALIFORNIA

\* \* \* \* \*

| | |
|---|---|
| In the Matter of the Accusation of | DRE No. H-37126 LA |
| RYAN WILLIAM MARIER and JAMES ERIC PATE, | OAH No. 2011081204 |
| Respondents. | |

## DECISION

The Proposed Decision dated March 22, 2012, of the Administrative

Law Judge of the Office of Administrative Hearings, is hereby adopted as the

Decision of the Real Estate Commissioner in the above-entitled matter.

This Decision shall become effective at 12 o'clock noon on

May 21, 2012.

IT IS SO ORDERED ___ 4/22 ___, 2012.

Real Estate Commissioner

By WAYNE S. BELL
Chief Counsel

**BEFORE THE**
**DEPARTMENT OF REAL ESTATE**
**STATE OF CALIFORNIA**

| | |
|---|---|
| In the Matter of the Accusation and Supplemental Accusation Against:<br><br>JAMES ERIC PATE,<br><br>Respondent. | Case No. H-37126 LA<br><br>OAH No. 2011081204 |

## PROPOSED DECISION

This matter was heard by Eric Sawyer, Administrative Law Judge, Office of Administrative Hearings, State of California, on February 28, 2012, in Los Angeles. The record was closed and the matter was submitted for decision at the conclusion of the hearing.

Lissete Garcia, Counsel, represented Maria Suarez, Deputy Real Estate Commissioner (Complainant), California Department of Real Estate (Department).

Edward O. Lear, Esq., represented James Eric Pate (Respondent), who was present.

## FACTUAL FINDINGS

*Parties and Jurisdiction*

1.      Complainant brought the Accusation and Supplemental Accusation in her official capacity. Respondent timely submitted a Notice of Defense, which contained a request for a hearing.

2.      From October 5, 2000, through the present, Respondent has been licensed by the Department as a real estate salesperson (License No. S/01297379). From March 12, 2008, through November 10, 2009, Respondent was licensed under the employ of real estate broker Firstline Mortgage, Inc.

3.      As discussed in more detail below, Respondent went into business with Ryan William Marier (Marier), who was licensed by the Department as a real estate broker during the relevant times. Mr. Marier was also named as a respondent in this matter, but his license was revoked by default due to his failure to respond timely to the initial Accusation. It was not established that Respondent was ever affiliated with Marier's broker license.

*Respondent Goes into the Loan Modification Business*

4.       Respondent and Mr. Marier were acquaintances who worked in the real estate field. In 2008, they decided to go into business together. Respondent had some prior experience in helping friends and clients with home loan modifications. At this time, the housing market was crashing and the demand for loan modification soared. So Respondent and Marier decided to start a company to provide loan modification services to homeowners.

5.   ,   On December 17, 2008, Respondent and Marier formed Pate, Marier and Associates, Inc. (PMAI), a California corporation. Respondent and Marier were the directors and officers of PMAI, and owned all of the corporation's stock. This was the parent company formed as an umbrella for all the various business ventures Respondent and Marier created.

6.       On February 17, 2009, PMAI filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA Group." This fictitious business name was intended for the loan modification business. However, over time, the loan modification business became known by several other business names, including National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, National Home Assistance, and Pate, Marier and Associates. At no time had any of those business names or entities been licensed by the Department. Use of a fictitious business name for activities requiring the issuance of a real estate license requires the filing of an application for the use of such name with the Department in accordance with the provisions of Business and Professions Code section 10159.5.[1]

7.       On January 20, 2009, Marier submitted to the Department an advance fee agreement and accounting format. On February 24, 2009, the Department issued a letter acknowledging receipt of that document and stating that the Department had no objection to it. However, the advance fee agreements actually used by PMAI in the loan modification business were different in material respects from the one submitted to the Department, and therefore were not approved by the Department prior to use as required by section 10085, and California Code of Regulations, title 10, section 2970 (Regulation).

8.       From February 2009 through August 2009, Respondent and Marier, while using the unlicensed fictitious business names described above in Factual Finding No. 6, engaged in loan modification services. Respondent was primarily involved in the administrative affairs of the business, and Marier attended to the finances and operations. Neither of them was involved in actual loan modification work. They employed several individuals to perform the loan modification services, none of whom were licensed by the Department. In all, PMAI was involved in at least 258 loan modification transactions with consumers. Of that total, only two consumers are known to have submitted complaints to the Department, i.e., Wilfred J. Caron and Timothy Wayne Girard.

---

[1] All further statutory references are to the Business and Professions Code.

9.      On or about May 15, 2009, Wilfred J. Caron paid an advance fee of $2,495 to National Home Assistance Group, Inc., (NHAGI) pursuant to an advance fee agreement for loan modification and negotiation services that had not been approved by the Department. In July 2009, NHAGI sent financial materials to Mr. Caron's primary lender and began negotiations to reduce the loan principal and interest rate of Mr. Caron's loan. Mr. Caron ultimately rejected a loan modification proposal made by his lender. Mr. Caron was not satisfied with NHAGI's services and he requested a full refund in September of 2009. NHAGI did not offer him a refund, but instead referred Mr. Caron to a real estate agent for purposes of arranging a short sale of his property. Mr. Caron entered into a short sale transaction with a willing buyer, but the sale was not consummated because the lender requested the sales price to be increased and the parties did not agree to do so. Mr. Caron decided to no longer pursue a short sale of his home. He has since retained the services of another loan modification business. It was not established that NHAGI failed to perform the loan modification and negotiation services promised to Mr. Caron. In fact, the advance fee agreement Mr. Caron signed indicated that the fee was deemed earned upon a loan modification offer from his lender or a short sale offer on his home, both of which occurred due to the efforts of NHAGI. Mr. Caron submitted his complaint to the Department in May 2010. He still owns his home.

10.      On or about July 7, 2009, Timothy Wayne Girard paid an advance fee of $2,090 to National Home Assistance Group (NHAG) pursuant to an advance fee agreement for loan modification and negotiation services for the first and second mortgages on his home. In September 2009, Mr. Girard's primary lender made a forbearance offer to Mr. Girard. The secondary lender delayed making an offer until the primary lender's position was solidified. Mr. Girard rejected the primary lender's offer. Several months later, NHAG notified Mr. Girard that the business was closing and that no further action would be taken on his file. It was not established that NHAG failed to perform the loan modification and negotiation services promised to Mr. Girard. The advance fee agreement Mr. Girard signed indicated the fee was deemed earned upon a loan modification offer from his lender, which occurred due to the efforts of NHAG. Mr. Girard submitted his complaint to the Department in September 2010. He still owns his home.

11.      When Respondent and Marier established their loan modification business in late 2008, they did not think they needed any licenses additional to Marier's broker license to engage in that type of activity. By early 2009, when Legislature enacted laws regulating the loan modification business, Respondent and Marier decided to submit the proposed advance fee agreement to the Department to position themselves for the effective date of those laws in July 2009. However, by that time, Respondent and Marier realized the full extent of the new legislation and quickly realized that they would not be able to have all staff fully licensed and bonded in compliance with the new laws. By August 2009, Respondent and Marier stopped accepting new loan modification work and began closing their business. They tried to resolve the remaining open cases and transferred others to an attorney. They were required to pay the attorney a fee for accepting those cases, as well as transferring to him their pre-paid office lease in order for him to accept their open cases. By December of 2009, Respondent and Marier completely shut-down the loan modification business.

*The Audit of PMAI's Books and Records*

12.      On September 6, 2011, the Department completed an examination of books and records in the possession of Marier, pertaining to the mortgage loan modification activities conducted by PMAI. The audit covered the period from November 13, 2008, through March 31, 2011.

13.      The audit revealed that PMAI engaged in the business of, acted in the capacity of, advertised or assumed to act as real estate brokers in the State of California, within the meaning of section 10131, subdivision (d), including soliciting prospective borrowers or lenders for, or negotiating loans, or offering to perform services connected to loans secured directly or collaterally by liens on real property for another or others, for or in expectation of compensation.

14.      PMAI was not licensed to engage in the loan modification activities described above. Respondent actively engaged with Marier in operating the unlicensed corporation, whose employees performed acts requiring a real estate license pursuant to section 10131, subdivision (d). Respondent should have known that such activity required a license. He was a licensed salesperson who had taken courses on the scope of activity requiring a license from the Department. He and Marier were well aware of recent legislation pointing to the Department as the regulator of loan modification activity. His partner Marier submitted an advance fee agreement to the Department in anticipation of the newly enacted laws. Most of the loan modification services transacted by PMAI occurred after Marier had submitted the advance fee agreement to the Department. Under these circumstances, Respondent should have known that a license was required to engage in such activity, or at the very least to contact the Department to ascertain whether that was the case.

15.      The audit also revealed that PMAI accepted, received, deposited and/or disbursed funds, including funds in trust. Those trust funds, including the advance fees collected by PMAI while engaged in loan modification services, were not deposited in a trust account as required by section 10146. By conservative estimates, Respondent and Marier took in at least $306,984 in service fees. The audit revealed total receipts of $1.1 million, although the loan modification fees were comingled with funds from their other ventures.

*Mitigation*

16.      Respondent has no prior history of discipline with the Department.

17.      Shortly before the hearing, Respondent fully refunded Mr. Caron and Mr. Girard, including not just the return of their fees but also interest to date. It was not established that Respondent's acts caused any harm to either consumer. Though Mr. Caron and Mr. Girard were not satisfied with the loan modification offers they were given, it was not established that Respondent and Marier breached their contracts or took money for services that were not provided. It was not established that any other PMAI consumer was injured or abandoned by PMAI.

4

18. Respondent has not been involved in any loan modification activity since he and Marier terminated their loan modification business at the end of 2009. Though he still communicates with Marier, he is no longer involved in real estate with him.

19. Respondent submitted a number of character reference letters from colleagues in the real estate and business fields, former clients, friends and family members. All attest to Respondent generally having good character, integrity and honesty.

20. Respondent has been married for eight years and has three young sons. He and his family regularly attend church. Respondent participates in volunteer activity in his community through his church. He is currently employed by a Fortune 500 company as a manager in a unit involved in loan originations.

## LEGAL CONCLUSIONS

1. Cause was established for disciplinary action against Respondent pursuant to section 10177, subdivisions (d) and (g). Respondent, through the loan modification business he co-owned with Marier, collected advance fees from prospective borrowers pursuant to a written fee agreement, which was not submitted to the Department for review prior to use, in violation of section 10085 and Regulation 2970. In addition, Respondent failed to deposit the advance fees into a trust account in violation of section 10146. Therefore, Respondent violated the Real Estate Law in these regards (§ 10177, subd. (d)) and was negligent in carrying out acts requiring a real estate license by failing to ensure the proper advance fee forms were used, and by failing to properly deposit and account for advance fee trust funds in his possession (§ 10177, subd. (g)). (Factual Findings 1-15.)

2. Cause was established for disciplinary action against Respondent pursuant to sections 10137 and 10177, subdivision (d). Respondent was engaged in activities that required a real estate license under sections 10131, subdivision (d), and 10131.2. At the times that Respondent was engaged in the loan modification business with Marier, Respondent's real estate salesperson license was not affiliated with Marier's broker license. By splitting the proceeds of the PMAI business with Marier, and by accepting fees from consumers who retained the services of PMAI's loan modification business, Respondent received compensation for activities that required a real estate license from persons other than the broker under whom he was at the time licensed, in violation of section 10137.[2] (Factual Findings 1-15.)

3. Cause was established for disciplinary action against Respondent pursuant to sections 10137 and 10177, subdivisions (d) and (g), in that Respondent operated an unlicensed corporation, which Respondent should have known needed to be licensed to perform acts and conduct activity requiring a real estate license as described in section 10131, subdivision (d). (Factual Findings 1-15.)

---

[2] The third cause for discipline in the Accusation was alleged only against Marier.

4.     Cause was established for disciplinary action against Respondent pursuant to section 10177, subdivision (g), in that Respondent was negligent in aiding and abetting Mr. Marier to violate section 10130, which prohibits unlicensed real estate activity, when Respondent should have known that he, PMAI, and Marier were engaged in conduct for which a real estate license was required, but for which they were not licensed. However, it was not established that cause exists to discipline Respondent pursuant to section 10176, subdivision (i), in that it was not established that Respondent's conduct in this regard equated to fraud or dishonest dealing. (Factual Findings 1-15.)

5A.     Since cause for discipline against Respondent's licensing rights has been established, the inquiry shifts to the degree of discipline warranted. Respondent's misconduct is considered moderately serious, in that he facilitated and actively engaged in unlicensed practice under circumstances when he should have known better. A number of important statutes and regulations were violated in the manner in which Respondent and his partner conducted business. Of concern is the fact that not long after submitting an advance fee agreement to the Department, Respondent and his partner abandoned that form and replaced it with one the Department had never seen before. Respondent and his partner benefitted substantially from the loan modification enterprise, in that the business took in at least $300,000 in fees and probably much more.

5B.     On the other hand, there is substantial mitigating evidence in this case to indicate that revocation is unwarranted and would be punitive. It was not established that Respondent engaged in fraud or dishonest dealing. It was not established that Respondent's business breached its contracts with any consumer. In fact, no actual injury to any consumer was established. Nonetheless, Respondent has made restitution on his own accord to the two consumers who complained to the Department about his business. Respondent has no prior record of discipline. Respondent and his partner took extensive efforts to wind down their loan modification business without abandoning their clients. Respondent has completely removed himself from loan modification activity. Other than his failed foray into loan modification in 2009, it appears that Respondent has otherwise conducted himself with integrity and honesty in his personal and professional life.

5C.     Under these circumstances, a restricted salesperson license with appropriate conditions is warranted. Pursuant to Regulation 2930, subdivision 18(A), when a licensee has been compensated for performing unlicensed activity, the penalty shall include a suspension. The length of the suspension is calculated by assigning $100 per day, and dividing $100 into the total amount of unlicensed compensation, up to a maximum of $10,000. Since Respondent and his partner received in excess of $10,000 of compensation for their unlicensed activity, a 100 day suspension is warranted. However, pursuant to Regulation 2930, subdivision 18(A), Respondent shall be allowed to petition the Commissioner to convert the 100 day suspension into a $10,000 monetary penalty. Other conditions shall include a three year period of restriction, reporting this discipline to his employing broker, being current on his continuing education requirements, and taking and passing the Professional Responsibility Examination to verify that Respondent has an understanding of the California Real Estate Law and its application. (Factual Findings 1-20.)

## ORDER

All licenses and licensing rights of Respondent James Eric Pate under the Real Estate Law are revoked; provided, however, a restricted real estate salesperson license shall be issued to Respondent pursuant to section 10156.5 of the Business and Professions Code if Respondent makes application therefore and pays to the Department of Real Estate the appropriate fee for the restricted license within 90 days from the effective date of this Decision. The restricted license issued to Respondent shall be subject to all of the provisions of section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of section 10156.6 of that Code:

1.    The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's conviction or plea of nolo contendere to a crime which is substantially related to Respondent's fitness or capacity as a real estate licensee.

2.    All licenses and licensing rights of Respondent under the Real Estate Law are suspended for a period of 100 days from the effective date of this Decision; provided, however, that if Respondent petitions, said suspension shall be stayed upon condition that:

A. Respondent pays a monetary penalty pursuant to section 10175.2 at the rate of $100.00 for each day of the suspension for a total monetary penalty of $10,000.

B. Said payment shall be in the form of a cashier's or certified check made payable to the Recovery Account of the Real Estate Fund. Said check must be received by the Department prior to the effective date of the Decision in this matter.

C. No further cause for disciplinary action against the real estate license of Respondent occurs within one year from the effective date of the Decision in this matter.

D. If Respondent fails to pay the monetary penalty in accordance with the terms and conditions of the Decision, the Commissioner may, without a hearing, order the immediate execution of all or any part of the stayed suspension in which event the Respondent shall not be entitled to any repayment nor credit, prorated or otherwise, for money paid to the Department under the terms of this Decision.

E. If Respondent pays the monetary penalty and if no further cause for disciplinary action against the real estate license of Respondent occurs within one year from the effective date of the Decision, the stay hereby granted shall become permanent.

7

3.     The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

4.     Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor for the removal of any of the conditions, limitations or restrictions of a restricted license until three years have elapsed from the effective date of this Decision.

5.     Respondent shall submit with any application for license under an employing broker, or any application for transfer to a new employing broker, a statement signed by the prospective employing real estate broker on a form approved by the Department of Real Estate which shall certify:

> (a) That the employing broker has read the Decision of the Commissioner which granted the right to a restricted license; and

> (b) That the employing broker will exercise close supervision over the performance by the restricted licensee relating to activities for which a real estate license is required.

6.     Respondent shall, within nine months from the effective date of this Decision, present evidence satisfactory to the Real Estate Commissioner that Respondent has, since the most recent issuance of an original or renewal real estate license, taken and successfully completed the continuing education requirements of Article 2.5 of Chapter 3 of the Real Estate Law for renewal of a real estate license. If Respondent fails to satisfy this condition, the Commissioner may order the suspension of the restricted license until Respondent presents such evidence. The Commissioner shall afford Respondent the opportunity for a hearing pursuant to the Administrative Procedure Act to present such evidence.

7.     Respondent shall, within six months from the effective date of this Decision, take and pass the Professional Responsibility Examination administered by the Department including the payment of the appropriate examination fee. If Respondent fails to satisfy this condition, the Commissioner may order suspension of Respondent's license until Respondent passes the examination.

DATED: March 22, 2012

ERIC SAWYER,
Administrative Law Judge
Office of Administrative Hearings

FILED

SEP. - 4 1998

DEPARTMENT OF REAL ESTATE

By _K. Niederholt_

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

In the Matter of the Accusation of )
                                    )
    CITIFED DIVERSIFIED, INC.,      )     DRE   H-27339 LA
    and, DARLENE SUE WARD,          )
    individually and as designated  )     OAH   L-1998020296
    officer of Citifed             )
    Diversified, Inc.              )
                                    )
                                    )
                    Respondents.    )
_____)

## DECISION GRANTING MONETARY PENALTIES IN LIEU OF SUSPENSION

On July 16, 1998, a Decision was rendered in the above-
entitled matter to become effective August 13, 1998.  On July 28,
1998, the effective date was stayed until September 13, 1998.

On July 28, 1998, Respondent CITIFED DIVERSIFIED, INC.,
filed a petition of monetary penalty in lieu of actual suspension
for the limited purpose of determining whether the suspension
imposed against Respondent CITIFED DIVERSIFIED, INC., filed as part
of said Decision should reduced.  I have considered the petition of
Respondent CITIFED DIVERSIFIED, INC., and it is hereby ordered that
the disciplinary action therein imposed against said Respohdent is
modified to allow said Respondent to pay a monetary penalty
pursuant to Section 10175.2 of he Business and Professions Code to



the Department in lieu of an actual license suspension in the amount of $100.00 per day in order to stay all or part of the thirty day suspension.  The total would be $3,000 for all thirty days of the actual suspension.

Payment of the monetary penalty set forth above shall be in the form of a cashier's check or certified check made payable to the Department of Real Estate.  Said check must be delivered to the Department prior to the effective date of the Order in this matter.

The Commissioner has determined that this Order is in the public interest and the public welfare will be adequately served by this Order.

The Decision of July 16, 1998 shall become effective at 12 o'clock noon on September 12, 1998.

IT IS SO ORDERED _8/10_, 1998

JIM ANTT, JR.
Real Estate Commissioner



URT PAPER
ATE OF CALIFORNIA
O. 113 (REV. 3-95)

28391

FILED

AUG - 5 1998

DEPARTMENT OF REAL ESTATE

By _____

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

In the Matter of the Accusation of )
                                    )
    CITIFED DIVERSIFIED, INC.,      )    DRE  H-27339 LA
    and, DARLENE SUE WARD,          )
    individually and as designated )    OAH  L-1998020296
    officer of Citifed              )
    Diversified, Inc.               )
                                    )
                Respondents.        )
_____)

## ORDER STAYING EFFECTIVE DATE

On July 16, 1998, a Decision was rendered in the

above-entitled matter to become effective August 13, 1998.

IT IS HEREBY ORDERED that the effective date of the

Decision of July 16, 1998, is stayed for a period of 30 days.

The Decision of July 16, 1998, shall become

effective at 12 o'clock noon on September 13, 1998.

DATED 28 July 1998

Randolph Brendia
Regional Manager

F I L E D

⌐JUL 1 6 1998

DEPARTMENT OF REAL ESTATE

DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

By _Jean Armold_

\* \* \* \* \*

In the Matter of the Accusation of                )          No. H-27339 LA
                                                                    )
                                                                    )          L-1998020296
          CITIFED DIVERSIFIED, INC.,           )
          and DARLENE SUE WARD,                )
          individually and as                           )
          designated officer of                       )
          Citifed Diversified, Inc.,                  )
                                                                    )
                                                                    )
                                                                    )
                                                                    )
                                                                    )
                    Respondent(s).                     )
                                                                    )

## DECISION

          The Proposed Decision dated June 11, 1998,

of the Administrative Law Judge of the Office of

Administrative Hearings, is hereby adopted as the Decision

of the Real Estate Commissioner in the above-entitled matter.

          This Decision shall become effective at 12 o'clock

noon on ~~August 13, 1998~~.

          IT IS SO ORDERED _7/16/98_.

                              JIM ANTT, JR.
                              Real Estate Commissioner

BEFORE THE
DEPARTMENT OF REAL ESTATE
STATE OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Accusation<br>Against: | File No. H-27339 LA |
| CITIFED DIVERSIFIED, INC.;<br> and, DARLENE SUE WARD<br>individually and<br>as designated officer of<br>Citifed Diversified, Inc., | OAH No. L-1998020296 |
| Respondents. | |

## PROPOSED DECISION

On May 19, 1998, in Los Angeles, California, John D. Wagner, Administrative Law Judge, Office of Administrative Hearings, State of California, heard this matter.

Complainant was represented by Elliott Mac Lennan, Counsel, Department of Real Estate.

Respondents were represented by W. Curtis Cover, Attorney at Law.

Evidence was received, a stipulation of facts and a portion of the following discipline were received, the record was closed and the matter was submitted.

## FINDINGS OF FACT

1. Complainant Thomas McCardy made and filed the Accusation in his official capacity as a Deputy Real Estate Commissioner of the State of California.

2. Respondent Citifed Diversidfied, Inc. (CDI), and respondent Darlene Sue Ward (Ward) are presently licensed and/or have license rights under the Real Estate Law.

3. At all times mentioned herein, CDI (known as Canyon Springs Financial prior to December 24, 1996,) was licensed by the Department of Real Estate of the State of California (Department) as a corporate real estate broker by and through Ward as its

1

designated officer. As of January 1, 1995, CDI was doing business as American Builders Mortgage

4. As of January 1, 1995, respondent Ward was licensed by the Department as the designated officer of CDI to qualify CDI, and to act for CDI as a real estate broker. As provided by Section 10159.2 of the Business and Professions Code, she was responsible for the supervision and control of the activities conducted on behalf of CDI by its officers, managers and employees as necessary to secure full compliance with the provisions of the Real Estate Law, including the supervision of the salespersons licensed to the corporation in the performance of acts which a real estate license is required.

5. At all times mentioned herein, CDI and Ward were acting as the agent or employee of the other and within the course and scope of such agency or employment.[1]

6. At all times mentioned herein, in the City of Santa Ana, Orange County, California, respondent CDI and respondent Ward acted as real estate brokers by soliciting lenders and borrowers for loans secured directly or collaterally by liens on real property. Such loans were arranged, negotiated, processed, and consummated on behalf of others for compensation or in expectation of compensation and for fees often collected in advance.

7. On January 24, 1997, the Department completed a field audit examination of the books and records pertaining to the activities of CDI described in Finding 6. The audit covered the period beginning on August 7, 1996, and ending on November 29, 1996.

8. In connection with the real estate activities described in Finding 6, CDI and Ward, accepted or received funds in trust (trust funds) from or on behalf of borrowers and lenders and thereafter made disbursements of such funds, including credit reports, appraisals and loan processing fees. Respondents maintained the following trust accounts into which they deposited certain of these funds:

"Loan Purchase Trust Account (T/A #1)
Account No. 24435-09829"
Bank of America
South Coast Center Dr.
P.O. Box 60049

"Citifed Diversified Trust Account (T/A #2)
Account No. 24431-04234"
Bank of America
South Coast Center Dr.
P.O. Box 60049

---

[1]  Whenever reference is made in these findings to an act or omission of CDI, such finding shall be deemed to mean that the officers. Directors, managers, employees, agents and real estate licensees employed by or associated with CDI, including Ward, committed such act or omission while engaged in the furtherance of the business or operation of CDI and while acting within the course and scope of its authority agency and employment.

2

"Title I Trust Account (T/A #3)
Account No. ▇▇▇▇▇▇▇"
Bank of America
South Coast Center Dr.
P.O. Box 60049

9. With respect to the trust funds referred to in Finding 8, CDI and Ward:

a. Failed to maintain T/A #1 and T/A #3 in the name of the broker, as required by former Regulation 2830 now Regulation 2832;[2]

b. Failed to maintain a separate record for each beneficiary or transaction, thereby failing to account for all trust funds, received, deposited, and disbursed by the trust accounts, as required by Regulation 2831.1;

c. Failed to perform a monthly reconciliation of the balance of all separate beneficiary or transaction records maintained pursuant to Regulation 2831.1 with the record of all trust funds received and disbursed by T/A #2, as required by Regulation 2831 and in the manner required by Regulation 2831.2;

d. Commingled CDI's funds with trust funds in T/A #2 in the amount of $11,954.06 to $21,007.06, by failing to disburse all broker owned funds in the trust account within twenty-five (25) days of deposit, in violation of Code Section 10176(e) and Regulation 2835 (Broker money was left in the account because financial records were not available to reconcile the account.)

e. Failed to place credit report and appraisals fees, accepted on behalf of another, into the hands of the owner of the funds, into a neutral escrow depository or into a trust fund account in the name of the broker as trustee at a bank or other financial institution not later than three business days following receipt of the funds by the broker or by the broker's salesperson, as required by Section 2832 of the Regulations; and

f. Permitted an unlicensed person who was insufficiently bonded, Deborah McCarron, to be an authorized signatory on the trust account, in violation of Section 2834 of the Regulations.

10. The above audit examination further revealed that respondent CDI used the fictitious name of "Cartel Diversified, Inc." to conduct residential resale and mortgage loan activities on behalf of CDI without holding a license bearing said fictitious business name.

11. In mitigation of the above Findings, no client of CDI suffered financial loss. Some of the above findings were the result of CDI not promptly withdrawing its profits from accounts. Respondent Ward was fully cooperative during the audit.

---

[2]  All references to the "Code" are to the California Business and Professions Code. All references to "Regulations" are to sections in title 10 of the California Code of Regulations.

Prior Discipline

12.  On May 18, 1995, in Case No. H-2035 SA, an Accusation was filed against respondent CDI, under its former corporate name of Canyon Springs Financial, a corporation, that resulted in a stayed, suspension that became effective August 6, 1996, for violations of Sections 10145 and 10240 of the California Business and Professions Code and Sections 2726, 2830, 2831, 2831.2, title 10, of the California Code of Regulations.  These violations occurred prior to Ward becoming the designated officer of CDI.

## DETERMINATION OF ISSUES

1.  Cause for discipline of both respondents' licenses was established pursuant to section 10177(d) of the Business and Professions Code for the following violations of said code and regulations:

a.  For violation of sections 10145 and 10159.2 of said code, by reason of Finding 9a.

b.  For violation of sections 10145 and 10159.2 of said code, and section 2831 of the Regulations, by reason of Finding 9b.

c.  For violation of sections 10145 and 10159.2 of said code, by reason of Finding 9c.

d.  For violation of sections 10145 and 10159.2 of said code, by reason of Finding 9d.

e.  For violation of section 10176(e) of said code, and section 2835 of the Regulations, by reason of Finding 9e.

f.  For violation of section 10159.2 of said code, by reason of Finding 9f.

g.  For violation of section 2731 of the Regulations, by reason of Finding 10.

2. In view of the fact that respondent Ward was fully cooperative with the audit that provided the evidence for the above violations; that no clients of CDI suffered financial loss; that several of the above violations involved mitigating circumstances; and the fact that the parties have partially stipulated to appropriate discipline, the licenses of both respondents should be restricted with the conditions set forth in the following order.

4

<u>ORDER</u>

Wherefore, the following order is hereby made:

<u>CITIFED DIVERSIFIED, INC.</u>

1.  All licenses and licensing rights of respondent Citifed Diversified, Inc. under the Real Estate Law are revoked; provided, however, a restricted real estate broker license shall be issued to said respondent pursuant to section 10156.5 of the Business and Professions Code if respondent makes application therefore, and pays to the Department of Real Estate the appropriate fee for the restricted license within ninety (90) days of the effective date of this Decision.  The restricted license issued to Respondent shall be subject to all the provisions of section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of section 10156.6 of that Code:

a.  The restricted license issued to Respondent shall be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's or its designated broker's conviction or plea of nolo contendere to a crime which is substantially related to fitness or capacity as a real estate licensee.

b.  The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

c.  Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor for the removal of any of the conditions, limitations or restrictions of a restricted license until 2 years have elapsed from the effective date of this Decision.

d.  Respondent's license and license rights shall be actually suspended for a period of 30 days.  Respondent may, pursuant to Section 10175.2, petition the Commissioner to pay a monetary penalty and thereby further stay imposition of the term of the actual suspension.

e.  Respondent shall obey all laws, rules and regulations governing the rights, duties and responsibilities of a real estate licensee in the State of California.

f.  Pursuant to Section 10148 of the Business and Professions Code, Respondent shall pay $1,800 as the Commissioner's reasonable cost for a compliance audit to determine if Respondent has corrected the trust fund violations found in Determination of Issues 1. Respondent shall pay such cost within 45 days of receiving an invoice from the Commissioner.  The Commissioner may, in his discretion, vacate and set aside the above stay order, if payment is not timely made as provided for herein, or as provided for in a subsequent agreement between the Respondent and the Commissioner.  The vacation and the set aside of the stay shall remain in effect until payment is made in full, or until Respondent enters into an agreement satisfactory to the Commissioner to provide for payment.

## DARLENE SUE WARD

2. All licenses and licensing rights of respondent Darlene Sue Ward under the Real Estate Law are revoked; provided, however, a restricted real estate broker license shall be issued to Respondent pursuant to Section 10156.5 of the Business and Professions Code if Respondent makes application therefor and pays to the Department of Real Estate the appropriate fee for the restricted license within 90 days from the effective date of this Decision. The restricted license issued to Respondent shall be subject to all of the provisions of Section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of Section 10156.6 of that Code:

a. The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's conviction or plea of nolo contendere to a crime which is substantially related to Respondent's fitness or capacity as a real estate licensee.

b. The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

c. Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor for the removal of any of the conditions, limitations or restrictions of a restricted license until 1 year has elapsed from the effective date of this Decision.

d. Respondent shall, within nine months from the effective date of this Decision, present evidence satisfactory to the Real Estate Commissioner that Respondent has, since the most recent issuance of an original or renewal real estate license, taken and successfully completed the continuing education requirements of Article 2.5 of Chapter 3 of the Real Estate Law for renewal of a real estate license. If Respondent fails to satisfy this condition, the Commissioner may order the suspension of the restricted license until the Respondent presents such evidence. The Commissioner shall afford Respondent the opportunity for a hearing pursuant to the Administrative Procedure Act to present such evidence.

e. Respondent shall, within six months from the effective date of this Decision, take and pass the Professional Responsibility Examination administered by the Department including the payment of the appropriate examination fee. If Respondent fails to satisfy this condition, the Commissioner may order suspension of Respondent's license until Respondent passes the examination.

f. During the first 90 days from the effective date of this Decision, Respondent shall not be the designated officer of any corporation except Citifed Diversified, Inc. and Cartel Diversified, Inc. After 90 days from the effective date of this Decision, Respondent Ward shall not be the designated officer of any corporation, including Citifed Diversified, Inc., except Cartel Diversified, Inc.

6

g. Respondent shall be jointly and severally liable for the $1,800 cost of a compliance audit set forth in condition 1f of a restricted license issued to Citifed Diversified, Inc., regardless of whether Respondent is still the designated officer of said corporation. Said condition 1f shall also apply to Respondent Ward.

Dated: _June 11, 1998_

_John D. Wagner_
JOHN D. WAGNER
Administrative Law Judge
Office of Administrative Hearings

7



***BEFORE THE DEPARTMENT OF REAL ESTATE***
***STATE OF CALIFORNIA***

F I L E D
APR 1 3 1998
DEPARTMENT OF REAL ESTATE

By _____

*In the Matter of the Accusation of*

CITIFED DIVERSIFIED INC., et al.,

} 

Case No. H-27339 LA

OAH No. L-1998020296

*Respondent*

## NOTICE OF HEARING ON ACCUSATION

*To the above named respondent:*

*You are hereby notified* that a hearing will be held before the Department of Real Estate at _____

Office of Administrative Hearings, 107 South Broadway, Second Floor

Los Angeles, CA 90012

on ___ May 19, 1998 _____, at the hour of _9:00 a.m.,
or as soon thereafter as the matter can be heard, upon the Accusation served upon you. If you object to the place of hearing, you must notify the presiding administrative law judge of the Office of Administrative Hearings within ten (10) days after this notice is served on you. Failure to notify the presiding administrative law judge within ten days will deprive you of a change in the place of the hearing.

You may be present at the hearing. You have the right to be represented by an attorney at your own expense. You are not entitled to the appointment of an attorney to represent you at public expense. You are entitled to represent yourself without legal counsel. If you are not present in person or represented by counsel at the hearing, the Department may take disciplinary action against you based upon any express admission or other evidence including affidavits, without any notice to you.

You may present any relevant evidence and will be given full opportunity to cross-examine all witnesses testifying against you. You are entitled to the issuance of subpenas to compel the attendance of witnesses and the production of books, documents or other things by applying to the Department of Real Estate.

The hearing shall be conducted in the English language. If you want to offer the testimony of any witness who does not proficiently speak the English language, you must provide your own interpreter and pay his or her costs. The interpreter must be certified in accordance with Sections 11435.30 and 11435.55 of the Government Code.

DEPARTMENT OF REAL ESTATE

Dated: APR 1 3 1998 _____

By _____
*Counsel*

cc: Citifed Diversified Inc.
    Darlene Sue Ward
    Sacto
    OAH DB

RE 501 (Rev. 8/97)
kw



**BEFORE THE DEPARTMENT OF REAL ESTATE**
**STATE OF CALIFORNIA**

FILED
MAR = 2 1998
DEPARTMENT OF REAL ESTATE

By _____

*In the Matter of the Accusation of*

CITIFED DIVERSIFIED INC., et al.,

Case No.   H-27339 LA

OAH No.   L-1998020296

*Respondent*

## NOTICE OF HEARING ON ACCUSATION

*To the above named respondent:*

*You are hereby notified* that a hearing will be held before the Department of Real Estate at _____

Office of Administrative Hearing, 107 South Broadway, Second Floor

Los Angeles, CA   90012

on _____ April 2, 1998 _____, at the hour of _9:00 a.m,_ or as soon thereafter as the matter can be heard, upon the Accusation served upon you. If you object to the place of hearing, you must notify the presiding administrative law judge of the Office of Administrative Hearings within ten (10) days after this notice is served on you. Failure to notify the presiding administrative law judge within ten days will deprive you of a change in the place of the hearing.

You may be present at the hearing. You have the right to be represented by an attorney at your own expense. You are not entitled to the appointment of an attorney to represent you at public expense. You are entitled to represent yourself without legal counsel. If you are not present in person nor represented by counsel at the hearing, the Department may take disciplinary action against you based upon any express admission or other evidence including affidavits, without any notice to you.

You may present any relevant evidence and will be given full opportunity to cross-examine all witnesses testifying against you. You are entitled to the issuance of subpenas to compel the attendance of witnesses and the production of books, documents or other things by applying to the Department of Real Estate.

The hearing shall be conducted in the English language. If you want to offer the testimony of any witness who does not proficiently speak the English language, you must provide your own interpreter and pay his or her costs. The interpreter must be certified in accordance with Sections 11435.30 and 11435.55 of the Government Code.

DEPARTMENT OF REAL ESTATE

*Dated:* _____ MAR = 2 1998 _____

*By* _____
*Counsel*

cc:   Citifed Diversified Inc.
       Darlene S. Ward
       Sacto
       OAH   DB
RE 501 (Rev. 8/97)
  kw

ELLIOTT MAC LENNAN, Counsel
Department of Real Estate
107 South Broadway, Room 8107
Los Angeles, California  90012

(213) 897-3937



FILED
AUG 1 9 1997
DEPARTMENT OF REAL ESTATE

By K Niederhilt

DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * * *

| | |
|---|---|
| In the Matter of the Accusation of )<br><br>   CITIFED DIVERSIFIED, INC.; )<br>   and, DARLENE SUE WARD )<br>   individually and )<br>   as designated officer of )<br>   Citifed Diversified, Inc., )<br><br>                               )<br>            Respondents        ) | No. H-27339  LA<br><br>A C C U S A T I O N |

The Complainant, Thomas McCrady, a Deputy Real Estate

Commissioner of the State of California, for cause of Accusation

against CITIFED DIVERSIFIED, INC., dba Canyon Springs Financial, a

corporation and dba American Builders Mortgage, and DARLENE SUE

WARD, individually and as designated officer of Citifed

Diversified, Inc., is informed and alleges in his official

capacity as follows:

/

/

/

/

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95  28391

-1-

I

CITIFED DIVERSIFIED, INC., (CDI) and DARLENE SUE WARD (WARD), sometimes collectively referred to as respondents, are presently licensed and/or have license rights under the Real Estate Law (Part 1 of Division 4 of the California Business and Professions Code).

II

All references to the "Code" are to the California Business and Professions Code and all references to "Regulations" are to Title 10, Chapter 6, California Code of Regulations.

III

At all times mentioned, CDI was licensed by the Department of Real Estate of the State of California (Department) as a corporate real estate broker by and through WARD as designated officer.  CDI was first licensed by the Department on November 30, 1987.

IV

At all times mentioned, WARD was licensed by the Department as designated officer of CDI to qualify CDI and to act for CDI as a real estate broker and, as provided by Section 10159.2 of the Code, was responsible for the supervision and control of the activities conducted on behalf of CDI by its officers, managers and employees as necessary to secure full compliance with the provisions of the Real Estate Law including the supervision of the salespersons licensed to the corporation in the performance of acts for which a real estate license is required.



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95 28391

-2-

V

Whenever reference is made in an allegation in the accusation to an act or omission of CDI such allegation shall be deemed to mean that the officers, directors, managers, employees, agents and real estate licensees employed by or associated with CDI, including WARD, committed such act or omission while engaged in the furtherance of the business or operation of CDI and while acting within the course and scope of its corporate authority, agency and employment.

VI

At all times mentioned, CDI and WARD were acting as the agent or employee of the other and within the course and scope of such agency or employment.

VII

At all times mentioned, in the City of Santa Ana, Orange County, California, respondent CDI and respondent WARD acted as real estate brokers within the meaning of Code Section 10131(d), whereby lenders and borrowers were solicited for loans secured directly or collaterally by liens on real property, wherein such loans were arranged, negotiated, processed, and consummated on behalf of others for compensation or in expectation of compensation and for fees often collected in advance.

/

/

/

/

/



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95  28391

VIII

On January 24, 1997, the Department completed a field audit examination of the books and records pertaining to the activities of CDI described in Paragraph VII, above, beginning on August 7, 1996, and ending on November 29, 1996, which revealed violations of the Code and the Regulations as set forth in the following paragraphs.

IX

In connection with the aforesaid real estate activities described in Paragraph VII, CDI and WARD, accepted or received funds in trust (trust funds) from or on behalf of borrowers and lenders and thereafter made disbursements of such funds including credit reports, appraisals and loan processing fees.  Respondents maintained the following trust accounts into which they deposited certain of these funds:

"Loan Purchase Trust Account (T/A #1)
Account No. ████████"
Bank of America
South Coast Center Dr.
P.O. Box 60049

"Citifed Diversified Trust Account (T/A #2)
Account No. ████████"
Bank of America
South Coast Center Dr.
P.O. Box 60049

"Title I Trust Account (T/A #3)
Account No. ████████"
Bank of America
South Coast Center Dr.
P.O. Box 60049

X

With respect to the trust funds referred to in Paragraph IX, CDI and WARD:

(a)  Failed to maintain T/A #1 and T/A #3 in the name of the broker, as required by former Regulation 2830 now Regulation 2832;

(b)  Failed to maintain a separate record for each beneficiary or transaction, thereby failing to account for all trust funds received, deposited, and disbursed by the trust accounts, as required by Regulation 2831.1;

(c)  Failed to perform a monthly reconciliation of the balance of all separate beneficiary or transaction records maintained pursuant to Regulation 2831.1 with the record of all trust funds received and disbursed by T/A #2, as required by Regulation 2831 and in the manner required by Regulation 2831.2;

(d)  Commingled CDI' funds with trust funds in T/A #2, in the amount of $11,954.06 TO $21,007.06, by failing to disburse all broker owned funds in the trust account within twenty-five (25) days of deposit, in violation of Section 10176(e) and Regulation 2835;

(e)  Failed to place credit report and appraisal fees, accepted on behalf of another into the hands of the owner of the funds, into a neutral escrow depository or into a trust fund account in the name of the broker as trustee at a bank or other financial institution not later than three business days following receipt of the funds by the broker or by the broker's salesperson, as required by Section 2832 of the Regulations; and

1         (f)   Permitted an unlicensed person who was

2  insufficiently bonded, Deborah McCarron, to be an authorized

3  signatory on the trust account, in violation of Section 2834 of

4  the Regulations.

5                      XI

6       The conduct of respondents CDI and WARD, described in

7  Paragraph X, above, violated the Code and the Regulations as set

8  forth below:

9       PARAGRAPH              PROVISIONS VIOLATED

10      X(a)             Section 10145 & 10159.2 of the Code, and

11                      Section 2832 of the Regulations

12

13      X(b)             Section 10145 & 10159.2 of the Code, and

14                      Section 2831 of the Regulations

15

16      X(c)             Section 10145 & 10159.2 of the Code, and

17                      Section 2831.1 of the Regulations

18

19      X(d)             Section 10145 & 10159.2 of the Code, and

20                      Section 2831.2 of the Regulations

21

22      X(e)             Section 10176(e) of the Code, and

23                      Section 2835 of the Regulations

24

25      X(f)             Section 10145 & 10159.2 of the Code, and

26                      Section 2834 of the Regulations

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95  28391

1   Each of the foregoing violations separately constitutes cause for

2   the suspension or revocation of the real estate licenses and

3   license rights of respondents CDI and WARD under the provisions of

4   Section 10177(d) of the Code.

5                                    XII

6          The audit examination further revealed that respondent

7   CDI used the fictitious name of "Cartel Diversified, Inc." to

8   conduct residential resale and mortgage loan activities on behalf

9   of CDI without holding a license bearing said fictitious business

10  name.  The conduct of respondent CDI, in failing to obtain

11  licenses for use of the aforesaid name, is in violation of

12  Regulation 2731 and is cause to suspend or revoke respondent's

13  real estate license and license rights under Section 10177(d) of

14  the Code.

15                            Prior Discipline

16                                   XIII

17          On May 18, 1995, in Case No. H-2035 SA, an Accusation

18  was filed against respondent CDI, under its former corporate name

19  of Canyon Springs Financial, a corporation, that resulted in a

20  suspension stayed that became effective August 6, 1996, for said

21  respondent for violations of Sections 10145 and 10240 of the

22  California Business and Professions Code and Sections 2726, 2830,

23  2831 and 2831.2 of Title 10, Chapter 6, California Code of

24  Regulations.

25                                    /

26                                    /

27                                    /



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95  28391

1   WHEREFORE, Complainant prays that a hearing be conducted

2   on the allegations made by the accusation, and, that upon proof

3   thereof, a decision be rendered imposing disciplinary action

4   against the license and license rights of against CITIFED

5   DIVERSIFIED, INC., and DARLENE SUE WARD, individually and as

6   designated officer of Citifed Diversified, Inc., under the Real

7   Estate Law (Part 1 of Division 4 of the Business and Professions

8   Code) and for such other and further relief as may be proper under

9   other applicable provisions of law.

10  Dated at Los Angeles, California

11  this 19th day of August, 1997.

12

13                          THOMAS MC CRADY

14                          Deputy Real Estate Commissioner

15

16

17

18

19

20

21

22

23

24

25  cc:  Citifed Diversified, Inc.
        c/o Darlene S. Ward, D.O.
26      Sacto.
        DB
27



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95  26391

1 MARY ANN SMITH
  Deputy Commissioner
2 SEAN ROONEY
  Assistant Chief Counsel
3 JUDY L. HARTLEY (CA BAR NO. 110628)
  Senior Corporations Counsel
4 Department of Business Oversight
  320 West 4th Street, Ste. 750
5 Los Angeles, California 90013-2344
  Telephone: (213) 576-7604  Fax: (213) 576-7181
6
  Attorneys for Complainant
7

8                 BEFORE THE DEPARTMENT OF BUSINESS OVERSIGHT

9                           OF THE STATE OF CALIFORNIA

10

11 In the Matter of the Petition for Reinstatement    )   FileNo.: 603-A620
   of:                                                )
12                                                     )   ORDER DENYING PETITION FOR
   SEAN ROBERTS aka SEAN R. ROBERTS                   )   REINSTATEMENT
13                                                     )   (CaliforniaGovernment  Code section 11522)
                                                       )
14                                                     )
                                                       )
15                                                     )
                                                       )
16                                                     )
                                                       )
17                                                     )
                                                       )
18 _____)

19      TO:    Jeffrey A. Katz, Esq.
20             Republic Consumer Law Group LLP
               675 Anton Blvd., Suite 300
21             Costa Mesa, California92626

22             KAMALA D. HARRIS
23             ATTORNEY GENERAL, STATE OF CALIFORNIA
               Department of Justice
24             P.O. Box 944255
               Sacramento, California 94244-2550
25

26
        Petitioner, Sean R. Roberts ("Roberts,") having filed a petition for reinstatement regarding
27
   the August 26, 2009 order barring Roberts from any position of employment, management or control
28
   of any finance lender and/or broker brought by the Commissioner of Business Oversight formerly

State of California – Department of Business Oversight

1  known as the California Corporations Commissioner ("Commissioner") entitled <u>In the Matter of the</u>

2  <u>Accusation of the California Corporations Commissioner v. Charles T. Christiansen, Rooven Akiba,</u>

3  <u>and Sean R. Roberts</u>; the petition and further arguments having been considered, this agency finds

4  that:

5        Roberts is not entitled to reinstatement of employment, management or control of a finance

6  lender and/or broker for the following reasons:

7        1.      Roberts' history in the lending arena discloses that Roberts is not fit to be employed

8  by or manage or control a finance lender and/or broker.

9              (a)  As the owner and president of Instafi.com ("Instafi"), a former finance lender

10  licensee of the Commissioner, Roberts, in December 2003, abruptly closed the business with over

11  200 loans in progress.  The finance lender license was later revoked by the Commissioner on

12  November 16, 2004 based upon the failure of Instafi to timely submit information to the

13  Commissioner, which information was necessary to protect consumers and adequately address

14  concerns regarding Instafi.com's abrupt closure.  Instafi also had its license with the Department of

15  Real Estate ("DRE") revoked on September 29, 2005.  To date, Instafi has never properly been

16  wound down as the company's status with the California Secretary of State is "suspended".

17              (b)  FiVanta Funding Corp., formerly known as Champions Group Equity Lending

18  ("FiVanta") was a finance lender licensee of the Commissioner from November 29, 2004 through

19  April 9, 2008 when its license was revoked by the Commissioner for failing to maintain a surety

20  bond.  During Roberts' known tenure with FiVanta; March 16, 2008 through at least February 17,

21  2009, Roberts not only failed to immediately notify the Commissioner that he was an officer and

22  director of FiVanta, as required by Financial Code section 22108 and California Code of

23  Regulations, title 10, section 1422, but additionally, on behalf of FiVanta, engaged in false

24  advertising through mailers and an advertising campaign with KNX radio still running in January

25  2009 describing FiVanta as a finance lender licensed by the Commissioner despite such license

26  having been revoked back in April 2008.  FiVanta's current status with the California Secretary of

27  State is also "suspended".

28

State of California – Department of Business Oversight

1    Roberts' comparison of his situation with that of Rooven Akiba ("Akiba") regarding

2  FiVanta is misplaced.  The Administrative Law Judge's finding that the Commissioner failed to

3  establish that Akiba possessed the responsibility for maintaining the current list of officers and

4  directors was based upon an underlying finding that the Commissioner failed to establish that Akiba

5  was an officer of FiVanta.  Moreover, the allegations against Akiba were limited to failure to report

6  new officers.

7    (c)    On January 7, 2009, Roberts doing business as Debt Barters, Inc. was ordered

8  by the DRE to desist and refrain from unlicensed real brokerage activity by "engaging in a business,

9  for or in expectation of compensation or an advance fee, that solicited or offered to provide loan

10  modification, re-finance of a loan, or short-sale negotiation services to consumers".  Debt Barter,

11  Inc.'s current status with the California Secretary of State is also "suspended".

12    2.    The petition does not indicate that Roberts has undertaken any educational training

13  whatsoever in the area of mortgage lending, which could have benefitted him in a rehabilitation

14  process or otherwise demonstrated that he possesses the technical skills or knowledge of the policies,

15  procedures, and controls necessary to competently be employed, manage and/or control a finance

16  lender and/or broker and ensure that the same problems did not recur in the future.  This is

17  particularly true given the substantial changes that have occurred to state and federal laws since

18  Roberts last worked in the industry.

19    3.    In the area of rehabilitation, Roberts submits documentation in support of his claims

20  of charitable activity.  However, none of those documents disclose his personal participation in such

21  charitable activities.  Nonetheless, while engaging in charitable activity is to be admired and

22  encouraged, it bears little on general fitness to be employed, manage or control a finance lender

23  and/or broker.

24    WHEREFORE, IT IS ORDERED that the Petition be denied.

25  Dated: July 16, 2013                    JAN LYNN OWEN
       Los Angeles, Ca                     Commissioner of Business Oversight
26

27                                         By_____
                                              Mary Ann Smith
28                                            Deputy Commissioner
                                              Enforcement Division

-3-

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

2nd Judicial District of Florida in Leon County

Civil Division

|  |  |
|---|---|
| David Sidney Potter ) | Case No. 2021 CA 000401 |
| _____ ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* ) | |
| *If the names of all the plaintiffs cannot fit in the space above,* ) | Jury Trial: *(check one)* ☒ Yes ☐ No |
| *please write "see attached" in the space and attach an additional* ) | |
| *page with the full list of names.)* ) | |
| **-v-** ) | |
| ) | |
| Rooven Akiba, Ryan Marier, James Pate, ) | |
| Leanne Keegan, Secure One Capital Corporation, ) | |
| Paychex Insurance, Inc, Greg Gehris ) | |
| _____ ) | |
| *Defendant(s)* ) | |
| *(Write the full name of each defendant who is being sued. If the* ) | |
| *names of all the defendants cannot fit in the space above, please* ) | |
| *write "see attached" in the space and attach an additional page* ) | |
| *with the full list of names.)* ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I.      **The Parties to This Complaint**

   A.      **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | Name | D. Sidney Potter |
   |---|---|
   | Street Address | P.O. Box 287 |
   | City and County | Pasadena |
   | State and Zip Code | CA 91102 |
   | Telephone Number | 818-298-4388 |
   | E-mail Address | dsidneypotter@potterequities.com |

   B.      **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Rooven Akiba |
| Job or Title *(if known)* | Owner |
| Street Address | 1000 Sea Lane |
| City and County | Corona Del Mar |
| State and Zip Code | CA 92625 |
| Telephone Number | (949) 337-4700 |
| E-mail Address *(if known)* | akibar@secureonecapital.com |

Defendant No. 2

| | |
|---|---|
| Name | Ryan Marier |
| Job or Title *(if known)* | COO |
| Street Address | 6214 Topiary Street |
| City and County | Carlsbad |
| State and Zip Code | CA 92009 |
| Telephone Number | 714-608-1558 |
| E-mail Address *(if known)* | ryanm@secureonecapital.com |

Defendant No. 3

| | |
|---|---|
| Name | James Pate |
| Job or Title *(if known)* | CEO |
| Street Address | 805 Delaware Street |
| City and County | Huntington Beach |
| State and Zip Code | CA 92648 |
| Telephone Number | (949) 337-4700 |
| E-mail Address *(if known)* | jimp@secureonecapital.com |

Defendant No. 4

| | |
|---|---|
| Name | Leanne Keegan (et al: Secure One Capital, Paychex, Greg Gehris) |
| Job or Title *(if known)* | Underwriting Manager |
| Street Address | 1 Calle Estribo |
| City and County | Rancho Santa Margarita |
| State and Zip Code | CA |
| Telephone Number | (949) 337-4700 |
| E-mail Address *(if known)* | leannek@secureonecapital.com |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**C.**     **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Secure One Capital Corporation |
| Street Address | 555 Anton Blvd #900 |
| City and County | Costa Mesa |
| State and Zip Code | CA 92626 |
| Telephone Number | (949) 337-4700 |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒     Other federal law *(specify the federal law)*:

Affordable Care Act, Dodd-Frank Act

☒     Relevant state law *(specify, if known)*:

Florida

☐     Relevant city or county law *(specify, if known)*:

### III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

  *(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)
2/26/2021

C.   I believe that defendant(s) *(check one)*:

- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☒ age *(year of birth)* 1964   *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

  _____

E.   The facts of my case are as follows.  Attach additional pages if needed.

Terminated because of age. Retaliation for making inquiry into health insurance as mandated by ACA.

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

B.      The Equal Employment Opportunity Commission *(check one)*:

☐      has not issued a Notice of Right to Sue letter.

☐      issued a Notice of Right to Sue letter, which I received on *(date)* _____ .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐      60 days or more have elapsed.

☐      less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff still perserves right to sue based on other torts committed by Defendants irrespective of when EEOC claim is filed.

VI.    **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    2/27/2021

Signature of Plaintiff    / D. Sidney Potter /
Printed Name of Plaintiff    D. Sidney Potter

B.    **For Attorneys**

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

for the

2nd Judicial District of Florida in Leon County

Civil Division

|  |  |
|---|---|
| David Sidney Potter<br><br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br><br>-v-<br><br>Rooven Akiba, Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance, Inc, Greg Gehris<br><br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. ___2021 CA 000401 (Addendum)___<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | D. Sidney Potter |
| Street Address | P.O. Box 287 |
| City and County | Pasadena |
| State and Zip Code | CA 91102 |
| Telephone Number | 818-298-4388 |
| E-mail Address | dsidneypotter@potterequities.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**Defendant No. 1**

| | |
|---|---|
| Name | Secure One Capital Corporation (Defendnant 5) |
| Job or Title *(if known)* | Attention: Ronald Morrison / Legal Department |
| Street Address | 2301 Dupont Drive, Suite 300 |
| City and County | Irvine |
| State and Zip Code | CA 92612 |
| Telephone Number | (949) 475-9200 |
| E-mail Address *(if known)* | rmmorrison@ww.law.com |

**Defendant No. 2**

| | |
|---|---|
| Name | Paychex Insurance Agency, Inc. (Defendnant 6) |
| Job or Title *(if known)* | Attenetion: Legal Department |
| Street Address | 1535 Scenic Ave. #100 |
| City and County | Costa Mesa |
| State and Zip Code | CA 92626 |
| Telephone Number | (714) 434-9100 |
| E-mail Address *(if known)* | legal@paychex.com |

**Defendant No. 3**

| | |
|---|---|
| Name | Greg Gehris (Defendant 7) |
| Job or Title *(if known)* | Sales Agent (Paychex Insurance Agency, Inc.) |
| Street Address | 1535 Scenic Ave. #100 |
| City and County | Costa Mesa |
| State and Zip Code | CA 92626 |
| Telephone Number | (714) 906-4734 |
| E-mail Address *(if known)* | ggehris@paychex.com |

**Defendant No. 4**

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C.   Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Secure One Capital Corporation |
| Street Address | 555 Anton Blvd #900 |
| City and County | Costa Mesa |
| State and Zip Code | CA 92626 |
| Telephone Number | (949) 337-4700 |

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒   Other federal law *(specify the federal law)*:

Affordable Care Act, Dodd-Frank Act

☒   Relevant state law *(specify, if known)*:

Florida

☐   Relevant city or county law *(specify, if known)*:

## III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☒    Termination of my employment.

☐    Failure to promote me.

☐    Failure to accommodate my disability.

☒    Unequal terms and conditions of my employment.

☒    Retaliation.

☐    Other acts *(specify)*: _____

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

2/26/2021

C.    I believe that defendant(s) *(check one)*:

☒    is/are still committing these acts against me.

☐    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race    _____

☐    color    _____

☐    gender/sex    _____

☐    religion    _____

☐    national origin    _____

☒    age *(year of birth)*    1964    *(only when asserting a claim of age discrimination.)*

☐    disability or perceived disability *(specify disability)*

_____

E.    The facts of my case are as follows.  Attach additional pages if needed.

Terminated because of age. Retaliation for making inquiry into health insurance as mandated by ACA.

_____

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.      It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

_____

B.      The Equal Employment Opportunity Commission *(check one)*:

☐        has not issued a Notice of Right to Sue letter.

☐        issued a Notice of Right to Sue letter, which I received on *(date)* _____ .

        *(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.      Only litigants alleging age discrimination must answer this question.

        Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐        60 days or more have elapsed.

☐        less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff still perserves right to sue based on other torts committed by Defendants irrespective of when EEOC claim is filed.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          2/27/2021

Signature of Plaintiff      / D. Sidney Potter /

Printed Name of Plaintiff   D. Sidney Potter

### B.   For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL DISTRICT, IN AND FOR
LEON COUNTY, FLORIDA

David Sidney Potter,

   Plaintiff

  vs.

Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
Greg Gehris

   Defendants

**AMENDED**
(Non-Payment of $15,000 Signing Bonus)
**COMPLAINT AND JURY DEMAND**
Leon County
Case No. 2021 CA 000401

**CAUSES OF ACTIONS:**

**COUNT 1: FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy Against All Defendants)**
**COUNT 2: SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)**
**COUNT 3: THIRD CAUSE OF ACTION (Age Discrimination)**
**COUNT 4: FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)**
**COUNT 5: FIFTH CAUSE OF ACTION (Violation of The Consumer Financial Protection Act)**
**COUNT 6: SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)**
**COUNT 7: SEVENTH CAUSE OF ACTION (Non-Payment of $15,000 Signing Bonus)**

D. Sidney Potter vs. Secure One Capital Corporation, et al.

Page 1

# TABLE OF CONTENTS

I. THE NATURE OF THE ACTION..............................................................3

II. PARTIES...........................................................................................6

III. JURISDICTION AND VENUE...............................................................7

IV. FACTUAL ALLEGATIONS..................................................................7

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES.................................9

VI. ARGUMENT

    FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy Against All Defendants)...................................................................10

    SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)........11

    THIRD CAUSE OF ACTION (Age Discrimination)......................................12

    FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)..........14

    FIFTH CAUSE OF ACTION (Violation of the Consumer Financial Protection Act).15

    SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)................15

    SEVENTH CAUSE OF ACTION (Non-Payment of $15,000 Signing Bonus).........17

VII. PRAYER FOR RELIEF.....................................................................17

VIII. DEMAND FOR JURY TRIAL............................................................18

IX. EXHIBITS......................................................................................20

**\*\*\*\*\*\*\*\*\*\*\* False Claims Act & Qui Tam \*\*\*\*\*\*\*\*\*\*\***

Notice is hereby given that Plaintiff reserves the right to further his claim against said Defendants in the False Claims Act and Que Tam. The absence of such claim in this subject litigation does not preclude Plaintiff from exercising such right. False Claims Act is 31 U.S.C. Sections 3729-3733.

Plaintiff D. Sidney Potter alleges as follows:

## THE NATURE OF THE ACTION

1.      The case involves the wrongful termination of D. Sidney Potter by Secure One Capital Corporation, (herein known as SECURE ONE), a mortgage lender that is regionally based in Loxahatchee, FL (as the registered location); and Paychex Insurance Agency, Inc., an accessory Defendant to the termination (herein known as PAYCHEX), regionally based in Sarasota, FL.  The employee, D. Sidney Potter (herein known as Potter), who would be entitled to different protections as a contractor, was hired and started as an employee with SECURE ONE on July 13, 2020 from their California office at 555 Anton Blvd, Costa Mesa, CA 92626, and was subsequently fired February 26, 2021. Mr. Potter accepted employment from SECURE ONE while in Florida (see Exhibits for State of Florida identification card), and subsequently worked in North Carolina while under the employ of SECURE ONE.  Mr. Potter has never been to the offices of SECURE ONE in California. For purposes of jurisdiction, Florida law and statue dominates this case; procedurally and legally, in terms of personal justification and venue, and legal jurisdiction. All counties are applicable, since SECURE ONE and PAYCHEX operate all.

2.      The Plaintiff, D. Sidney Potter, is an experienced mortgage operations consultant who has worked on dozens of projects over a 13-year period for an inordinate number of banks, finance companies, and mortgage analytics firms.  Some of the companies include the following: GE Money, IndyMac, Ameriquest, Bank of America, Countrywide, Merrill Lynch, Bank One, Washington Mutual and Wells Fargo.  Along with those latter named Fortune 500 companies, Potter has worked with Big Six consulting firms, such as Arthur Andersen, Accenture, Deloitte & Touché, Cognizant and Ernst & Young.  In terms of project locations, they include Boston, Jacksonville, Charlotte, Minneapolis, Dallas, San Francisco, Phoenix, Detroit and Los Angeles.

In addition to whom and where Potter has worked, he has primarily been engaged in several capacities when on site as a mortgage operations consultant. Those mortgage operation "hats" include the role of a mortgage underwriter, repurchase analyst, due diligence processer, quality control auditor and as a mortgage analyst. In his various roles, it has been necessary to achieve certification and authorization designations in order to perform certain functions, such as that of an underwriter. Over a 13-year period, it is estimated that Potter has taken hundreds of assessments and continuing education courses at the various banks he has worked during his role as a mortgage operations consultant.

3. The Plaintiff, D. Sidney Potter is a published author and writes for several well-known online periodicals, such as The Huffington Post, CNN (iReports), Politico, Inman and CounterPunch. He is considered a subject matter expert (SME) in the mortgage and real estate industry. Some of his work includes on camera talent for "how to" instruction videos in real estate and mortgages for Demand Studies. In 2011, he was named "Person of the Week" from Mortgage Orb Magazine, in addition to being quoted directly via other online periodicals, and subsequently in 2017, was mentioned as a person to watch in Inman Real Estate magazine for his prowess in real estate and his Jack Kerouac like travels as a journeyman writer.

4. The Plaintiff, D. Sidney Potter, successfully passed the preliminary test cases administrated verbally by SECURE ONE precedent to employment. The Defendant, SECURE ONE choose to rely on these preliminary assessments to hire Potter as an Underwriter.

5. As a result of SECURE ONE's wrongful termination of Potter's employment on February 26, 2021, and despite employment being conveyed as "guaranteed" and continually – unless otherwise stated for the next 10 years as expressed by SECURE ONE, the following employees of SECURE ONE and the accessory defendant PAYCHEX: Rooven Akiba (Primary

Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, are apart of this legal complaint via the legal theory of Respondeat Superior.  It is worth noting that SECURE ONE and PAYCHEX will be sued in a companion lawsuit as a result of the unlawful conduct of additional employees not herein named as Defendants, wherein Potter has suffered serious economic harm as a result of discriminatory treatment and wrongful termination.

6.      In particular, a formal job discrimination complaint with the EEOC will be filed in the Tampa, Florida within the next 60 days and be made apart of this compliant.

7.      This lawsuit seeks to redress the harm suffered by Potter and shed light on the discriminatory employment practices that have pervaded SECURE ONE throughout Potter's tenure while employed.

8.      Defendants had no right to terminate Potter's employment at SECURE ONE under these circumstances, and Defendants wrongful and tortuous conduct has resulted in damage to Potter in an amount as-of-yet undetermined.  More specifically, this lawsuit seeks an as-of-yet undetermined amount of money and to force both companies to implement safeguards to prevent financial harm to its customers; in addition that other non-Whistleblower claims to be substantially punitive in terms of damages and to be determined by a jury of Potter's peers and/or a bench decision by this Court. In terms of Whistleblower damages, refer to the Florida Whistleblower Act and the Consumer Financial Protection Act for compensatory damages and injunctive relief contained herein. In addition, SECURE ONE has not fully redressed allegations of predatory lending as to the 'benefit to borrower' criteria as established by The Dodd-Frank Act of 2010.

**PARTIES**

9.      Plaintiff, D. Sidney Potter ("Potter" or "Plaintiff") is, and at all relevant times was, an individual working as a mortgage operations consultant based in California and North Carolina, whilst conducting business under his sole proprietorship entitled Potter Equities.  For the work performed for SECURE ONE, the Plaintiff was temporally in the State of North Carolina, and maintains ties to Florida as evidenced with his current State of Florida identification.  Employment laws in North Carolina are applicable to the case at hand. The second venue is California, wherein the Plaintiff may file in Los Angeles County.

10.      Plaintiff is informed and believes and based thereon alleges that Defendant, SECURE ONE, is, and at all relevant times was, a corporation that conducts business, and is organized and existing under the laws of the State of Florida, doing business in the County of Leon, State of Florida. SECURE ONE is registered with the Florida Office of Financial Regulation, 200 E. Gaines Street, Tallahassee, FL 32399.  The company identification is MLDB: 12273, in addition that employee Ryan Marier maintains an NMLS license of LO032715. The registrant for SECURE ONE is InCorp Services, Inc, located at 17888 67th Court North, Loxahatchee, FL 33470.  Despite popular claims, SECURE ONE was established in 2011, not 1995, some 25+ years ago, as has been suggested.  (see Exhibits with date of incorporation, and attached Articles of Incorporation).

11.      Plaintiff is informed and believes and based thereon alleges that Defendant, PAYCHEX, is, and at all relevant times was, a corporation that conducts business, and is organized doing business in the County of Leon, State of Florida.  The address of record for PAYCHEX is 2817 Cattlemen Road, Suite 2817, Sarasota, FL 34232.

12.      Plaintiff is informed and believes, and based thereon alleges, that each Defendant;

and the following employees of SECURE ONE and PAYCHEX: Rooven Akiba (Primary Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, at all times mentioned in this complaint was the agent, employee, partner, joint venturer, co-conspirator, and/or employer of the other Defendants and was at all times herein mentioned acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture.  Plaintiff is further informed and believes, and thereon alleges, that the acts and conduct herein alleged of each Defendant was known to, authorized by and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

13.     Jurisdiction and venue are proper in this Court because, SECURE ONE, incorporated in the State of Florida, with MLDB ID: 12273, conducts business in the State of Florida; and PAYCHEX, conducts business in the State of Florida, under its corporate parent, Paychex, Inc., (NASDAQ: PAYX) is registered with the Florida Division of Corporations.

14.     The Plaintiff, D. Sidney Potter accepted employment and executed an employment agreement on July 13, 2020 with SECURE ONE for the purpose of performing work for SECURE ONE, emanating from conversations whilst in the State of Florida.

15.     The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

16.     As noted earlier, the employee, D. Sidney Potter, successfully passed training as verbally administered by SECURE ONE employee Ryan Marier. The employer, SECURE ONE, authorized said training.

Page 7

17.     As a result of the success of the training, Potter was offered a position with SECURE ONE.

18.     Companies enjoy a strong degree of discretion to 'fire and hire' mortgage employees at their whim – and do so with an alarming zest.  Potter has witnessed this dysfunctional behavior firsthand and understands – however morally and ethically wrong, that there are few if no repercussions for employers who engage in this quasi "white collar" ethnic cleansing.  Potter is also cognizantly aware that these very same employers cannot fire an employee based on a charge of wrongful termination and/or discriminatory nature.  The Defendants are liable for this breach of American jurisprudence, in that they have skirted the law under the pretext of ending Potter's assignment under the guise that as an "employee-at-will" he was fireable at any moment, when infact they are guilty of breaking the law by willfully committing an unlawful termination.  In part, it is "what they do".

19.     To be brief, the employee, D. Sidney Potter, had his position eliminated – in part because of a subjective bias in his performance competencies, wherein his competency was at or above the requisite level.  A statistical analysis will prove this fact.  This is against the law, and as a result, SECURE ONE will have to reimburse Potter for his economic loss.

**20.     Furthermore, the employee, D. Sidney Potter, had his position eliminated because he notified in writing to two employees in human resources of SECURE ONE on three separate occasions, the first in August 2020, January 2021, and more specifically on February 26, 2021, of their failure to properly initiate company mandated healthcare as required by law.  In particular, when Mr. Potter informed SECURE ONE by email of incorrect coverage from Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage**

Page 8

was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated.  **This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation.  State and federal law has been broken as a result of these tortious acts that have caused economic harm to the Plaintiff.**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.     Not all wrongful discharge claims are discrimination-based. If an employee is given a contract of employment, either expressly or impliedly and/or verbally, and is terminated before the expiration of, and in violation of, under that contract he or she is entitled to bring a claim for wrongful discharge and breach of employment contract.  **As such, the claim brought by Plaintiff is not subject to exhaustive remedies, per EEOC, but will be filed within 60 days**.

22.     SECURE ONE, a mortgage lender company of approximately 100 employees that hires mortgage banking professionals, like the Plaintiff, for mortgage operations work, will try to suggest that the email from SECURE ONE, dated February 26, 2021, somehow acts as a release against any and all future claims against SECURE ONE.  And that the employment agreement signed shortly before the commencement of work on July 13, 2020 nullifies any post-employment legal claims, is wholly inaccurate and supercilious   And even if SECURE ONE tried to suggest that Potter was precluded from suing them directly for any and all reasons under the sun, SECURE ONE cannot succeed on this frivolous claim and Mickey Mouse assertion. The courts have long frowned upon blanket assertions of unsubstantiated claims and any other similar facsimile or quasi agreement (i.e., Arbitration/AAA), which are drafted, amended and submitted by employers to employees in a non-arm's length capacity; as an all-inclusive defense and/or an attempt to absolve them of any future litigation.  The litigation at hand against all

Defendants is predicated upon its own merits, and is not subject to an inapplicable email, letter or agreement, but rather the allegations presented thereon will be subject to the reasoning of the trier of fact, either from the bench or by jury trial, that will adjudicate in part and/or in full on behalf of the aggrieved party, that being the Plaintiff himself.

## FIRST CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against All Defendants)

23.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

24.     Potter's employment with SECURE ONE was terminated by Defendants in violation of fundamental public policy of the State of Florida since he was wrongly terminated based on Whistleblowing activity and as a result of his entire test assessments falsely alleged of not being substantially above what other underwriters at this SECURE ONE mortgage unit have performed at.  This by any other name is discriminatory.  Holding the Plaintiff to a higher standard not required by other employees is clearly a violation of Plaintiffs' rights.

25.     As set forth above, the actions and conduct of Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of Florida, the State of California, and the State of North Carolina, as reflected in their respective laws objectives and policies.

26.     More specifically, SECURE ONE terminated Potter's employment in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including but not limited to Const. Art. I section 8.

27.    In committing the foregoing acts, SECURE ONE is guilty of oppression, fraud, and/or malice under Florida Civil Code section 3294, thereby entitling Potter to punitive damages in a sum appropriate to punish and make an example out of SECURE ONE.

28.    As a direct and proximate result of the Defendants' conduct, Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trail.

29.    Potter is informed and believes and based thereon alleges that the above-described conduct of Defendants was willful and intentional and done with malice, fraud and oppression, and constitutes despicable conduct in conscious and reckless disregard of Potter's rights and interest, such that the conduct warrants the imposition of punitive damages in a sum appropriate to punish Defendants, and each of them, and to deter Defendants from engaging in future similar misconduct, the exact sum subject to proof at the time of trial.

30.    Potter has been damaged in an amount within the jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

31.    Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

32.    Defendants anticipatorily repudiate and materially breached the Implied Covenant of Good Faith, the implied employment agreement, and the verbal agreement (herein all three elements referred to as Agreement), that Potter accepted before commencing work for the named Defendants to perform the duties of the job.

Page 11

33.     Potter has performed all conditions, covenants and promises required pursuant to the terms of the Agreement, except to the extent such performance was waived executed or prevented by reason of the acts or omissions of Defendants.

34.     As a direct and proximate result of the anticipatory and material breach and the conspiratorial conduct by both Defendants as it relates to a breach of the Affordable Care Act in the deliverance of health care; wherein each party subverted their fiduciary responsibility to the Plaintiff; and as such Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trial.

35.     Potter is also entitled to an award of his reasonable lawyer's fees and costs pursuant to Florida Civil Code section 1717, wherein Potter anticipates that he will hire legal representation for this case in the near future.

## THIRD CAUSE OF ACTION

### (Age Discrimination)

36.     The Plaintiff has been treated differently than similarly situated employees by Defendants in the terms and conditions of his employment because of his age, and professional responsibilities.

37.     Defendants engaged in illegal discrimination against the Plaintiff because of his age, as validated by the hire practices of the SECURE ONE.

38.     Defendants have engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

39.     Defendants' conduct violates Title VII and The Age Discrimination in Employment Act of 1967.

40.     No later than March 15th, 2021, the Plaintiff will have filed a timely Charge of Discrimination against SECURE ONE, alleging age discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX will be attached to an amended complaint and will be filed at the EEOC office at 501 E. Polk St, Suite 1000, Tampa, FL 33602. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

41.     As of and no later than March 31st, 2021, the Plaintiff will file a timely Charge of Discrimination against SECURE ONE alleging any additional charges as deemed necessary after conferring with legal counsel, with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX, will be attached to an amended complaint and will be filed at the EEOC Los Angeles office, located at 255 E Temple St, Los Angeles, CA 90012. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

42.     The Plaintiff will have satisfied all statutory prerequisites for filing this action.

43.     Defendants' discriminatory conduct, in violation of Title VII and The Age Discrimination in Employment Act of 1967, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

44.     Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

45.     Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a, with a true and accurate copy of the both EEOC Charges of Discrimination. Notwithstanding the EEOC filing, Plaintiff still asserts his rights in this case in that a federal question is at hand for the Court to determine.

### FOURTH CAUSE OF ACTION

**(Violation of Florida's Whistleblower Act, per Statute 448.102)**

46.     The FWA (Florida Statute Section 448.102) prohibits private-sector employers from retaliating against employees who report employers' legal violations to authorities or who refuse to participate in violations of the law. To prove a prima facie case under the FWA, the plaintiff must establish that:

1.  he or she engaged in statutorily protected expression;

2.  he or she suffered an adverse employment action; and

3.  the adverse employment action was causally linked to the protected activity.

Confusion as to what employees need to show to claim protection under the FWA has persisted since 2015, when a Florida appellate court, unlike another court, held that the employee must show an actual violation of the law. *Kearns v. Farmer Acquisition Co. d/b/a Charlotte Honda*, 157 So.3d 458 (Fla. 2d DCA 2015). Another Florida appellate court had held two years earlier that an employee need only show that he or she had a good-faith belief a violation occurred when claiming protection under the law. *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

47.     Since *Aery*, Florida's federal district courts have adopted the good-faith belief standard, concluding that *Kearns* did not directly conflict with *Aery*, and that *Aery* was the law of

Page 14

the state. Under the good-faith belief standard, if an employee refuses to engage in an activity at work because he or she *mistakenly believed* the activity is illegal, the employee likely will enjoy whistleblower protections from any adverse employment action arising out of not performing his or her job. Critics argue that this frustrates Florida's status as an at-will employment state.

## FIFTH CAUSE OF ACTION

### (Violation of the Consumer Financial Protection Act, per Title X of the Dodd-Frank Act)

48.    The anti-retaliation provision of the Consumer Financial Protection Act provides a cause of action for corporate whistleblowers who suffer retaliation for raising concerns about potential violations of rules or regulations of the Consumer Financial Protection Bureau.  In addition, the CFPA whistleblower law proscribes a broad range of adverse employment actions, including terminating, "intimidating, threatening, restraining, coercing, blacklisting or disciplining, any covered employee or any authorized representative of covered employees" because of the employee's protected whistleblowing.

## SIXTH CAUSE OF ACTION

### (Violation of the Affordable Care Act)

49.    As notated early, when Mr. Potter informed SECURE ONE by email of incorrect and non-existent coverage for Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated.  This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation.  Both the email and voicemail have been saved electronically and by MP4 audio clip.  Further discovery shortly after the initial email and

subsequent phone call(s) will evidence correspondence between the Defendants regarding the unlawful termination.

50.    It was PAYCHEX's willful disregard of the fiduciary well-being to Mr. Potter, that makes this a like-type violation of the Hippocratic oath and its conspiratorial conduct with SECURE ONE that lead to the termination of Plaintiff.  More specifically, Mr. Potter made an inquiry to employee Greg Gehris of PAYCHEX, that the plan he choose was not correct and that several attempts to remedy the negligence of PAYCHEX had been attempted over the past month, but to no avail. For over a month, the Plaintiff had no coverage. As a result of Plaintiff's right to make a change to his health plan as mandated by the Affordable Care Act, both Defendants took it upon themselves to consider the termination for the Plaintiff as a solution, rather than address their act of professional negligence, which if done as proscribed by law, would have been, to select the correct plan.  Instead, without moral conscious and erudition, Mr. Potter was promptly fired 43 minutes later in relation for exercising his constitutional rights; in addition to his rights as covered by the Affordable Care Act.  Common violations employers have committed: https://www.myeibc.com/wp-content/uploads/2015/09/ACA-Violations-Penalties-and-Excise-Taxes_October-2015.pdf

51.    Mr. Potter can answer affirmatively to the three-prong litmus test:

a.    Mr. Potter was engaged in statutorily protected expression;

b.    Mr. Potter was in fact fired as a result of raising concerns to SECURE ONE on violations of law as they relate to the Affordable Care Act and The Dodd-Frank Act; and

c.    Mr. Potters' termination resulted from his expression of protected activity.

Page 16

## SEVENTH CAUSE OF ACTION

### (Non-Payment of $15,000 Signing Bonus)

52.   Either through breach of contract, intentional amnesia or fraud, SECURE ONE did not pay Plaintiff the $15,000 signing bonus that had been promised to him before commencing employment. Discussions with the following employees: Ryan Marier, Leanne Keegan, Walter Mar and Bill Richardson will recordate and validate the $15,000 signing bonus. Exhibits contained herein authenticate SECURE ONE's advertisements of bonus; before, during, and after the hiring of Plaintiff, in addition to online evidence of SECURE ONE's obfuscation of said promises to pay bonus money to employees, and then the subsequent breach of said commitments, in addition to the coercion of SECURE ONE employees from management to post positive reviews of the company on various employment websites.

## PRAYER FOR RELIEF

53.   For general damages, according to proof on each cause of action for which such damages are available.

54.   For special damages, according to proof on each cause of action for which such damages are available.

55.   For compensatory damages, according to proof on each cause of action for which such damages are available.

56.   For punitive damages, according to proof on each cause of action for which such damages are available.

57.   For declaratory and injunctive relief as appropriate.

58.   For reasonable lawyer fees incurred in this action, should the Plaintiff hire a lawyer to handle this litigation.

59.   As proscribed by law per under the Florida's Whistleblower Act for compensatory damages, that include and not limited for emotional distress and mental anguish (Aery, 118 So.3d at 914-15), (Fla. Stat. s. 448.103[2]).

60.   As proscribed by law per under the Consumer Financial Protection Act, a violation results in Defendant liable for punitive, compensatory or special damages, in addition to reinstatement, back pay and front pay in lieu of reinstatement to the Plaintiff. (See §1057. EMPLOYEE PROTECTION of the Consumer Financial Protection Act of 2010).

61.   As proscribed by law per under the Consumer Financial Protection Act, an award of 10% to 30% of the sanctions collected from subject financial institution.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and Florida Jurisdiction §34.01, Potter hereby demands a jury trial on all issues so triable.

Dated:  this 20th of March 2021.

Respectively Submitted,

/ D. Sidney Potter /

_____
D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th of March 2021, a copy of the foregoing was sent via first class mail to:

Defendant Addresses:

_____

Rooven Akiba
[DRE ID: 00350120] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

Page 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBITS

Secure One Capital Employee Review

# Secure One Capital Loan Opener Review - Overworked and underappreciated

**2.0**
★★☆☆☆
October 3, 2020

Loan Opener (Former Employee) - Costa Mesa, CA

Was really excited when first started. Was disappointed when hard work only got me assigned files with problems, was given more work than people who had been there longer than me. Never got any bonuses for any of my hard work.

Ratings by category

3.0 ★ Work/Life Balance        2.0 ★ Management

1.0 ★ Compensation/Benefits    3.0 ★ Culture

1.0 ★ Job Security/Advancement

✓ **Pros**
Free Friday breakfast snacks.

✗ **Cons**
Hard work will be over looked for favorites of upper management.

Was this review helpful?

Yes    No                        ⚑ Report   ⬆ Share

**Sr. Mortgage Underwriter**
Secure One Capital - Costa Mesa, CA

**Apply On Company Site**

Secure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $15k sign-on bonus for this position. Times are not always as busy as they currently are in our industry, so we are also offering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the winning team at Secure One Capital, we are #thescureones

The Best Kept Secret is interviewing again! Come join a team of amazing professionals, truly the best of the best in the industry. With a top tier compensation package, invigorating culture, cash incentives, there is no place you'd rather be. Stop being just a number and start being truly valued and appreciated for all of your strengths. When we hire, we hire for the long term. We have recently been recognized by the BBB by being awarded their Torch Award for Ethics.

We are seeking experienced Conventional & Government Mortgage Underwriters to join our team as full-time employees. This position is located in our Costa Mesa office and can be remote as well. Come work with a lender with more than 25 successful years in the business, where our team members are our most valuable asset

Key responsibilities include but are not limited to:

- Underwrite mortgage loan files for agency compliance and investor guidelines
- Approve or approve with conditions loan submission after careful

**VA SAR/LAPP Underwriter**

Secure One Capital - Costa Mesa, CA

**Apply On Company Site**

Secure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $30k Sign-on Bonus for VA Underwriters. Times are not always as busy as they currently are in our industry, so we are offering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the winning team at Secure One Capital, we are #thescureones

The Best Kept Secret is interviewing again! Come join a team of amazing professionals, truly the best of the best in this industry. With a top tier compensation package, invigorating culture, and cash incentives, there is no place you'd rather be. Stop being just a number and start being truly valued and appreciated for all of your strengths. When we hire, we hire for the long term. We have recently been recognized by the BBB by being awarded their Torch Award for Ethics.

We are seeking experienced VA Underwriters to join our team as full-time employees. This position is located in our Costa Mesa office and can be remote as well. Come work for a lender with more than 25 successful years in the business, where our team members are our most valuable asset

**You must have the following experience/skills:**

- 5+ years of experience underwriting VA, FHA, and Conventional loans

Costa Mesa, CA

For Employers    📇 Post Jobs

| 25 Miles ⌄ | More ⌄ |

📄 Add Your Resume

ecure One Capital 4.2 ★
r. Mortgage Underwriter
osta Mesa, CA

⚡ **Easy Apply**    ♡ Save    • • •



**Rating Highlights**

Compensation & Benefits: 4.1 ★

Culture & Values: 4.4 ★

Career Opportunities: 4.3★

Work/Life Balance: 4.1 ★

**Job & Company Insights**

Job Type: Full-time

Job Function: Underwriter

Industry: Real Estate

Size: 51 to 200 Employees

ob    Company    Rating    Reviews    Benefits

ecure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $15k sign-on
onus for this position. Times are not always as busy as they currently are in our industry, so we are also
ffering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the
vinning team at Secure One Capital, we are #thescureones

For Employers     Post Jobs

| 25 Miles ⌄ | More ⌄ | | Add Your Resume |

ecure One Capital 4.2★
/A SAR/LAPP Underwriter
osta Mesa, CA

⚡ Easy Apply     ♡ Save     ● ● ●

**Rating Highlights**

Compensation & Benefits: 4.1 ★

Culture & Values: 4.4 ★

Career Opportunities: 4.3★

Work/Life Balance: 4.1 ★

**Job & Company Insights**

Job Type: Full-time

Job Function: Underwriter

Industry: Real Estate

Size: 51 to 200 Employees

ob    Company    Rating    Reviews    Benefits

ecure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $30k Sign-n Bonus for VA Underwriters. Times are not always as busy as they currently are in our industry, so we are ffering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the rinning team at Secure One Capital, we are #thescureones

# Sr. Mortgage Underwriter

 Secure One Capital - 3.7 ⭐

📍 Costa Mesa, CA

**Quick Apply**

## Job Details

💼 Full-time                    $  Estimated: $93,000 - $130,000 a year

## Qualifications

Analysis skills      Fair Housing regulations      Communication skills

Underwriting

## Full Job Description

Secure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $15k sign-on bonus for this position. Times are not always as busy as they currently are in our industry, so we are also offering optional weekend work where you can make an extra $3k – $5k on top of your salary! Come join the winning team at Secure One Capital, we are #thescureones

The Best Kept Secret is interviewing again! Come join a team of amazing professionals, truly the best of the best in the industry. With a top tier compensation package,

 **WOW**jobs

**Sr. Mortgage Underwriter**

Secure One Capital - Costa Mesa, CA (5 months ago)

**Apply Now**

Secure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $15k sign-on bonus for this position. Times are not always as busy as they currently are in our industry, so we are also offering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the winning team at Secure One Capital, we are #thescureones

The Best Kept Secret is interviewing again! Come join a team of amazing professionals, truly the best of the best in the industry. With a top tier compensation package, invigorating culture, cash incentives, there is no place you'd rather be. Stop being just a number and start being truly valued and appreciated for all of your strengths. When we hire, we hire for the long term. We have recently been recognized by the BBB by being awarded their Torch Award for Ethics.

We are seeking experienced Conventional & Government Mortgage Underwriters to join our team as full-time employees. This position is located in our Costa Mesa office and can be remote as well. Come work with a lender with more than 25 successful years in the business, where our team members are our most valuable asset.

**Key responsibilities include but are not limited to:**
Underwrite mortgage loan files for agency compliance and investor guidelines
Approve or approve with conditions loan submission after careful consideration and explore possible alternatives before resorting to a suspense or denial.
Assess the risk to the company and our investors to ensure salability of the loan after closing
Re-reviewing files, signing off on conditions, and moving files to clear to close
Work closely with operations staff while identifying opportunities to mentor and coach them increasing their knowledge and efficiency


**VA SAR/LAPP Underwriter**

Secure One Capital - Costa Mesa, CA (5 months ago)



**Apply Now**

Secure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $30k Sign-on Bonus for VA Underwriters. Times are not always as busy as they currently are in our industry, so we are offering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the winning team at Secure One Capital, we are #thescureones

The Best Kept Secret is interviewing again! Come join a team of amazing professionals, truly the best of the best in this industry. With a top tier compensation package, invigorating culture, and cash incentives, there is no place you'd rather be. Stop being just a number and start being truly valued and appreciated for all of your strengths. When we hire, we hire for the long term. We have recently been recognized by the BBB by being awarded their Torch Award for Ethics.

We are seeking experienced VA Underwriters to join our team as full-time employees. This position is located in our Costa Mesa office and can be remote as well. Come work for a lender with more than 25 successful years in the business, where our team members are our most valuable asset

**You must have the following experience/skills:**
5+ years of experience underwriting VA, FHA, and Conventional loans
VA SAR/LAPP designation required
Direct Endorsement (DE) designation required
Experience with Non-QM programs, guidelines, and underwriting standards
Strong analytical, decision-making, and problem-solving abilities
Experienced in a fast-paced high-volume environment
Possess a "Can Do" attitude

Department of Real Estate
320 West 4th Street, Suite 350
Los Angeles, California 90013-1105

Telephone: (213) 576-6982

FILED

MAR 30 2011

DEPARTMENT OF REAL ESTATE

By

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

To:

RYAN WILLIAM MARIER,
JAMES ERIC PATE,
PATE, MARIER AND ASSOCIATES,
INC.,
NATIONAL HOME ASSISTANCE
GROUP, INC.,
NATIONAL HOME ASSISTANCE
GROUP,
NHA GROUP,
NATIONAL HOME ASSISTANCE,
MICHELLE LEFAOSEU,
BARON MORLEDGE, and
BRANDON MICKLEY.

No.   H-37185 LA

ORDER TO DESIST
AND REFRAIN

(B&P Code Section 10086)

The Commissioner ("Commissioner") of the California Department of Real Estate ("Department") caused an investigation to be made of the activities of RYAN WILLIAM MARIER, JAMES ERIC PATE, PATE, MARIER AND ASSOCIATES, INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU, BARON MORLEDGE, and BRANDON MICKLEY. Based on that investigation the Commissioner has

- 1 -

determined that RYAN WILLIAM MARIER, JAMES ERIC PATE, PATE, MARIER AND

ASSOCIATES, INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME

ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE

LEFAOSEU, BARON MORLEDGE, and BRANDON MICKLEY have engaged in or are

engaging in acts or attempting to engage in the business of, acting in the capacity of, and/or

advertising or assuming to act as real estate brokers in the State of California within the meaning

of Business and Professions Code Section 10131(d) (solicit borrowers for or negotiate loans or

perform services for borrowers in connection with loans secured by liens on real property).

   In addition, based on that investigation, the Commissioner has determined that

RYAN WILLIAM MARIER, JAMES ERIC PATE, PATE, MARIER AND ASSOCIATES,

INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE

GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU,

BARON MORLEDGE, and BRANDON MICKLEY have engaged in or are engaging in acts or

are attempting to engage practices constituting violations of the California Business and

Professions Code ("Code") and/or Title 10, California Code of Regulations ("Regulations").

Based on the findings of that investigation, set forth below, the Commissioner hereby issues the

following Findings of Fact, Conclusions of Law, and Desist and Refrain Order under the

authority of Section 10086 of the Code.

<div align="center">FINDINGS OF FACT</div>

   1. From November 13, 2008, through the present, RYAN WILLIAM MARIER

has been licensed by the Department of Real Estate ("Department") as a real estate broker,

Department License No. 01848936.

   2. From October 5, 2000, through the present, JAMES ERIC PATE has been

licensed by the Department as a real estate salesperson, Department License No. 01297379.

From March 12, 2008, through November 10, 2009, JAMES ERIC PATE was licensed under the

employment of real estate broker Firstline Mortgage, Inc., Department License No. 00895998.

<div align="center">-  2  -</div>

3. At no time mentioned herein have PATE, MARIER AND ASSOCIATES, INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU, BARON MORLEDGE, and BRANDON MICKLEY ever been licensed by the Department in any capacity.

4. On December 17, 2008, RYAN WILLIAM MARIER and JAMES ERIC PATE formed PATE, MARIER AND ASSOCIATES, INC., a California corporation. RYAN WILLIAM MARIER and JAMES ERIC PATE are the directors and officers of PATE, MARIER AND ASSOCIATES, INC. and own or control 10 percent or more of the corporation's stock.

5. On February 17, 2009, PATE, MARIER AND ASSOCIATES, INC. filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA GROUP."

6. For an unknown period of time beginning no later than May 15, 2009, while using the unlicensed fictitious business name NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, or NATIONAL HOME ASSISTANCE, RYAN WILLIAM MARIER and JAMES ERIC PATE engaged in the business of soliciting to modify or negotiate loans secured by real property, and claimed, demanded, charged, received, collected or contracted for the collection of advance fees, within the meaning of Code Section 10026, for including, but not limited to, the following borrowers:

a. On or about May 15, 2009, Wilfred C. paid an advance fee of $2,495 to NATIONAL HOME ASSISTANCE GROUP, INC. pursuant to an advance fee agreement for loan modification and negotiation services. NATIONAL HOME ASSISTANCE GROUP, INC. failed to perform the loan modification and negotiation services that had been promised to Wilfred C. NATIONAL HOME ASSISTANCE GROUP, INC. failed to refund the advance fee paid by Wilfred C.

b. On or about July 7, 2009, Timothy G. paid an advance fee of $2,090 to NATIONAL HOME ASSISTANCE GROUP pursuant to an advance fee agreement for loan

1  modification and negotiation services. NATIONAL HOME ASSISTANCE GROUP, INC.
2  failed to perform the loan modification and negotiation services that had been promised to
3  Timothy G. NATIONAL HOME ASSISTANCE GROUP, INC. failed to refund the advance fee
4  paid by Timothy G.

5        7. MICHELLE LEFAOSEU and BARON MORLEDGE performed some or all
6  of the services alleged in Paragraph 6, subsection (a), above, though neither was licensed as a
7  real estate salesperson or broker.

8        8. BRANDON MICKLEY performed some or all of the services alleged in
9  Paragraph 6, subsection (b), above, though he was not at the time licensed as a real estate
10  salesperson or broker.

11  <div align="center">CONCLUSIONS OF LAW</div>

12        9. Based on the information contained in Paragraphs 1 through 8, above, JAMES
13  ERIC PATE, while doing business as NATIONAL HOME ASSISTANCE GROUP, INC.,
14  NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME
15  ASSISTANCE, PATE, MARIER AND ASSOCIATES, INC., MICHELLE LEFAOSEU,
16  BARON MORLEDGE, and BRANDON MICKLEY, violated Section 10130 of the Code by
17  engaging in the activities without first obtaining a broker license from the Department or being
18  under the employ of a licensed real estate broker.

19        10. Based on the information contained in Paragraphs 1 through 8, above,
20  JAMES ERIC PATE, while doing business as NATIONAL HOME ASSISTANCE GROUP,
21  INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME
22  ASSISTANCE, or PATE, MARIER AND ASSOCIATES, INC. violated Section 10137 of the
23  Code by accepting compensation from any person other than the broker under whom he is at the
24  time licensed.

25        11. Based on the information contained in Paragraphs 1 through 8, above, RYAN
26  WILLIAM MARIER, while doing business as NATIONAL HOME ASSISTANCE GROUP,
27  INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME

<div align="center">- 4 -</div>

1   ASSISTANCE, or PATE, MARIER AND ASSOCIATES, INC. violated Section 10159.5 of the

2   Code and Section 2731 of the Regulations by using an unlicensed fictitious business name to

3   conduct activities that require a real estate license.

4   <div align="center">DESIST AND REFRAIN ORDER</div>

5               Based upon the FINDINGS OF FACT and CONCLUSIONS OF LAW stated

6   herein, IT IS HEREBY ORDERED THAT JAMES ERIC PATE, while doing business as

7   NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE

8   GROUP, NHA GROUP, or NATIONAL HOME ASSISTANCE, PATE, MARIER AND

9   ASSOCIATES, INC., MICHELLE LEFAOSEU, BARON MORLEDGE, and BRANDON

10   MICKLEY immediately desist and refrain from: engaging in the activities requiring a real estate

11   license without first obtaining a broker license or being licensed as a salesperson under the

12   employ of a licensed real estate broker.

13               Based upon the FINDINGS OF FACT and CONCLUSIONS OF LAW stated

14   herein, IT IS HEREBY ORDERED THAT RYAN WILLIAM MARIER immediately desist and

15   refrain from using an unlicensed fictitious business name while engaging in activities that require

16   a real estate license including, but not limited to, the following unlicensed fictitious business

17   names: NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME

18   ASSISTANCE GROUP, NHA GROUP, or NATIONAL HOME ASSISTANCE, PATE,

19   MARIER AND ASSOCIATES, INC.

20

21         DATED: _____, 2011.

22

23                 JEFF DAVI
                  Real Estate Commissioner

24

25

26

27

<div align="center">- 5 -</div>

**Notice:**   Business and Professions Code Section 10139 provides that "Any person acting as a real estate broker or real estate salesperson without a license or who advertises using words indicating that he or she is a real estate broker without being so licensed shall be guilty of a public offense punishable by a fine not exceeding twenty thousand dollars ($20,000), or by imprisonment in the county jail for a term not to exceed six months, or by both fine and imprisonment; or if a corporation, be punished by a fine not exceeding sixty thousand dollars ($60,000)."

cc: Ryan William Marier, Pate, Marier and Associates, Inc., National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, and National Home Assistance
151 Kalmus Drive, Suite B250
Costa Mesa, CA 92626

James Eric Pate, Pate, Marier and Associates, Inc., National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, and National Home Assistance
20282 Ramona Lane
Huntington Beach, CA 92648

Michelle Lefaoseu, Baron Morledge, and Brandon Mickley
3151 Airway Avenue, Suite F-109
Costa Mesa, CA 92626

3151 Airway Avenue, Suite P-1
Costa Mesa, CA 92626

1   LISSETE GARCIA, Counsel (SBN 211552)
    Department of Real Estate
2   320 West 4th Street, Suite 350
    Los Angeles, California 90013-1105
3

4   Telephone:  (213) 576-6982
    (Direct)    (213) 576-6914
5   (Fax)       (213) 576-6917



FILED

JAN 18 2012

DEPARTMENT OF REAL ESTATE

By C.A.

6

7

8                   BEFORE THE DEPARTMENT OF REAL ESTATE

9                        STATE OF CALIFORNIA

10                              * * *

11  In the Matter of the Accusation of )
                                        )   DRE No. H-37126 LA
12      JAMES ERIC PATE,                )   OAH No. L-2011081204
                                        )
13                                      )   SUPPLEMENTAL ACCUSATION
                                        )
14                  Respondent.         )
    _____)

15

16          Complainant hereby supplements and amends the

17  Accusation filed on March 10, 2011, as follows:

18                              22.

19                             AUDIT

20          Complainant incorporates all of the allegations

21  contained in Paragraphs 1 through 21 of the Accusation, with the

22  same force and effect as if herein fully set forth.

23                              23.

24          On September 6, 2011, the Department completed an

25  examination of Ryan William Marier's books and records

26  pertaining to the mortgage loan activities and loan modification

                                1

activities conducted by Ryan William Marier and Respondent PATE
in the name of "Pate, Marier and Associates, Inc." doing
business as NHA Group and/or National Home Assistance Group.
Ryan William Marier and Respondent PATE each owned 50% of Pate,
Marier and Associates, Inc.  The audit covered the period from
November 13, 2008 through March 31, 2011, which examination
revealed violations of the Business and Professions Code
("Code") and Regulations as set forth below.

24.

During the audit examination of Ryan William Marier,
it was determined that, Respondent PATE and Ryan William Marier,
doing business as Pate, Marier and Associates, Inc., NHA Group,
or National Home Assistance Group, engaged in the business of,
acted in the capacity of, advertised or assumed to act as real
estate brokers in the State of California, within the meaning of
Section 10131(d) of the Code, including soliciting prospective
borrowers or lenders for, or negotiating loans, or offering to
perform services connected to loans secured directly or
collaterally by liens on real property for another or others,
for or in expectation of compensation.

25.

In connection with the aforementioned real estate
activities, it was determined that Respondent PATE and Ryan
William Marier, while doing business as Pate, Marier and
Associates, Inc., NHA Group, or National Home Assistance Group
accepted, received, deposited and/or disbursed funds including
funds in trust (hereinafter "trust funds").  From time to time

2

herein mentioned, said funds and/or trust funds were maintained by Respondent PATE and Ryan William Marier general bank accounts, including but not necessarily limited to, Account No. ████████, at Wells Fargo Bank.

26.

The audit examination determined that Respondent Pate, while doing business as Pate, Marier and Associates, Inc., NHA Group or National Home Assistance Group, charged and collected fees in advance from borrowers for loan modification and negotiation activity in violation of Section 10130 of the Code.

27.

Respondent PATE operated an unlicensed corporation, whom Respondent PATE knew or should have known to be unlicensed, to perform acts and conduct activity requiring a real estate license as described in Section 10131(d) of the Code.

28.

The conduct, acts and omissions of Respondent PATE described in Paragraphs 26 and 27, above, constitutes cause for the suspension or revocation of all real estate licenses and license rights of Respondent PATE under the provisions of Sections 10137, 10177(d) and/or 10177(g) of the Code.

29.

The conduct, acts and omissions of Respondent PATE, described in Paragraphs 26 and 27, above, in willfully aiding and abetting Ryan William Marier to violate Section 10130 of the Code is further cause to suspend or revoke all real estate

3

licenses and license rights of Respondent PATE under the provisions of Sections 10177(g) and/or 10176(i) of the Code.

WHEREFORE, Complainant prays that a hearing be conducted on the allegations of this Accusation and that upon proof thereof, a decision be rendered imposing disciplinary action against all licenses and/or license rights of Respondent JAMES ERIC PATE under the Real Estate Law (Part 1 of Division 4 of the California Business and Professions Code) and for such other and further relief as may be proper under other applicable provisions of law.

Dated this _17th_ day of _January_, 2012.

_____
MARIA SUAREZ
Deputy Real Estate Commissioner

cc:   James Eric Pate
      Edward O. Lear, Esq.
      Maria Suarez
      Sacto.
      OAH

4

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

FILED
AUG 29 2011
DEPARTMENT OF REAL ESTATE

By _____

* * * *

In the Matter of the Accusation of )
)      NO. H-37126 LA
RYAN WILLIAM MARIER and )
JAMES ERIC PATE, )
)
Respondents. )
_____)

## DECISION

This Decision is being issued in accordance with the
provisions of Section 11520 of the Government Code, on evidence
of compliance with Section 11505 of the Government Code and
pursuant to the Order of Default filed on August 11, 2011, and
the findings of fact set forth herein are based on one or more
of the following: (1) Respondent's express admissions; (2)
affidavits; and (3) other evidence.

## FINDINGS OF FACT

1.

On March 9, 2011, Maria Suarez made the Accusation in
her official capacity as a Deputy Real Estate Commissioner of
the State of California. The Accusation, Statement to
Respondent, and Notice of Defense were mailed, by certified
mail, return receipt requested, to Respondent RYAN WILLIAM
MARIER's last known mailing address on file with the Department
on March 10, 2011 and May 12, 2011, and by regular mail on
April 13, 2011 and May 2, 2011.

On August 11, 2011, no Notice of Defense having been
filed herein within the time prescribed by Section 11506 of the
Government Code, Respondent RYAN WILLIAM MARIER's default was
entered herein.

2.

From November 13, 2008, through the present, Respondent MARIER has been licensed by the Department of Real Estate ("Department") as a real estate broker, Department License No. 01848936.

3.

From October 5, 2000, through the present, Respondent PATE has been licensed by the Department as a real estate salesperson, Department License No. 01297379. From March 12, 2008 through November 10, 2009, Respondent PATE was licensed under the employ of real estate broker Firstline Mortgage, Inc., Department License No. 00895998.

4.

At all times herein mentioned, Respondent MARIER, engaged in the business of, acted in the capacity of, advertised or assumed to act as a real estate broker in the State of California, by doing or negotiating to do the following acts for another or others, for compensation or in expectation of compensation: (1) sell or offer to sell, solicit prospective sellers or purchasers of, solicit or obtain listings of, or negotiate the purchase, sale or exchange of real property within the meaning of Business and Professions Code ("Code") Section 10131(a); and (2) solicit borrowers, negotiate loans, collect payments or perform services for borrowers in connection with loans secured directly or collaterally by liens on real property within the meaning of Code Section 10131(d).

5.

At no time mentioned herein have National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, National Home Assistance or Pate, Marier and Associates, Inc. ever been licensed by the Department in any capacity.

6.

On December 17, 2008, Respondent MARIER formed Pate, Marier and Associates, Inc., a California corporation.

Respondent MARIER is a director and officer of Pate, Marier and Associates, Inc. and owns or controls 10 percent or more of the corporation's stock.

7.

On February 17, 2009, Pate, Marier and Associates, Inc. filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA Group".

8.

For an unknown period of time beginning no later than May 15, 2009, while using the unlicensed fictitious business name National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, Respondent MARIER engaged in the business of soliciting to modify or negotiate loans secured by real property, and claimed, demanded, charged, received, collected or contracted for the collection of advance fees, within the meaning of Code Section 10026, for, including but not limited to, the following borrowers:

a. On or about May 15, 2009, Wilfred J. Caron paid an advance fee of $2,495 to National Home Assistance Group, Inc. pursuant to an advance fee agreement for loan modification and negotiation services. Respondent failed to perform the loan modification and negotiation services that had been promised to Mr. Caron. Respondent failed to refund the advance fee paid by Mr. Caron.

b. On or about July 7, 2009, Timothy Wayne Girard paid an advance fee of $2,090 to National Home Assistance Group pursuant to an advance fee agreement for loan modification and negotiation services. Respondent failed to perform the loan modification and negotiation services that had been promised to Mr. Girard. Respondent failed to refund the advance fee paid by Mr. Girard.

9.

The advance fee agreement used by Respondent MARIER, while doing business as National Home Assistance Group, Inc.,

-3-

National Home Assistance Group, NHA Group, or National Home Assistance, had not been approved by the Department prior to use as is required under Code Section 10085 and Section 2970, Title 10, Chapter 6, California Code of Regulations ("Regulations").

10.

The conduct, acts and/or omissions of Respondent MARIER as set forth above, in collecting advance fees from prospective borrowers pursuant to a written fee agreement, which agreement was not submitted to the Department for review prior to use, was in violation of Code Section 10085 and Section 2970 of the Regulations, and constitutes grounds for the suspension or revocation of the license and license rights of Respondent MARIER pursuant to Code Sections 10177(d) and 10177(g).

11.

The advance fees collected by Respondent MARIER while doing business as National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, were not deposited in a trust account as required under Code Section 10146.

12.

The conduct, acts and/or omissions of Respondent MARIER as set forth above, in collecting advance fees from prospective borrowers and failing to deposit the advance fees into a trust account, was in violation of Code Section 10146 and constitutes grounds for the suspension or revocation of the license and license rights of Respondent MARIER pursuant to Code Sections 10177(d) and 10177(g).

13.

The activities described in Paragraph 8, supra, require a real estate license under Code Sections 10131(d) and 10131.2.  Respondent MARIER violated Code Section 10137 by employing and/or compensating individuals who were not licensed as real estate salespersons or as brokers to perform activities requiring a license as follows:

a.   Respondent MARIER employed and/or compensated
Michelle Lefaoseu and Baron Morledge to perform some or all of
the services alleged in Paragraph 8, subsection (a), above
though neither was licensed as a real estate salesperson or
broker.

b.   Respondent MARIER employed and/or compensated
Brandon Mickley to perform some or all of the services alleged
in Paragraph 8, subsection (b), above, though he was not
licensed as a real estate salesperson or broker.

14.

The conduct, acts and/or omissions of Respondent
MARIER, as set forth in Paragraph 13, above, violate Code
Section 10137, and are cause for the suspension or revocation of
the licenses and license rights of Respondent MARIER pursuant to
Code Sections 10137, 10177(d) and 10177(g).

15.

Use of a fictitious business name for activities
requiring the issuance of a real estate license requires the
filing of an application for the use of such name with the
Department in accordance with the provisions of Code Section
10159.5.

16.

Respondent MARIER acted without Department
authorization in using the fictitious business names National
Home Assistance Group, Inc., National Home Assistance Group, NHA
Group, or National Home Assistance to engage in activities
requiring the issuance of a real estate license.

17.

The conduct, acts and/or omissions of Respondent
MARIER, as set forth in Paragraphs 15 and 16, above, violate
Code Section 10159.5 and Section 2731 of the Regulations, and
are cause for the suspension or revocation of the licenses and
license rights of Respondent MARIER pursuant to Code Sections
10177(d) and 10177(g).

DETERMINATION OF ISSUES

1.

Respondent RYAN WILLIAM MARIER's conduct, acts, and/or omissions are in violation of Code Sections 10085, 10137, 10146, and 10159.5 and Regulations 2731 and 2970.

2.

Cause for disciplinary action against Respondent RYAN WILLIAM MARIER exists pursuant to Code Sections 10177(d) and 10177(g).

3.

The standard of proof applied was clear and convincing proof to a reasonable certainty.

ORDER

The license and license rights of Respondent RYAN WILLIAM MARIER under the provisions of Part I of Division 4 of the Business and Professions Code are revoked.

This Decision shall become effective at 12 o'clock noon Sept. 19, 2011.

DATED:  _8/24_____ , 2011.

BARBARA J. BIGBY
Acting Real Estate Commissioner

-6-

Department of Real Estate
320 West Fourth Street, Suite 350
Los Angeles, California 90013-1105



FILED
AUG 1 1 2011
DEPARTMENT OF REAL ESTATE

By _____

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

\* \* \* \*

In the Matter of the Accusation of   )
                                      )     NO. H-37126 LA
   RYAN WILLIAM MARIER and            )
   JAMES ERIC PATE,                   )     DEFAULT ORDER
                                      )
             Respondents.             )
_____)

Respondent, RYAN WILLIAM MARIER, having failed to file

a Notice of Defense within the time required by Section 11506

of the Government Code, is now in default.  It is, therefore,

ordered that a default be entered on the record in this matter.

IT IS SO ORDERED   *August 11, 2011*

                          BARBARA J. BIGBY
                          Acting Real Estate Commissioner


                   By: DOLORES WEEKS
                       Regional Manager

1   LISSETE GARCIA, Counsel (SBN 211552)
2   Department of Real Estate
    320 West 4th Street, Suite 350
3   Los Angeles, California 90013-1105

4   Telephone: (213) 576-6982
    (Direct)   (213) 576-6914
5



FILED
MAR 1 0 2011
DEPARTMENT OF REAL ESTATE

By

6

7

8              BEFORE THE DEPARTMENT OF REAL ESTATE

9                     STATE OF CALIFORNIA

10                          * * *

11  In the Matter of the Accusation of )
                                        )     NO.  H-37126 LA
12     RYAN WILLIAM MARIER and          )
       JAMES ERIC PATE,                 )     A C C U S A T I O N
13                                      )
                                        )
14                     Respondents.     )
                                        )
15

16          The Complainant, Maria Suarez, a Deputy Real

17  Estate Commissioner of the State of California, for cause of

18  Accusation against RYAN WILLIAM MARIER and JAMES ERIC PATE

19  (collectively "Respondents"), is informed and alleges as

20  follows:

21                             1.

22          The Complainant, Maria Suarez, a Deputy Real Estate

23  Commissioner of the State of California, makes this Accusation

24  in her official capacity.

25                             2.

26          Respondents RYAN WILLIAM MARIER ("MARIER") and JAMES

    ERIC PATE ("PATE") are presently licensed and/or have license

                              1

1  rights under the Real Estate Law (Part 1 of Division 4 of the

2  California Business and Professions Code, "Code").

3                                    3.

4          From November 13, 2008, through the present,

5  Respondent MARIER has been licensed by the Department of Real

6  Estate ("Department") as a real estate broker, Department

7  License No. 01848936.

8                                    4.

9          From October 5, 2000, through the present, Respondent

10  PATE has been licensed by the Department as a real estate

11  salesperson, Department License No. 01297379.  From March 12,

12  2008 through November 10, 2009, Respondent PATE was licensed

13  under the employ of real estate broker Firstline Mortgage, Inc.,

14  Department License No. 00895998.

15                                    5.

16          At all times herein mentioned, Respondents MARIER and

17  PATE, engaged in the business of, acted in the capacity of,

18  advertised or assumed to act as real estate brokers in the State

19  of California, by doing or negotiating to do the following acts

20  for another or others, for compensation or in expectation of

21  compensation: (1) sell or offer to sell, solicit prospective

22  sellers or purchasers of, solicit or obtain listings of, or

23  negotiate the purchase, sale or exchange of real property within

24  the meaning of Code Section 10131(a); and (2) solicit borrowers,

25  negotiate loans, collect payments or perform services for

26  borrowers in connection with loans secured directly or

collaterally by liens on real property within the meaning of

                                    2

Code Section 10131(d).

## FIRST CAUSE OF ACCUSATION
(Advance Fee Violations)

6.

At no time mentioned herein have National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, National Home Assistance or Pate, Marier and Associates, Inc. ever been licensed by the Department in any capacity.

7.

On December 17, 2008, Respondents MARIER and PATE formed Pate, Marier and Associates, Inc., a California corporation.  Respondents MARIER and PATE are the directors and officers of Pate, Marier and Associates, Inc. and own or control 10 percent or more of the corporation's stock.

8.

On February 17, 2009, Pate, Marier and Associates, Inc. filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA Group".

9.

For an unknown period of time beginning no later than May 15, 2009, while using the unlicensed fictitious business name National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, Respondents MARIER and PATE engaged in the business of soliciting to modify or negotiate loans secured by real

3

property, and claimed, demanded, charged, received, collected or contracted for the collection of advance fees, within the meaning of Code Section 10026, for including, but not limited to, the following borrowers:

a. On or about May 15, 2009, Wilfred J. Caron paid an advance fee of $2,495 to National Home Assistance Group, Inc. pursuant to an advance fee agreement for loan modification and negotiation services. Respondents failed to perform the loan modification and negotiation services that had been promised to Mr. Caron. Respondents failed to refund the advance fee paid by Mr. Caron.

b. On or about July 7, 2009, Timothy Wayne Girard paid an advance fee of $2,090 to National Home Assistance Group pursuant to an advance fee agreement for loan modification and negotiation services. Respondents failed to perform the loan modification and negotiation services that had been promised to Mr. Girard. Respondents failed to refund the advance fee paid by Mr. Girard.

10.

The advance fee agreement used by Respondents MARIER and PATE, while doing business as National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, had not been approved by the Department prior to use as is required under Code Section 10085 and Section 2970, Title 10, Chapter 6, California Code of Regulations (hereinafter "Regulations").

4

11.

The conduct, acts and/or omissions of Respondents MARIER and PATE as set forth above, in collecting advance fees from prospective borrowers pursuant to a written fee agreement, which agreement was not submitted to the Department for review prior to use was in violation of Code Section 10085 and Section 2970 of the Regulations, and constitutes grounds for the suspension or revocation of the license and license rights of Respondents MARIER and PATE pursuant to Code Sections 10177(d) and/or 10177(g).

12.

The advance fees collected by Respondent MARIER while doing business as National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, were not deposited in a trust account as required under Code Section 10146.

13.

The conduct, acts and/or omissions of Respondent MARIER as set forth above, in collecting advance fees from prospective borrowers and failing to deposit the advance fees into a trust account was in violation of Code Section 10146 and constitutes grounds for the suspension or revocation of the license and license rights of Respondent MARIER pursuant to Code Sections 10177(d) and/or 10177(g).

///

///

5

## SECOND CAUSE OF ACCUSATION
### (Unlawful employment or payment of compensation)
### (Unlicensed Activity)

14.

There is hereby incorporated in this Second, separate, Cause of Accusation, all of the allegations contained in Paragraphs 1 through 13 above, with the same force and effect as if herein fully set forth.

15.

The activities described in Paragraph 9, supra, require a real estate license under Code Sections 10131(d) and 10131.2. Respondent MARIER violated Code Section 10137 by employing and/or compensating individuals who were not licensed as real estate salespersons or as brokers to perform activities requiring a license as follows:

a.   Respondent MARIER employed and/or compensated Michelle Lefaoseu and Baron Morledge to perform some or all of the services alleged in Paragraph 9, subsection (a), above though neither was licensed as a real estate salesperson or broker.

b.   Respondent MARIER employed and/or compensated Brandon Mickley to perform some or all of the services alleged in Paragraph 9, subsection (b), above though he was not licensed as a real estate salesperson or broker.

6

16.

The conduct, acts and/or omissions of Respondent MARIER, as set forth in Paragraph 15, above, violate Code Section 10137, and are cause for the suspension or revocation of the licenses and license rights of Respondent MARIER pursuant to Code Sections 10137, 10177(d) and/or 10177(g).

17.

The conduct, acts and/or omissions of Respondent PATE, in accepting compensation for activities that require a real estate license from a person other than the broker under whom he is at the time licensed, violate Code Section 10137, and are cause for the suspension or revocation of the licenses and license rights of Respondent PATE pursuant to Code Sections 10137, 10177(d) and/or 10177(g).

THIRD CAUSE OF ACCUSATION
(Use of Unauthorized Fictitious Business Name)

18.

There is hereby incorporated in this Third, separate, Cause of Accusation, all of the allegations contained in Paragraphs 1 through 17 above, with the same force and effect as if herein fully set forth.

19.

Use of a fictitious business name for activities requiring the issuance of a real estate license requires the filing of an application for the use of such name with the

7

1    Department in accordance with the provisions of Code Section

2    10159.5.

3                                 20.

4
        Respondent MARIER acted without Department
5
     authorization in using the fictitious business names National
6
7    Home Assistance Group, Inc., National Home Assistance Group, NHA

8    Group, or National Home Assistance to engage in activities

9    requiring the issuance of a real estate license.

10                                21.

11       The conduct, acts and/or omissions of Respondent

12   MARIER, as set forth in Paragraphs 19 and 20, above, violate

13   Code Section 10159.5 and Section 2731 of the Regulations, and

14   are cause for the suspension or revocation of the licenses and

15   license rights of Respondent MARIER pursuant to Code Sections
16
     10177(d) and/or 10177(g).
17
18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///
25
     ///
26
     ///

                                  8

1       WHEREFORE, Complainant prays that a hearing be

2   conducted on the allegations of this Accusation and that upon

3   proof thereof, a decision be rendered imposing disciplinary

4   action against all licenses and/or license rights of Respondents

5   RYAN WILLIAM MARIER and JAMES ERIC PATE under the Real Estate

6   Law (Part 1 of Division 4 of the California Business and

7   Professions Code) and for such other and further relief as may

8   be proper under other applicable provisions of law.

9   this _____ day of _____, 2011.

10

11

12                                  _____
                                    MARIA SUAREZ,
13                                  Deputy Real Estate Commissioner

14

15

16

17

18

19

20

21

22

23  cc:    Ryan William Marier
24         James Eric Pate
           Maria Suarez
25         Sacto.

26

                                    9

**FILED**

DEC 11 2015

BUREAU OF REAL ESTATE

By S. Black

BEFORE THE BUREAU OF REAL ESTATE

STATE OF CALIFORNIA

* * *

In the Matter of the Accusation of

RYAN WILLIAM MARIER,                    No. H-37126 LA

Respondent.

ORDER DENYING REINSTATEMENT OF LICENSE

BUT GRANTING RIGHT TO A RESTRICTED LICENSE

On August 24, 2011, in Case No. H-37126 LA, a Decision was rendered revoking the real estate broker license of Respondent effective September 19, 2011.

On February 10, 2015, Respondent petitioned for reinstatement of said real estate broker license, and the Attorney General of the State of California has been given notice of the filing of said petition.

The burden of proving rehabilitation rests with the petitioner (*Feinstein v. State Bar* (1952) 39 Cal. 2d 541). A petitioner is required to show greater proof of honesty and integrity than an applicant for first time licensure. The proof must be sufficient to overcome the prior adverse judgment on the applicant's character (*Tardiff v. State Bar* (1980) 27 Cal. 3d 395).

I have considered Respondent's petition and the evidence submitted in support thereof.

///

- 1 -

1        The Bureau has developed criteria in Section 2911 of Title 10, California Code of

2 Regulations (Regulations) to assist in evaluating the rehabilitation of an applicant for

3 reinstatement of a license. Among the criteria relevant in this proceeding are:

4        Regulation 2911(j) Discharge of, or bona fide efforts toward discharging,

5 adjudicated debts or monetary obligations to others.

6        Respondent listed 5 civil judgments in his application.  Two of them have been

7 satisfied and dismissed.  Two others were settled, with no evidence that Respondent has

8 defaulted on repayment. One judgment, a 2011 Breach of Lease Agreement before the Orange

9 County Superior Court, Respondent's Petition Application states that the judgment has not been

10 satisfied, with no explanation for why.  (Note this was a $4,500 small claims

11 judgment.  Respondent has satisfied other judgments for substantially more money). This is the

12 only reason why we cannot grant a plenary broker's license.

13        Respondent has failed to demonstrate to my satisfaction that Respondent has

14 undergone sufficient rehabilitation to warrant the reinstatement of Respondent's unrestricted real

15 estate broker license.

16        I am satisfied, however, that it will not be against the public interest to issue a

17 restricted real estate broker license to Respondent.

18        A restricted real estate broker license shall be issued to Respondent pursuant to

19 Section 10156.5 of the Business and Professions Code, if Respondent satisfies the following

20 conditions prior to and as a condition of obtaining a restricted real estate broker license within

21 twelve (12) months from the effective date of this Order:

22       1.    Respondent shall qualify for, take and pass the real estate broker license

23 examination.

24       2.    Submittal of a completed application and payment of the fee for a real

25 estate broker license.

26       3.    Respondent shall provide proof that reimbursement of the advance fees

27 paid by Wilfred J. Caron in the amount of $2,495.00 and Timothy Wayne Girard in the amount

- 2 -

of $2,090.00 has been made.  If Respondent can not provide such evidence, the monies owed to Wilfred J. Caron and Timothy Wayne Girard shall be subject to the Unclaimed Property Law (Code of Civil Procedure Sections 1500 et. Seq.), and those monies shall be remitted to the California's State Controller. Until Respondent provides proof satisfactory to the Commissioner, the Commissioner will deny any and all licenses.

The restricted license issued to Respondent shall be subject to all of the provisions of Section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of Section 10156.6 of that Code:

A.    The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's conviction or plea of nolo contendere to a crime which is substantially related to Respondent's fitness or capacity as a real estate licensee.

B.    The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

C.    Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor the removal of any of the limitations, conditions or restrictions of a restricted license until two (2) years have elapsed from the date of the issuance of the restricted license to Respondent.

///

///

///

///

///

///

- 3 -

1            D.     Respondent shall notify the Commissioner in writing within 72 hours of

2    any arrest by sending a certified letter to the Commissioner at the Bureau of Real Estate, Post

3    Office Box 137007, Sacramento, CA 95813-7007. The letter shall set forth the date of

4    Respondent's arrest, the crime for which Respondent was arrested and the name and address of

5    the arresting law enforcement agency. Respondent's failure to timely file written notice shall

6    constitute an independent violation of the terms of the restricted license and shall be grounds for

7    the suspension or revocation of that license.

8            This Order shall become effective at 12 o'clock noon on    **JAN 0 4 2016**

9            IT IS SO ORDERED _____ *12/11/2015*

10                         REAL ESTATE COMMISSIONER

11

12

13                       Wayne S. Bell

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**FILED**

MAY 1 6 2013

DEPARTMENT OF REAL ESTATE
BY: _____

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * *

| | | |
|---|---|---|
| In the Matter of the Accusation of | ) | DRE No. H-37126 LA |
| | ) | |
| RYAN WILLIAM MARIER and | ) | |
| JAMES ERIC PATE, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

ORDER SUSPENDING RESTRICTED REAL ESTATE LICENSE

TO:    JAMES ERIC PATE
19422 Summer Breeze Lane
Huntington Beach, CA 92648

On May 21, 2012, a restricted real estate salesperson license was issued by the

Department of Real Estate to JAMES ERIC PATE ("Respondent") on the terms, conditions and

restrictions set forth in the Real Estate Commissioner's Decision in Case No. H-37126 LA.  This

Decision, which was filed on April 30, 2012, and became effective May 21, 2012, granted

Respondent the right to the issuance of a restricted real estate salesperson license subject to the

provisions of Section 10156.7 of the California Business and Professions Code (hereinafter

"Code") and to enumerated additional terms, conditions and restrictions imposed under authority

of Section 10156.6 of said Code.

- 1 -

1    Among the terms and conditions, Respondent was required to take and pass the

2  Professional Responsibility Examination within six (6) months from the effective date of the

3  Decision. The Commissioner has determined that as of December 21, 2012, Respondent has

4  failed to satisfy this condition.

5    NOW, THEREFORE, IT IS ORDERED under authority of the Order issued in

6  this matter that the real estate salesperson license heretofore issued to Respondent and the

7  exercise of any privileges thereunder is hereby suspended until such time as Respondent

8  provides proof satisfactory to the Department of compliance with the "condition" referred to

9  above, or pending final determination made after hearing (see "Hearing Rights" set forth below).

10    IT IS FURTHER ORDERED that all license certificates and identification cards

11  issued by Department which are in the possession of Respondent be immediately surrendered by

12  personal delivery or by mailing in the enclosed, self-addressed envelope

13  to:

14

15    Department of Real Estate
    Attn: Flag Section
16    P. O. Box 187000
    Sacramento, CA 95818-7000

17

18    HEARING RIGHTS: You have the right to a hearing to contest the

19  Commissioner's determination that you are in violation of the Order issued in this matter. If you

20  desire a hearing, you must submit a written request. The request may be in any form, as long as

21  it is in writing and indicates that you want a hearing. Unless a written request for a hearing,

22  signed by or on behalf of you, is delivered or mailed to the Department at 320 W. 4th Street,

23  Room 350, Los Angeles, California 90013, within 20 days after the date that this Order was

24  mailed to or served on you, the Department will not be obligated or required to provide you with

25  / / /

26  / / /

27  / / /

- 2 -

a hearing.

This Order shall be effective immediately.

DATED: May ___13___, 2013.

REAL ESTATE COMMISSIONER

By: Jeffrey Mason
Chief Deputy Commissioner

- 3 --

**FILED**

APR 3 0 2012

DEPARTMENT OF REAL ESTATE
BY: _____

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

\* \* \* \* \*

|   |   |   |
|---|---|---|
| In the Matter of the Accusation of | ) | DRE No. H-37126 LA |
|   | ) |   |
| RYAN WILLIAM MARIER and | ) | OAH No. 2011081204 |
| JAMES ERIC PATE, | ) |   |
|   | ) |   |
| Respondents. | ) |   |

## DECISION

The Proposed Decision dated March 22, 2012, of the Administrative

Law Judge of the Office of Administrative Hearings, is hereby adopted as the

Decision of the Real Estate Commissioner in the above-entitled matter.

This Decision shall become effective at 12 o'clock noon on

May 21, 2012.

IT IS SO ORDERED _____, 2012.

Real Estate Commissioner

By WAYNE S. BELL
Chief Counsel

**BEFORE THE
DEPARTMENT OF REAL ESTATE
STATE OF CALIFORNIA**

| | |
|---|---|
| In the Matter of the Accusation and Supplemental Accusation Against:<br><br>JAMES ERIC PATE,<br><br>                         Respondent. | Case No. H-37126 LA<br><br>OAH No. 2011081204 |

## PROPOSED DECISION

This matter was heard by Eric Sawyer, Administrative Law Judge, Office of Administrative Hearings, State of California, on February 28, 2012, in Los Angeles. The record was closed and the matter was submitted for decision at the conclusion of the hearing.

Lissete Garcia, Counsel, represented Maria Suarez, Deputy Real Estate Commissioner (Complainant), California Department of Real Estate (Department).

Edward O. Lear, Esq., represented James Eric Pate (Respondent), who was present.

## FACTUAL FINDINGS

*Parties and Jurisdiction*

1.      Complainant brought the Accusation and Supplemental Accusation in her official capacity. Respondent timely submitted a Notice of Defense, which contained a request for a hearing.

2.      From October 5, 2000, through the present, Respondent has been licensed by the Department as a real estate salesperson (License No. S/01297379). From March 12, 2008, through November 10, 2009, Respondent was licensed under the employ of real estate broker Firstline Mortgage, Inc.

3.      As discussed in more detail below, Respondent went into business with Ryan William Marier (Marier), who was licensed by the Department as a real estate broker during the relevant times. Mr. Marier was also named as a respondent in this matter, but his license was revoked by default due to his failure to respond timely to the initial Accusation. It was not established that Respondent was ever affiliated with Marier's broker license.

*Respondent Goes into the Loan Modification Business*

4.      Respondent and Mr. Marier were acquaintances who worked in the real estate field. In 2008, they decided to go into business together. Respondent had some prior experience in helping friends and clients with home loan modifications. At this time, the housing market was crashing and the demand for loan modification soared. So Respondent and Marier decided to start a company to provide loan modification services to homeowners.

5.    ,   On December 17, 2008, Respondent and Marier formed Pate, Marier and Associates, Inc. (PMAI), a California corporation. Respondent and Marier were the directors and officers of PMAI, and owned all of the corporation's stock. This was the parent company formed as an umbrella for all the various business ventures Respondent and Marier created.

6.      On February 17, 2009, PMAI filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA Group." This fictitious business name was intended for the loan modification business. However, over time, the loan modification business became known by several other business names, including National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, National Home Assistance, and Pate, Marier and Associates. At no time had any of those business names or entities been licensed by the Department. Use of a fictitious business name for activities requiring the issuance of a real estate license requires the filing of an application for the use of such name with the Department in accordance with the provisions of Business and Professions Code section 10159.5.[1]

7.      On January 20, 2009, Marier submitted to the Department an advance fee agreement and accounting format. On February 24, 2009, the Department issued a letter acknowledging receipt of that document and stating that the Department had no objection to it. However, the advance fee agreements actually used by PMAI in the loan modification business were different in material respects from the one submitted to the Department, and therefore were not approved by the Department prior to use as required by section 10085, and California Code of Regulations, title 10, section 2970 (Regulation).

8.      From February 2009 through August 2009, Respondent and Marier, while using the unlicensed fictitious business names described above in Factual Finding No. 6, engaged in loan modification services. Respondent was primarily involved in the administrative affairs of the business, and Marier attended to the finances and operations. Neither of them was involved in actual loan modification work. They employed several individuals to perform the loan modification services, none of whom were licensed by the Department. In all, PMAI was involved in at least 258 loan modification transactions with consumers. Of that total, only two consumers are known to have submitted complaints to the Department, i.e., Wilfred J. Caron and Timothy Wayne Girard.

---

[1] All further statutory references are to the Business and Professions Code.

9.      On or about May 15, 2009, Wilfred J. Caron paid an advance fee of $2,495 to National Home Assistance Group, Inc., (NHAGI) pursuant to an advance fee agreement for loan modification and negotiation services that had not been approved by the Department. In July 2009, NHAGI sent financial materials to Mr. Caron's primary lender and began negotiations to reduce the loan principal and interest rate of Mr. Caron's loan. Mr. Caron ultimately rejected a loan modification proposal made by his lender. Mr. Caron was not satisfied with NHAGI's services and he requested a full refund in September of 2009. NHAGI did not offer him a refund, but instead referred Mr. Caron to a real estate agent for purposes of arranging a short sale of his property. Mr. Caron entered into a short sale transaction with a willing buyer, but the sale was not consummated because the lender requested the sales price to be increased and the parties did not agree to do so. Mr. Caron decided to no longer pursue a short sale of his home. He has since retained the services of another loan modification business. It was not established that NHAGI failed to perform the loan modification and negotiation services promised to Mr. Caron. In fact, the advance fee agreement Mr. Caron signed indicated that the fee was deemed earned upon a loan modification offer from his lender or a short sale offer on his home, both of which occurred due to the efforts of NHAGI. Mr. Caron submitted his complaint to the Department in May 2010. He still owns his home.

10.      On or about July 7, 2009, Timothy Wayne Girard paid an advance fee of $2,090 to National Home Assistance Group (NHAG) pursuant to an advance fee agreement for loan modification and negotiation services for the first and second mortgages on his home. In September 2009, Mr. Girard's primary lender made a forbearance offer to Mr. Girard. The secondary lender delayed making an offer until the primary lender's position was solidified. Mr. Girard rejected the primary lender's offer. Several months later, NHAG notified Mr. Girard that the business was closing and that no further action would be taken on his file. It was not established that NHAG failed to perform the loan modification and negotiation services promised to Mr. Girard. The advance fee agreement Mr. Girard signed indicated the fee was deemed earned upon a loan modification offer from his lender, which occurred due to the efforts of NHAG. Mr. Girard submitted his complaint to the Department in September 2010. He still owns his home.

11.      When Respondent and Marier established their loan modification business in late 2008, they did not think they needed any licenses additional to Marier's broker license to engage in that type of activity. By early 2009, when Legislature enacted laws regulating the loan modification business, Respondent and Marier decided to submit the proposed advance fee agreement to the Department to position themselves for the effective date of those laws in July 2009. However, by that time, Respondent and Marier realized the full extent of the new legislation and quickly realized that they would not be able to have all staff fully licensed and bonded in compliance with the new laws. By August 2009, Respondent and Marier stopped accepting new loan modification work and began closing their business. They tried to resolve the remaining open cases and transferred others to an attorney. They were required to pay the attorney a fee for accepting those cases, as well as transferring to him their pre-paid office lease in order for him to accept their open cases. By December of 2009, Respondent and Marier completely shut-down the loan modification business.

*The Audit of PMAI's Books and Records*

12.     On September 6, 2011, the Department completed an examination of books and records in the possession of Marier, pertaining to the mortgage loan modification activities conducted by PMAI. The audit covered the period from November 13, 2008, through March 31, 2011.

13.     The audit revealed that PMAI engaged in the business of, acted in the capacity of, advertised or assumed to act as real estate brokers in the State of California, within the meaning of section 10131, subdivision (d), including soliciting prospective borrowers or lenders for, or negotiating loans, or offering to perform services connected to loans secured directly or collaterally by liens on real property for another or others, for or in expectation of compensation.

14.     PMAI was not licensed to engage in the loan modification activities described above. Respondent actively engaged with Marier in operating the unlicensed corporation, whose employees performed acts requiring a real estate license pursuant to section 10131, subdivision (d). Respondent should have known that such activity required a license. He was a licensed salesperson who had taken courses on the scope of activity requiring a license from the Department. He and Marier were well aware of recent legislation pointing to the Department as the regulator of loan modification activity. His partner Marier submitted an advance fee agreement to the Department in anticipation of the newly enacted laws. Most of the loan modification services transacted by PMAI occurred after Marier had submitted the advance fee agreement to the Department. Under these circumstances, Respondent should have known that a license was required to engage in such activity, or at the very least to contact the Department to ascertain whether that was the case.

15.     The audit also revealed that PMAI accepted, received, deposited and/or disbursed funds, including funds in trust. Those trust funds, including the advance fees collected by PMAI while engaged in loan modification services, were not deposited in a trust account as required by section 10146. By conservative estimates, Respondent and Marier took in at least $306,984 in service fees. The audit revealed total receipts of $1.1 million, although the loan modification fees were comingled with funds from their other ventures.

*Mitigation*

16.     Respondent has no prior history of discipline with the Department.

17.     Shortly before the hearing, Respondent fully refunded Mr. Caron and Mr. Girard, including not just the return of their fees but also interest to date. It was not established that Respondent's acts caused any harm to either consumer. Though Mr. Caron and Mr. Girard were not satisfied with the loan modification offers they were given, it was not established that Respondent and Marier breached their contracts or took money for services that were not provided. It was not established that any other PMAI consumer was injured or abandoned by PMAI.

4

18.·    Respondent has not been involved in any loan modification activity since he and Marier terminated their loan modification business at the end of 2009. Though he still communicates with Marier, he is no longer involved in real estate with him.

19.    ·Respondent submitted a number of character reference letters from colleagues in the real estate and business fields, former clients, friends and family members. All attest to Respondent generally having good character, integrity and honesty.

20.    Respondent has been married for eight years and has three young sons. He and his family regularly attend church. Respondent participates in volunteer activity in his community through his church. He is currently employed by a Fortune 500 company as a manager in a unit involved in loan originations.

## LEGAL CONCLUSIONS

·1.    . Cause was established for disciplinary action against Respondent pursuant to section 10177, subdivisions (d) and (g). Respondent, through the loan modification business he co-owned with Marier, collected advance fees from prospective borrowers pursuant to a written fee agreement, which was not submitted to the Department for review prior to use, in violation of section 10085 and Regulation 2970. In addition, Respondent failed to·deposit the advance fees into a trust account in violation of·section 10146. Therefore, Respondent violated the Real Estate Law in these regards (§ 10177, subd. (d)) and was negligent in carrying out acts requiring a real estate license by failing to ensure the proper advance fee forms were used, and by·failing to properly deposit and account for advance fee trust funds in his possession (§ 10177, subd. (g)). (Factual Findings 1-15.)  ·

2.    Cause was established for disciplinary action against Respondent pursuant to sections 10137 and 10177, subdivision (d). Respondent was engaged in activities that required a real estate license under·sections 10131, subdivision (d), and 10131.2. At the times that Respondent was engaged in the loan modification business with Marier, Respondent's real estate salesperson license was not affiliated with Marier's broker license. By splitting the proceeds of the PMAI business with Marier, and by accepting fees from consumers who retained the services of PMAI's loan modification business, Respondent received compensation for activities that required a real estate license from persons other than the broker under whom he was at the time licensed, in violation of section 10137.[2] (Factual Findings 1-15.)

3.    Cause was established for disciplinary action against Respondent pursuant to sections 10137 and 10177, subdivisions (d) and (g), in that Respondent operated an unlicensed corporation, which Respondent should have known needed to be licensed to perform acts and conduct activity requiring a real estate license as described.in section 10131, subdivision (d). (Factual Findings 1-15.)

---

[2] The third cause for discipline in the Accusation was alleged only against Marier.

4.    Cause was established for disciplinary action against Respondent pursuant to section 10177, subdivision (g), in that Respondent was negligent in aiding and abetting Mr. Marier to violate section 10130, which prohibits unlicensed real estate activity, when Respondent should have known that he, PMAI, and Marier were engaged in conduct for which a real estate license was required, but for which they were not licensed. However, it was not established that cause exists to discipline Respondent pursuant to section 10176, subdivision (i), in that it was not established that Respondent's conduct in this regard equated to fraud or dishonest dealing. (Factual Findings 1-15.)

5A.    Since cause for discipline against Respondent's licensing rights has been established, the inquiry shifts to the degree of discipline warranted. Respondent's misconduct is considered moderately serious, in that he facilitated and actively engaged in unlicensed practice under circumstances when he should have known better. A number of important statutes and regulations were violated in the manner in which Respondent and his partner conducted business. Of concern is the fact that not long after submitting an advance fee agreement to the Department, Respondent and his partner abandoned that form and replaced it with one the Department had never seen before. Respondent and his partner benefitted substantially from the loan modification enterprise, in that the business took in at least $300,000 in fees and probably much more.

5B.    On the other hand, there is substantial mitigating evidence in this case to indicate that revocation is unwarranted and would be punitive. It was not established that Respondent engaged in fraud or dishonest dealing. It was not established that Respondent's business breached its contracts with any consumer. In fact, no actual injury to any consumer was established. Nonetheless, Respondent has made restitution on his own accord to the two consumers who complained to the Department about his business. Respondent has no prior record of discipline. Respondent and his partner took extensive efforts to wind down their loan modification business without abandoning their clients. Respondent has completely removed himself from loan modification activity. Other than his failed foray into loan modification in 2009, it appears that Respondent has otherwise conducted himself with integrity and honesty in his personal and professional life.

5C.    Under these circumstances, a restricted salesperson license with appropriate conditions is warranted. Pursuant to Regulation 2930, subdivision 18(A), when a licensee has been compensated for performing unlicensed activity, the penalty shall include a suspension. The length of the suspension is calculated by assigning $100 per day, and dividing $100 into the total amount of unlicensed compensation, up to a maximum of $10,000. Since Respondent and his partner received in excess of $10,000 of compensation for their unlicensed activity, a 100 day suspension is warranted. However, pursuant to Regulation 2930, subdivision 18(A), Respondent shall be allowed to petition the Commissioner to convert the 100 day suspension into a $10,000 monetary penalty. Other conditions shall include a three year period of restriction, reporting this discipline to his employing broker, being current on his continuing education requirements, and taking and passing the Professional Responsibility Examination to verify that Respondent has an understanding of the California Real Estate Law and its application. (Factual Findings 1-20.)

6

## ORDER

All licenses and licensing rights of Respondent James Eric Pate under the Real Estate Law are revoked; provided, however, a restricted real estate salesperson license shall be issued to Respondent pursuant to section 10156.5 of the Business and Professions Code if Respondent makes application therefore and pays to the Department of Real Estate the appropriate fee for the restricted license within 90 days from the effective date of this Decision. The restricted license issued to Respondent shall be subject to all of the provisions of section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of section 10156.6 of that Code:

1.      The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's conviction or plea of nolo contendere to a crime which is substantially related to Respondent's fitness or capacity as a real estate licensee.

2.      All licenses and licensing rights of Respondent under the Real Estate Law are suspended for a period of 100 days from the effective date of this Decision; provided, however, that if Respondent petitions, said suspension shall be stayed upon condition that:

A. Respondent pays a monetary penalty pursuant to section 10175.2 at the rate of $100.00 for each day of the suspension for a total monetary penalty of $10,000.

B. Said payment shall be in the form of a cashier's or certified check made payable to the Recovery Account of the Real Estate Fund. Said check must be received by the Department prior to the effective date of the Decision in this matter.

C. No further cause for disciplinary action against the real estate license of Respondent occurs within one year from the effective date of the Decision in this matter.

D. If Respondent fails to pay the monetary penalty in accordance with the terms and conditions of the Decision, the Commissioner may, without a hearing, order the immediate execution of all or any part of the stayed suspension in which event the Respondent shall not be entitled to any repayment nor credit, prorated or otherwise, for money paid to the Department under the terms of this Decision.

E. If Respondent pays the monetary penalty and if no further cause for disciplinary action against the real estate license of Respondent occurs within one year from the effective date of the Decision, the stay hereby granted shall become permanent.

7

3.      The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

4.      Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor for the removal of any of the conditions, limitations or restrictions of a restricted license until three years have elapsed from the effective date of this Decision.

5.      Respondent shall submit with any application for license under an employing broker, or any application for transfer to a new employing broker, a statement signed by the prospective employing real estate broker on a form approved by the Department of Real Estate which shall certify:

      (a) That the employing broker has read the Decision of the Commissioner which granted the right to a restricted license; and

      (b) That the employing broker will exercise close supervision over the performance by the restricted licensee relating to activities for which a real estate license is required.

6.      Respondent shall, within nine months from the effective date of this Decision, present evidence satisfactory to the Real Estate Commissioner that Respondent has, since the most recent issuance of an original or renewal real estate license, taken and successfully completed the continuing education requirements of Article 2.5 of Chapter 3 of the Real Estate Law for renewal of a real estate license. If Respondent fails to satisfy this condition, the Commissioner may order the suspension of the restricted license until Respondent presents such evidence. The Commissioner shall afford Respondent the opportunity for a hearing pursuant to the Administrative Procedure Act to present such evidence.

7.      Respondent shall, within six months from the effective date of this Decision, take and pass the Professional Responsibility Examination administered by the Department including the payment of the appropriate examination fee. If Respondent fails to satisfy this condition, the Commissioner may order suspension of Respondent's license until Respondent passes the examination.

DATED: March 22, 2012

ERIC SAWYER,
Administrative Law Judge
Office of Administrative Hearings

FILED

SEP - 4 1998

DEPARTMENT OF REAL ESTATE

By K. Niederholt

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

In the Matter of the Accusation of )
)
    CITIFED DIVERSIFIED, INC., )   DRE  H-27339 LA
    and, DARLENE SUE WARD, )
    individually and as designated )   OAH  L-1998020296
    officer of Citifed )
    Diversified, Inc. )
)
                Respondents. )
_____)

## DECISION GRANTING MONETARY PENALTIES IN LIEU OF SUSPENSION

      On July 16, 1998, a Decision was rendered in the above-entitled matter to become effective August 13, 1998.  On July 28, 1998, the effective date was stayed until September 1₹, 1998.

      On July 28, 1998, Respondent CITIFED DIVERSIFIED, INC., filed a petition of monetary penalty in lieu of actual suspension for the limited purpose of determining whether the suspension imposed against Respondent CITIFED DIVERSIFIED, INC., filed as part of said Decision should reduced.  I have considered the petition of Respondent CITIFED DIVERSIFIED, INC., and it is hereby ordered that the disciplinary action therein imposed against said Respondent is modified to allow said Respondent to pay a monetary penalty pursuant to Section 10175.2 of he Business and Professions Code to



the Department in lieu of an actual license suspension in the amount of $100.00 per day in order to stay all or part of the thirty day suspension.  The total would be $3,000 for all thirty days of the actual suspension.

Payment of the monetary penalty set forth above shall be in the form of a cashier's check or certified check made payable to the Department of Real Estate.  Said check must be delivered to the Department prior to the effective date of the Order in this matter.

The Commissioner has determined that this Order is in the public interest and the public welfare will be adequately served by this Order.

The Decision of July 16, 1998 shall become effective at 12 o'clock noon on September 1₺,  1998.

IT IS SO ORDERED _§/lo_, 1998

JIM ANTT, JR.
Real Estate Commissioner



FILED
AUG - 5 1998
DEPARTMENT OF REAL ESTATE

By _K. Niederhos_

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

In the Matter of the Accusation of )
                                    )
    CITIFED DIVERSIFIED, INC.,      )    DRE   H-27339 LA
    and, DARLENE SUE WARD,          )
    individually and as designated  )    OAH   L-1998020296
    officer of Citifed              )
    Diversified, Inc.               )
                                    )
            Respondents.            )
_____)

ORDER STAYING EFFECTIVE DATE

On July 16, 1998, a Decision was rendered in the above-entitled matter to become effective August 13, 1998.

IT IS HEREBY ORDERED that the effective date of the Decision of July 16, 1998, is stayed for a period of 30 days.

The Decision of July 16, 1998, shall become effective at 12 o'clock noon on September 13, 1998.

DATED _28 July 1998_

_Randolph Brencia_
Randolph Brencia
Regional Manager



OURT PAPER
ATE OF CALIFORNIA
D. 113 (REV. 3-95)
28391



F I L E D

ʹJUL 1 6 1998

DEPARTMENT OF REAL ESTATE

DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

By _____

* * * * *

In the Matter of the Accusation of          )       No. H-27339 LA
                                             )
                                             )       L-1998020296
        CITIFED DIVERSIFIED, INC.,           )
        and DARLENE SUE WARD,                )
        individually and as                  )
        designated officer of                )
        Citifed Diversified, Inc.,           )
                                             )
                                             )
                                             )
                                             )
                                             )
                    Respondent(s).           )
_____)

## DECISION

The Proposed Decision dated June 11, 1998,

of the Administrative Law Judge of the Office of

Administrative Hearings, is hereby adopted as the Decision

of the Real Estate Commissioner in the above-entitled matter.

This Decision shall become effective at 12 o'clock

noon on   August 13, 1998                .

IT IS SO ORDERED        7/16/98           .

                                JIM ANTT, JR.
                                Real Estate Commissioner

BEFORE THE
DEPARTMENT OF REAL ESTATE
STATE OF CALIFORNIA

| | | |
|---|---|---|
| In the Matter of the Accusation Against: | ) ) ) | File No. H-27339 LA |
| CITIFED DIVERSIFIED, INC.; and, DARLENE SUE WARD individually and as designated officer of Citifed Diversified, Inc., | ) ) ) ) ) ) ) | OAH No. L-1998020296 |
| Respondents. | ) ) ) | |

PROPOSED DECISION

On May 19, 1998, in Los Angeles, California, John D. Wagner, Administrative Law Judge, Office of Administrative Hearings, State of California, heard this matter.

Complainant was represented by Elliott Mac Lennan, Counsel, Department of Real Estate.

Respondents were represented by W. Curtis Cover, Attorney at Law.

Evidence was received, a stipulation of facts and a portion of the following discipline were received, the record was closed and the matter was submitted.

FINDINGS OF FACT

1. Complainant Thomas McCardy made and filed the Accusation in his official capacity as a Deputy Real Estate Commissioner of the State of California.

2. Respondent Citifed Diversidfied, Inc. (CDI), and respondent Darlene Sue Ward (Ward) are presently licensed and/or have license rights under the Real Estate Law.

3. At all times mentioned herein, CDI (known as Canyon Springs Financial prior to December 24, 1996,) was licensed by the Department of Real Estate of the State of California (Department) as a corporate real estate broker by and through Ward as its

1

designated officer.  As of January 1, 1995, CDI was doing business as American Builders Mortgage

4.  As of January 1, 1995, respondent Ward was licensed by the Department as the designated officer of CDI to qualify CDI, and to act for CDI as a real estate broker.  As provided by Section 10159.2 of the Business and Professions Code, she was responsible for the supervision and control of the activities conducted on behalf of CDI by its officers, managers and employees as necessary to secure full compliance with the provisions of the Real Estate Law, including the supervision of the salespersons licensed to the corporation in the performance of acts which a real estate license is required.

5.  At all times mentioned herein, CDI and Ward were acting as the agent or employee of the other and within the course and scope of such agency or employment.[1]

6.  At all times mentioned herein, in the City of Santa Ana, Orange County, California, respondent CDI and respondent Ward acted as real estate brokers by soliciting lenders and borrowers for loans secured directly or collaterally by liens on real property.  Such loans were arranged, negotiated, processed, and consummated on behalf of others for compensation or in expectation of compensation and for fees often collected in advance.

7.  On January 24, 1997, the Department completed a field audit examination of the books and records pertaining to the activities of CDI described in Finding 6.  The audit covered the period beginning on August 7, 1996, and ending on November 29, 1996.

8.  In connection with the real estate activities described in Finding 6, CDI and Ward, accepted or received funds in trust (trust funds) from or on behalf of borrowers and lenders and thereafter made disbursements of such funds, including credit reports, appraisals and loan processing fees.  Respondents maintained the following trust accounts into which they deposited certain of these funds:

"Loan Purchase Trust Account (T/A #1)
Account No. 24435-09829"
Bank of America
South Coast Center Dr.
P.O. Box 60049

"Citifed Diversified Trust Account (T/A #2)
Account No. 24431-04234"
Bank of America
South Coast Center Dr.
P.O. Box 60049

---

[1]  Whenever reference is made in these findings to an act or omission of CDI, such finding shall be deemed to mean that the officers, Directors, managers, employees, agents and real estate licensees employed by or associated with CDI, including Ward, committed such act or omission while engaged in the furtherance of the business or operation of CDI and while acting within the course and scope of its authority agency and employment.

"Title I Trust Account (T/A #3)
Account No. ████████████"
Bank of America
South Coast Center Dr.
P.O. Box 60049

9. With respect to the trust funds referred to in Finding 8, CDI and Ward:

a. Failed to maintain T/A #1 and T/A #3 in the name of the broker, as required by former Regulation 2830 now Regulation 2832;[2]

b. Failed to maintain a separate record for each beneficiary or transaction, thereby failing to account for all trust funds, received, deposited, and disbursed by the trust accounts, as required by Regulation 2831.1;

c. Failed to perform a monthly reconciliation of the balance of all separate beneficiary or transaction records maintained pursuant to Regulation 2831.1 with the record of all trust funds received and disbursed by T/A #2, as required by Regulation 2831 and in the manner required by Regulation 2831.2;

d. Commingled CDI's funds with trust funds in T/A #2 in the amount of $11,954.06 to $21,007.06, by failing to disburse all broker owned funds in the trust account within twenty-five (25) days of deposit, in violation of Code Section 10176(e) and Regulation 2835 (Broker money was left in the account because financial records were not available to reconcile the account.)

e. Failed to place credit report and appraisals fees, accepted on behalf of another, into the hands of the owner of the funds, into a neutral escrow depository or into a trust fund account in the name of the broker as trustee at a bank or other financial institution not later than three business days following receipt of the funds by the broker or by the broker's salesperson, as required by Section 2832 of the Regulations; and

f. Permitted an unlicensed person who was insufficiently bonded, Deborah McCarron, to be an authorized signatory on the trust account, in violation of Section 2834 of the Regulations.

10. The above audit examination further revealed that respondent CDI used the fictitious name of "Cartel Diversified, Inc." to conduct residential resale and mortgage loan activities on behalf of CDI without holding a license bearing said fictitious business name.

11. In mitigation of the above Findings, no client of CDI suffered financial loss. Some of the above findings were the result of CDI not promptly withdrawing its profits from accounts. Respondent Ward was fully cooperative during the audit.

---

[2]  All references to the "Code" are to the California Business and Professions Code. All references to "Regulations" are to sections in title 10 of the California Code of Regulations.

Prior Discipline

12. On May 18, 1995, in Case No. H-2035 SA, an Accusation was filed against respondent CDI, under its former corporate name of Canyon Springs Financial, a corporation, that resulted in a stayed, suspension that became effective August 6, 1996, for violations of Sections 10145 and 10240 of the California Business and Professions Code and Sections 2726, 2830, 2831, 2831.2, title 10, of the California Code of Regulations. These violations occurred prior to Ward becoming the designated officer of CDI.

## DETERMINATION OF ISSUES

1. Cause for discipline of both respondents' licenses was established pursuant to section 10177(d) of the Business and Professions Code for the following violations of said code and regulations:

a. For violation of sections 10145 and 10159.2 of said code, by reason of Finding 9a.

b. For violation of sections 10145 and 10159.2 of said code, and section 2831 of the Regulations, by reason of Finding 9b.

c. For violation of sections 10145 and 10159.2 of said code, by reason of Finding 9c.

d. For violation of sections 10145 and 10159.2 of said code, by reason of Finding 9d.

e. For violation of section 10176(e) of said code, and section 2835 of the Regulations, by reason of Finding 9e.

f. For violation of section 10159.2 of said code, by reason of Finding 9f.

g. For violation of section 2731 of the Regulations, by reason of Finding 10.

2. In view of the fact that respondent Ward was fully cooperative with the audit that provided the evidence for the above violations; that no clients of CDI suffered financial loss; that several of the above violations involved mitigating circumstances; and the fact that the parties have partially stipulated to appropriate discipline, the licenses of both respondents should be restricted with the conditions set forth in the following order.

4

## ORDER

Wherefore, the following order is hereby made:

## CITIFED DIVERSIFIED, INC.

1. All licenses and licensing rights of respondent Citifed Diversified, Inc. under the Real Estate Law are revoked; provided, however, a restricted real estate broker license shall be issued to said respondent pursuant to section 10156.5 of the Business and Professions Code if respondent makes application therefore, and pays to the Department of Real Estate the appropriate fee for the restricted license within ninety (90) days of the effective date of this Decision.  The restricted license issued to Respondent shall be subject to all the provisions of section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of section 10156.6 of that Code:

a.  The restricted license issued to Respondent shall be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's or its designated broker's conviction or plea of nolo contendere to a crime which is substantially related to fitness or capacity as a real estate licensee.

b.  The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

c.    Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor for the removal of any of the conditions, limitations or restrictions of a restricted license until 2 years have elapsed from the effective date of this Decision.

d.  Respondent's license and license rights shall be actually suspended for a period of 30 days.  Respondent may, pursuant to Section 10175.2, petition the Commissioner to pay a monetary penalty and thereby further stay imposition of the term of the actual suspension.

e.  Respondent shall obey all laws, rules and regulations governing the rights, duties and responsibilities of a real estate licensee in the State of California.

f.   Pursuant to Section 10148 of the Business and Professions Code, Respondent shall pay $1,800 as the Commissioner's reasonable cost for a compliance audit to determine if Respondent has corrected the trust fund violations found in Determination of Issues 1.  Respondent shall pay such cost within 45 days of receiving an invoice from the Commissioner.  The Commissioner may, in his discretion, vacate and set aside the above stay order, if payment is not timely made as provided for herein, or as provided for in a subsequent agreement between the Respondent and the Commissioner.  The vacation and the set aside of the stay shall remain in effect until payment is made in full, or until Respondent enters into an agreement satisfactory to the Commissioner to provide for payment.

5

## DARLENE SUE WARD

2.  All licenses and licensing rights of respondent Darlene Sue Ward under the Real Estate Law are revoked; provided, however, a restricted real estate broker license shall be issued to Respondent pursuant to Section 10156.5 of the Business and Professions Code if Respondent makes application therefor and pays to the Department of Real Estate the appropriate fee for the restricted license within 90 days from the effective date of this Decision. The restricted license issued to Respondent shall be subject to all of the provisions of Section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of Section 10156.6 of that Code:

a.  The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's conviction or plea of nolo contendere to a crime which is substantially related to Respondent's fitness or capacity as a real estate licensee.

b.  The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

c.  Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor for the removal of any of the conditions, limitations or restrictions of a restricted license until 1 year has elapsed from the effective date of this Decision.

d.  Respondent shall, within nine months from the effective date of this Decision, present evidence satisfactory to the Real Estate Commissioner that Respondent has, since the most recent issuance of an original or renewal real estate license, taken and successfully completed the continuing education requirements of Article 2.5 of Chapter 3 of the Real Estate Law for renewal of a real estate license. If Respondent fails to satisfy this condition, the Commissioner may order the suspension of the restricted license until the Respondent presents such evidence. The Commissioner shall afford Respondent the opportunity for a hearing pursuant to the Administrative Procedure Act to present such evidence.

e.  Respondent shall, within six months from the effective date of this Decision, take and pass the Professional Responsibility Examination administered by the Department including the payment of the appropriate examination fee. If Respondent fails to satisfy this condition, the Commissioner may order suspension of Respondent's license until Respondent passes the examination.

f.  During the first 90 days from the effective date of this Decision, Respondent shall not be the designated officer of any corporation except Citifed Diversified, Inc. and Cartel Diversified, Inc. After 90 days from the effective date of this Decision, Respondent Ward shall not be the designated officer of any corporation, including Citifed Diversified, Inc., except Cartel Diversified, Inc.

g. Respondent shall be jointly and severally liable for the $1,800 cost of a compliance audit set forth in condition 1f of a restricted license issued to Citifed Diversified, Inc., regardless of whether Respondent is still the designated officer of said corporation.  Said condition 1f shall also apply to Respondent Ward.

Dated: _June 11, 1998_

_John D. Wagner_

JOHN D. WAGNER
Administrative Law Judge
Office of Administrative Hearings

7



### BEFORE THE DEPARTMENT OF REAL ESTATE
### STATE OF CALIFORNIA

FILED
APR 1 3 1998
DEPARTMENT OF REAL ESTATE

By _Nudeshold_

*In the Matter of the Accusation of*

CITIFED DIVERSIFIED INC., et al.,

Case No.  H-27339 LA

OAH No.  L-1998020296

}

_____
*Respondent*

## NOTICE OF HEARING ON ACCUSATION

*To the above named respondent:*

*You are hereby notified* that a hearing will be held before the Department of Real Estate at _____.

Office of Administrative Hearings, 107 South Broadway, Second Floor

Los Angeles, CA  90012

on ____May 19, 1998_____, at the hour of _9:00 a.m.,
or as soon thereafter as the matter can be heard, upon the Accusation served upon you. If you object to the place of hearing, you must notify the presiding administrative law judge at the Office of Administrative Hearings within ten (10) days after this notice is served on you. Failure to notify the presiding administrative law judge within ten days will deprive you of a change in the place of the hearing.

You may be present at the hearing. You have the right to be represented by an attorney at your own expense. You are not entitled to the appointment of an attorney to represent you at public expense. You are entitled to represent yourself without legal counsel. If you are not present in person nor represented by counsel at the hearing, the Department may take disciplinary action against you based upon any express admission or other evidence including affidavits, without any notice to you.

You may present any relevant evidence and will be given full opportunity to cross-examine all witnesses testifying against you. You are entitled to the issuance of subpenas to compel the attendance of witnesses and the production of books, documents or other things by applying to the Department of Real Estate.

The hearing shall be conducted in the English language. If you want to offer the testimony of any witness who does not proficiently speak the English language, you must provide your own interpreter and pay his or her costs. The interpreter must be certified in accordance with Sections 11435.30 and 11435.55 of the Government Code.

DEPARTMENT OF REAL ESTATE

Dated: APR 1 3 1998

By _____
                                          *Counsel*

cc:  Citifed Diversified Inc.
     Darlene Sue Ward
     Sacto
     OAH DB

RE 501 (Rev. 8/97)
kw



**BEFORE THE DEPARTMENT OF REAL ESTATE**
**STATE OF CALIFORNIA**

FILED
MAR - 2 1998
DEPARTMENT OF REAL ESTATE

By

*In the Matter of the Accusation of*

CITIFED DIVERSIFIED INC., et al.,

}

Case No.   H-27339 LA

OAH No.   L-1998020296

*Respondent*

## NOTICE OF HEARING ON ACCUSATION

*To the above named respondent:*

    *You are hereby notified* that a hearing will be held before the Department of Real Estate at _____

Office of Administrative Hearing, 107 South Broadway, Second Floor

Los Angeles, CA   90012.

on    April 2, 1998 _____, at the hour of   9:00 a.m,
or as soon thereafter as the matter can be heard, upon the Accusation served upon you. If you object to the place of hearing, you must notify the presiding administrative law judge of the Office of Administrative Hearings within ten (10) days after this notice is served on you. Failure to notify the presiding administrative law judge within ten days will deprive you of a change in the place of the hearing.

    You may be present at the hearing. You have the right to be represented by an attorney at your own expense. You are not entitled to the appointment of an attorney to represent you at public expense. You are entitled to represent yourself without legal counsel. If you are not present in person nor represented by counsel at the hearing, the Department may take disciplinary action against you based upon any express admission or other evidence including affidavits, without any notice to you.

    You may present any relevant evidence and will be given full opportunity to cross-examine all witnesses testifying against you. You are entitled to the issuance of subpenas to compel the attendance of witnesses and the production of books, documents or other things by applying to the Department of Real Estate.

    The hearing shall be conducted in the English language. If you want to offer the testimony of any witness who does not proficiently speak the English language, you must provide your own interpreter and pay his or her costs. The interpreter must be certified in accordance with Sections 11435.30 and 11435.55 of the Government Code.

DEPARTMENT OF REAL ESTATE

Dated:   **MAR - 2 1998**

By _____
*Counsel*

cc:   Citifed Diversified Inc.
      Darlene S. Ward
      Sacto
      OAH   DB
RE 501 (Rev. 8/97)
  kw

ELLIOTT MAC LENNAN, Counsel
Department of Real Estate
107 South Broadway, Room 8107
Los Angeles, California  90012

(213) 897-3937



FILED
AUG 1 9 1997
DEPARTMENT OF REAL ESTATE

By _K. Kiederholt_

DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * * *

In the Matter of the Accusation of )     No. H- 27339  LA
                                    )
CITIFED DIVERSIFIED, INC.;          )
and, DARLENE SUE WARD               )      A C C U S A T I O N
individually and                    )
as designated officer of            )
Citifed Diversified, Inc.,          )
                                    )
                                    )
                Respondents         )
_____)

        The Complainant, Thomas McCrady, a Deputy Real Estate

Commissioner of the State of California, for cause of Accusation

against CITIFED DIVERSIFIED, INC., dba Canyon Springs Financial, a

corporation and dba American Builders Mortgage, and DARLENE SUE

WARD, individually and as designated officer of Citifed

Diversified, Inc., is informed and alleges in his official

capacity as follows:

                                    /

                                    /

                                    /

                                    /

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95  28391

-1-

I

CITIFED DIVERSIFIED, INC., (CDI) and DARLENE SUE WARD (WARD), sometimes collectively referred to as respondents, are presently licensed and/or have license rights under the Real Estate Law (Part 1 of Division 4 of the California Business and Professions Code).

II

All references to the "Code" are to the California Business and Professions Code and all references to "Regulations" are to Title 10, Chapter 6, California Code of Regulations.

III

At all times mentioned, CDI was licensed by the Department of Real Estate of the State of California (Department) as a corporate real estate broker by and through WARD as designated officer.  CDI was first licensed by the Department on November 30, 1987.

IV

At all times mentioned, WARD was licensed by the Department as designated officer of CDI to qualify CDI and to act for CDI as a real estate broker and, as provided by Section 10159.2 of the Code, was responsible for the supervision and control of the activities conducted on behalf of CDI by its officers, managers and employees as necessary to secure full compliance with the provisions of the Real Estate Law including the supervision of the salespersons licensed to the corporation in the performance of acts for which a real estate license is required.

V

Whenever reference is made in an allegation in the accusation to an act or omission of CDI such allegation shall be deemed to mean that the officers, directors, managers, employees, agents and real estate licensees employed by or associated with CDI, including WARD, committed such act or omission while engaged in the furtherance of the business or operation of CDI and while acting within the course and scope of its corporate authority, agency and employment.

VI

At all times mentioned, CDI and WARD were acting as the agent or employee of the other and within the course and scope of such agency or employment.

VII

At all times mentioned, in the City of Santa Ana, Orange County, California, respondent CDI and respondent WARD acted as real estate brokers within the meaning of Code Section 10131(d), whereby lenders and borrowers were solicited for loans secured directly or collaterally by liens on real property, wherein such loans were arranged, negotiated, processed, and consummated on behalf of others for compensation or in expectation of compensation and for fees often collected in advance.

/

/

/

/

/



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95  28391

VIII

On January 24, 1997, the Department completed a field audit examination of the books and records pertaining to the activities of CDI described in Paragraph VII, above, beginning on August 7, 1996, and ending on November 29, 1996, which revealed violations of the Code and the Regulations as set forth in the following paragraphs.

IX

In connection with the aforesaid real estate activities described in Paragraph VII, CDI and WARD, accepted or received funds in trust (trust funds) from or on behalf of borrowers and lenders and thereafter made disbursements of such funds including credit reports, appraisals and loan processing fees.  Respondents maintained the following trust accounts into which they deposited certain of these funds:

"Loan Purchase Trust Account (T/A #1)
Account No. ▉▉▉▉▉▉"
Bank of America
South Coast Center Dr.
P.O. Box 60049

"Citifed Diversified Trust Account (T/A #2)
Account No. ▉▉▉▉▉▉"
Bank of America
South Coast Center Dr.
P.O. Box 60049

"Title I Trust Account (T/A #3)
Account No. ▉▉▉▉▉▉"
Bank of America
South Coast Center Dr.
P.O. Box 60049

<center>X</center>

With respect to the trust funds referred to in Paragraph IX, CDI and WARD:

(a)   Failed to maintain T/A #1 and T/A #3 in the name of the broker, as required by former Regulation 2830 now Regulation 2832;

(b)   Failed to maintain a separate record for each beneficiary or transaction, thereby failing to account for all trust funds received, deposited, and disbursed by the trust accounts, as required by Regulation 2831.1;

(c)   Failed to perform a monthly reconciliation of the balance of all separate beneficiary or transaction records maintained pursuant to Regulation 2831.1 with the record of all trust funds received and disbursed by T/A #2, as required by Regulation 2831 and in the manner required by Regulation 2831.2;

(d)   Commingled CDI' funds with trust funds in T/A #2, in the amount of $11,954.06 TO $21,007.06, by failing to disburse all broker owned funds in the trust account within twenty-five (25) days of deposit, in violation of Section 10176(e) and Regulation 2835;

(e)   Failed to place credit report and appraisal fees, accepted on behalf of another into the hands of the owner of the funds, into a neutral escrow depository or into a trust fund account in the name of the broker as trustee at a bank or other financial institution not later than three business days following receipt of the funds by the broker or by the broker's salesperson, as required by Section 2832 of the Regulations; and

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95  28391

1    (f)   Permitted an unlicensed person who was

2  insufficiently bonded, Deborah McCarron, to be an authorized

3  signatory on the trust account, in violation of Section 2834 of

4  the Regulations.

5                              XI

6       The conduct of respondents CDI and WARD, described in

7  Paragraph X, above, violated the Code and the Regulations as set

8  forth below:

9        PARAGRAPH              PROVISIONS VIOLATED

10       X(a)            Section 10145 & 10159.2 of the Code, and

11                       Section 2832 of the Regulations

12

13       X(b)            Section 10145 & 10159.2 of the Code, and

14                       Section 2831 of the Regulations

15

16       X(c)            Section 10145 & 10159.2 of the Code, and

17                       Section 2831.1 of the Regulations

18

19       X(d)            Section 10145 & 10159.2 of the Code, and

20                       Section 2831.2 of the Regulations

21

22       X(e)            Section 10176(e) of the Code, and

23                       Section 2835 of the Regulations

24

25       X(f)            Section 10145 & 10159.2 of the Code, and

26                       Section 2834 of the Regulations

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

05  28391

1   Each of the foregoing violations separately constitutes cause for

2   the suspension or revocation of the real estate licenses and

3   license rights of respondents CDI and WARD under the provisions of

4   Section 10177(d) of the Code.

5                                    XII

6        The audit examination further revealed that respondent

7   CDI used the fictitious name of "Cartel Diversified, Inc." to

8   conduct residential resale and mortgage loan activities on behalf

9   of CDI without holding a license bearing said fictitious business

10  name.   The conduct of respondent CDI, in failing to obtain

11  licenses for use of the aforesaid name, is in violation of

12  Regulation 2731 and is cause to suspend or revoke respondent's

13  real estate license and license rights under Section 10177(d) of,

14  the Code.

15                            Prior Discipline

16                                  XIII

17       On May 18, 1995, in Case No. H-2035 SA, an Accusation

18  was filed against respondent CDI, under its former corporate name

19  of Canyon Springs Financial, a corporation, that resulted in a

20  suspension stayed that became effective August 6, 1996, for said

21  respondent for violations of Sections 10145 and 10240 of the

22  California Business and Professions Code and Sections 2726, 2830,

23  2831 and 2831.2 of Title 10, Chapter 6, California Code of

24  Regulations.

25                                    /

26                                    /

27                                    /



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95 28001

1    WHEREFORE, Complainant prays that a hearing be conducted

2  on the allegations made by the accusation and, that upon proof

3  thereof, a decision be rendered imposing disciplinary action

4  against the license and license rights of against CITIFED

5  DIVERSIFIED, INC., and DARLENE SUE WARD, individually and as

6  designated officer of Citifed Diversified, Inc., under the Real

7  Estate Law (Part 1 of Division 4 of the Business and Professions

8  Code) and for such other and further relief as may be proper under

9  other applicable provisions of law.

10  Dated at Los Angeles, California

11  this 19th day of August, 1997.

12

13                              THOMAS MC CRADY

                              _____
14                              Deputy Real Estate Commissioner

15

16

17

18

19

20

21

22

23

24

25  cc:  Citifed Diversified, Inc.
         c/o Darlene S. Ward, D.O.
26       Sacto.
         DB
27

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL DISTRICT, IN AND FOR
LEON COUNTY, FLORIDA

David Sidney Potter,

   Plaintiff

  vs.

Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
Greg Gehris

   Defendants

**AMENDED**
(Non-Payment of $15,000 Signing Bonus)
**COMPLAINT AND JURY DEMAND**
Leon County
Case No. 2021 CA 000401

**CAUSES OF ACTIONS:**
**COUNT 1: FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public
   Policy Against All Defendants)**
**COUNT 2: SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)**
**COUNT 3: THIRD CAUSE OF ACTION (Age Discrimination)**
**COUNT 4: FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)**
**COUNT 5: FIFTH CAUSE OF ACTION (Violation of The Consumer Financial Protection
   Act)**
**COUNT 6: SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)**
**COUNT 7: SEVENTH CAUSE OF ACTION (Non-Payment of $15,000 Signing Bonus)**

# TABLE OF CONTENTS

I. THE NATURE OF THE ACTION………………………………………….......3

II. PARTIES……………………………………………………………………….6

III. JURISDICTION AND VENUE…………………………………….……..……7

IV. FACTUAL ALLEGATIONS………………………………………………..…7

V. EXHAUSTION OF ADMINISTRATIVE REMEDIES……………………….............9

VI. ARGUMENT

    FIRST CAUSE OF ACTION (Wrongful Termination in Violation of Public Policy Against All Defendants)…………………………………….…………….........10

    SECOND CAUSE OF ACTION (Breach of Contract Against All Defendants)……..11

    THIRD CAUSE OF ACTION (Age Discrimination)……………………………..12

    FOURTH CAUSE OF ACTION (Violation of Florida's Whistleblower Act)……….14

    FIFTH CAUSE OF ACTION (Violation of the Consumer Financial Protection Act).15

    SIXTH CAUSE OF ACTION (Violation of the Affordable Care Act)…………....…15

    SEVENTH CAUSE OF ACTION (Non-Payment of $15,000 Signing Bonus)……...17

VII. PRAYER FOR RELIEF……………………………………………….…...…17

VIII. DEMAND FOR JURY TRIAL………………………………………….......18

IX. EXHIBITS……………………………………………………………….…20

**\*\*\*\*\*\*\*\*\*\*\* False Claims Act & Qui Tam \*\*\*\*\*\*\*\*\*\*\***

Notice is hereby given that Plaintiff reserves the right to further his claim against said Defendants in the False Claims Act and Que Tam. The absence of such claim in this subject litigation does not preclude Plaintiff from exercising such right. False Claims Act is 31 U.S.C. Sections 3729-3733.

Plaintiff D. Sidney Potter alleges as follows:

## THE NATURE OF THE ACTION

1.      The case involves the wrongful termination of D. Sidney Potter by Secure One Capital Corporation, (herein known as SECURE ONE), a mortgage lender that is regionally based in Loxahatchee, FL (as the registered location); and Paychex Insurance Agency, Inc., an accessory Defendant to the termination (herein known as PAYCHEX), regionally based in Sarasota, FL.  The employee, D. Sidney Potter (herein known as Potter), who would be entitled to different protections as a contractor, was hired and started as an employee with SECURE ONE on July 13, 2020 from their California office at 555 Anton Blvd, Costa Mesa, CA 92626, and was subsequently fired February 26, 2021. Mr. Potter accepted employment from SECURE ONE while in Florida (see Exhibits for State of Florida identification card), and subsequently worked in North Carolina while under the employ of SECURE ONE.  Mr. Potter has never been to the offices of SECURE ONE in California. For purposes of jurisdiction, Florida law and statue dominates this case; procedurally and legally, in terms of personal justification and venue, and legal jurisdiction. All counties are applicable, since SECURE ONE and PAYCHEX operate all.

2.      The Plaintiff, D. Sidney Potter, is an experienced mortgage operations consultant who has worked on dozens of projects over a 13-year period for an inordinate number of banks, finance companies, and mortgage analytics firms.  Some of the companies include the following: GE Money, IndyMac, Ameriquest, Bank of America, Countrywide, Merrill Lynch, Bank One, Washington Mutual and Wells Fargo.  Along with those latter named Fortune 500 companies, Potter has worked with Big Six consulting firms, such as Arthur Andersen, Accenture, Deloitte & Touché, Cognizant and Ernst & Young.  In terms of project locations, they include Boston, Jacksonville, Charlotte, Minneapolis, Dallas, San Francisco, Phoenix, Detroit and Los Angeles.

Page 3

In addition to whom and where Potter has worked, he has primarily been engaged in several capacities when on site as a mortgage operations consultant.  Those mortgage operation "hats" include the role of a mortgage underwriter, repurchase analyst, due diligence processer, quality control auditor and as a mortgage analyst.  In his various roles, it has been necessary to achieve certification and authorization designations in order to perform certain functions, such as that of an underwriter.  Over a 13-year period, it is estimated that Potter has taken hundreds of assessments and continuing education courses at the various banks he has worked during his role as a mortgage operations consultant.

3.     The Plaintiff, D. Sidney Potter is a published author and writes for several well-known online periodicals, such as The Huffington Post, CNN (iReports), Politico, Inman and CounterPunch.  He is considered a subject matter expert (SME) in the mortgage and real estate industry.  Some of his work includes on camera talent for "how to" instruction videos in real estate and mortgages for Demand Studies.  In 2011, he was named "Person of the Week" from Mortgage Orb Magazine, in addition to being quoted directly via other online periodicals, and subsequently in 2017, was mentioned as a person to watch in Inman Real Estate magazine for his prowess in real estate and his Jack Kerouac like travels as a journeyman writer.

4.     The Plaintiff, D. Sidney Potter, successfully passed the preliminary test cases administrated verbally by SECURE ONE precedent to employment. The Defendant, SECURE ONE choose to rely on these preliminary assessments to hire Potter as an Underwriter.

5.     As a result of SECURE ONE's wrongful termination of Potter's employment on February 26, 2021, and despite employment being conveyed as "guaranteed" and continually – unless otherwise stated for the next 10 years as expressed by SECURE ONE, the following employees of SECURE ONE and the accessory defendant PAYCHEX: Rooven Akiba (Primary

Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, are apart of this legal complaint via the legal theory of Respondeat Superior.  It is worth noting that SECURE ONE and PAYCHEX will be sued in a companion lawsuit as a result of the unlawful conduct of additional employees not herein named as Defendants, wherein Potter has suffered serious economic harm as a result of discriminatory treatment and wrongful termination.

6.     In particular, a formal job discrimination complaint with the EEOC will be filed in the Tampa, Florida within the next 60 days and be made apart of this compliant.

7.     This lawsuit seeks to redress the harm suffered by Potter and shed light on the discriminatory employment practices that have pervaded SECURE ONE throughout Potter's tenure while employed.

8.     Defendants had no right to terminate Potter's employment at SECURE ONE under these circumstances, and Defendants wrongful and tortuous conduct has resulted in damage to Potter in an amount as-of-yet undetermined.  More specifically, this lawsuit seeks an as-of-yet undetermined amount of money and to force both companies to implement safeguards to prevent financial harm to its customers; in addition that other non-Whistleblower claims to be substantially punitive in terms of damages and to be determined by a jury of Potter's peers and/or a bench decision by this Court. In terms of Whistleblower damages, refer to the Florida Whistleblower Act and the Consumer Financial Protection Act for compensatory damages and injunctive relief contained herein. In addition, SECURE ONE has not fully redressed allegations of predatory lending as to the 'benefit to borrower' criteria as established by The Dodd-Frank Act of 2010.

## PARTIES

9.      Plaintiff, D. Sidney Potter ("Potter" or "Plaintiff") is, and at all relevant times was, an individual working as a mortgage operations consultant based in California and North Carolina, whilst conducting business under his sole proprietorship entitled Potter Equities.  For the work performed for SECURE ONE, the Plaintiff was temporally in the State of North Carolina, and maintains ties to Florida as evidenced with his current State of Florida identification.  Employment laws in North Carolina are applicable to the case at hand. The second venue is California, wherein the Plaintiff may file in Los Angeles County.

10.      Plaintiff is informed and believes and based thereon alleges that Defendant, SECURE ONE, is, and at all relevant times was, a corporation that conducts business, and is organized and existing under the laws of the State of Florida, doing business in the County of Leon, State of Florida. SECURE ONE is registered with the Florida Office of Financial Regulation, 200 E. Gaines Street, Tallahassee, FL 32399.  The company identification is MLDB: 12273, in addition that employee Ryan Marier maintains an NMLS license of LO032715. The registrant for SECURE ONE is InCorp Services, Inc, located at 17888 67th Court North, Loxahatchee, FL 33470.  Despite popular claims, SECURE ONE was established in 2011, not 1995, some 25+ years ago, as has been suggested.  (see Exhibits with date of incorporation, and attached Articles of Incorporation).

11.      Plaintiff is informed and believes and based thereon alleges that Defendant, PAYCHEX, is, and at all relevant times was, a corporation that conducts business, and is organized doing business in the County of Leon, State of Florida.  The address of record for PAYCHEX is 2817 Cattlemen Road, Suite 2817, Sarasota, FL 34232.

12.      Plaintiff is informed and believes, and based thereon alleges, that each Defendant;

and the following employees of SECURE ONE and PAYCHEX: Rooven Akiba (Primary Owner of SECURE ONE), Ryan Marier, James Pate, Leanne Keegan, Secure One Capital Corporation, Paychex Insurance Agency, Inc., and Greg Gehris, at all times mentioned in this complaint was the agent, employee, partner, joint venturer, co-conspirator, and/or employer of the other Defendants and was at all times herein mentioned acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture.  Plaintiff is further informed and believes, and thereon alleges, that the acts and conduct herein alleged of each Defendant was known to, authorized by and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

13.     Jurisdiction and venue are proper in this Court because, SECURE ONE, incorporated in the State of Florida, with MLDB ID: 12273, conducts business in the State of Florida; and PAYCHEX, conducts business in the State of Florida, under its corporate parent, Paychex, Inc., (NASDAQ: PAYX) is registered with the Florida Division of Corporations.

14.     The Plaintiff, D. Sidney Potter accepted employment and executed an employment agreement on July 13, 2020 with SECURE ONE for the purpose of performing work for SECURE ONE, emanating from conversations whilst in the State of Florida.

15.     The amount in controversy in this matter exceeds the sum of $25,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

16.     As noted earlier, the employee, D. Sidney Potter, successfully passed training as verbally administered by SECURE ONE employee Ryan Marier. The employer, SECURE ONE, authorized said training.

Page 7

17.     As a result of the success of the training, Potter was offered a position with SECURE ONE.

18.     Companies enjoy a strong degree of discretion to 'fire and hire' mortgage employees at their whim – and do so with an alarming zest.  Potter has witnessed this dysfunctional behavior firsthand and understands – however morally and ethically wrong, that there are few if no repercussions for employers who engage in this quasi "white collar" ethnic cleansing.  Potter is also cognizantly aware that these very same employers cannot fire an employee based on a charge of wrongful termination and/or discriminatory nature.  The Defendants are liable for this breach of American jurisprudence, in that they have skirted the law under the pretext of ending Potter's assignment under the guise that as an "employee-at-will" he was fireable at any moment, when infact they are guilty of breaking the law by willfully committing an unlawful termination.  In part, it is "what they do".

19.     To be brief, the employee, D. Sidney Potter, had his position eliminated – in part because of a subjective bias in his performance competencies, wherein his competency was at or above the requisite level.  A statistical analysis will prove this fact.  This is against the law, and as a result, SECURE ONE will have to reimburse Potter for his economic loss.

**20.     Furthermore, the employee, D. Sidney Potter, had his position eliminated because he notified in writing to two employees in human resources of SECURE ONE on three separate occasions, the first in August 2020, January 2021, and more specifically on February 26, 2021, of their failure to properly initiate company mandated healthcare as required by law.  In particular, when Mr. Potter informed SECURE ONE by email of incorrect coverage from Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage**

was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated.  **This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation.  State and federal law has been broken as a result of these tortious acts that have caused economic harm to the Plaintiff.**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21.    Not all wrongful discharge claims are discrimination-based. If an employee is given a contract of employment, either expressly or impliedly and/or verbally, and is terminated before the expiration of, and in violation of, under that contract he or she is entitled to bring a claim for wrongful discharge and breach of employment contract. **As such, the claim brought by Plaintiff is not subject to exhaustive remedies, per EEOC, but will be filed within 60 days.**

22.    SECURE ONE, a mortgage lender company of approximately 100 employees that hires mortgage banking professionals, like the Plaintiff, for mortgage operations work, will try to suggest that the email from SECURE ONE, dated February 26, 2021, somehow acts as a release against any and all future claims against SECURE ONE.  And that the employment agreement signed shortly before the commencement of work on July 13, 2020 nullifies any post-employment legal claims, is wholly inaccurate and supercilious   And even if SECURE ONE tried to suggest that Potter was precluded from suing them directly for any and all reasons under the sun, SECURE ONE cannot succeed on this frivolous claim and Mickey Mouse assertion. The courts have long frowned upon blanket assertions of unsubstantiated claims and any other similar facsimile or quasi agreement (i.e., Arbitration/AAA), which are drafted, amended and submitted by employers to employees in a non-arm's length capacity; as an all-inclusive defense and/or an attempt to absolve them of any future litigation.  The litigation at hand against all

Page 9

Defendants is predicated upon its own merits, and is not subject to an inapplicable email, letter or agreement, but rather the allegations presented thereon will be subject to the reasoning of the trier of fact, either from the bench or by jury trial, that will adjudicate in part and/or in full on behalf of the aggrieved party, that being the Plaintiff himself.

## FIRST CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against All Defendants)

23.     Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

24.     Potter's employment with SECURE ONE was terminated by Defendants in violation of fundamental public policy of the State of Florida since he was wrongly terminated based on Whistleblowing activity and as a result of his entire test assessments falsely alleged of not being substantially above what other underwriters at this SECURE ONE mortgage unit have performed at.  This by any other name is discriminatory.  Holding the Plaintiff to a higher standard not required by other employees is clearly a violation of Plaintiffs' rights.

25.     As set forth above, the actions and conduct of Defendants were wrongful and in violation of the fundamental principles of the public policy of the State of Florida, the State of California, and the State of North Carolina, as reflected in their respective laws objectives and policies.

26.     More specifically, SECURE ONE terminated Potter's employment in violation of important and well-established public policies, as set forth in various state statutes and Constitutional provisions including but not limited to Const. Art. I section 8.

Page 10

27.   In committing the foregoing acts, SECURE ONE is guilty of oppression, fraud, and/or malice under Florida Civil Code section 3294, thereby entitling Potter to punitive damages in a sum appropriate to punish and make an example out of SECURE ONE.

28.   As a direct and proximate result of the Defendants' conduct, Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trail.

29.   Potter is informed and believes and based thereon alleges that the above-described conduct of Defendants was willful and intentional and done with malice, fraud and oppression, and constitutes despicable conduct in conscious and reckless disregard of Potter's rights and interest, such that the conduct warrants the imposition of punitive damages in a sum appropriate to punish Defendants, and each of them, and to deter Defendants from engaging in future similar misconduct, the exact sum subject to proof at the time of trial.

30.   Potter has been damaged in an amount within the jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

31.   Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 22 above, and incorporates those allegations herein by reference.

32.   Defendants anticipatorily repudiate and materially breached the Implied Covenant of Good Faith, the implied employment agreement, and the verbal agreement (herein all three elements referred to as Agreement), that Potter accepted before commencing work for the named Defendants to perform the duties of the job.

33.     Potter has performed all conditions, covenants and promises required pursuant to the terms of the Agreement, except to the extent such performance was waived executed or prevented by reason of the acts or omissions of Defendants.

34.     As a direct and proximate result of the anticipatory and material breach and the conspiratorial conduct by both Defendants as it relates to a breach of the Affordable Care Act in the deliverance of health care; wherein each party subverted their fiduciary responsibility to the Plaintiff; and as such Potter has suffered general and special damages for, *inter alia*, the loss of the compensation he would have received in connection with loss of the compensation he would have received in connection with continued employment with SECURE ONE, in an amount as-yet-to-be determined and according to proof at the time of trial.

35.     Potter is also entitled to an award of his reasonable lawyer's fees and costs pursuant to Florida Civil Code section 1717, wherein Potter anticipates that he will hire legal representation for this case in the near future.

### THIRD CAUSE OF ACTION

**(Age Discrimination)**

36.     The Plaintiff has been treated differently than similarly situated employees by Defendants in the terms and conditions of his employment because of his age, and professional responsibilities.

37.     Defendants engaged in illegal discrimination against the Plaintiff because of his age, as validated by the hire practices of the SECURE ONE.

38.     Defendants have engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment, including, but not limited to, the Plaintiff's termination.

39.     Defendants' conduct violates Title VII and The Age Discrimination in Employment Act of 1967.

40.     No later than March 15th, 2021, the Plaintiff will have filed a timely Charge of Discrimination against SECURE ONE, alleging age discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX will be attached to an amended complaint and will be filed at the EEOC office at 501 E. Polk St, Suite 1000, Tampa, FL 33602. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

41.     As of and no later than March 31st, 2021, the Plaintiff will file a timely Charge of Discrimination against SECURE ONE alleging any additional charges as deemed necessary after conferring with legal counsel, with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the EEOC Charge of Discrimination Inquiry Number XXX-2021-XXXXX, will be attached to an amended complaint and will be filed at the EEOC Los Angeles office, located at 255 E Temple St, Los Angeles, CA 90012. Per the EEOC requirements, the Plaintiff will submit a signed statement to the EEOC asserting that an organization engaged in employment discrimination, thus preempting a formal in-person or phone interview with EEOC.

42.     The Plaintiff will have satisfied all statutory prerequisites for filing this action.

43.     Defendants' discriminatory conduct, in violation of Title VII and The Age Discrimination in Employment Act of 1967, has caused the Plaintiff to suffer a loss of pay, benefits, and prestige.

44.     Defendants' actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages pursuant to 42 U.S.C. § 1981a.

Page 13

45.     Defendants have engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling him to punitive damages pursuant to 42 U.S.C. § 1981a, with a true and accurate copy of the both EEOC Charges of Discrimination. Notwithstanding the EEOC filing, Plaintiff still asserts his rights in this case in that a federal question is at hand for the Court to determine.

## FOURTH CAUSE OF ACTION

**(Violation of Florida's Whistleblower Act, per Statute 448.102)**

46.     The FWA (Florida Statute Section 448.102) prohibits private-sector employers from retaliating against employees who report employers' legal violations to authorities or who refuse to participate in violations of the law. To prove a prima facie case under the FWA, the plaintiff must establish that:

1. he or she engaged in statutorily protected expression;

2. he or she suffered an adverse employment action; and

3. the adverse employment action was causally linked to the protected activity.

Confusion as to what employees need to show to claim protection under the FWA has persisted since 2015, when a Florida appellate court, unlike another court, held that the employee must show an actual violation of the law. *Kearns v. Farmer Acquisition Co. d/b/a Charlotte Honda*, 157 So.3d 458 (Fla. 2d DCA 2015). Another Florida appellate court had held two years earlier that an employee need only show that he or she had a good-faith belief a violation occurred when claiming protection under the law. *Aery v. Wallace Lincoln-Mercury, LLC*, 118 So. 3d 904, 916 (Fla. 4th DCA 2013).

47.     Since *Aery*, Florida's federal district courts have adopted the good-faith belief standard, concluding that *Kearns* did not directly conflict with *Aery*, and that *Aery* was the law of

the state. Under the good-faith belief standard, if an employee refuses to engage in an activity at work because he or she *mistakenly believed* the activity is illegal, the employee likely will enjoy whistleblower protections from any adverse employment action arising out of not performing his or her job. Critics argue that this frustrates Florida's status as an at-will employment state.

## FIFTH CAUSE OF ACTION

**(Violation of the Consumer Financial Protection Act, per Title X of the Dodd-Frank Act)**

48.     The anti-retaliation provision of the Consumer Financial Protection Act provides a cause of action for corporate whistleblowers who suffer retaliation for raising concerns about potential violations of rules or regulations of the Consumer Financial Protection Bureau.  In addition, the CFPA whistleblower law proscribes a broad range of adverse employment actions, including terminating, "intimidating, threatening, restraining, coercing, blacklisting or disciplining, any covered employee or any authorized representative of covered employees" because of the employee's protected whistleblowing.

## SIXTH CAUSE OF ACTION

**(Violation of the Affordable Care Act)**

49.     As notated early, when Mr. Potter informed SECURE ONE by email of incorrect and non-existent coverage for Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated.  This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation.  Both the email and voicemail have been saved electronically and by MP4 audio clip.  Further discovery shortly after the initial email and

subsequent phone call(s) will evidence correspondence between the Defendants regarding the unlawful termination.

50.   It was PAYCHEX's willful disregard of the fiduciary well-being to Mr. Potter, that makes this a like-type violation of the Hippocratic oath and its conspiratorial conduct with SECURE ONE that lead to the termination of Plaintiff.  More specifically, Mr. Potter made an inquiry to employee Greg Gehris of PAYCHEX, that the plan he choose was not correct and that several attempts to remedy the negligence of PAYCHEX had been attempted over the past month, but to no avail. For over a month, the Plaintiff had no coverage. As a result of Plaintiff's right to make a change to his health plan as mandated by the Affordable Care Act, both Defendants took it upon themselves to consider the termination for the Plaintiff as a solution, rather than address their act of professional negligence, which if done as proscribed by law, would have been, to select the correct plan.  Instead, without moral conscious and erudition, Mr. Potter was promptly fired 43 minutes later in relation for exercising his constitutional rights; in addition to his rights as covered by the Affordable Care Act.  Common violations employers have committed: https://www.myefbc.com/wp-content/uploads/2015/09/ACA-Violations-Penalties-and-Excise-Taxes_October-2015.pdf

51.   Mr. Potter can answer affirmatively to the three-prong litmus test:

a.   Mr. Potter was engaged in statutorily protected expression;

b.   Mr. Potter was in fact fired as a result of raising concerns to SECURE ONE on violations of law as they relate to the Affordable Care Act and The Dodd-Frank Act; and

c.   Mr. Potters' termination resulted from his expression of protected activity.

## SEVENTH CAUSE OF ACTION

### (Non-Payment of $15,000 Signing Bonus)

52.    Either through breach of contract, intentional amnesia or fraud, SECURE ONE did not pay Plaintiff the $15,000 signing bonus that had been promised to him before commencing employment. Discussions with the following employees: Ryan Marier, Leanne Keegan, Walter Mar and Bill Richardson will recordate and validate the $15,000 signing bonus. Exhibits contained herein authenticate SECURE ONE's advertisements of bonus; before, during, and after the hiring of Plaintiff, in addition to online evidence of SECURE ONE's obfuscation of said promises to pay bonus money to employees, and then the subsequent breach of said commitments, in addition to the coercion of SECURE ONE employees from management to post positive reviews of the company on various employment websites.

## PRAYER FOR RELIEF

53.    For general damages, according to proof on each cause of action for which such damages are available.

54.    For special damages, according to proof on each cause of action for which such damages are available.

55.    For compensatory damages, according to proof on each cause of action for which such damages are available.

56.    For punitive damages, according to proof on each cause of action for which such damages are available.

57.    For declaratory and injunctive relief as appropriate.

58.    For reasonable lawyer fees incurred in this action, should the Plaintiff hire a lawyer to handle this litigation.

59.    As proscribed by law per under the Florida's Whistleblower Act for compensatory damages, that include and not limited for emotional distress and mental anguish (Aery, 118 So.3d at 914-15), (Fla. Stat. s. 448.103[2]).

60.    As proscribed by law per under the Consumer Financial Protection Act, a violation results in Defendant liable for punitive, compensatory or special damages, in addition to reinstatement, back pay and front pay in lieu of reinstatement to the Plaintiff. (See §1057. EMPLOYEE PROTECTION of the Consumer Financial Protection Act of 2010).

61.    As proscribed by law per under the Consumer Financial Protection Act, an award of 10% to 30% of the sanctions collected from subject financial institution.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Florida Jurisdiction §34.01, Potter hereby demands a jury trial on all issues so triable.

Dated:  this 20th of March 2021.

Respectively Submitted,

/ D. Sidney Potter /

_____
D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th of March 2021, a copy of the foregoing was sent via first class mail to:

_____

<u>Defendant Addresses:</u>

Rooven Akiba
[DRE ID: 00350120] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

D. Sidney Potter v. Secure One Capital Corporation, et al.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBITS

D. Sidney Potter v. Secure One Capital Corporation, et al.

Secure One Capital Employee Review

# Secure One Capital Loan Opener Review - Overworked and underappreciated

**2.0**
★★☆☆☆
October 3, 2020

 Loan Opener (Former Employee) - Costa Mesa, CA

Was really excited when first started. Was disappointed when hard work only got me assigned files with problems, was given more work than people who had been there longer than me. Never got any bonuses for any of my hard work.

Ratings by category

3.0 ★ Work/Life Balance          2.0 ★ Management

1.0 ★ Compensation/Benefits      3.0 ★ Culture

1.0 ★ Job Security/Advancement

✓ **Pros**
Free Friday breakfast snacks.

✗ **Cons**
Hard work will be over looked for favorites of upper management.

Was this review helpful?

| Yes | No |

⚑ Report  ⬆ Share

**Sr. Mortgage Underwriter**

Secure One Capital - Costa Mesa, CA

**Apply On Company Site**

Secure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $15k sign-on bonus for this position. Times are not always as busy as they currently are in our industry, so we are also offering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the winning team at Secure One Capital, we are #thesecureones

The Best Kept Secret is interviewing again! Come join a team of amazing professionals, truly the best of the best in the industry. With a top tier compensation package, invigorating culture, cash incentives, there is no place you'd rather be. Stop being just a number and start being truly valued and appreciated for all of your strengths. When we hire, we hire for the long term. We have recently been recognized by the BBB by being awarded their Torch Award for Ethics.

We are seeking experienced Conventional & Government Mortgage Underwriters to join our team as full-time employees. This position is located in our Costa Mesa office and can be remote as well. Come work with a lender with more than 25 successful years in the business, where our team members are our most valuable asset

Key responsibilities include but are not limited to:

- Underwrite mortgage loan files for agency compliance and investor guidelines
- Approve or approve with conditions loan submission after careful

**Apply On Company Site**

Secure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $30k Sign-on Bonus for VA Underwriters. Times are not always as busy as they currently are in our industry, so we are offering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the winning team at Secure One Capital, we are #thescureones

The Best Kept Secret is interviewing again! Come join a team of amazing professionals, truly the best of the best in this industry. With a top tier compensation package, invigorating culture, and cash incentives, there is no place you'd rather be. Stop being just a number and start being truly valued and appreciated for all of your strengths. When we hire, we hire for the long term. We have recently been recognized by the BBB by being awarded their Torch Award for Ethics.

We are seeking experienced VA Underwriters to join our team as full-time employees. This position is located in our Costa Mesa office and can be remote as well. Come work for a lender with more than 25 successful years in the business, where our team members are our most valuable asset

You must have the following experience/skills:

- 5+ years of experience underwriting VA, FHA, and Conventional loans



For Employers        Post Jobs

| 25 Miles ▾ | More ▾ |   Add Your Resume |

ecure One Capital  4.2 ★

r. Mortgage Underwriter

osta Mesa, CA

 Easy Apply        ♡ Save        • • •

**Rating Highlights**

Compensation & Benefits: 4.1 ★

Culture & Values: 4.4 ★

Career Opportunities: 4.3★

Work/Life Balance: 4.1★

**Job & Company Insights**

Job Type: Full-time

Job Function: Underwriter

Industry: Real Estate

Size: 51 to 200 Employees

ob     Company     Rating     Reviews     Benefits

ecure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $15k sign-on
onus for this position. Times are not always as busy as they currently are in our industry, so we are also
ffering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the
inning team at Secure One Capital, we are #thescureones

Costa Mesa, CA

For Employers     Post Jobs

⌄     25 Miles     ⌄          More     ⌄                    Add Your Resume

ecure One Capital 4.2 ★
/A SAR/LAPP Underwriter
osta Mesa, CA

 **⚡ Easy Apply**          ♡ Save          ● ● ●

**Rating Highlights**                          **Job & Company Insights**

Compensation & Benefits: 4.1 ★               Job Type: Full-time

Culture & Values: 4.4 ★                       Job Function: Underwriter

Career Opportunities: 4.3★                    Industry: Real Estate

Work/Life Balance: 4.1 ★                      Size: 51 to 200 Employees

ob     Company     Rating     Reviews     Benefits

ecure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $30k Sign-
n Bonus for VA Underwriters. Times are not always as busy as they currently are in our industry, so we are
ffering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the
/inning team at Secure One Capital, we are #thescureones

# Sr. Mortgage Underwriter

Secure One Capital - 3.7 ★

Costa Mesa, CA

  

## Job Details

Full-time

$ Estimated: $93,000 – $130,000 a year

## Qualifications

Analysis skills       Fair Housing regulations       Communication skills

Underwriting

## Full Job Description

Secure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $15k sign-on bonus for this position. Times are not always as busy as they currently are in our industry, so we are also offering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the winning team at Secure One Capital, we are #thescureones

The Best Kept Secret is interviewing again! Come join a team of amazing professionals, truly the best of the best in the industry. With a top tier compensation package,

 **WOW**jobs

### Sr. Mortgage Underwriter

Secure One Capital - Costa Mesa, CA (5 months ago)

**Apply Now**

Secure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $15k sign-on bonus for this position. Times are not always as busy as they currently are in our industry, so we are also offering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the winning team at Secure One Capital, we are #thescureones

The Best Kept Secret is interviewing again! Come join a team of amazing professionals, truly the best of the best in the industry. With a top tier compensation package, invigorating culture, cash incentives, there is no place you'd rather be. Stop being just a number and start being truly valued and appreciated for all of your strengths. When we hire, we hire for the long term. We have recently been recognized by the BBB by being awarded their Torch Award for Ethics.

We are seeking experienced Conventional & Government Mortgage Underwriters to join our team as full-time employees. This position is located in our Costa Mesa office and can be remote as well. Come work with a lender with more than 25 successful years in the business, where our team members are our most valuable asset

**Key responsibilities include but are not limited to:**
Underwrite mortgage loan files for agency compliance and investor guidelines
Approve or approve with conditions loan submission after careful consideration and explore possible alternatives before resorting to a suspense or denial.
Assess the risk to the company and our investors to ensure salability of the loan after closing
Re-reviewing files, signing off on conditions, and moving files to clear to close
Work closely with operations staff while identifying opportunities to mentor and coach them increasing their knowledge and efficiency



### VA SAR/LAPP Underwriter

Secure One Capital - Costa Mesa, CA (5 months ago)

**Apply Now**

Secure One Capital is an elite mortgage lender founded in 1995 and we are currently offering a $30k Sign-on Bonus for VA Underwriters. Times are not always as busy as they currently are in our industry, so we are offering optional weekend work where you can make an extra $3k - $5k on top of your salary! Come join the winning team at Secure One Capital. we are #thescureones

The Best Kept Secret is interviewing again! Come join a team of amazing professionals, truly the best of the best in this industry. With a top tier compensation package, invigorating culture, and cash incentives, there is no place you'd rather be. Stop being just a number and start being truly valued and appreciated for all of your strengths. When we hire, we hire for the long term. We have recently been recognized by the BBB by being awarded their Torch Award for Ethics.

We are seeking experienced VA Underwriters to join our team as full-time employees. This position is located in our Costa Mesa office and can be remote as well. Come work for a lender with more than 25 successful years in the business, where our team members are our most valuable asset

**You must have the following experience/skills:**
5+ years of experience underwriting VA, FHA, and Conventional loans
VA SAR/LAPP designation required
Direct Endorsement (DE) designation required
Experience with Non-QM programs, guidelines, and underwriting standards
Strong analytical, decision-making, and problem-solving abilities
Experienced in a fast-paced high-volume environment
Possess a "Can Do" attitude

NCTO:

A0708028

**FILED** DR
In the office of the Secretary of State
of the State of California

OCT 1 2 2010

Re: Capital Reverse Mortgage Group, Inc.
    C1955424

## CERTIFICATE OF AMENDMENT OF ARTICLES OF INCORPORATION

The undersigned certify that:

1.  They are the **president** and the **secretary**, respectively, of **CAPITAL REVERSE MORTGAGE GROUP, INC.**, a California corporation.

2.  Article I of the Articles of Incorporation of this corporation is amended to read as follows:

     The Name of the corporation is:

     ## SECURE ONE CAPITAL CORPORATION

3.  The foregoing amendment of Articles of Incorporation has been duly approved by the board of directors.

4.  The foregoing amendment of Articles of Incorporation has been duly approved by the required vote of shareholders in accordance with Section 902, California Corporations Code. The total number of outstanding shares of the corporation is One Hundred Thousand (100,000). The number of shares voting in favor of the amendment equaled or exceeded the vote required. The percentage vote required was more than 50%.

We further declare under penalty of perjury under the laws of the State of California that the matters set fort in this certificate are true and correct of our own knowledge.

Date: October 12, 2010

Rooven Akiba, President

Rooven Akiba, Secretary

# REAL SYSTEM
## Regulatory Enforcement and Licensing

## Florida Office of Financial Regulation

**License Details**

Press "Previous Record" to display the previous license.
Press "Next Record" to display the next license.
Press "Search Results" to return to the Search Results list.
Press "New Search Criteria" to do another search of this type.
Press "New Search" to start a new search.

**License Number: MLDB12273**                           *Current Date: 02/27/2021 12:24 AM*

| | |
|---|---|
| Name: | SECURE ONE CAPITAL CORPORATION |
| License Type: | Mortgage Lender Branch |
| License Status: | Current Active License |
| License Status Effective Date: | 01/29/2021 |
| Expiration Date: | 12/31/2021 |
| Original Date of Licensure: | 01/29/2021 |

**Addresses**

| License Main | Address | |
|---|---|---|
| | | **3200 PARK CENTER DRIVE** |
| | | **SUITE 1300** |
| | | **COSTA MESA , CA** |
| | | **ORANGE** |
| | | **92626** |
| | | **US** |
| | | <u>View on a map</u> |
| | Phone Number: | **9493374700** |

    

© 2018. MicroPact Version 2.11.6.62 (flofr 233)

les & Marketing ⌄    Third Party Risk & Compliance ⌄    Public Sector ⌄    D-U-N-S Number ⌄    Our Company ⌄

# Company Profile

[ Get a D&B Hoovers Free Trial ]

**BRANCH**

| | |
|---|---|
| Website | www.paychex.com |
| Address | 2817 Cattlemen Rd |
| | Sarasota, FL, 34232-6244                    See other locations |
| | United States |
| Phone | (941) 379-9310 |
| Company Description | Paychex, Inc. is located in Sarasota, FL, United States and is part of the Payroll |
| | Services Industry. Paychex, Inc. has 5 employees at this location. There are 286 |
| | companies in the Paychex, Inc. corporate family. |
| Key Principal | LARRY KRAMS                                  See more contacts |
| Industry | Payroll Services |
| | Professional Services Sector |
| | Payroll accounting service |

(855) 841-3380

**D&B Hoovers**

1  Department of Real Estate
2  320 West 4th Street, Suite 350
   Los Angeles, California 90013-1105
3
   Telephone: (213) 576-6982
4

FILED
MAR 30 2011
DEPARTMENT OF REAL ESTATE
By C_____

5

6

7

8                    BEFORE THE DEPARTMENT OF REAL ESTATE

9                            STATE OF CALIFORNIA

10                                * * * *

11  To:                          )      No.   H-37185 LA
12                               )
                                 )
13    RYAN WILLIAM MARIER,        )      ORDER TO DESIST
      JAMES ERIC PATE,           )      AND REFRAIN
14    PATE, MARIER AND ASSOCIATES, )
      INC.,                      )
15    NATIONAL HOME ASSISTANCE    )      (B&P Code Section 10086)
      GROUP, INC.,               )
16    NATIONAL HOME ASSISTANCE    )
      GROUP,                     )
17    NHA GROUP,                  )
      NATIONAL HOME ASSISTANCE,   )
18    MICHELLE LEFAOSEU,          )
19    BARON MORLEDGE, and         )
      BRANDON MICKLEY.            )
20  _____)

21         The Commissioner ("Commissioner") of the California Department of Real Estate

22  ("Department") caused an investigation to be made of the activities of RYAN WILLIAM

23  MARIER, JAMES ERIC PATE, PATE, MARIER AND ASSOCIATES, INC., NATIONAL

24  HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE GROUP, NHA

25  GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU, BARON

26  MORLEDGE, and BRANDON MICKLEY.  Based on that investigation the Commissioner has

27

                                   - 1 -

1  determined that RYAN WILLIAM MARIER, JAMES ERIC PATE, PATE, MARIER AND
2  ASSOCIATES, INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME
3  ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE
4  LEFAOSEU, BARON MORLEDGE, and BRANDON MICKLEY have engaged in or are
5  engaging in acts or attempting to engage in the business of, acting in the capacity of, and/or
6  advertising or assuming to act as real estate brokers in the State of California within the meaning
7  of Business and Professions Code Section 10131(d) (solicit borrowers for or negotiate loans or
8  perform services for borrowers in connection with loans secured by liens on real property).
9       In addition, based on that investigation, the Commissioner has determined that
10  RYAN WILLIAM MARIER, JAMES ERIC PATE, PATE, MARIER AND ASSOCIATES,
11  INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE
12  GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU,
13  BARON MORLEDGE, and BRANDON MICKLEY have engaged in or are engaging in acts or
14  are attempting to engage practices constituting violations of the California Business and
15  Professions Code ("Code") and/or Title 10, California Code of Regulations ("Regulations").
16  Based on the findings of that investigation, set forth below, the Commissioner hereby issues the
17  following Findings of Fact, Conclusions of Law, and Desist and Refrain Order under the
18  authority of Section 10086 of the Code.

## FINDINGS OF FACT

19  1. From November 13, 2008, through the present, RYAN WILLIAM MARIER
20  has been licensed by the Department of Real Estate ("Department") as a real estate broker,
21  Department License No. 01848936.
22  2. From October 5, 2000, through the present, JAMES ERIC PATE has been
23  licensed by the Department as a real estate salesperson, Department License No. 01297379.
24  From March 12, 2008, through November 10, 2009, JAMES ERIC PATE was licensed under the
25  employment of real estate broker Firstline Mortgage, Inc., Department License No. 00895998.

- 2 -

1          3. At no time mentioned herein have PATE, MARIER AND ASSOCIATES,

2    INC., NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE

3    GROUP, NHA GROUP, NATIONAL HOME ASSISTANCE, MICHELLE LEFAOSEU,

4    BARON MORLEDGE, and BRANDON MICKLEY ever been licensed by the Department in

5    any capacity.

6          4. On December 17, 2008, RYAN WILLIAM MARIER and JAMES ERIC

7    PATE formed PATE, MARIER AND ASSOCIATES, INC., a California corporation. RYAN

8    WILLIAM MARIER and JAMES ERIC PATE are the directors and officers of PATE, MARIER

9    AND ASSOCIATES, INC. and own or control 10 percent or more of the corporation's stock.

10         5. On February 17, 2009, PATE, MARIER AND ASSOCIATES, INC. filed a

11   fictitious business name statement with the Orange County Clerk-Recorder for use of the

12   fictitious business name "NHA GROUP."

13         6. For an unknown period of time beginning no later than May 15, 2009, while

14   using the unlicensed fictitious business name NATIONAL HOME ASSISTANCE GROUP,

15   INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, or NATIONAL HOME

16   ASSISTANCE, RYAN WILLIAM MARIER and JAMES ERIC PATE engaged in the business

17   of soliciting to modify or negotiate loans secured by real property, and claimed, demanded,

18   charged, received, collected or contracted for the collection of advance fees, within the meaning

19   of Code Section 10026, for including, but not limited to, the following borrowers:

20         a. On or about May 15, 2009, Wilfred C. paid an advance fee of $2,495 to

21   NATIONAL HOME ASSISTANCE GROUP, INC. pursuant to an advance fee agreement for

22   loan modification and negotiation services. NATIONAL HOME ASSISTANCE GROUP, INC.

23   failed to perform the loan modification and negotiation services that had been promised to

24   Wilfred C. NATIONAL HOME ASSISTANCE GROUP, INC. failed to refund the advance fee

25   paid by Wilfred C.

26         b. On or about July 7, 2009, Timothy G. paid an advance fee of $2,090 to

27   NATIONAL HOME ASSISTANCE GROUP pursuant to an advance fee agreement for loan

1  modification and negotiation services. NATIONAL HOME ASSISTANCE GROUP, INC.
2  failed to perform the loan modification and negotiation services that had been promised to
3  Timothy G. NATIONAL HOME ASSISTANCE GROUP, INC. failed to refund the advance fee
4  paid by Timothy G.

5  7. MICHELLE LEFAOSEU and BARON MORLEDGE performed some or all
6  of the services alleged in Paragraph 6, subsection (a), above, though neither was licensed as a
7  real estate salesperson or broker.

8  8. BRANDON MICKLEY performed some or all of the services alleged in
9  Paragraph 6, subsection (b), above, though he was not at the time licensed as a real estate
10  salesperson or broker.

11  <div align="center">CONCLUSIONS OF LAW</div>

12  9. Based on the information contained in Paragraphs 1 through 8, above, JAMES
13  ERIC PATE, while doing business as NATIONAL HOME ASSISTANCE GROUP, INC.,
14  NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME
15  ASSISTANCE, PATE, MARIER AND ASSOCIATES, INC., MICHELLE LEFAOSEU,
16  BARON MORLEDGE, and BRANDON MICKLEY, violated Section 10130 of the Code by
17  engaging in the activities without first obtaining a broker license from the Department or being
18  under the employ of a licensed real estate broker.

19  10. Based on the information contained in Paragraphs 1 through 8, above,
20  JAMES ERIC PATE, while doing business as NATIONAL HOME ASSISTANCE GROUP,
21  INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME
22  ASSISTANCE, or PATE, MARIER AND ASSOCIATES, INC. violated Section 10137 of the
23  Code by accepting compensation from any person other than the broker under whom he is at the
24  time licensed.

25  11. Based on the information contained in Paragraphs 1 through 8, above, RYAN
26  WILLIAM MARIER, while doing business as NATIONAL HOME ASSISTANCE GROUP,
27  INC., NATIONAL HOME ASSISTANCE GROUP, NHA GROUP, NATIONAL HOME

- 4 -

1    ASSISTANCE, or PATE, MARIER AND ASSOCIATES, INC. violated Section 10159.5 of the

2    Code and Section 2731 of the Regulations by using an unlicensed fictitious business name to

3    conduct activities that require a real estate license.

4    <div align="center">DESIST AND REFRAIN ORDER</div>

5    Based upon the FINDINGS OF FACT and CONCLUSIONS OF LAW stated

6    herein, IT IS HEREBY ORDERED THAT JAMES ERIC PATE, while doing business as

7    NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME ASSISTANCE

8    GROUP, NHA GROUP, or NATIONAL HOME ASSISTANCE, PATE, MARIER AND

9    ASSOCIATES, INC., MICHELLE LEFAOSEU, BARON MORLEDGE, and BRANDON

10    MICKLEY immediately desist and refrain from: engaging in the activities requiring a real estate

11    license without first obtaining a broker license or being licensed as a salesperson under the

12    employ of a licensed real estate broker.

13    Based upon the FINDINGS OF FACT and CONCLUSIONS OF LAW stated

14    herein, IT IS HEREBY ORDERED THAT RYAN WILLIAM MARIER immediately desist and

15    refrain from using an unlicensed fictitious business name while engaging in activities that require

16    a real estate license including, but not limited to, the following unlicensed fictitious business

17    names: NATIONAL HOME ASSISTANCE GROUP, INC., NATIONAL HOME

18    ASSISTANCE GROUP, NHA GROUP, or NATIONAL HOME ASSISTANCE, PATE,

19    MARIER AND ASSOCIATES, INC.

20

21    DATED: _____, 2011.

22

23            JEFF DAVI
             Real Estate Commissioner

24

25

26

27

<div align="center">- 5 -</div>

**Notice:** Business and Professions Code Section 10139 provides that "Any person acting as a real estate broker or real estate salesperson without a license or who advertises using words indicating that he or she is a real estate broker without being so licensed shall be guilty of a public offense punishable by a fine not exceeding twenty thousand dollars ($20,000), or by imprisonment in the county jail for a term not to exceed six months, or by both fine and imprisonment; or if a corporation, be punished by a fine not exceeding sixty thousand dollars ($60,000)."

cc: Ryan William Marier, Pate, Marier and Associates, Inc., National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, and National Home Assistance
151 Kalmus Drive, Suite B250
Costa Mesa, CA 92626

James Eric Pate, Pate, Marier and Associates, Inc., National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, and National Home Assistance
20282 Ramona Lane
Huntington Beach, CA 92648

Michelle Lefaoseu, Baron Morledge, and Brandon Mickley
3151 Airway Avenue, Suite F-109
Costa Mesa, CA 92626

3151 Airway Avenue, Suite P-1
Costa Mesa, CA 92626

LISSETE GARCIA, Counsel (SBN 211552)
Department of Real Estate
320 West 4th Street, Suite 350
Los Angeles, California 90013-1105

Telephone:  (213) 576-6982
(Direct)    (213) 576-6914
(Fax)       (213) 576-6917

FILED

JAN 18 2012

DEPARTMENT OF REAL ESTATE

By C.A.

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * *

In the Matter of the Accusation of )
                                    )    DRE No. H-37126 LA
    JAMES ERIC PATE,                )    OAH No. L-2011081204
                                    )
                                    )    SUPPLEMENTAL ACCUSATION
                       Respondent.  )
_____)

    Complainant hereby supplements and amends the

Accusation filed on March 10, 2011, as follows:

                              22.

                             AUDIT

    Complainant incorporates all of the allegations

contained in Paragraphs 1 through 21 of the Accusation, with the

same force and effect as if herein fully set forth.

                              23.

    On September 6, 2011, the Department completed an

examination of Ryan William Marier's books and records

pertaining to the mortgage loan activities and loan modification

                               1

1

2   activities conducted by Ryan William Marier and Respondent PATE

3   in the name of "Pate, Marier and Associates, Inc." doing

4   business as NHA Group and/or National Home Assistance Group.

5   Ryan William Marier and Respondent PATE each owned 50% of Pate,

6   Marier and Associates, Inc.   The audit covered the period from

7   November 13, 2008 through March 31, 2011, which examination

8   revealed violations of the Business and Professions Code

9   ("Code") and Regulations as set forth below.

24.

10   During the audit examination of Ryan William Marier,

11   it was determined that, Respondent PATE and Ryan William Marier,

12   doing business as Pate, Marier and Associates, Inc., NHA Group,

13   or National Home Assistance Group, engaged in the business of,

14   acted in the capacity of, advertised or assumed to act as real

15   estate brokers in the State of California, within the meaning of

16   Section 10131(d) of the Code, including soliciting prospective

17   borrowers or lenders for, or negotiating loans, or offering to

18   perform services connected to loans secured directly or

19   collaterally by liens on real property for another or others,

20   for or in expectation of compensation.

21                               25.

22   In connection with the aforementioned real estate

23   activities, it was determined that Respondent PATE and Ryan

24   William Marier, while doing business as Pate, Marier and

25   Associates, Inc., NHA Group, or National Home Assistance Group

26   accepted, received, deposited and/or disbursed funds including

funds in trust (hereinafter "trust funds").   From time to time

herein mentioned, said funds and/or trust funds were maintained by Respondent PATE and Ryan William Marier general bank accounts, including but not necessarily limited to, Account No. ▆▆▆▆▆▆, at Wells Fargo Bank.

26.

The audit examination determined that Respondent Pate, while doing business as Pate, Marier and Associates, Inc., NHA Group or National Home Assistance Group, charged and collected fees in advance from borrowers for loan modification and negotiation activity in violation of Section 10130 of the Code.

27.

Respondent PATE operated an unlicensed corporation, whom Respondent PATE knew or should have known to be unlicensed, to perform acts and conduct activity requiring a real estate license as described in Section 10131(d) of the Code.

28.

The conduct, acts and omissions of Respondent PATE described in Paragraphs 26 and 27, above, constitutes cause for the suspension or revocation of all real estate licenses and license rights of Respondent PATE under the provisions of Sections 10137, 10177(d) and/or 10177(g) of the Code.

29.

The conduct, acts and omissions of Respondent PATE, described in Paragraphs 26 and 27, above, in willfully aiding and abetting Ryan William Marier to violate Section 10130 of the Code is further cause to suspend or revoke all real estate

3

licenses and license rights of Respondent PATE under the provisions of Sections 10177(g) and/or 10176(i) of the Code.

WHEREFORE, Complainant prays that a hearing be conducted on the allegations of this Accusation and that upon proof thereof, a decision be rendered imposing disciplinary action against all licenses and/or license rights of Respondent JAMES ERIC PATE under the Real Estate Law (Part 1 of Division 4 of the California Business and Professions Code) and for such other and further relief as may be proper under other applicable provisions of law.

Dated this _17th_ day of _January_, 2012.

MARIA SUAREZ
Deputy Real Estate Commissioner

cc:   James Eric Pate
      Edward O. Lear, Esq.
      Maria Suarez
      Sacto.
      OAH

4

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

```
In the Matter of the Accusation of    )
                                      )    NO. H-37126 LA
     RYAN WILLIAM MARIER and          )
     JAMES ERIC PATE,                 )
                                      )
               Respondents.           )
_____)
```

FILED

AUG 29 2011

DEPARTMENT OF REAL ESTATE

By _____

## DECISION

This Decision is being issued in accordance with the
provisions of Section 11520 of the Government Code, on evidence
of compliance with Section 11505 of the Government Code and
pursuant to the Order of Default filed on August 11, 2011, and
the findings of fact set forth herein are based on one or more
of the following:  (1) Respondent's express admissions; (2)
affidavits; and (3) other evidence.

## FINDINGS OF FACT

1.

On March 9, 2011, Maria Suarez made the Accusation in
her official capacity as a Deputy Real Estate Commissioner of
the State of California.  The Accusation, Statement to
Respondent, and Notice of Defense were mailed, by certified
mail, return receipt requested, to Respondent RYAN WILLIAM
MARIER's last known mailing address on file with the Department
on March 10, 2011 and May 12, 2011, and by regular mail on
April 13, 2011 and May 2, 2011.

On August 11, 2011, no Notice of Defense having been
filed herein within the time prescribed by Section 11506 of the
Government Code, Respondent RYAN WILLIAM MARIER's default was
entered herein.

2.

From November 13, 2008, through the present,
Respondent MARIER has been licensed by the Department of Real
Estate ("Department") as a real estate broker, Department
License No. 01848936.

3.

From October 5, 2000, through the present, Respondent
PATE has been licensed by the Department as a real estate
salesperson, Department License No. 01297379.   From March 12,
2008 through November 10, 2009, Respondent PATE was licensed
under the employ of real estate broker Firstline Mortgage, Inc.,
Department License No. 00895998.

4.

At all times herein mentioned, Respondent MARIER,
engaged in the business of, acted in the capacity of, advertised
or assumed to act as a real estate broker in the State of
California, by doing or negotiating to do the following acts for
another or others, for compensation or in expectation of
compensation: (1) sell or offer to sell, solicit prospective
sellers or purchasers of, solicit or obtain listings of, or
negotiate the purchase, sale or exchange of real property within
the meaning of Business and Professions Code ("Code") Section
10131(a); and (2) solicit borrowers, negotiate loans, collect
payments or perform services for borrowers in connection with
loans secured directly or collaterally by liens on real property
within the meaning of Code Section 10131(d).

5.

At no time mentioned herein have National Home
Assistance Group, Inc., National Home Assistance Group, NHA
Group, National Home Assistance or Pate, Marier and Associates,
Inc. ever been licensed by the Department in any capacity.

6.

On December 17, 2008, Respondent MARIER formed Pate,
Marier and Associates, Inc., a California corporation.

-2-

Respondent MARIER is a director and officer of Pate, Marier and Associates, Inc. and owns or controls 10 percent or more of the corporation's stock.

7.

On February 17, 2009, Pate, Marier and Associates, Inc. filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA Group".

8.

For an unknown period of time beginning no later than May 15, 2009, while using the unlicensed fictitious business name National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, Respondent MARIER engaged in the business of soliciting to modify or negotiate loans secured by real property, and claimed, demanded, charged, received, collected or contracted for the collection of advance fees, within the meaning of Code Section 10026, for, including but not limited to, the following borrowers:

a.   On or about May 15, 2009, Wilfred J. Caron paid an advance fee of $2,495 to National Home Assistance Group, Inc. pursuant to an advance fee agreement for loan modification and negotiation services.  Respondent failed to perform the loan modification and negotiation services that had been promised to Mr. Caron.  Respondent failed to refund the advance fee paid by Mr. Caron.

b.   On or about July 7, 2009, Timothy Wayne Girard paid an advance fee of $2,090 to National Home Assistance Group pursuant to an advance fee agreement for loan modification and negotiation services.  Respondent failed to perform the loan modification and negotiation services that had been promised to Mr. Girard.  Respondent failed to refund the advance fee paid by Mr. Girard.

9.

The advance fee agreement used by Respondent MARIER, while doing business as National Home Assistance Group, Inc.,

National Home Assistance Group, NHA Group, or National Home
Assistance, had not been approved by the Department prior to use
as is required under Code Section 10085 and Section 2970, Title
10, Chapter 6, California Code of Regulations ("Regulations").

10.

The conduct, acts and/or omissions of Respondent
MARIER as set forth above, in collecting advance fees from
prospective borrowers pursuant to a written fee agreement, which
agreement was not submitted to the Department for review prior
to use, was in violation of Code Section 10085 and Section 2970
of the Regulations, and constitutes grounds for the suspension
or revocation of the license and license rights of Respondent
MARIER pursuant to Code Sections 10177(d) and 10177(g).

11.

The advance fees collected by Respondent MARIER while
doing business as National Home Assistance Group, Inc., National
Home Assistance Group, NHA Group, or National Home Assistance,
were not deposited in a trust account as required under Code
Section 10146.

12.

The conduct, acts and/or omissions of Respondent
MARIER as set forth above, in collecting advance fees from
prospective borrowers and failing to deposit the advance fees
into a trust account, was in violation of Code Section 10146 and
constitutes grounds for the suspension or revocation of the
license and license rights of Respondent MARIER pursuant to Code
Sections 10177(d) and 10177(g).

13.

The activities described in Paragraph 8, supra,
require a real estate license under Code Sections 10131(d) and
10131.2.  Respondent MARIER violated Code Section 10137 by
employing and/or compensating individuals who were not licensed
as real estate salespersons or as brokers to perform activities
requiring a license as follows:

a.   Respondent MARIER employed and/or compensated Michelle Lefaoseu and Baron Morledge to perform some or all of the services alleged in Paragraph 8, subsection (a), above though neither was licensed as a real estate salesperson or broker.

b.   Respondent MARIER employed and/or compensated Brandon Mickley to perform some or all of the services alleged in Paragraph 8, subsection (b), above, though he was not licensed as a real estate salesperson or broker.

14.

The conduct, acts and/or omissions of Respondent MARIER, as set forth in Paragraph 13, above, violate Code Section 10137, and are cause for the suspension or revocation of the licenses and license rights of Respondent MARIER pursuant to Code Sections 10137, 10177(d) and 10177(g).

15.

Use of a fictitious business name for activities requiring the issuance of a real estate license requires the filing of an application for the use of such name with the Department in accordance with the provisions of Code Section 10159.5.

16.

Respondent MARIER acted without Department authorization in using the fictitious business names National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance to engage in activities requiring the issuance of a real estate license.

17.

The conduct, acts and/or omissions of Respondent MARIER, as set forth in Paragraphs 15 and 16, above, violate Code Section 10159.5 and Section 2731 of the Regulations, and are cause for the suspension or revocation of the licenses and license rights of Respondent MARIER pursuant to Code Sections 10177(d) and 10177(g).

## DETERMINATION OF ISSUES

### 1.

Respondent RYAN WILLIAM MARIER's conduct, acts, and/or omissions are in violation of Code Sections 10085, 10137, 10146, and 10159.5 and Regulations 2731 and 2970.

### 2.

Cause for disciplinary action against Respondent RYAN WILLIAM MARIER exists pursuant to Code Sections 10177(d) and 10177(g).

### 3.

The standard of proof applied was clear and convincing proof to a reasonable certainty.

### ORDER

The license and license rights of Respondent RYAN WILLIAM MARIER under the provisions of Part I of Division 4 of the Business and Professions Code are revoked.

This Decision shall become effective at 12 o'clock noon Sept. 19, 2011.

DATED: _8/24_____, 2011.

                    BARBARA J. BIGBY
                    Acting Real Estate Commissioner

Department of Real Estate
320 West Fourth Street, Suite 350
Los Angeles, California 90013-1105

FILED
AUG 11 2011
DEPARTMENT OF REAL ESTATE

By _____

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

In the Matter of the Accusation of )
)   NO. H-37126 LA
   RYAN WILLIAM MARIER and )
JAMES ERIC PATE, )   DEFAULT ORDER
)
              Respondents. )
_____ )

      Respondent, RYAN WILLIAM MARIER, having failed to file

a Notice of Defense within the time required by Section 11506

of the Government Code, is now in default.  It is, therefore,

ordered that a default be entered on the record in this matter.

      IT IS SO ORDERED _August 11, 2011_.

                   BARBARA J. BIGBY
                   Acting Real Estate Commissioner

         By: DOLORES WEEKS
           Regional Manager

LISSETE GARCIA, Counsel (SBN 211552)
Department of Real Estate
320 West 4th Street, Suite 350
Los Angeles, California 90013-1105

Telephone: (213) 576-6982
(Direct)   (213) 576-6914

FILED

MAR 1 0 2011

DEPARTMENT OF REAL ESTATE

By_____

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * *

In the Matter of the Accusation of )
                                   )   NO.  H-37126 LA
RYAN WILLIAM MARIER and            )
JAMES ERIC PATE,                   )   A C C U S A T I O N
                                   )
                  Respondents.     )
_____)

        The Complainant, Maria Suarez, a Deputy Real

Estate Commissioner of the State of California, for cause of

Accusation against RYAN WILLIAM MARIER and JAMES ERIC PATE

(collectively "Respondents"), is informed and alleges as

follows:

                           1.

        The Complainant, Maria Suarez, a Deputy Real Estate

Commissioner of the State of California, makes this Accusation

in her official capacity.

                           2.

        Respondents RYAN WILLIAM MARIER ("MARIER") and JAMES

ERIC PATE ("PATE") are presently licensed and/or have license

                           1

1   rights under the Real Estate Law (Part 1 of Division 4 of the

2   California Business and Professions Code, "Code").

3                                3.

4          From November 13, 2008, through the present,

5   Respondent MARIER has been licensed by the Department of Real

6   Estate ("Department") as a real estate broker, Department

7   License No. 01848936.

8                                4.

9          From October 5, 2000, through the present, Respondent

10  PATE has been licensed by the Department as a real estate

11  salesperson, Department License No. 01297379.  From March 12,

12  2008 through November 10, 2009, Respondent PATE was licensed

13  under the employ of real estate broker Firstline Mortgage, Inc.,

14  Department License No. 00895998.

15                               5.

16         At all times herein mentioned, Respondents MARIER and

17  PATE, engaged in the business of, acted in the capacity of,

18  advertised or assumed to act as real estate brokers in the State

19  of California, by doing or negotiating to do the following acts

20  for another or others, for compensation or in expectation of

21  compensation: (1) sell or offer to sell, solicit prospective

22  sellers or purchasers of, solicit or obtain listings of, or

23  negotiate the purchase, sale or exchange of real property within

24  the meaning of Code Section 10131(a); and (2) solicit borrowers,

25  negotiate loans, collect payments or perform services for

26  borrowers in connection with loans secured directly or

    collaterally by liens on real property within the meaning of

                                 2

1  Code Section 10131(d).

2  ## FIRST CAUSE OF ACCUSATION
3  (Advance Fee Violations)

4  6.

5  At no time mentioned herein have National Home
6  Assistance Group, Inc., National Home Assistance Group, NHA
7  Group, National Home Assistance or Pate, Marier and Associates,
8  Inc. ever been licensed by the Department in any capacity.

9  7.

10  On December 17, 2008, Respondents MARIER and PATE
   formed Pate, Marier and Associates, Inc., a California
11  corporation.  Respondents MARIER and PATE are the directors and
12  officers of Pate, Marier and Associates, Inc. and own or control
13  10 percent or more of the corporation's stock.

14  8.

15  On February 17, 2009, Pate, Marier and Associates,
16  Inc. filed a fictitious business name statement with the Orange
17  County Clerk-Recorder for use of the fictitious business name
18  "NHA Group".

19  9.

20  For an unknown period of time beginning no later than
21  May 15, 2009, while using the unlicensed fictitious business
22  name National Home Assistance Group, Inc., National Home
23  Assistance Group, NHA Group, or National Home Assistance,
24  Respondents MARIER and PATE engaged in the business of
25  soliciting to modify or negotiate loans secured by real
26

3

property, and claimed, demanded, charged, received, collected or contracted for the collection of advance fees, within the meaning of Code Section 10026, for including, but not limited to, the following borrowers:

a.   On or about May 15, 2009, Wilfred J. Caron paid an advance fee of $2,495 to National Home Assistance Group, Inc. pursuant to an advance fee agreement for loan modification and negotiation services.  Respondents failed to perform the loan modification and negotiation services that had been promised to Mr. Caron.  Respondents failed to refund the advance fee paid by Mr. Caron.

b.   On or about July 7, 2009, Timothy Wayne Girard paid an advance fee of $2,090 to National Home Assistance Group pursuant to an advance fee agreement for loan modification and negotiation services.  Respondents failed to perform the loan modification and negotiation services that had been promised to Mr. Girard.  Respondents failed to refund the advance fee paid by Mr. Girard.

10.

The advance fee agreement used by Respondents MARIER and PATE, while doing business as National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, had not been approved by the Department prior to use as is required under Code Section 10085 and Section 2970, Title 10, Chapter 6, California Code of Regulations (hereinafter "Regulations").

4

11.

The conduct, acts and/or omissions of Respondents MARIER and PATE as set forth above, in collecting advance fees from prospective borrowers pursuant to a written fee agreement, which agreement was not submitted to the Department for review prior to use was in violation of Code Section 10085 and Section 2970 of the Regulations, and constitutes grounds for the suspension or revocation of the license and license rights of Respondents MARIER and PATE pursuant to Code Sections 10177(d) and/or 10177(g).

12.

The advance fees collected by Respondent MARIER while doing business as National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, or National Home Assistance, were not deposited in a trust account as required under Code Section 10146.

13.

The conduct, acts and/or omissions of Respondent MARIER as set forth above, in collecting advance fees from prospective borrowers and failing to deposit the advance fees into a trust account was in violation of Code Section 10146 and constitutes grounds for the suspension or revocation of the license and license rights of Respondent MARIER pursuant to Code Sections 10177(d) and/or 10177(g).

///

///

5

SECOND CAUSE OF ACCUSATION
(Unlawful employment or payment of compensation)
(Unlicensed Activity)

14.

There is hereby incorporated in this Second, separate, Cause of Accusation, all of the allegations contained in Paragraphs 1 through 13 above, with the same force and effect as if herein fully set forth.

15.

The activities described in Paragraph 9, supra, require a real estate license under Code Sections 10131(d) and 10131.2. Respondent MARIER violated Code Section 10137 by employing and/or compensating individuals who were not licensed as real estate salespersons or as brokers to perform activities requiring a license as follows:

a. Respondent MARIER employed and/or compensated Michelle Lefaoseu and Baron Morledge to perform some or all of the services alleged in Paragraph 9, subsection (a), above though neither was licensed as a real estate salesperson or broker.

b. Respondent MARIER employed and/or compensated Brandon Mickley to perform some or all of the services alleged in Paragraph 9, subsection (b), above though he was not licensed as a real estate salesperson or broker.

6

16.

The conduct, acts and/or omissions of Respondent MARIER, as set forth in Paragraph 15, above, violate Code Section 10137, and are cause for the suspension or revocation of the licenses and license rights of Respondent MARIER pursuant to Code Sections 10137, 10177(d) and/or 10177(g).

17.

The conduct, acts and/or omissions of Respondent PATE, in accepting compensation for activities that require a real estate license from a person other than the broker under whom he is at the time licensed, violate Code Section 10137, and are cause for the suspension or revocation of the licenses and license rights of Respondent PATE pursuant to Code Sections 10137, 10177(d) and/or 10177(g).

THIRD CAUSE OF ACCUSATION
(Use of Unauthorized Fictitious Business Name)

18.

There is hereby incorporated in this Third, separate, Cause of Accusation, all of the allegations contained in Paragraphs 1 through 17 above, with the same force and effect as if herein fully set forth.

19.

Use of a fictitious business name for activities requiring the issuance of a real estate license requires the filing of an application for the use of such name with the

7

1  Department in accordance with the provisions of Code Section

2  10159.5.

3                                  20.

4        Respondent MARIER acted without Department

5  authorization in using the fictitious business names National

6

7  Home Assistance Group, Inc., National Home Assistance Group, NHA

8  Group, or National Home Assistance to engage in activities

9  requiring the issuance of a real estate license.

10                                 21.

11        The conduct, acts and/or omissions of Respondent

12  MARIER, as set forth in Paragraphs 19 and 20, above, violate

13  Code Section 10159.5 and Section 2731 of the Regulations, and

14  are cause for the suspension or revocation of the licenses and

15  license rights of Respondent MARIER pursuant to Code Sections

16  10177(d) and/or 10177(g).

17

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

    ///

8

1       WHEREFORE, Complainant prays that a hearing be

2   conducted on the allegations of this Accusation and that upon

3   proof thereof, a decision be rendered imposing disciplinary

4   action against all licenses and/or license rights of Respondents

5   RYAN WILLIAM MARIER and JAMES ERIC PATE under the Real Estate

6   Law (Part 1 of Division 4 of the California Business and

7   Professions Code) and for such other and further relief as may

8   be proper under other applicable provisions of law.

9   this _____ day of _____, 2011.

12                          MARIA SUAREZ
13                          Deputy Real Estate Commissioner

23   cc:   Ryan William Marier
24         James Eric Pate
           Maria Suarez
25         Sacto.

26

9

**FILED**

DEC 11 2015

BUREAU OF REAL ESTATE

By S. Black

BEFORE THE BUREAU OF REAL ESTATE

STATE OF CALIFORNIA

* * *

In the Matter of the Accusation of

RYAN WILLIAM MARIER,

Respondent.

No. H-37126 LA

ORDER DENYING REINSTATEMENT OF LICENSE

BUT GRANTING RIGHT TO A RESTRICTED LICENSE

On August 24, 2011, in Case No. H-37126 LA, a Decision was rendered revoking the real estate broker license of Respondent effective September 19, 2011.

On February 10, 2015, Respondent petitioned for reinstatement of said real estate broker license, and the Attorney General of the State of California has been given notice of the filing of said petition.

The burden of proving rehabilitation rests with the petitioner (*Feinstein v. State Bar* (1952) 39 Cal. 2d 541). A petitioner is required to show greater proof of honesty and integrity than an applicant for first time licensure. The proof must be sufficient to overcome the prior adverse judgment on the applicant's character (*Tardiff v. State Bar* (1980) 27 Cal. 3d 395).

I have considered Respondent's petition and the evidence submitted in support thereof.

///

- 1 -

1    The Bureau has developed criteria in Section 2911 of Title 10, California Code of

2  Regulations (Regulations) to assist in evaluating the rehabilitation of an applicant for

3  reinstatement of a license. Among the criteria relevant in this proceeding are:

4    Regulation 2911(j) Discharge of, or bona fide efforts toward discharging,

5  adjudicated debts or monetary obligations to others.

6    Respondent listed 5 civil judgments in his application. Two of them have been

7  satisfied and dismissed. Two others were settled, with no evidence that Respondent has

8  defaulted on repayment. One judgment, a 2011 Breach of Lease Agreement before the Orange

9  County Superior Court, Respondent's Petition Application states that the judgment has not been

10  satisfied, with no explanation for why. (Note this was a $4,500 small claims

11  judgment. Respondent has satisfied other judgments for substantially more money). This is the

12  only reason why we cannot grant a plenary broker's license.

13    Respondent has failed to demonstrate to my satisfaction that Respondent has

14  undergone sufficient rehabilitation to warrant the reinstatement of Respondent's unrestricted real

15  estate broker license.

16    I am satisfied, however, that it will not be against the public interest to issue a

17  restricted real estate broker license to Respondent.

18    A restricted real estate broker license shall be issued to Respondent pursuant to

19  Section 10156.5 of the Business and Professions Code, if Respondent satisfies the following

20  conditions prior to and as a condition of obtaining a restricted real estate broker license within

21  twelve (12) months from the effective date of this Order:

22    1.    Respondent shall qualify for, take and pass the real estate broker license

23  examination.

24    2.    Submittal of a completed application and payment of the fee for a real

25  estate broker license.

26    3.    Respondent shall provide proof that reimbursement of the advance fees

27  paid by Wilfred J. Caron in the amount of $2,495.00 and Timothy Wayne Girard in the amount

1  of $2,090.00 has been made.  If Respondent can not provide such evidence, the monies owed to

2  Wilfred J. Caron and Timothy Wayne Girard shall be subject to the Unclaimed Property Law

3  (Code of Civil Procedure Sections 1500 et. Seq.), and those monies shall be remitted to the

4  California's State Controller. Until Respondent provides proof satisfactory to the Commissioner,

5  the Commissioner will deny any and all licenses.

6        The restricted license issued to Respondent shall be subject to all of the provisions

7  of Section 10156.7 of the Business and Professions Code and to the following limitations,

8  conditions and restrictions imposed under authority of Section 10156.6 of that Code:

9        A.    The restricted license issued to Respondent may be suspended prior to

10  hearing by Order of the Real Estate Commissioner in the event of Respondent's conviction or

11  plea of nolo contendere to a crime which is substantially related to Respondent's fitness or

12  capacity as a real estate licensee.

13        B.    The restricted license issued to Respondent may be suspended prior to

14  hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner

15  that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands

16  Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted

17  license.

18        C.    Respondent shall not be eligible to apply for the issuance of an

19  unrestricted real estate license nor the removal of any of the limitations, conditions or restrictions

20  of a restricted license until two (2) years have elapsed from the date of the issuance of the

21  restricted license to Respondent.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

- 3 -

1          D.      Respondent shall notify the Commissioner in writing within 72 hours of

2    any arrest by sending a certified letter to the Commissioner at the Bureau of Real Estate, Post

3    Office Box 137007, Sacramento, CA 95813-7007. The letter shall set forth the date of

4    Respondent's arrest, the crime for which Respondent was arrested and the name and address of

5    the arresting law enforcement agency. Respondent's failure to timely file written notice shall

6    constitute an independent violation of the terms of the restricted license and shall be grounds for

7    the suspension or revocation of that license.

8          This Order shall become effective at 12 o'clock noon on _____ **JAN 0 4 2016**

9          IT IS SO ORDERED ____ /2/11/2015 ____

10                                         REAL ESTATE COMMISSIONER

11

12                                         _____

13                                         Wayne S. Bell

- 4 -

FILED

MAY 16 2013.

DEPARTMENT OF REAL ESTATE
BY: _____

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * *

| | | |
|---|---|---|
| In the Matter of the Accusation of | ) | DRE No. H-37126 LA |
| | ) | |
| RYAN WILLIAM MARIER and | ) | |
| JAMES ERIC PATE, | ) | |
| | ) | |
| Respondents. | ) | |

ORDER SUSPENDING RESTRICTED REAL ESTATE LICENSE

TO:   JAMES ERIC PATE
19422 Summer Breeze Lane
Huntington Beach, CA 92648

On May 21, 2012, a restricted real estate salesperson license was issued by the

Department of Real Estate to JAMES ERIC PATE ("Respondent") on the terms, conditions and

restrictions set forth in the Real Estate Commissioner's Decision in Case No. H-37126 LA. This

Decision, which was filed on April 30, 2012, and became effective May 21, 2012, granted

Respondent the right to the issuance of a restricted real estate salesperson license subject to the

provisions of Section 10156.7 of the California Business and Professions Code (hereinafter

"Code") and to enumerated additional terms, conditions and restrictions imposed under authority

of Section 10156.6 of said Code.

– 1 –

1   Among the terms and conditions, Respondent was required to take and pass the

2   Professional Responsibility Examination within six (6) months from the effective date of the

3   Decision. The Commissioner has determined that as of December 21, 2012, Respondent has

4   failed to satisfy this condition.

5   NOW, THEREFORE, IT IS ORDERED under authority of the Order issued in

6   this matter that the real estate salesperson license heretofore issued to Respondent and the

7   exercise of any privileges thereunder is hereby suspended until such time as Respondent

8   provides proof satisfactory to the Department of compliance with the "condition" referred to

9   above, or pending final determination made after hearing (see "Hearing Rights" set forth below).

10   IT IS FURTHER ORDERED that all license certificates and identification cards

11   issued by Department which are in the possession of Respondent be immediately surrendered by

12   personal delivery or by mailing in the enclosed, self-addressed envelope

13   to:

14

15   Department of Real Estate
     Attn:  Flag Section
16   P. O. Box 187000
     Sacramento, CA 95818-7000

17

18   HEARING RIGHTS:  You have the right to a hearing to contest the

19   Commissioner's determination that you are in violation of the Order issued in this matter.  If you

20   desire a hearing, you must submit a written request.  The request may be in any form, as long as

21   it is in writing and indicates that you want a hearing.  Unless a written request for a hearing,

22   signed by or on behalf of you, is delivered or mailed to the Department at 320 W. 4th Street,

23   Room 350, Los Angeles, California 90013, within 20 days after the date that this Order was

24   mailed to or served on you, the Department will not be obligated or required to provide you with

25   / / /

26   / / /

27   / / /

- 2 -

a hearing.

This Order shall be effective immediately.

DATED: May ___13___, 2013.

REAL ESTATE COMMISSIONER

By: Jeffrey Mason
Chief Deputy Commissioner

FILED

APR 3 0 2012

DEPARTMENT OF REAL ESTATE
BY:

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * * *

| | | |
|---|---|---|
| In the Matter of the Accusation of | ) | DRE No. H-37126 LA |
| | ) | |
| RYAN WILLIAM MARIER and | ) | OAH No. 2011081204 |
| JAMES ERIC PATE, | ) | |
| | ) | |
| Respondents. | ) | |

DECISION

The Proposed Decision dated March 22, 2012, of the Administrative

Law Judge of the Office of Administrative Hearings, is hereby adopted as the

Decision of the Real Estate Commissioner in the above-entitled matter.

This Decision shall become effective at 12 o'clock noon on
May 21, 2012.

IT IS SO ORDERED _____ 4 / 22 _____, 2012.

Real Estate Commissioner

By WAYNE S. BELL
Chief Counsel

**BEFORE THE**
**DEPARTMENT OF REAL ESTATE**
**STATE OF CALIFORNIA**

In the Matter of the Accusation and
Supplemental Accusation Against:

JAMES ERIC PATE,

　　　　　　　　　　　Respondent.

Case No. H-37126 LA

OAH No. 2011081204

## PROPOSED DECISION

　　　　This matter was heard by Eric Sawyer, Administrative Law Judge, Office of
Administrative Hearings, State of California, on February 28, 2012, in Los Angeles. The
record was closed and the matter was submitted for decision at the conclusion of the hearing.

　　　　Lissete Garcia, Counsel, represented Maria Suarez, Deputy Real Estate Commissioner
(Complainant), California Department of Real Estate (Department).

　　　　Edward O. Lear, Esq., represented James Eric Pate (Respondent), who was present.

### FACTUAL FINDINGS

*Parties and Jurisdiction*

　　　　1.　　　Complainant brought the Accusation and Supplemental Accusation in her
official capacity. Respondent timely submitted a Notice of Defense, which contained a
request for a hearing.

　　　　2.　　　From October 5, 2000, through the present, Respondent has been licensed by
the Department as a real estate salesperson (License No. S/01297379). From March 12,
2008, through November 10, 2009, Respondent was licensed under the employ of real estate
broker Firstline Mortgage, Inc.

　　　　3.　　　As discussed in more detail below, Respondent went into business with Ryan
William Marier (Marier), who was licensed by the Department as a real estate broker during
the relevant times. Mr. Marier was also named as a respondent in this matter, but his license
was revoked by default due to his failure to respond timely to the initial Accusation. It was
not established that Respondent was ever affiliated with Marier's broker license.

*Respondent Goes into the Loan Modification Business*

    4.      Respondent and Mr. Marier were acquaintances who worked in the real estate field. In 2008, they decided to go into business together. Respondent had some prior experience in helping friends and clients with home loan modifications. At this time, the housing market was crashing and the demand for loan modification soared. So Respondent and Marier decided to start a company to provide loan modification services to homeowners.

    5.  ,  On December 17, 2008, Respondent and Marier formed Pate, Marier and Associates, Inc. (PMAI), a California corporation. Respondent and Marier were the directors and officers of PMAI, and owned all of the corporation's stock. This was the parent company formed as an umbrella for all the various business ventures Respondent and Marier created.

    6.      On February 17, 2009, PMAI filed a fictitious business name statement with the Orange County Clerk-Recorder for use of the fictitious business name "NHA Group." This fictitious business name was intended for the loan modification business. However, over time, the loan modification business became known by several other business names, including National Home Assistance Group, Inc., National Home Assistance Group, NHA Group, National Home Assistance, and Pate, Marier and Associates. At no time had any of those business names or entities been licensed by the Department. Use of a fictitious business name for activities requiring the issuance of a real estate license requires the filing of an application for the use of such name with the Department in accordance with the provisions of Business and Professions Code section 10159.5.[1]

    7.      On January 20, 2009, Marier submitted to the Department an advance fee agreement and accounting format. On February 24, 2009, the Department issued a letter acknowledging receipt of that document and stating that the Department had no objection to it. However, the advance fee agreements actually used by PMAI in the loan modification business were different in material respects from the one submitted to the Department, and therefore were not approved by the Department prior to use as required by section 10085, and California Code of Regulations, title 10, section 2970 (Regulation).

    8.      From February 2009 through August 2009, Respondent and Marier, while using the unlicensed fictitious business names described above in Factual Finding No. 6, engaged in loan modification services. Respondent was primarily involved in the administrative affairs of the business, and Marier attended to the finances and operations. Neither of them was involved in actual loan modification work. They employed several individuals to perform the loan modification services, none of whom were licensed by the Department. In all, PMAI was involved in at least 258 loan modification transactions with consumers. Of that total, only two consumers are known to have submitted complaints to the Department, i.e., Wilfred J. Caron and Timothy Wayne Girard.

---

[1] All further statutory references are to the Business and Professions Code.

9.     On or about May 15, 2009, Wilfred J. Caron paid an advance fee of $2,495 to National Home Assistance Group, Inc., (NHAGI) pursuant to an advance fee agreement for loan modification and negotiation services that had not been approved by the Department. In July 2009, NHAGI sent financial materials to Mr. Caron's primary lender and began negotiations to reduce the loan principal and interest rate of Mr. Caron's loan. Mr. Caron ultimately rejected a loan modification proposal made by his lender. Mr. Caron was not satisfied with NHAGI's services and he requested a full refund in September of 2009. NHAGI did not offer him a refund, but instead referred Mr. Caron to a real estate agent for purposes of arranging a short sale of his property. Mr. Caron entered into a short sale transaction with a willing buyer, but the sale was not consummated because the lender requested the sales price to be increased and the parties did not agree to do so. Mr. Caron decided to no longer pursue a short sale of his home. He has since retained the services of another loan modification business. It was not established that NHAGI failed to perform the loan modification and negotiation services promised to Mr. Caron. In fact, the advance fee agreement Mr. Caron signed indicated that the fee was deemed earned upon a loan modification offer from his lender or a short sale offer on his home, both of which occurred due to the efforts of NHAGI. Mr. Caron submitted his complaint to the Department in May 2010. He still owns his home.

10.     On or about July 7, 2009, Timothy Wayne Girard paid an advance fee of $2,090 to National Home Assistance Group (NHAG) pursuant to an advance fee agreement for loan modification and negotiation services for the first and second mortgages on his home. In September 2009, Mr. Girard's primary lender made a forbearance offer to Mr. Girard. The secondary lender delayed making an offer until the primary lender's position was solidified. Mr. Girard rejected the primary lender's offer. Several months later, NHAG notified Mr. Girard that the business was closing and that no further action would be taken on his file. It was not established that NHAG failed to perform the loan modification and negotiation services promised to Mr. Girard. The advance fee agreement Mr. Girard signed indicated the fee was deemed earned upon a loan modification offer from his lender, which occurred due to the efforts of NHAG. Mr. Girard submitted his complaint to the Department in September 2010. He still owns his home.

11.     When Respondent and Marier established their loan modification business in late 2008, they did not think they needed any licenses additional to Marier's broker license to engage in that type of activity. By early 2009, when Legislature enacted laws regulating the loan modification business, Respondent and Marier decided to submit the proposed advance fee agreement to the Department to position themselves for the effective date of those laws in July 2009. However, by that time, Respondent and Marier realized the full extent of the new legislation and quickly realized that they would not be able to have all staff fully licensed and bonded in compliance with the new laws. By August 2009, Respondent and Marier stopped accepting new loan modification work and began closing their business. They tried to resolve the remaining open cases and transferred them to an attorney. They were required to pay the attorney a fee for accepting those cases, as well as transferring to him their pre-paid office lease in order for him to accept their open cases. By December of 2009, Respondent and Marier completely shut-down the loan modification business.

3

*The Audit of PMAI's Books and Records*

12.     On September 6, 2011, the Department completed an examination of books and records in the possession of Marier, pertaining to the mortgage loan modification activities conducted by PMAI. The audit covered the period from November 13, 2008, through March 31, 2011.

13.     The audit revealed that PMAI engaged in the business of, acted in the capacity of, advertised or assumed to act as real estate brokers in the State of California, within the meaning of section 10131, subdivision (d), including soliciting prospective borrowers or lenders for, or negotiating loans, or offering to perform services connected to loans secured directly or collaterally by liens on real property for another or others, for or in expectation of compensation.

14.     PMAI was not licensed to engage in the loan modification activities described above. Respondent actively engaged with Marier in operating the unlicensed corporation, whose employees performed acts requiring a real estate license pursuant to section 10131, subdivision (d). Respondent should have known that such activity required a license. He was a licensed salesperson who had taken courses on the scope of activity requiring a license from the Department. He and Marier were well aware of recent legislation pointing to the Department as the regulator of loan modification activity. His partner Marier submitted an advance fee agreement to the Department in anticipation of the newly enacted laws. Most of the loan modification services transacted by PMAI occurred after Marier had submitted the advance fee agreement to the Department. Under these circumstances, Respondent should have known that a license was required to engage in such activity, or at the very least to contact the Department to ascertain whether that was the case.

15.     The audit also revealed that PMAI accepted, received, deposited and/or disbursed funds, including funds in trust. Those trust funds, including the advance fees collected by PMAI while engaged in loan modification services, were not deposited in a trust account as required by section 10146. By conservative estimates, Respondent and Marier took in at least $306,984 in service fees. The audit revealed total receipts of $1.1 million, although the loan modification fees were comingled with funds from their other ventures.

*Mitigation*

16.     Respondent has no prior history of discipline with the Department.

17.     Shortly before the hearing, Respondent fully refunded Mr. Caron and Mr. Girard, including not just the return of their fees but also interest to date. It was not established that Respondent's acts caused any harm to either consumer. Though Mr. Caron and Mr. Girard were not satisfied with the loan modification offers they were given, it was not established that Respondent and Marier breached their contracts or took money for services that were not provided. It was not established that any other PMAI consumer was injured or abandoned by PMAI.

18. Respondent has not been involved in any loan modification activity since he and Marier terminated their loan modification business at the end of 2009. Though he still communicates with Marier, he is no longer involved in real estate with him.

19. Respondent submitted a number of character reference letters from colleagues in the real estate and business fields, former clients, friends and family members. All attest to Respondent generally having good character, integrity and honesty.

20. Respondent has been married for eight years and has three young sons. He and his family regularly attend church. Respondent participates in volunteer activity in his community through his church. He is currently employed by a Fortune 500 company as a manager in a unit involved in loan originations.

## LEGAL CONCLUSIONS

1. Cause was established for disciplinary action against Respondent pursuant to section 10177, subdivisions (d) and (g). Respondent, through the loan modification business he co-owned with Marier, collected advance fees from prospective borrowers pursuant to a written fee agreement, which was not submitted to the Department for review prior to use, in violation of section 10085 and Regulation 2970. In addition, Respondent failed to deposit the advance fees into a trust account in violation of section 10146. Therefore, Respondent violated the Real Estate Law in these regards (§ 10177, subd. (d)) and was negligent in carrying out acts requiring a real estate license by failing to ensure the proper advance fee forms were used, and by failing to properly deposit and account for advance fee trust funds in his possession (§ 10177, subd. (g)). (Factual Findings 1-15.)

2. Cause was established for disciplinary action against Respondent pursuant to sections 10137 and 10177, subdivision (d). Respondent was engaged in activities that required a real estate license under sections 10131, subdivision (d), and 10131.2. At the times that Respondent was engaged in the loan modification business with Marier, Respondent's real estate salesperson license was not affiliated with Marier's broker license. By splitting the proceeds of the PMAI business with Marier, and by accepting fees from consumers who retained the services of PMAI's loan modification business, Respondent received compensation for activities that required a real estate license from persons other than the broker under whom he was at the time licensed, in violation of section 10137.[2] (Factual Findings 1-15.)

3. Cause was established for disciplinary action against Respondent pursuant to sections 10137 and 10177, subdivisions (d) and (g), in that Respondent operated an unlicensed corporation, which Respondent should have known needed to be licensed to perform acts and conduct activity requiring a real estate license as described in section 10131, subdivision (d). (Factual Findings 1-15.)

---

[2] The third cause for discipline in the Accusation was alleged only against Marier.

4.      Cause was established for disciplinary action against Respondent pursuant to section 10177, subdivision (g), in that Respondent was negligent in aiding and abetting Mr. Marier to violate section 10130, which prohibits unlicensed real estate activity, when Respondent should have known that he, PMAI, and Marier were engaged in conduct for which a real estate license was required, but for which they were not licensed. However, it was not established that cause exists to discipline Respondent pursuant to section 10176, subdivision (i), in that it was not established that Respondent's conduct in this regard equated to fraud or dishonest dealing. (Factual Findings 1-15.)

5A.     Since cause for discipline against Respondent's licensing rights has been established, the inquiry shifts to the degree of discipline warranted. Respondent's misconduct is considered moderately serious, in that he facilitated and actively engaged in unlicensed practice under circumstances when he should have known better. A number of important statutes and regulations were violated in the manner in which Respondent and his partner conducted business. Of concern is the fact that not long after submitting an advance fee agreement to the Department, Respondent and his partner abandoned that form and replaced it with one the Department had never seen before. Respondent and his partner benefitted substantially from the loan modification enterprise, in that the business took in at least $300,000 in fees and probably much more.

5B.     On the other hand, there is substantial mitigating evidence in this case to indicate that revocation is unwarranted and would be punitive. It was not established that Respondent engaged in fraud or dishonest dealing. It was not established that Respondent's business breached its contracts with any consumer. In fact, no actual injury to any consumer was established. Nonetheless, Respondent has made restitution on his own accord to the two consumers who complained to the Department about his business. Respondent has no prior record of discipline. Respondent and his partner took extensive efforts to wind down their loan modification business without abandoning their clients. Respondent has completely removed himself from loan modification activity. Other than his failed foray into loan modification in 2009, it appears that Respondent has otherwise conducted himself with integrity and honesty in his personal and professional life.

5C.     Under these circumstances, a restricted salesperson license with appropriate conditions is warranted. Pursuant to Regulation 2930, subdivision 18(A), when a licensee has been compensated for performing unlicensed activity, the penalty shall include a suspension. The length of the suspension is calculated by assigning $100 per day, and dividing $100 into the total amount of unlicensed compensation, up to a maximum of $10,000. Since Respondent and his partner received in excess of $10,000 of compensation for their unlicensed activity, a 100 day suspension is warranted. However, pursuant to Regulation 2930, subdivision 18(A), Respondent shall be allowed to petition the Commissioner to convert the 100 day suspension into a $10,000 monetary penalty. Other conditions shall include a three year period of restriction, reporting this discipline to his employing broker, being current on his continuing education requirements, and taking and passing the Professional Responsibility Examination to verify that Respondent has an understanding of the California Real Estate Law and its application. (Factual Findings 1-20.)

<u>ORDER</u>

All licenses and licensing rights of Respondent James Eric Pate under the Real Estate Law are revoked; provided, however, a restricted real estate salesperson license shall be issued to Respondent pursuant to section 10156.5 of the Business and Professions Code if Respondent makes application therefore and pays to the Department of Real Estate the appropriate fee for the restricted license within 90 days from the effective date of this Decision. The restricted license issued to Respondent shall be subject to all of the provisions of section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of section 10156.6 of that Code:

1.     The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's conviction or plea of nolo contendere to a crime which is substantially related to Respondent's fitness or capacity as a real estate licensee.

2.     All licenses and licensing rights of Respondent under the Real Estate Law are suspended for a period of 100 days from the effective date of this Decision; provided, however, that if Respondent petitions, said suspension shall be stayed upon condition that:

A. Respondent pays a monetary penalty pursuant to section 10175.2 at the rate of $100.00 for each day of the suspension for a total monetary penalty of $10,000.

B. Said payment shall be in the form of a cashier's or certified check made payable to the Recovery Account of the Real Estate Fund. Said check must be received by the Department prior to the effective date of the Decision in this matter.

C. No further cause for disciplinary action against the real estate license of Respondent occurs within one year from the effective date of the Decision in this matter.

D. If Respondent fails to pay the monetary penalty in accordance with the terms and conditions of the Decision, the Commissioner may, without a hearing, order the immediate execution of all or any part of the stayed suspension in which event the Respondent shall not be entitled to any repayment nor credit, prorated or otherwise, for money paid to the Department under the terms of this Decision.

E. If Respondent pays the monetary penalty and if no further cause for disciplinary action against the real estate license of Respondent occurs within one year from the effective date of the Decision, the stay hereby granted shall become permanent.

7

3.     The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

4.     Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor for the removal of any of the conditions, limitations or restrictions of a restricted license until three years have elapsed from the effective date of this Decision.

5.     Respondent shall submit with any application for license under an employing broker, or any application for transfer to a new employing broker, a statement signed by the prospective employing real estate broker on a form approved by the Department of Real Estate which shall certify:

     (a) That the employing broker has read the Decision of the Commissioner which granted the right to a restricted license; and

     (b) That the employing broker will exercise close supervision over the performance by the restricted licensee relating to activities for which a real estate license is required.

6.     Respondent shall, within nine months from the effective date of this Decision, present evidence satisfactory to the Real Estate Commissioner that Respondent has, since the most recent issuance of an original or renewal real estate license, taken and successfully completed the continuing education requirements of Article 2.5 of Chapter 3 of the Real Estate Law for renewal of a real estate license. If Respondent fails to satisfy this condition, the Commissioner may order the suspension of the restricted license until Respondent presents such evidence. The Commissioner shall afford Respondent the opportunity for a hearing pursuant to the Administrative Procedure Act to present such evidence.

7.     Respondent shall, within six months from the effective date of this Decision, take and pass the Professional Responsibility Examination administered by the Department including the payment of the appropriate examination fee. If Respondent fails to satisfy this condition, the Commissioner may order suspension of Respondent's license until Respondent passes the examination.

DATED: March 22, 2012

ERIC SAWYER,
Administrative Law Judge
Office of Administrative Hearings

8



SEP. - 4 1998

DEPARTMENT OF REAL ESTATE

By K. Niderholt

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

In the Matter of the Accusation of )
                                    )
   CITIFED DIVERSIFIED, INC.,       )     DRE   H-27339 LA
   and, DARLENE SUE WARD,           )
   individually and as designated   )     OAH   L-1998020296
   officer of Citifed               )
   Diversified, Inc.                )
                                    )
                                    )
                   Respondents.     )
_____)

DECISION GRANTING MONETARY PENALTIES IN LIEU OF SUSPENSION

        On July 16, 1998, a Decision was rendered in the above-

entitled matter to become effective August 13, 1998.  On July 28,

1998, the effective date was stayed until September 18, 1998.

        On July 28, 1998, Respondent CITIFED DIVERSIFIED, INC.,

filed a petition of monetary penalty in lieu of actual suspension

for the limited purpose of determining whether the suspension

imposed against Respondent CITIFED DIVERSIFIED, INC., filed as part

of said Decision should reduced.  I have considered the petition of

Respondent CITIFED DIVERSIFIED, INC., and it is hereby ordered that

the disciplinary action therein imposed against said Respondent is

modified to allow said Respondent to pay a monetary penalty

pursuant to Section 10175.2 of he Business and Professions Code to

the Department in lieu of an actual license suspension in the amount of $100.00 per day in order to stay all or part of the thirty day suspension. The total would be $3,000 for all thirty days of the actual suspension.

Payment of the monetary penalty set forth above shall be in the form of a cashier's check or certified check made payable to the Department of Real Estate. Said check must be delivered to the Department prior to the effective date of the Order in this matter.

The Commissioner has determined that this Order is in the public interest and the public welfare will be adequately served by this Order.

The Decision of July 16, 1998 shall become effective at 12 o'clock noon on September 13, 1998.

IT IS SO ORDERED  8/10 , 1998

JIM ANTT, JR.
Real Estate Commissioner

F I L E D

AUG - 5 1998

DEPARTMENT OF REAL ESTATE

By _K. Niederhof_

BEFORE THE DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * *

In the Matter of the Accusation of )
                                    )
    CITIFED DIVERSIFIED, INC.,      )    DRE   H-27339 LA
    and, DARLENE SUE WARD,          )
    individually and as designated  )    OAH   L-1998020296
    officer of Citifed              )
    Diversified, Inc.               )
                                    )
                                    )
                Respondents.        )
_____)

ORDER STAYING EFFECTIVE DATE

On July 16, 1998, a Decision was rendered in the

above-entitled matter to become effective August 13, 1998.

IT IS HEREBY ORDERED that the effective date of the

Decision of July 16, 1998, is stayed for a period of 30 days.

The Decision of July 16, 1998, shall become

effective at 12 o'clock noon on September 13, 1998.

DATED _28 July 1998_

_Randolph Brendia_
Randolph Brendia
Regional Manager



F I L E D

`JUL 1 6 1998

DEPARTMENT OF REAL ESTATE

DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

By _Jean Arnold_

\* \* \* \* \*

In the Matter of the Accusation of     )     No. H-27339 LA
                                        )
                                        )     L-1998020296
        CITIFED DIVERSIFIED, INC.,      )
        and DARLENE SUE WARD,           )
        individually and as            )
        designated officer of          )
        Citifed Diversified, Inc.,      )
                                        )
                                        )
                                        )
                                        )
                                        )
                        Respondent(s).  )
                                        )

## DECISION

The Proposed Decision dated June 11, 1998,

of the Administrative Law Judge of the Office of

Administrative Hearings, is hereby adopted as the Decision

of the Real Estate Commissioner in the above-entitled matter.

This Decision shall become effective at 12 o'clock

noon on ___August 13, 1998___.

IT IS SO ORDERED ___7/16/98___.

                                JIM ANTT, JR.
                                Real Estate Commissioner

BEFORE THE
DEPARTMENT OF REAL ESTATE
STATE OF CALIFORNIA

In the Matter of the Accusation )      File No. H-27339 LA
Against:                        )
                                )
CITIFED DIVERSIFIED, INC.;      )      OAH No. L-1998020296
 and, DARLENE SUE WARD          )
individually and                )
as designated officer of        )
Citifed Diversified, Inc.,      )
                                )
        Respondents.            )
_____)

PROPOSED DECISION

On May 19, 1998, in Los Angeles, California, John D. Wagner, Administrative Law Judge, Office of Administrative Hearings, State of California, heard this matter.

Complainant was represented by Elliott Mac Lennan, Counsel, Department of Real Estate.

Respondents were represented by W. Curtis Cover, Attorney at Law.

Evidence was received, a stipulation of facts and a portion of the following discipline were received, the record was closed and the matter was submitted.

FINDINGS OF FACT

1.  Complainant Thomas McCardy made and filed the Accusation in his official capacity as a Deputy Real Estate Commissioner of the State of California.

2.  Respondent Citifed Diversidfied, Inc. (CDI), and respondent Darlene Sue Ward (Ward) are presently licensed and/or have license rights under the Real Estate Law.

3.  At all times mentioned herein, CDI (known as Canyon Springs Financial prior to December 24, 1996,) was licensed by the Department of Real Estate of the State of California (Department) as a corporate real estate broker by and through Ward as its

1

designated officer.  As of January 1, 1995, CDI was doing business as American Builders Mortgage

4.  As of January 1, 1995, respondent Ward was licensed by the Department as the designated officer of CDI to qualify CDI, and to act for CDI as a real estate broker.  As provided by Section 10159.2 of the Business and Professions Code, she was responsible for the supervision and control of the activities conducted on behalf of CDI by its officers, managers and employees as necessary to secure full compliance with the provisions of the Real Estate Law, including the supervision of the salespersons licensed to the corporation in the performance of acts which a real estate license is required.

5.  At all times mentioned herein, CDI and Ward were acting as the agent or employee of the other and within the course and scope of such agency or employment.[1]

6.  At all times mentioned herein, in the City of Santa Ana, Orange County, California, respondent CDI and respondent Ward acted as real estate brokers by soliciting lenders and borrowers for loans secured directly or collaterally by liens on real property.  Such loans were arranged, negotiated, processed, and consummated on behalf of others for compensation or in expectation of compensation and for fees often collected in advance.

7.  On January 24, 1997, the Department completed a field audit examination of the books and records pertaining to the activities of CDI described in Finding 6.  The audit covered the period beginning on August 7, 1996, and ending on November 29, 1996.

8.  In connection with the real estate activities described in Finding 6, CDI and Ward, accepted or received funds in trust (trust funds) from or on behalf of borrowers and lenders and thereafter made disbursements of such funds, including credit reports, appraisals and loan processing fees.  Respondents maintained the following trust accounts into which they deposited certain of these funds:

"Loan Purchase Trust Account (T/A #1)
Account No. 24435-09829"
Bank of America
South Coast Center Dr.
P.O. Box 60049

"Citifed Diversified Trust Account (T/A #2)
Account No. 24431-04234"
Bank of America
South Coast Center Dr.
P.O. Box 60049

---

[1]  Whenever reference is made in these findings to an act or omission of CDI, such finding shall be deemed to mean that the officers, Directors, managers, employees, agents and real estate licensees employed by or associated with CDI, including Ward, committed such act or omission while engaged in the furtherance of the business or operation of CDI and while acting within the course and scope of its authority agency and employment.

"Title I Trust Account (T/A #3)
Account No. ▮▮▮▮▮▮▮▮▮▮"
Bank of America
South Coast Center Dr.
P.O. Box 60049

9. With respect to the trust funds referred to in Finding 8, CDI and Ward:

a. Failed to maintain T/A #1 and T/A #3 in the name of the broker, as required by former Regulation 2830 now Regulation 2832;[2]

b. Failed to maintain a separate record for each beneficiary or transaction, thereby failing to account for all trust funds, received, deposited, and disbursed by the trust accounts, as required by Regulation 2831.1;

c. Failed to perform a monthly reconciliation of the balance of all separate beneficiary or transaction records maintained pursuant to Regulation 2831.1 with the record of all trust funds received and disbursed by T/A #2, as required by Regulation 2831 and in the manner required by Regulation 2831.2;

d. Commingled CDI's funds with trust funds in T/A #2 in the amount of $11,954.06 to $21,007.06, by failing to disburse all broker owned funds in the trust account within twenty-five (25) days of deposit, in violation of Code Section 10176(e) and Regulation 2835 (Broker money was left in the account because financial records were not available to reconcile the account.)

e. Failed to place credit report and appraisals fees, accepted on behalf of another, into the hands of the owner of the funds, into a neutral escrow depository or into a trust fund account in the name of the broker as trustee at a bank or other financial institution not later than three business days following receipt of the funds by the broker or by the broker's salesperson, as required by Section 2832 of the Regulations; and

f. Permitted an unlicensed person who was insufficiently bonded, Deborah McCarron, to be an authorized signatory on the trust account, in violation of Section 2834 of the Regulations.

10. The above audit examination further revealed that respondent CDI used the fictitious name of "Cartel Diversified, Inc." to conduct residential resale and mortgage loan activities on behalf of CDI without holding a license bearing said fictitious business name.

11. In mitigation of the above Findings, no client of CDI suffered financial loss. Some of the above findings were the result of CDI not promptly withdrawing its profits from accounts. Respondent Ward was fully cooperative during the audit.

---

[2] All references to the "Code" are to the California Business and Professions Code. All references to "Regulations" are to sections in title 10 of the California Code of Regulations.

3

Prior Discipline

12. On May 18, 1995, in Case No. H-2035 SA, an Accusation was filed against respondent CDI, under its former corporate name of Canyon Springs Financial, a corporation, that resulted in a stayed, suspension that became effective August 6, 1996, for violations of Sections 10145 and 10240 of the California Business and Professions Code and Sections 2726, 2830, 2831, 2831.2, title 10, of the California Code of Regulations. These violations occurred prior to Ward becoming the designated officer of CDI.

## DETERMINATION OF ISSUES

1. Cause for discipline of both respondents' licenses was established pursuant to section 10177(d) of the Business and Professions Code for the following violations of said code and regulations:

a. For violation of sections 10145 and 10159.2 of said code, by reason of Finding 9a.

b. For violation of sections 10145 and 10159.2 of said code, and section 2831 of the Regulations, by reason of Finding 9b.

c. For violation of sections 10145 and 10159.2 of said code, by reason of Finding 9c.

d. For violation of sections 10145 and 10159.2 of said code, by reason of Finding 9d.

e. For violation of section 10176(e) of said code, and section 2835 of the Regulations, by reason of Finding 9e.

f. For violation of section 10159.2 of said code, by reason of Finding 9f.

g. For violation of section 2731 of the Regulations, by reason of Finding 10.

2. In view of the fact that respondent Ward was fully cooperative with the audit that provided the evidence for the above violations; that no clients of CDI suffered financial loss; that several of the above violations involved mitigating circumstances; and the fact that the parties have partially stipulated to appropriate discipline, the licenses of both respondents should be restricted with the conditions set forth in the following order.

## ORDER

Wherefore, the following order is hereby made:

### CITIFED DIVERSIFIED, INC.

1.   All licenses and licensing rights of respondent Citifed Diversified, Inc. under the Real Estate Law are revoked; provided, however, a restricted real estate broker license shall be issued to said respondent pursuant to section 10156.5 of the Business and Professions Code if respondent makes application therefore, and pays to the Department of Real Estate the appropriate fee for the restricted license within ninety (90) days of the effective date of this Decision.   The restricted license issued to Respondent shall be subject to all the provisions of section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of section 10156.6 of that Code:

a.   The restricted license issued to Respondent shall be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's or its designated broker's conviction or plea of nolo contendere to a crime which is substantially related to fitness or capacity as a real estate licensee.

b.   The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

c.   Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor for the removal of any of the conditions, limitations or restrictions of a restricted license until 2 years have elapsed from the effective date of this Decision.

d.   Respondent's license and license rights shall be actually suspended for a period of 30 days.  Respondent may, pursuant to Section 10175.2, petition the Commissioner to pay a monetary penalty and thereby further stay imposition of the term of the actual suspension.

e.   Respondent shall obey all laws, rules and regulations governing the rights, duties and responsibilities of a real estate licensee in the State of California.

f.   Pursuant to Section 10148 of the Business and Professions Code, Respondent shall pay $1,800 as the Commissioner's reasonable cost for a compliance audit to determine if Respondent has corrected the trust fund violations found in Determination of Issues 1. Respondent shall pay such cost within 45 days of receiving an invoice from the Commissioner.  The Commissioner may, in his discretion, vacate and set aside the above stay order, if payment is not timely made as provided for herein, or as provided for in a subsequent agreement between the Respondent and the Commissioner.  The vacation and the set aside of the stay shall remain in effect until payment is made in full, or until Respondent enters into an agreement satisfactory to the Commissioner to provide for payment.

5

DARLENE SUE WARD

   2. All licenses and licensing rights of respondent Darlene Sue Ward under the Real Estate Law are revoked; provided, however, a restricted real estate broker license shall be issued to Respondent pursuant to Section 10156.5 of the Business and Professions Code if Respondent makes application therefor and pays to the Department of Real Estate the appropriate fee for the restricted license within 90 days from the effective date of this Decision. The restricted license issued to Respondent shall be subject to all of the provisions of Section 10156.7 of the Business and Professions Code and to the following limitations, conditions and restrictions imposed under authority of Section 10156.6 of that Code:

   a. The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner in the event of Respondent's conviction or plea of nolo contendere to a crime which is substantially related to Respondent's fitness or capacity as a real estate licensee.

   b. The restricted license issued to Respondent may be suspended prior to hearing by Order of the Real Estate Commissioner on evidence satisfactory to the Commissioner that Respondent has violated provisions of the California Real Estate Law, the Subdivided Lands Law, Regulations of the Real Estate Commissioner or conditions attaching to the restricted license.

   c. Respondent shall not be eligible to apply for the issuance of an unrestricted real estate license nor for the removal of any of the conditions, limitations or restrictions of a restricted license until 1 year has elapsed from the effective date of this Decision.

   d. Respondent shall, within nine months from the effective date of this Decision, present evidence satisfactory to the Real Estate Commissioner that Respondent has, since the most recent issuance of an original or renewal real estate license, taken and successfully completed the continuing education requirements of Article 2.5 of Chapter 3 of the Real Estate Law for renewal of a real estate license. If Respondent fails to satisfy this condition, the Commissioner may order the suspension of the restricted license until the Respondent presents such evidence. The Commissioner shall afford Respondent the opportunity for a hearing pursuant to the Administrative Procedure Act to present such evidence.

   e. Respondent shall, within six months from the effective date of this Decision, take and pass the Professional Responsibility Examination administered by the Department including the payment of the appropriate examination fee. If Respondent fails to satisfy this condition, the Commissioner may order suspension of Respondent's license until Respondent passes the examination.

   f. During the first 90 days from the effective date of this Decision, Respondent shall not be the designated officer of any corporation except Citifed Diversified, Inc. and Cartel Diversified, Inc. After 90 days from the effective date of this Decision, Respondent Ward shall not be the designated officer of any corporation, including Citifed Diversified, Inc., except Cartel Diversified, Inc.

g. Respondent shall be jointly and severally liable for the $1,800 cost of a compliance audit set forth in condition 1f of a restricted license issued to Citifed Diversified, Inc., regardless of whether Respondent is still the designated officer of said corporation. Said condition 1f shall also apply to Respondent Ward.

Dated: _June 11, 1998_____

_John D. Wagner_____
JOHN D. WAGNER
Administrative Law Judge
Office of Administrative Hearings



*BEFORE THE DEPARTMENT OF REAL ESTATE*
*STATE OF CALIFORNIA*

FILED

APR 1 3 1998

DEPARTMENT OF REAL ESTATE

By

*In the Matter of the Accusation of*

CITIFED DIVERSIFIED INC., et al.,

} Case No. H-27339 LA

OAH No. L-1998020296

_____
*Respondent*

### NOTICE OF HEARING ON ACCUSATION

*To the above named respondent:*

*You are hereby notified* that a hearing will be held before the Department of Real Estate at _____

Office of Administrative Hearings, 107 South Broadway, Second Floor

Los Angeles, CA   90012

on ____ May 19, 1998 _____, at the hour of __9:00 a.m.__, or as soon thereafter as the matter can be heard, upon the Accusation served upon you. If you object to the place of hearing, you must notify the presiding administrative law judge of the Office of Administrative Hearings within ten (10) days after this notice is served on you. Failure to notify the presiding administrative law judge within ten days will deprive you of a change in the place of the hearing.

You may be present at the hearing. You have the right to be represented by an attorney at your own expense. You are not entitled to the appointment of an attorney to represent you at public expense. You are entitled to represent yourself without legal counsel. If you are not present in person nor represented by counsel at the hearing, the Department may take disciplinary action against you based upon any express admission or other evidence including affidavits, without any notice to you.

You may present any relevant evidence and will be given full opportunity to cross-examine all witnesses testifying against you. You are entitled to the issuance of subpenas to compel the attendance of witnesses and the production of books, documents or other things by applying to the Department of Real Estate.

The hearing shall be conducted in the English language. If you want to offer the testimony of any witness who does not proficiently speak the English language, you must provide your own interpreter and pay his or her costs. The interpreter must be certified in accordance with Sections 11435.30 and 11435.55 of the Government Code.

DEPARTMENT OF REAL ESTATE

*Dated:* ___APR 1 3 1998___

*By* _____
*Counsel*

cc:   Citifed Diversified Inc.
      Darlene Sue Ward
      Sacto
      OAH DB

RE 501 (Rev. 8/97)
kw



**BEFORE THE DEPARTMENT OF REAL ESTATE**
**STATE OF CALIFORNIA**

FILED
MAR - 2 1998
DEPARTMENT OF REAL ESTATE

By _____

*In the Matter of the Accusation of*

CITIFED DIVERSIFIED INC., et al.,

⎱
⎰

Case No.   H-27339 LA

OAH No.   L-1998020296

_____
*Respondent*

## NOTICE OF HEARING ON ACCUSATION

*To the above named respondent:*

*You are hereby notified* that a hearing will be held before the Department of Real Estate at _____

Office of Administrative Hearing, 107 South Broadway, Second Floor

Los Angeles, CA  90012.

on _____ April 2, 1998 _____, at the hour of _9:00 a.m.,
or as soon thereafter as the matter can be heard, upon the Accusation served upon you. If you object to the place of hearing, you must notify the presiding administrative law judge of the Office of Administrative Hearings within ten (10) days after this notice is served on you. Failure to notify the presiding administrative law judge within ten days will deprive you of a change in the place of the hearing.

You may be present at the hearing. You have the right to be represented by an attorney at your own expense. You are not entitled to the appointment of an attorney to represent you at public expense. You are entitled to represent yourself without legal counsel. If you are not present in person nor represented by counsel at the hearing, the Department may take disciplinary action against you based upon any express admission or other evidence including affidavits, without any notice to you.

You may present any relevant evidence and will be given full opportunity to cross-examine all witnesses testifying against you. You are entitled to the issuance of subpenas to compel the attendance of witnesses and the production of books, documents or other things by applying to the Department of Real Estate.

The hearing shall be conducted in the English language. If you want to offer the testimony of any witness who does not proficiently speak the English language, you must provide your own interpreter and pay his or her costs. The interpreter must be certified in accordance with Sections 11435.30 and 11435.55 of the Government Code.

DEPARTMENT OF REAL ESTATE

Dated: ___ MAR - 2 1998 _____

By _____
                                        *Counsel*

cc:  Citifed  Diversified Inc.
     Darlene S. Ward
     Sacto
     OAH   DB
RE 501 (Rev. 8/97)
  kw

ELLIOTT MAC LENNAN, Counsel
Department of Real Estate
107 South Broadway, Room 8107
Los Angeles, California  90012

(213) 897-3937



FILED
AUG 19 1997
DEPARTMENT OF REAL ESTATE

By K Niederholt

DEPARTMENT OF REAL ESTATE

STATE OF CALIFORNIA

* * * * *

| In the Matter of the Accusation of | ) | No. H-27339  LA |
|---|---|---|
| CITIFED DIVERSIFIED, INC.; and, DARLENE SUE WARD individually and as designated officer of Citifed Diversified, Inc., | ) ) ) ) ) ) ) | A C C U S A T I O N |
| Respondents | ) ) | |

The Complainant, Thomas McCrady, a Deputy Real Estate

Commissioner of the State of California, for cause of Accusation

against CITIFED DIVERSIFIED, INC., dba Canyon Springs Financial, a

corporation and dba American Builders Mortgage, and DARLENE SUE

WARD, individually and as designated officer of Citifed

Diversified, Inc., is informed and alleges in his official

capacity as follows:

/

/

/

/

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95 28391

-1-

I

CITIFED DIVERSIFIED, INC., (CDI) and DARLENE SUE WARD (WARD), sometimes collectively referred to as respondents, are presently licensed and/or have license rights under the Real Estate Law (Part 1 of Division 4 of the California Business and Professions Code).

II

All references to the "Code" are to the California Business and Professions Code and all references to "Regulations" are to Title 10, Chapter 6, California Code of Regulations.

III

At all times mentioned, CDI was licensed by the Department of Real Estate of the State of California (Department) as a corporate real estate broker by and through WARD as designated officer.  CDI was first licensed by the Department on November 30, 1987.

IV

At all times mentioned, WARD was licensed by the Department as designated officer of CDI to qualify CDI and to act for CDI as a real estate broker and, as provided by Section 10159.2 of the Code, was responsible for the supervision and control of the activities conducted on behalf of CDI by its officers, managers and employees as necessary to secure full compliance with the provisions of the Real Estate Law including the supervision of the salespersons licensed to the corporation in the performance of acts for which a real estate license is required.



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95 28391

-2-

V

Whenever reference is made in an allegation in the accusation to an act or omission of CDI such allegation shall be deemed to mean that the officers, directors, managers, employees, agents and real estate licensees employed by or associated with CDI, including WARD, committed such act or omission while engaged in the furtherance of the business or operation of CDI and while acting within the course and scope of its corporate authority, agency and employment.

VI

At all times mentioned, CDI and WARD were acting as the agent or employee of the other and within the course and scope of such agency or employment.

VII

At all times mentioned, in the City of Santa Ana, Orange County, California, respondent CDI and respondent WARD acted as real estate brokers within the meaning of Code Section 10131(d), whereby lenders and borrowers were solicited for loans secured directly or collaterally by liens on real property, wherein such loans were arranged, negotiated, processed, and consummated on behalf of others for compensation or in expectation of compensation and for fees often collected in advance.

/

/

/

/

/

## VIII

On January 24, 1997, the Department completed a field audit examination of the books and records pertaining to the activities of CDI described in Paragraph VII, above, beginning on August 7, 1996, and ending on November 29, 1996, which revealed violations of the Code and the Regulations as set forth in the following paragraphs.

## IX

In connection with the aforesaid real estate activities described in Paragraph VII, CDI and WARD, accepted or received funds in trust (trust funds) from or on behalf of borrowers and lenders and thereafter made disbursements of such funds including credit reports, appraisals and loan processing fees. Respondents maintained the following trust accounts into which they deposited certain of these funds:

"Loan Purchase Trust Account (T/A #1)
Account No. ███████ "
Bank of America
South Coast Center Dr.
P.O. Box 60049

"Citifed Diversified Trust Account (T/A #2)
Account No. ███████ "
Bank of America
South Coast Center Dr.
P.O. Box 60049

"Title I Trust Account (T/A #3)
Account No. ███████ "
Bank of America
South Coast Center Dr.
P.O. Box 60049

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
95  28391

-4-

X

With respect to the trust funds referred to in Paragraph IX, CDI and WARD:

(a)   Failed to maintain T/A #1 and T/A #3 in the name of the broker, as required by former Regulation 2830 now Regulation 2832;

(b)   Failed to maintain a separate record for each beneficiary or transaction, thereby failing to account for all trust funds received, deposited, and disbursed by the trust accounts, as required by Regulation 2831.1;

(c)   Failed to perform a monthly reconciliation of the balance of all separate beneficiary or transaction records maintained pursuant to Regulation 2831.1 with the record of all trust funds received and disbursed by T/A #2, as required by Regulation 2831 and in the manner required by Regulation 2831.2;

(d)   Commingled CDI' funds with trust funds in T/A #2, in the amount of $11,954.06 TO $21,007.06, by failing to disburse all broker owned funds in the trust account within twenty-five (25) days of deposit, in violation of Section 10176(e) and Regulation 2835;

(e)   Failed to place credit report and appraisal fees, accepted on behalf of another into the hands of the owner of the funds, into a neutral escrow depository or into a trust fund account in the name of the broker as trustee at a bank or other financial institution not later than three business days following receipt of the funds by the broker or by the broker's salesperson, as required by Section 2832 of the Regulations; and

1      (f) Permitted an unlicensed person who was

2   insufficiently bonded, Deborah McCarron, to be an authorized

3   signatory on the trust account, in violation of Section 2834 of

4   the Regulations.

5           XI

6      The conduct of respondents CDI and WARD, described in

7   Paragraph X, above, violated the Code and the Regulations as set

8   forth below:

9      PARAGRAPH     PROVISIONS VIOLATED

10     X(a)      Section 10145 & 10159.2 of the Code, and

11             Section 2832 of the Regulations

12

13     X(b)      Section 10145 & 10159.2 of the Code, and

14             Section 2831 of the Regulations

15

16     X(c)      Section 10145 & 10159.2 of the Code, and

17             Section 2831.1 of the Regulations

18

19     X(d)      Section 10145 & 10159.2 of the Code, and

20             Section 2831.2 of the Regulations

21

22     X(e)      Section 10176(e) of the Code, and

23             Section 2835 of the Regulations

24

25     X(f)      Section 10145 & 10159.2 of the Code, and

26             Section 2834 of the Regulations

27

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95 28391

1  Each of the foregoing violations separately constitutes cause for

2  the suspension or revocation of the real estate licenses and

3  license rights of respondents CDI and WARD under the provisions of

4  Section 10177(d) of the Code.

5                                    XII

6       The audit examination further revealed that respondent

7  CDI used the fictitious name of "Cartel Diversified, Inc." to

8  conduct residential resale and mortgage loan activities on behalf

9  of CDI without holding a license bearing said fictitious business

10  name.  The conduct of respondent CDI, in failing to obtain

11  licenses for use of the aforesaid name, is in violation of

12  Regulation 2731 and is cause to suspend or revoke respondent's

13  real estate license and license rights under Section 10177(d) of,

14  the Code.

15                           Prior Discipline

16                                   XIII

17       On May 18, 1995, in Case No. H-2035 SA, an Accusation

18  was filed against respondent CDI, under its former corporate name

19  of Canyon Springs Financial, a corporation, that resulted in a

20  suspension stayed that became effective August 6, 1996, for said

21  respondent for violations of Sections 10145 and 10240 of the

22  California Business and Professions Code and Sections 2726, 2830,

23  2831 and 2831.2 of Title 10, Chapter 6, California Code of

24  Regulations.

25                                    /

26                                    /

27                                    /

1  WHEREFORE, Complainant prays that a hearing be conducted

2  on the allegations made by the accusation, and, that upon proof

3  thereof, a decision be rendered imposing disciplinary action

4  against the license and license rights of against CITIFED

5  DIVERSIFIED, INC., and DARLENE SUE WARD, individually and as

6  designated officer of Citifed Diversified, Inc., under the Real

7  Estate Law (Part 1 of Division 4 of the Business and Professions

8  Code) and for such other and further relief as may be proper under

9  other applicable provisions of law.

10  Dated at Los Angeles, California

11  this 19th day of August, 1997.

12

13  THOMAS MC CRADY

14  Deputy Real Estate Commissioner

15

16

17

18

19

20

21

22

23

24

25  cc:  Citifed Diversified, Inc.
26       c/o Darlene S. Ward, D.O.
         Sacto.
27       DB



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)

95 28391

2021 CA 000401

# EEOC (INQUIRY) NUMBER: 480-2021-01768

## Inquiry Information

### REASON(S) FOR CLAIM

**Date of Incident (Approximate):** 02/26/2021

**Reason for Complaint:** Age - I am 40 years of age or older, Genetic information, my family medical history, or my participation in genetic services like counseling, education or testing

**Pay Disparity:**

**Location of Incident:** California

**Submission (initial inquiry) Date:** 03/18/2021

**Claim previously filed as charge with EEOC?** No

**Approximate Date of Filing:** N/A

**Charge Number:** N/A

**Claim previously filed as complaint with another Agency?** No

**Agency Name:** N/A

**Approximate Date of Filing:** N/A

**Nature of Complaint:** N/A

### INQUIRY OFFICE

**Receiving:** Los Angeles District Office

**Accountable:** Los Angeles District Office

### APPOINTMENT

**Appointment Date and time:** 04/16/2021 02:45 PM US/Pacific

**Interview Type:** Phone

### APPROXIMATE DEADLINE FOR FILING A CHARGE: 12/26/2021

### POTENTIAL CHARGING PARTY

**First Name, Middle Initial:** D. Sidney

**Last Name:** Potter

**Street or Mailing Address:**  P.O. Box 287

**Address Line 2:**

**City, State, Zip:**  PASADENA, CA, 91102

**Country:**  UNITED STATES OF AMERICA

**Year of Birth:**  1964

**Email Address:**  dsidneypotter@yahoo.com

**Home Phone Number:**  (818) 298-4388

**Cell Phone Number:**  (818) 298-4388

## RESPONDENT/Employer

**Organization Name:**  SECURE ONE CAPITAL CORPORATION

**Type of Employer:**  Business or non-profit organization that I applied to, work for, or worked for

**Number of Employees:**  20 or more employees

**Street or Mailing Address:**  555 ANTON BLVD

**Address Line 2:**  STE 900

**City, State, Zip Code:**  COSTA MESA,CA, 92626

**County:**  Orange

**Phone Number:**  (949) 337-4700

## RESPONDENT CONTACT

**First and Last Name:**  Rooven Akiba

**Email Address:**  akibar@secureonecapital.com

**Phone Number:**

**Title:**  Human Resources Director or Owner

## LOCATION OF POTENTIAL CHARGING PARTY'S EMPLOYMENT

**Street or Mailing Address:**

**Address Line 2:**

**City, State, Zip Code:**

**County:**

## POTENTIAL CHARGING PARTY'S DEMOGRAPHICS

**Gender:** M

**Disabled:** I do not have a disability

**Are you Hispanic or Latino?** not hispanic or latino

**Ethnicity:** White, Black or African American,

**National Origin:** American(U.S.)

## Adverse Action(s)

Terminated as a result of age and the reporting of inequities from required health care coverage (genetic), that the employer did not provide as mandated by federal law.

# Supplemental Information

## What Reason(s) were you given for the action taken against you?

No reasons given. Fired as a result of age (56) and inquiry into health insurance coverage.

Narrative: D. Sidney Potter, had his position eliminated because he notified in writing to two employees in human resources of SECURE ONE on three separate occasions, the first in August 2020, January 2021, and more specifically on February 26, 2021, of their failure to properly initiate company mandated healthcare as required by law.  In particular, when Mr. Potter informed SECURE ONE by email of incorrect coverage from Blue Shield of California on February 26, 2021 through its health insurance agent, PAYCHEX, via employee Greg Gehris, at 2:23 pm (PST) that coverage was lacking, he received a phone call 43 minutes later from employee Fay Panah at 3:06 pm (PST) that he was terminated.  This is a classic cause and effect and is recognized by most Courts of law as primia facia evidence of retaliation. State and federal law has been broken as a result of these tortious acts that have caused economic harm to the Plaintiff.

## Was anyone in a similar situation treated the same, better, or worse than you?

There are not many people over the age of 40  (out of 175 employees), who work at this company.  Multiple employees have made complaints about health care coverage, or the lack thereof at this company.

**Please provide name(s) and email and/or phone number of anyone who will support your claim, and briefly describe the information this person will provide.**

None available.

**Please tell us any other information about your experience?**

None.

To:     2nd Judicial Court of Florida
From:   D. Sidney Potter
Date:    4/14/2021
Re:      Summons for Defendants in Potter vs. Secure One Capital Corporation, et al. (Case No. 2021 CA 000401)

Leon County Court Clerk-
I would request that Summons be issued for the Defendants listed below.  It is my understanding that the summons will be available to me through ePortal and/or emailed to me direct.  Thank you in advance in forwarding the summons to me so I may have the Defendants properly served.  Thank you.
D. Sidney Potter

Defendant Addresses:

Rooven Akiba
[DRE ID: 00350120] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379] DRE Revocation, Suspension, Restriction
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626



THE HONORABLE

# GWEN MARSHALL

CLERK OF THE CIRCUIT COURT AND COMPTROLLER

CLERK OF COURTS • COUNTY COMPTROLLER • AUDITOR • TREASURER • RECORDER

## COURTS DEPARTMENT

Date: 04/15/2021                    Name/Case #: 2021 CA 401  David Potter v Rooven Akiba, et al.

David Potter
PO Box 287
Pasadena, CA 91102

## *We are returning the attached document(s) for the reason(s) indicated below:*

☐ A Leon County case cannot be located by the name or case number provided.

☐ You have multiple cases in Leon County and we are unable to determine which case to file your pleading. Please return your document with a valid case number(s).

☐ Your case was removed/transferred from our court to          on         .

☐ Your document was received on          .  We are returning it because no case number or judge can be assigned until a petition is received.  You may send this letter with your petition when it is filed.

☐ The Clerk may not enter a default because other papers were filed or the proof of publication/return of service have not been filed.

☐ The service fee for copies from court files is $1.00 per page.  Please send the required written request, located on our website as "Request for Records", and payment.

*In response to your letter/inquiry:*

☐ We do not have forms available for your use.  We are governed by the Florida Statutes, Florida Rules of Court, Florida Supreme Court orders, and administrative orders issued by the Chief Judge of the 2nd circuit.  Please access www.clerk.leon.fl.us, Online Services, Forms, Court Forms, for other free online forms.

☐ We received the case/your filing on          .

☐ Your case, vs. is assigned to, Case filed on          .

☐ Enclosed are copies of

☐ A response was filed on          .  You have 20 days from that date in which to file your reply.

☐ Your motion was received on          , but no ruling has been entered.

☐ Case disposed on          .

☐ On          , mail sent to you was returned to our office.  The mail was sent to          .  Your address information has been changed in our system, but you must notify other parties involved.  If you have any other pending matters in our court, please send a Change of Contact Information form, located on our website, to our office and other parties.

☐ Summons will be issued upon request.  Please provide the correct name and physical address of the party/parties to be served.  Summons will not be issued without this information and payment.

*For your information:*

☐ Attached is a progress docket, indicating all pleadings and actions to date.

☒ Other: We are providing this letter to you with a copy of a blank Summons. You can make copies of this paperwork and fill out the blank summons with the information of the parties that need to be served and return it to us for issuance. The blank summons form may also be located on our website at leonclerk.com. You may return the filled out paperwork through mail, fax or e-file. For more information you can reach our office at 850-606-4170.

GWEN MARSHALL, CLERK.

By: *[signature]*

Deputy Clerk

IN THE ___LEON___ COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, STATE OF FLORIDA

___D. SIDNEY POTTER___,

Plaintiff/Petitioner,

Case No.: ___000401___

2021 CA 000401

vs.

___ROOVEN AKIBA___,

Defendant/Respondent.

## SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A: {enter other party's full legal name}___ROOVEN AKIBA___
{address(including city and state)/location for service}___1000 SEA LANE___
___CORONA DEL MAR, CA 92625___

## IMPORTANT

A lawsuit has been filed against you. You have **20 calendar days**[1] after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at, 301 South Monroe Street, Tallahassee, FL 32301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at: {Name and address of party serving summons}_____
___D. SIDNEY POTTER, P.O. BOX 287, PASADENA, CA 91102___

---

[1] Rule 1.140(a), Florida Rules of Civil Procedure, provides: (2) (A) Except when sued pursuant to FS 768.28, the state of Florida, an agency of the state, or an officer or employee of the state sued in an official capacity shall serve an answer to the complaint or crossclaim, or a reply to a counterclaim, within **40 days** after service; (B) When sued pursuant to FS 768.28, the Department of Financial Services or the defendant state agency shall have **30 days** from the date of service within which to serve an answer to the complaint or crossclaim or a reply to a counterclaim.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 301 South Monroe Street, Tallahassee, FL 32301. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:  Nombre y direccion de la parte que entrega la orden de comparencencia: _____

_____

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: *{L'Adresse}* 301 South Monroe Street, Tallahassee, FL 32301. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les

services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation: _____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____

GWEN MARSHALL
CLERK OF THE CIRCUIT COURT

By: _Yolanda Smith_                    04/20/2021
              Deputy Clerk

IN THE ___LEON___ COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, STATE OF FLORIDA

__D. SIDNEY POTTER__ ,
Plaintiff/Petitioner,

Case No.: ___000401___

2021 CA 000401

vs.

__RYAN MARIER__ ,
Defendant/Respondent.

## SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A: {enter other party's full legal name} __RYAN MARIER__
{address(including city and state)/location for service} __6214 TOPIARY STREET__
__CARLSBAD, CA 92009__

## IMPORTANT

A lawsuit has been filed against you. You have **20 calendar days**[1] after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at, 301 South Monroe Street, Tallahassee, FL 32301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at: *{Name and address of party serving summons}* _____
__D. SIDNEY POTTER, P.O. BOX 237, PASADENA, CA 91102__

---

[1] Rule 1.140(a), Florida Rules of Civil Procedure, provides: (2) (A) Except when sued pursuant to FS 768.28, the state of Florida, an agency of the state, or an officer or employee of the state sued in an official capacity shall serve an answer to the complaint or crossclaim, or a reply to a counterclaim, within **40 days** after service; (B) When sued pursuant to FS 768.28, the Department of Financial Services or the defendant state agency shall have **30 days** from the date of service within which to serve an answer to the complaint or crossclaim or a reply to a counterclaim.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 301 South Monroe Street, Tallahassee, FL 32301. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:  Nombre y direccion de la parte que entrega la orden de comparencencia: _____

---

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: *{L'Adresse}* 301 South Monroe Street, Tallahassee, FL 32301. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les

services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation: _____

_____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____

GWEN MARSHALL
CLERK OF THE CIRCUIT COURT

By: _Yolanda Smith_                    04/20/2021
Deputy Clerk

IN THE _____ LEON _____ COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, STATE OF FLORIDA

D. SIDNEY POTTER ,

Plaintiff/Petitioner,

Case No.: _____ 020401 _____

2021 CA 000401

vs.

JAMES PATE ,

Defendant/Respondent.

## SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A: {enter other party's full legal name} JAMES PATE
{address(including city and state)/location for service} 805 DELAWARE STREET
HUNTINGTON BEACH, CA 92648

## IMPORTANT

A lawsuit has been filed against you. You have **20 calendar days**[1] after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at, 301 South Monroe Street, Tallahassee, FL 32301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at: {Name and address of party serving summons} _____
D. SIDNEY POTTER, P.O. BOX 287, PASADENA, CA 91102

---

[1] Rule 1.140(a), Florida Rules of Civil Procedure, provides: (2) (A) Except when sued pursuant to FS 768.28, the state of Florida, an agency of the state, or an officer or employee of the state sued in an official capacity shall serve an answer to the complaint or crossclaim, or a reply to a counterclaim, within **40 days** after service; (B) When sued pursuant to FS 768.28, the Department of Financial Services or the defendant state agency shall have **30 days** from the date of service within which to serve an answer to the complaint or crossclaim or a reply to a counterclaim.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 301 South Monroe Street, Tallahassee, FL 32301. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:  Nombre y direccion de la parte que entrega la orden de comparencencia: _____

_____

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: {L'Adresse} 301 South Monroe Street, Tallahassee, FL 32301. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les

services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation: _____

_____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____

GWEN MARSHALL
CLERK OF THE CIRCUIT COURT

By: *Yolanda Smith*      04/20/2021
_____
          Deputy Clerk

IN THE _____LEON_____ COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, STATE OF FLORIDA

D. SIDNEY POTTER _____,

Plaintiff/Petitioner,

Case No.: _____500401_____

2021 CA 000401

vs.

LEANNE KEEGAN _____,

Defendant/Respondent.

## SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A: {enter other party's full legal name}__ LEANNE KEEGAN ___
{address(including city and state)/location for service}  1 CALLE ESTRIBO
                                        RANCHO SANTA MARGARITA, CA 92688

## IMPORTANT

A lawsuit has been filed against you. You have **20 calendar days**[1] after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at, 301 South Monroe Street, Tallahassee, FL 32301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at: {Name and address of party serving summons} _____
 D. SIDNEY POTTER, P.O. BOX 287, PASADENA, CA 91102

---

[1] Rule 1.140(a), Florida Rules of Civil Procedure, provides: (2) (A) Except when sued pursuant to FS 768.28, the state of Florida, an agency of the state, or an officer or employee of the state sued in an official capacity shall serve an answer to the complaint or crossclaim, or a reply to a counterclaim, within **40 days** after service; (B) When sued pursuant to FS 768.28, the Department of Financial Services or the defendant state agency shall have **30 days** from the date of service within which to serve an answer to the complaint or crossclaim or a reply to a counterclaim.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 301 South Monroe Street, Tallahassee, FL 32301. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia: _____

_____

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: *{L'Adresse}* 301 South Monroe Street, Tallahassee, FL 32301. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les

services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation: _____

_____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____

GWEN MARSHALL
CLERK OF THE CIRCUIT COURT

By: *Yolanda Smith*          04/20/2021
_____
Deputy Clerk

IN THE _____LEON_____ COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, STATE OF FLORIDA

_D. SIDNEY POTTER_____,  Case No.: _____000401_____

Plaintiff/Petitioner,  2021 CA 000401

vs.

_SECURE ONE CAPITAL CORPORATION_____,

Defendant/Respondent.

**SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL**
**ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO**
**CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL**

TO/PARA/A: *{enter other party's full legal name}* SECURE ONE CAPITAL CORPORATION
*{address(including city and state)/location for service}* 555 ANTON BLVD #900
COSTA MESA, CA 92626

## IMPORTANT

A lawsuit has been filed against you. You have **20 calendar days**[1] after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at, 301 South Monroe Street, Tallahassee, FL 32301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at: *{Name and address of party serving summons}* _____
D. SIDNEY POTTER, P.O. BOX 287, PASADENA, CA 91102

---

[1] Rule 1.140(a), Florida Rules of Civil Procedure, provides: (2) (A) Except when sued pursuant to FS 768.28, the state of Florida, an agency of the state, or an officer or employee of the state sued in an official capacity shall serve an answer to the complaint or crossclaim, or a reply to a counterclaim, within **40 days** after service; (B) When sued pursuant to FS 768.28, the Department of Financial Services or the defendant state agency shall have **30 days** from the date of service within which to serve an answer to the complaint or crossclaim or a reply to a counterclaim.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal, Localizado en: 301 South Monroe Street, Tallahassee, FL 32301. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia: _____

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: {L'Adresse} 301 South Monroe Street, Tallahassee, FL 32301. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les

services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation: _____

_____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____

GWEN MARSHALL
CLERK OF THE CIRCUIT COURT

By: *Yolanda Smith*         04/20/2021
    _____
         Deputy Clerk

IN THE ___LEON___ COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, STATE OF FLORIDA

D. SIDNEY POTTER _____,
Plaintiff/Petitioner,

Case No.: ___CA20401___

2021 CA 000401

vs.

PAYCHECK INSURANCE AGENCY, INC. _____
Defendant/Respondent.

## SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A: {enter other party's full legal name} PAYCHECK INSURANCE AGENCY, INC.
{address(including city and state)/location for service} 1535 SCENIC AVE #100
COSTA MESA, CA 92626

## IMPORTANT

A lawsuit has been filed against you. You have **20 calendar days**[1] after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at, 301 South Monroe Street, Tallahassee, FL 32301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at: {Name and address of party serving summons} _____
D. SIDNEY POTTER, P.O. BOX 287, PASADENA, CA 91102

---

[1] Rule 1.140(a), Florida Rules of Civil Procedure, provides: (2) (A) Except when sued pursuant to FS 768.28, the state of Florida, an agency of the state, or an officer or employee of the state sued in an official capacity shall serve an answer to the complaint or crossclaim, or a reply to a counterclaim, within **40 days** after service; (B) When sued pursuant to FS 768.28, the Department of Financial Services or the defendant state agency shall have **30 days** from the date of service within which to serve an answer to the complaint or crossclaim or a reply to a counterclaim.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 301 South Monroe Street, Tallahassee, FL 32301. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a:  Nombre y direccion de la parte que entrega la orden de comparencencia: _____

_____

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: *{L'Adresse}* 301 South Monroe Street, Tallahassee, FL 32301. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les

services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation: _____

_____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce proces seront envoyer a l'adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____

GWEN MARSHALL
CLERK OF THE CIRCUIT COURT

By: *Yolanda Smith*   04/20/2021
_____
Deputy Clerk

IN THE ___LEON___ COURT OF THE SECOND JUDICIAL CIRCUIT
IN AND FOR LEON COUNTY, STATE OF FLORIDA

___D. SIDNEY POTTER___,

Plaintiff/Petitioner,

Case No.: ___03040I___

2021 CA 000401

vs.

___GREG GEHRIS___,

Defendant/Respondent.

## SUMMONS: PERSONAL SERVICE ON AN INDIVIDUAL
## ORDEN DE COMPARECENCIA: SERVICIO PERSONAL EN UN INDIVIDUO
## CITATION: L'ASSIGNATION PERSONAL SUR UN INDIVIDUEL

TO/PARA/A: *{enter other party's full legal name}* ___GREG GEHRIS___
*{address(including city and state)/location for service}* ___1535 SCENIC AVE #100___
___COSTA MESA, CA 92626___

## IMPORTANT

A lawsuit has been filed against you. You have **20 calendar days**[1] after this summons is served on you to file a written response to the attached complaint/petition with the clerk of this circuit court, located at, 301 South Monroe Street, Tallahassee, FL 32301. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be **filed** if you want the Court to hear your side of the case.

**If you do not file your written response on time, you may lose the case, and your wages, money, and property may be taken thereafter without further warning from the Court.** There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a copy of your written response to the party serving this summons at: *{Name and address of party serving summons}* _____
___D. SIDNEY POTTER, P.O. BOX 287, PASADENA, CA 91102___

---

[1] Rule 1.140(a), Florida Rules of Civil Procedure, provides: (2) (A) Except when sued pursuant to FS 768.28, the state of Florida, an agency of the state, or an officer or employee of the state sued in an official capacity shall serve an answer to the complaint or crossclaim, or a reply to a counterclaim, within **40 days** after service; (B) When sued pursuant to FS 768.28, the Department of Financial Services or the defendant state agency shall have **30 days** from the date of service within which to serve an answer to the complaint or crossclaim or a reply to a counterclaim.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents, upon request. You must keep the Clerk of the Circuit Court's office notified of your current address. Future papers in this lawsuit will be mailed to the address on record at the clerk's office.**

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Localizado en: 301 South Monroe Street, Tallahassee, FL 32301. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, usted puede consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presente su respuesta ante el tribunal, usted debe enviar por correo o entregar una copia de su respuesta a la persona denominada abajo.

Si usted elige presentar personalmente una respuesta por escrito, en el mismo momento que usted presente su respuesta por escrito al Tribunal, usted debe enviar por correo o llevar una copia de su respuesta por escrito a la parte entregando esta orden de comparencencia a: Nombre y direccion de la parte que entrega la orden de comparencencia: _____

_____

**Copias de todos los documentos judiciales de este caso, incluyendo las ordenes, estan disponibles en la oficina del Secretario de Juzgado del Circuito [Clerk of the Circuit Court's office]. Estos documentos pueden ser revisados a su solicitud. Usted debe de manener informada a la oficina del Secretario de Juzgado del Circuito de su direccion actual. Los papelos que se presenten en el futuro en esta demanda judicial seran env ados por correo a la direccion que este registrada en la oficina del Secretario.**

### IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Qui se trouve a: *{L'Adresse}* 301 South Monroe Street, Tallahassee, FL 32301. Un simple coup de telephone est insuffisant pour vous proteger; vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.

Si vous ne deposez pas votre reponse ecrite dans le delai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les

services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite a la partie qui vous depose cette citation. Nom et adresse de la partie qui depose cette citation: _____

_____

**Les photocopies de tous les documents tribunals de cette cause, y compris des arrets, sont disponible au bureau du greffier. Vous pouvez revue ces documents, sur demande. Il faut aviser le greffier de votre adresse actuelle. Les documents de l'avenir de ce proces seront envoyer a l' adresse que vous donnez au bureau du greffier.**

THE STATE OF FLORIDA
TO EACH SHERIFF OF THE STATE:

You are commanded to serve this summons and a copy of the complaint in this lawsuit on the above-named person.

DATED: _____

GWEN MARSHALL
CLERK OF THE CIRCUIT COURT

By: _Yolanda Smith_    04/20/2021
Deputy Clerk

IN THE CIRCUIT/COUNTY COURT OF THE ___2ND___ JUDICIAL CIRCUIT
IN AND FOR ___LEON___ COUNTY, FLORIDA

CASE NO. _____

DAVID SIDNEY POTTER
Plaintiff/Petitioner or in the Interest of

ROOVEN AKIBA, ET AL
Defendant/Respondent

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have __6__ dependents. *(Include only those persons you list on your U.S. income tax return.)*
   Are you Married?...Yes.(No) Does your Spouse Work?...Yes..(No) Annual Spouse Income? $ ___0___

2. I have a net income of $ __17,500__ paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly (Yearly) other __WHEN I WORK. I AM__
*(Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments,* __A WRITER.__
*minus deductions required by law and other court-ordered payments such as child support.)*

3. I have other income paid ( ) weekly ( ) every two weeks ( ) semi-monthly ( ) monthly ( ) yearly ( ) other _____
*(Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")*

| | | | | |
|---|---|---|---|---|
| Second Job......................................Yes $ | No | Veterans' benefits.................................Yes $ | No |
| Social Security benefits | | Workers compensation..........................Yes $ | No |
| For you..................................Yes $ | No | Income from absent family members......Yes $ | No |
| For child(ren)........................Yes $ | No | Stocks/bonds.........................................Yes $ | No |
| Unemployment compensation.........Yes $ | No | Rental income.........................................Yes $ | No |
| Union payments.............................Yes $ | No | Dividends or interest..............................Yes $ | No |
| Retirement/pensions......................Yes $ | No | Other kinds of income not on the list......Yes $ | No |
| Trusts...........................................Yes $ | No | Gifts.......................................................Yes $ | No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. I have other assets: *(Circle 'yes' and fill in the value of the property, otherwise circle 'No')*

| | | | |
|---|---|---|---|
| Cash...............................................(Yes) $ 108° No | Savings account........................(Yes) $ 15.° No |
| Bank account(s)...............................(Yes) $ 2500° No | Stocks/bonds.............................Yes $ (No) |
| Certificates of deposit or | Homestead Real Property*.........Yes $ (No) |
| Money market accounts.................Yes $ (No) | Motor Vehicle*..........................(Yes) $ 1,700° No |
| Boats*............................................Yes $ (No) | Non-homestead real property/real estate*...Yes $ (No) |
| | Other assets* NEGATIVE NOI ( NET OPERATING $ 387,500° (No)
                                           LOSS |

Check one: I ( ) DO (✓DO NOT) expect to receive more assets in the near future. The asset → $ 387,500° (THE NET OPERATING LOSS IS $387,00, WHICH MAKES)
is __NOI.__ (A NEGATIVE INCOME FOR CALENDAR YEAR 2020.)

5. I have total liabilities and debts of $ 387,000 as follows: Motor Vehicle $ 1700 , Home $ 0 , Boat
$ 0 , Non-homestead Real Property $ 0 , Child Support paid direct 0 , Credit Cards
$ 36,800° , Medical Bills $ 0 , Cost of medicines (monthly) $ 0 , Other $ 0

6. I have a private lawyer in this case............Yes (No) *I RECEIVED A FEE WAIVER TWO YEARS
                                                                              AGO IN ANOTHER CASE FOR BREACH OF CONTRACT.*

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information I have provided on this application is true and accurate to the best of my knowledge.

Signed on __2/27__, 20 __21__

| | |
|---|---|
| __1964__ | __9578__ |
| Year of Birth | Last 4 digits of Driver License or ID Number |

Signature of Applicant for Indigent Status
Print Full Legal Name __DAVID SIDNEY POTTER__

Email address: __DSIDNEY POTTER@YAHOO.COM__     Phone Number(s): __(818) 298-4388__
__P.O. BOX 287, PASADENA, CA 91102__
Address: Street, City, State, Zip Code

This form was completed with the assistance of: _____
                                              Clerk/Deputy Clerk/Other authorized person.

### CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be ( ) Indigent ( ) Not Indigent, according to s. 57.082, F.S.

Dated on _____, 20 ____

Clerk of the Circuit Court
By _____, Deputy Clerk

APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.
Sign here if you want the judge to review the clerk's decision _____

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL DISTRICT, IN AND FOR
LEON COUNTY, FLORIDA

David Sidney Potter,

     Plaintiff

     vs.

Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
Greg Gehris

     Defendants

**SUMMONS AND PROCESS**
**OF SERVICE CONFIRMATION**
Leon County
Case No. 2021 CA 000401

D. Sidney Potter vs. Secure One Capital Corporation, et al.

Page 1

Plaintiff D. Sidney Potter presents Summons and Process of Service Confirmation:

<u>Summons of Affidavits:</u>
Enclosed all 7 Defendants

<u>USPS Tracking – Delivery Confirmation</u>
Akiba-7020-2450-0000-7896-2864 (delivered-notice left)
Marier-7020-2450-0000-7896-2833 (delivered)
Pate-7020-2450-0000-7896-2895 (delivered)
Keegan-7020-2450-0000-7896-2840 (delivered)
Secure-7020-2450-0000-7896-2871 (delivered)
Paychex-7020-2450-0000-7896-2888 (delivered)
Gehris-7020-2450-0000-7896-2857 (delivered)

<u>USPS-Green Card stamped received and returned</u>
Akiba-Not Confirmed
Marier-
Pate-xxxxxxxxx-4100-54
Keegan-xxxxxxxxx-9275-05
Secure-
Paychex-xxxxxxxxx-4100-61
Gehris-xxxxxxxxx-4100-92

<u>USPS Receipt Stub</u>
Enclosed all 7 Defendants

<u>USPS Receipt Printout</u>
Enclosed all 7 Defendants

Dated:  this 5th of May 2021.

Respectively Submitted,

/ D. Sidney Potter /

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

Page 3

# CERTIFICATE OF SERVICE

I hereby certify that on 5th of May 2021, a copy of the foregoing was sent via first class mail to:

Defendant Addresses:

Rooven Akiba
[DRE ID: 00350120]
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936]
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379]
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

# EXHIBITS

D. Sidney Potter v. Secure One Capital Corporation, et al.

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **ROOVEN AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                          County of Leon                          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEHRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Serv via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005828

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RYAN MARIER, 6214 TOPIARY STREET, CARLSBAD, CA 92009.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

Sent via certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005830

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **LEANNE KEEGAN, 1 CALLE ESTRIBO, RANCHO SANTA MARGARITA, CA 92628**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

Sent via Certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005829

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEMRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

Sent via Certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005828

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **SECURE ONE CAPITAL CORPORATION, 555 ANTON BLVD., #900, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005826

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **PAYCHECK INSURANCE AGENCY, INC., 1535 SCENIC AVENUE, #100, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005825

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **JAMES PATE, 805 DELAWARE STREET, HUNTINGTON BEACH, CA 92648.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

_____
**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005824

# USPS Tracking®

FAQs ›

**Track Another Package** +

**Tracking Number:** 70202450000078962864

Remove ✕

This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

## Reminder to Schedule Redelivery of your item before May 11, 2021

Schedule Redelivery ∨

Text & Email Updates                                    ∨

Schedule Redelivery                                      ∨

Tracking History                                          ∧

Reminder to Schedule Redelivery of your item before May 11, 2021
This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

**April 27, 2021, 11:37 am**
Notice Left (No Authorized Recipient Available)
CORONA DEL MAR, CA 92625

**April 26, 2021, 8:17 pm**
Departed USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 26, 2021, 12:52 pm**
Arrived at USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 25, 2021**
In Transit to Next Facility

**April 24, 2021, 10:20 pm**
Arrived at USPS Regional Origin Facility
TALLAHASSEE FL DISTRIBUTION CENTER

**April 24, 2021, 11:56 am**
USPS in possession of item
TALLAHASSEE, FL 32301

Feedback

**Product Information** ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# USPS Tracking®

FAQs >

Track Another Package ✛

**Tracking Number:** 70202450000078962833

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 5:37 pm on April 28, 2021 in CARLSBAD, CA 92011.

## ⊘ Delivered, Front Desk/Reception/Mail Room

April 28, 2021 at 5:37 pm
CARLSBAD, CA 92011

Get Updates ⌄

Feedback

| | |
|---|---|
| Text & Email Updates | ⌄ |
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

Track Another Package ✚

**Tracking Number:** 70202450000078962895

Remove ✕

Your item was delivered to an individual at the address at 2:21 pm on April 28, 2021 in HUNTINGTON BEACH, CA 92648.

## ✓ Delivered, Left with Individual

April 28, 2021 at 2:21 pm
HUNTINGTON BEACH, CA 92648

Feedback

**Get Updates** ∨

---

Text & Email Updates                                                                     ∨

---

Tracking History                                                                           ∨

---

Product Information                                                                       ∨

---

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

**Track Another Package  +**

**Tracking Number:** 70202450000078962840

Remove ✕

Your item was delivered to an individual at the address at 2:20 pm on April 27, 2021 in RANCHO SANTA MARGARITA, CA 92688.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 2:20 pm
RANCHO SANTA MARGARITA, CA 92688

**Get Updates** ⌄

Feedback

---

**Text & Email Updates**  ⌄

---

**Tracking History**  ⌄

---

**Product Information**  ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962871

Remove ✕

Your item has been delivered to an agent for final delivery in COSTA MESA, CA 92626 on April 27, 2021 at 10:47 am.

## ✅ Delivered to Agent for Final Delivery

April 27, 2021 at 10:47 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

**Track Another Package** +

**Tracking Number:** 70202450000078962888

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ∨

Feedback

| | |
|---|---|
| **Text & Email Updates** | ∨ |
| **Tracking History** | ∨ |
| **Product Information** | ∨ |

**See Less** ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962857

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback



USPS TRACKING #

9590 9402 5532 0049 4100 54

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box®

Sidney Potter
Po Box 287
Pasadena, CA 91102 - 0287





First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING#

9590 9402 5732 0019 4208 63

"Sender: Please print your name, address, and ZIP+4® in this box"

Sidney Pekker
P.O. Box 287
Pasadena, CA 91102-0287

United States
Postal Service

USPS TRACKING #

9590 9402 5932 0049 4100 92

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Sidney Potter
P.O. Box 287
Pasadena, CA 91102-0287

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To  James Pate
Street and Apt. No., or PO Box No.  Delaware Street
City, State, ZIP+4®  Huntington Beach, CA 92648

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 2450 0000 7896 2895

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To  Reeven Akiba
Street and Apt. No., or PO Box No.  1600 Sea Lane
City, State, ZIP+4®  Corona Del Mar, CA 92625

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 2450 0000 7896 2864

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To  Leahweck Insurance Agency, Inc.
Street and Apt. No., or PO Box No.  1535 Scenic Ave. #100
City, State, ZIP+4®  Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 2450 0000 7896 2888

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To  Greg Lewis
Street and Apt. No., or PO Box No.  1535 Scenic Ave. #700
City, State, ZIP+4®  Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 2450 0000 7896 2857

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To  Secure One Capital Corp.
Street and Apt. No., or PO Box No.  555 Anton Blvd. #900
City, State, ZIP+4®  Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 2450 0000 7896 2871

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees
$
Sent To  Leanne Krueger
Street and Apt. No., or PO Box No.  Calle Estribo
City, State, ZIP+4®  Rancho Santa Margarita, CA 92688

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 2450 0000 7896 2840





```
                 TALLAHASSEE
              2800 S ADAMS ST
        TALLAHASSEE, FL 32301-9998
              (800)275-8777
04/24/2021                      12:02 PM
-----------------------------------------
Product          Qty   Unit     Price
                       Price
-----------------------------------------
First-Class Mail®  1             $1.80
Large Envelope
   Carlsbad, CA  92009
   Weight: 0 lb 4.60 oz
   Estimated Delivery Date
       Wed 04/28/2021
   Certified Mail®               $3.60
   Tracking #:
       70202450000078962833
   Return Receipt                $2.85
   Tracking #:
       9590 9402 6287 0274 9344 59
Total                            $8.25

First-Class Mail®  1             $1.80
Large Envelope
   Rancho Santa Margari, CA  92688
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
       Wed 04/28/2021
   Certified Mail®               $3.60
   Tracking #:
       70202450000078962840
   Return Receipt                $2.85
   Tracking #:
       9590 9402 6287 0274 9275 05
Total                            $8.25

First-Class Mail®  1             $1.80
Large Envelope
   Costa Mesa, CA  92626
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
       Wed 04/28/2021
   Certified Mail®               $3.60
   Tracking #:
       70202450000078962857
   Return Receipt                $2.85
   Tracking #:
       9590 9402 5932 0049 4100 92
Total                            $8.25

First-Class Mail®  1             $1.80
Large Envelope
   Corona del Mar, CA  92625
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
       Wed 04/28/2021
   Certified Mail®               $3.60
   Tracking #:
       70202450000078962864
   Return Receipt                $2.85
   Tracking #:
       9590 9402 5932 0049 4100 85
Total                            $8.25
```

```
Large Envelope
   Costa Mesa, CA  92626
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
       Wed 04/28/2021
   Certified Mail®               $3.60
   Tracking #:
       70202450000078962871
   Return Receipt                $2.85
   Tracking #:
       9590 9402 5932 0049 4100 78
Total                            $8.25

First-Class Mail®  1             $1.80
Large Envelope
   Costa Mesa, CA  92626
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
       Wed 04/28/2021
   Certified Mail®               $3.60
   Tracking #:
       70202450000078962888
   Return Receipt                $2.85
   Tracking #:
       9590 9402 5932 0049 4100 61
Total                            $8.25

First-Class Mail®  1             $1.80
Large Envelope
   Huntington Beach, CA  92648
   Weight: 0 lb 4.60 oz
   Estimated Delivery Date
       Wed 04/28/2021
   Certified Mail®               $3.60
   Tracking #:
       70202450000078962895
   Return Receipt                $2.85
   Tracking #:
       9590 9402 5932 0049 4100 54
Total                            $8.25
-----------------------------------------
Grand Total:                    $57.75
-----------------------------------------
Debit Card Remitted             $57.75
   Card Name: MasterCard
   Account #: XXXXXXXXXXXX3885
   Approval #: 170013
   Transaction #: 999
   Receipt #: 042592
   Debit Card Purchase: $57.75
   AID: A0000000042203         Chip
   AL: US DEBIT
   PIN: Verified
   ----------------------------------
```

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com


IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL DISTRICT, IN AND FOR
LEON COUNTY, FLORIDA

David Sidney Potter,

   Plaintiff

            **SUMMONS AND PROCESS**
           **OF SERVICE CONFIRMATION**
  vs.            Leon County
            Case No. 2021 CA 000401

Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
Greg Gehris

   Defendants

Plaintiff D. Sidney Potter presents Summons and Process of Service Confirmation:

<u>Summons of Affidavits:</u>
Enclosed all 7 Defendants

<u>USPS Tracking – Delivery Confirmation</u>
Akiba-7020-2450-0000-7896-2864 (delivered-notice left)
Marier-7020-2450-0000-7896-2833 (delivered)
Pate-7020-2450-0000-7896-2895 (delivered)
Keegan-7020-2450-0000-7896-2840 (delivered)
Secure-7020-2450-0000-7896-2871 (delivered)
Paychex-7020-2450-0000-7896-2888 (delivered)
Gehris-7020-2450-0000-7896-2857 (delivered)

<u>USPS-Green Card stamped received and returned</u>
Akiba-Not Confirmed
Marier-
Pate-xxxxxxxxx-4100-54
Keegan-xxxxxxxxx-9275-05
Secure-
Paychex-xxxxxxxxx-4100-61
Gehris-xxxxxxxxx-4100-92

<u>USPS Receipt Stub</u>
Enclosed all 7 Defendants

<u>USPS Receipt Printout</u>
Enclosed all 7 Defendants

　　　Dated:  this 5th of May 2021.

Respectively Submitted,

/ D. Sidney Potter /

_____

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

## CERTIFICATE OF SERVICE

I hereby certify that on 5th of May 2021, a copy of the foregoing was sent via first class mail to:

Defendant Addresses:

_____

Rooven Akiba
[DRE ID: 00350120]
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936]
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379]
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBITS**

D. Sidney Potter v. Secure One Capital Corporation, et al.

## RETURN OF SERVICE

State of Florida                     County of Leon                          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **ROOVEN AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

Sent via Certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

**State of Florida**            County of Leon                                **CIRCUIT Court**

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEHRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sub via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005828

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida            **County of Leon**            CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RYAN MARIER, 6214 TOPIARY STREET, CARLSBAD, CA 92009**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

Sent via certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005830

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                          County of Leon                          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **LEANNE KEEGAN, 1 CALLE ESTRIBO, RANCHO SANTA MARGARITA, CA 92628**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005829

## <u>RETURN OF SERVICE</u>

State of Florida                        County of Leon                            CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEMRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

_Sent via Certified mail_

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005828

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on
**RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

## <u>RETURN OF SERVICE</u>

State of Florida                     County of Leon                          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **SECURE ONE CAPITAL CORPORATION, 555 ANTON BLVD., #900, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005826

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## <u>RETURN OF SERVICE</u>

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **PAYCHECK INSURANCE AGENCY, INC., 1535 SCENIC AVENUE, #100, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005825

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **JAMES PATE, 805 DELAWARE STREET, HUNTINGTON BEACH, CA 92648.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

Sent via Certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005824

# USPS Tracking®

FAQs ⟩

Track Another Package **+**

**Tracking Number:** 70202450000078962864

Remove ✕

This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

## Reminder to Schedule Redelivery of your item before May 11, 2021

Feedback

Schedule Redelivery ⌄

---

### Text & Email Updates                                               ⌄

---

### Schedule Redelivery                                                 ⌄

---

### Tracking History                                                    ⌃

Reminder to Schedule Redelivery of your item before May 11, 2021
This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

**April 27, 2021, 11:37 am**
Notice Left (No Authorized Recipient Available)
CORONA DEL MAR, CA 92625

**April 26, 2021, 8:17 pm**
Departed USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 26, 2021, 12:52 pm**
Arrived at USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 25, 2021**
In Transit to Next Facility

**April 24, 2021, 10:20 pm**
Arrived at USPS Regional Origin Facility
TALLAHASSEE FL DISTRIBUTION CENTER

**April 24, 2021, 11:56 am**
USPS in possession of item
TALLAHASSEE, FL 32301

Feedback

**Product Information** ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# USPS Tracking®

FAQs >

Track Another Package  +

**Tracking Number:** 70202450000078962833

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 5:37 pm on April 28, 2021 in CARLSBAD, CA 92011.

## ⊘ Delivered, Front Desk/Reception/Mail Room

April 28, 2021 at 5:37 pm
CARLSBAD, CA 92011

**Get Updates** ⌄

Feedback

| Text & Email Updates | ⌄ |
| --- | --- |
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

Track Another Package **+**

**Tracking Number:** 70202450000078962895

Remove ✕

Your item was delivered to an individual at the address at 2:21 pm on April 28, 2021 in HUNTINGTON BEACH, CA 92648.

## ⊘ Delivered, Left with Individual

April 28, 2021 at 2:21 pm
HUNTINGTON BEACH, CA 92648

Feedback

**Get Updates** ⌄

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package ✛

**Tracking Number:** 70202450000078962840                  Remove ✕

Your item was delivered to an individual at the address at 2:20 pm on April 27, 2021 in RANCHO SANTA MARGARITA, CA 92688.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 2:20 pm
RANCHO SANTA MARGARITA, CA 92688

Get Updates ⌄

Feedback

---

Text & Email Updates                                        ⌄

---

Tracking History                                            ⌄

---

Product Information                                         ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962871

Remove ✕

Your item has been delivered to an agent for final delivery in COSTA MESA, CA 92626 on April 27, 2021 at 10:47 am.

## ⊘ Delivered to Agent for Final Delivery

April 27, 2021 at 10:47 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 70202450000078962888

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

Track Another Package **+**

**Tracking Number:** 70202450000078962857

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ∧

Feedback

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5536 0049 4190 54

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

Sidney Potter
P.O. Box 287
Pasadena, CA 91102 - 0287



USPS TRACKING#

9590 9402 6287 0274 9275 05

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Sidney Potter
P.o. Box 287
Pasedena, CA 91102-0287

USPS TRACKING #

9590 9402 5932 0049 4100 63

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

ited States
stal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Sidney Potter
P.O. Box 287
Pasadena, CA 91102-0287

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5932 0049 4100 92

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

Sidney Potter
P.O. Box 287
Pasadena, CA 9162-0287

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  James Pate
Street and Apt. No., or PO Box No.  505 Delaware Street
City, State, ZIP+4  Huntington Beach, CA 92648

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2895

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  Reeven Akiha
Street and Apt. No., or PO Box No.  100 Sea Lane
City, State, ZIP+4  Corona Del Mar, CA 92628

PS Form 3800, April 2015 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2664

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  Paycheck Insurance Agency, Inc.
Street and Apt. No., or PO Box No.  1535 Scenic Ave. #100
City, State, ZIP+4  Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2888

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  Loree Lewis
Street and Apt. No., or PO Box No.  1535 Scenic Ave. #700
City, State, ZIP+4  Costa Mesa, CA 92626

PS Form 3800, April 2015 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2857

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  Secure One Capital Corp.
Street and Apt. No., or PO Box No.  55 Anton Blvd. #900
City, State, ZIP+4  Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2871

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  Jeanne Krieger
Street and Apt. No., or PO Box No.  Calle Estribo
City, State, ZIP+4  Rancho Santa Margarita, CA 92688

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2840



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____          Postmark
☐ Certified Mail Restricted Delivery  $ _____          Here
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Sent To  Ryan Manier

Street and Apt. No., or PO Box No.  624 Teplay Street

City, State, ZIP+4®  Carlsbad, CA 92009

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7020 2450 0000 7896 2833



**UNITED STATES**
**POSTAL SERVICE.**

TALLAHASSEE
2800 S ADAMS ST
TALLAHASSEE, FL 32301-9998
(800)275-8777

04/24/2021                    12:02 PM

Product            Qty   Unit    Price
                         Price

First-Class Mail®    1            $1.80
Large Envelope
    Carlsbad, CA 92009
    Weight: 0 lb 4.60 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962833
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 6287 0274 9344 59
Total                              $8.25

First-Class Mail®    1            $1.80
Large Envelope
    Rancho Santa Margari, CA 92688
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962840
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 6287 0274 9275 05
Total                              $8.25

First-Class Mail®    1            $1.80
Large Envelope
    Costa Mesa, CA 92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962857
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 5932 0049 4100 92
Total                              $8.25

First-Class Mail®    1            $1.80
Large Envelope
    Corona del Mar, CA 92625
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962864
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 5932 0049 4100 85
Total                              $8.25

First-Class Mail®    1            $1.80
Large Envelope
    Costa Mesa, CA 92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962871
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 5932 0049 4100 78
Total                              $8.25

First-Class Mail®    1            $1.80
Large Envelope
    Costa Mesa, CA 92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962888
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 5932 0049 4100 61
Total                              $8.25

First-Class Mail®    1            $1.80
Large Envelope
    Huntington Beach, CA 92648
    Weight: 0 lb 4.60 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962895
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 5932 0049 4100 54
Total                              $8.25

Grand Total:                      $57.75

Debit Card Remitted               $57.75
    Card Name: MasterCard
    Account #: XXXXXXXXXXXX3885
    Approval #: 170013
    Transaction #: 999
    Receipt #: 042592
    Debit Card Purchase: $57.75
    AID: A0000000042203       Chip
    AL: US DEBIT
    PIN: Verified

Filing # 126262624 E-Filed 05/05/2021 11:12:34 PM

1

2   D. Sidney Potter
    (Attorney TBD)
3   P.O. Box 287
    Pasadena, CA 91102
4   (818) 771-7710 telephone
    (818) 924-0404 facsimile
5   dsidneypotter@potterequities.com

6

7
                  IN THE CIRCUIT COURT OF THE
8           SECOND JUDICIAL DISTRICT, IN AND FOR
                     LEON COUNTY, FLORIDA
9
    _____
10
    David Sidney Potter,
11
              Plaintiff
12
                                        **SUMMONS AND PROCESS**
13                                      **OF SERVICE CONFIRMATION**
                                           Leon County
14        vs.                            Case No. 2021 CA 000401

15

16  Rooven Akiba, Ryan Marier,
    James Pate, Leanne Keegan,
17  Secure One Capital Corporation,
    Paychex Insurance Agency, Inc.,
18  Greg Gehris

19
              Defendants
20  _____

21

22

23

24

25

26

27

28

D. Sidney Potter vs. Secure One Capital Corporation, et al.

Page 1

Plaintiff D. Sidney Potter presents Summons and Process of Service Confirmation:

<u>Summons of Affidavits:</u>
Enclosed all 7 Defendants

<u>USPS Tracking – Delivery Confirmation</u>
Akiba-7020-2450-0000-7896-2864 (delivered-notice left)
Marier-7020-2450-0000-7896-2833 (delivered)
Pate-7020-2450-0000-7896-2895 (delivered)
Keegan-7020-2450-0000-7896-2840 (delivered)
Secure-7020-2450-0000-7896-2871 (delivered)
Paychex-7020-2450-0000-7896-2888 (delivered)
Gehris-7020-2450-0000-7896-2857 (delivered)

<u>USPS-Green Card stamped received and returned</u>
Akiba-Not Confirmed
Marier-
Pate-xxxxxxxxx-4100-54
Keegan-xxxxxxxxx-9275-05
Secure-
Paychex-xxxxxxxxx-4100-61
Gehris-xxxxxxxxx-4100-92

<u>USPS Receipt Stub</u>
Enclosed all 7 Defendants

<u>USPS Receipt Printout</u>
Enclosed all 7 Defendants

Dated:  this 5th of May 2021.

Respectively Submitted,

/ D. Sidney Potter /
_____
D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

## CERTIFICATE OF SERVICE

I hereby certify that on 5th of May 2021, a copy of the foregoing was sent via first class mail to:

_____

Defendant Addresses:

Rooven Akiba
[DRE ID: 00350120]
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936]
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379]
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

Page 4

# EXHIBITS

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **ROOVEN AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via certified mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida          County of Leon          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEHRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sub via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
**(850) 562-6058**

Our Job Serial Number: MCN-2021005828

## RETURN OF SERVICE

State of Florida                         County of Leon                         CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
D. SIDNEY POTTER

vs.

Respondent:
JAMES PATE, ET AL.

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on RYAN MARIER, 6214 TOPIARY STREET, CARLSBAD, CA 92009.

I, MICHAEL C. NOLAN, do hereby affirm that on the 24th day of April, 2021 at 12:00 pm, I:

Sent via certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005830

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **LEANNE KEEGAN, 1 CALLE ESTRIBO, RANCHO SANTA MARGARITA, CA 92628.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005829

## RETURN OF SERVICE

State of Florida                    County of Leon                         CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEMRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

_____
MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005828

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida                 County of Leon                          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on
**RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on
**SECURE ONE CAPITAL CORPORATION, 555 ANTON BLVD., #900, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005826

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on
**PAYCHECK INSURANCE AGENCY, INC., 1535 SCENIC AVENUE, #100, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005825

## RETURN OF SERVICE

State of Florida        County of Leon        CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **JAMES PATE, 805 DELAWARE STREET, HUNTINGTON BEACH, CA 92648.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

Sent via Certified mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005824

# USPS Tracking®

FAQs ⟩

Track Another Package ✛

**Tracking Number:** 70202450000078962864

Remove ✕

This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

# Reminder to Schedule Redelivery of your item before May 11, 2021

Feedback

Schedule Redelivery ⌄

---

Text & Email Updates                                                            ⌄

---

Schedule Redelivery                                                             ⌄

---

Tracking History                                                                ⌃

Reminder to Schedule Redelivery of your item before May 11, 2021
This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

**April 27, 2021, 11:37 am**
Notice Left (No Authorized Recipient Available)
CORONA DEL MAR, CA 92625

**April 26, 2021, 8:17 pm**
Departed USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 26, 2021, 12:52 pm**
Arrived at USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 25, 2021**
In Transit to Next Facility

**April 24, 2021, 10:20 pm**
Arrived at USPS Regional Origin Facility
TALLAHASSEE FL DISTRIBUTION CENTER

**April 24, 2021, 11:56 am**
USPS in possession of item
TALLAHASSEE, FL 32301

Feedback

**Product Information**  ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# USPS Tracking®

FAQs ›

## Track Another Package +

**Tracking Number:** 70202450000078962833

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 5:37 pm on April 28, 2021 in CARLSBAD, CA 92011.

## ⊘ Delivered, Front Desk/Reception/Mail Room

April 28, 2021 at 5:37 pm
CARLSBAD, CA 92011

Feedback

Get Updates ⌄

---

Text & Email Updates                                               ⌄

Tracking History                                                   ⌄

Product Information                                                ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962895

Remove ✕

Your item was delivered to an individual at the address at 2:21 pm on April 28, 2021 in HUNTINGTON BEACH, CA 92648.

## ✅ Delivered, Left with Individual

April 28, 2021 at 2:21 pm
HUNTINGTON BEACH, CA 92648

**Get Updates** ⌄

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962840

Remove ✕

Your item was delivered to an individual at the address at 2:20 pm on April 27, 2021 in RANCHO SANTA MARGARITA, CA 92688.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 2:20 pm
RANCHO SANTA MARGARITA, CA 92688

Feedback

Get Updates ⌄

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package  +

**Tracking Number:** 70202450000078962871

Remove ✕

Your item has been delivered to an agent for final delivery in COSTA MESA, CA 92626 on April 27, 2021 at 10:47 am.

## ☑ Delivered to Agent for Final Delivery

April 27, 2021 at 10:47 am
COSTA MESA, CA 92626

Get Updates ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

## Track Another Package  +

**Tracking Number:** 70202450000078962888

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ∨

Feedback

| Text & Email Updates | ∨ |
|---|---|

| Tracking History | ∨ |
|---|---|

| Product Information | ∨ |
|---|---|

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package  +

**Tracking Number:** 70202450000078962857

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ∨

Feedback

| | |
|---|---|
| **Text & Email Updates** | ∨ |
| **Tracking History** | ∨ |
| **Product Information** | ∨ |

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback





Sidney Potter
P.o. Box 287
Pasadena, CA 91102-0287

USPS TRACKING #

9590 9402 5932 0049 4300 63

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box *

Sidney Petter
P.e Box 287
Pasadena, CA 91102-0287

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  James Pate
Street and Apt. No., or PO Box No.  705 Delaware Street
City, State, ZIP+4®  Huntington Beach CA 92648

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2895

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage

Total Postage and Fees

Sent To  Reeven Akiha
Street and Apt. No., or PO Box No.  1600 Sea Lane
City, State, ZIP+4®  Corona Del Mar CA 92628

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2864

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$

Total Postage and Fees
$

Sent To  Paycheck Insurance Agency Inc.
Street and Apt. No., or PO Box No.  1535 Scenic Ave. #100
City, State, ZIP+4®  Costa Mesa CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2888

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage

Total Postage and Fees

Sent To  Corey Lewis
Street and Apt. No., or PO Box No.  1535 Scenic Ave. #700
City, State, ZIP+4®  Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2857

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage

Total Postage and Fees

Sent To  Secure One Capital Corp.
Street and Apt. No., or PO Box No.  155 Anton Blvd. #900
City, State, ZIP+4®  Costa Mesa CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2871

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

OFFICIAL USE

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage

Total Postage and Fees

Sent To  Leanne Krieger
Street and Apt. No., or PO Box No.  Calle Estribo
City, State, ZIP+4®  Rancho Santa Margarita, CA 92688

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2840





**UNITED STATES POSTAL SERVICE.**

TALLAHASSEE
2800 S ADAMS ST
TALLAHASSEE, FL 32301-9998
(800)275-8777

04/24/2021                          12:02 PM
------------------------------------------
Product              Qty    Unit    Price
                             Price
------------------------------------------
First-Class Mail®     1            $1.60
Large Envelope
   Carlsbad, CA  92009
   Weight: 0 lb 4.60 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®                 $3.60
      Tracking #:
         70202450000078962833
   Return Receipt                  $2.85
      Tracking #:
         9590 9402 6287 0274 9344 59
Total                              $8.25

First-Class Mail®     1            $1.80
Large Envelope
   Rancho Santa Margari, CA  92688
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®                 $3.60
      Tracking #:
         70202450000078962840
   Return Receipt                  $2.85
      Tracking #:
         9590 9402 6287 0274 9275 05
Total                              $8.25

First-Class Mail®     1            $1.80
Large Envelope
   Costa Mesa, CA  92626
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®                 $3.60
      Tracking #:
         70202450000078962857
   Return Receipt                  $2.85
      Tracking #:
         9590 9402 5932 0049 4100 92
Total                              $8.25

First-Class Mail®     1            $1.80
Large Envelope
   Corona del Mar, CA  92625
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®                 $3.60
      Tracking #:
         70202450000078962864
   Return Receipt                  $2.85
      Tracking #:
         9590 9402 5932 0049 4100 85
Total                              $8.25

First-Class Mail®     1            $1.60
Large Envelope
   Costa Mesa, CA  92626
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®                 $3.60
      Tracking #:
         70202450000078962871
   Return Receipt                  $2.85
      Tracking #:
         9590 9402 5932 0049 4100 78
Total                              $8.25

First-Class Mail®     1            $1.80
Large Envelope
   Costa Mesa, CA  92626
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®                 $3.60
      Tracking #:
         70202450000078962888
   Return Receipt                  $2.85
      Tracking #:
         9590 9402 5932 0049 4100 61
Total                              $8.25

First-Class Mail®     1            $1.80
Large Envelope
   Huntington Beach, CA  92648
   Weight: 0 lb 4.60 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®                 $3.60
      Tracking #:
         70202450000078962895
   Return Receipt                  $2.85
      Tracking #:
         9590 9402 5932 0049 4100 54
Total                              $8.25
------------------------------------------
Grand Total:                      $57.75
------------------------------------------
Debit Card Remitted               $57.75
   Card Name: MasterCard
   Account #: XXXXXXXXXXXX3885
   Approval #: 170013
   Transaction #: 999
   Receipt #: 042592
   Debit Card Purchase: $57.75
   AID: A0000000042203       Chip
   AL: US DEBIT
   PIN: Verified
         ------------------------------

Filing # 126262624 E-Filed 05/05/2021 11:12:34 PM

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL DISTRICT, IN AND FOR
LEON COUNTY, FLORIDA

David Sidney Potter,

       Plaintiff

       vs.

Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
Greg Gehris

       Defendants

**SUMMONS AND PROCESS
OF SERVICE CONFIRMATION**
Leon County
Case No. 2021 CA 000401

Page 1

Plaintiff D. Sidney Potter presents Summons and Process of Service Confirmation:

Summons of Affidavits:
Enclosed all 7 Defendants

USPS Tracking – Delivery Confirmation
Akiba-7020-2450-0000-7896-2864 (delivered-notice left)
Marier-7020-2450-0000-7896-2833 (delivered)
Pate-7020-2450-0000-7896-2895 (delivered)
Keegan-7020-2450-0000-7896-2840 (delivered)
Secure-7020-2450-0000-7896-2871 (delivered)
Paychex-7020-2450-0000-7896-2888 (delivered)
Gehris-7020-2450-0000-7896-2857 (delivered)

USPS-Green Card stamped received and returned
Akiba-Not Confirmed
Marier-
Pate-xxxxxxxxx-4100-54
Keegan-xxxxxxxxx-9275-05
Secure-
Paychex-xxxxxxxxx-4100-61
Gehris-xxxxxxxxx-4100-92

USPS Receipt Stub
Enclosed all 7 Defendants

USPS Receipt Printout
Enclosed all 7 Defendants

Dated:  this 5th of May 2021.

Respectively Submitted,

/ D. Sidney Potter /

_____

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

### CERTIFICATE OF SERVICE

I hereby certify that on 5th of May 2021, a copy of the foregoing was sent via first class mail to:

_____

Defendant Addresses:

Rooven Akiba
[DRE ID: 00350120]
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936]
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379]
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

D. Sidney Potter v. Secure One Capital Corporation, et al.

# EXHIBITS

D. Sidney Potter v. Secure One Capital Corporation, et al.

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on
**ROOVEN AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

Sent via Certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida        County of Leon        CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEHRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sub via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005828

## RETURN OF SERVICE

State of Florida                     County of Leon                          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RYAN MARIER, 6214 TOPIARY STREET, CARLSBAD, CA 92009.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005830

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **LEANNE KEEGAN, 1 CALLE ESTRIBO, RANCHO SANTA MARGARITA, CA 92628.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

Sent via Certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005829

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEMRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005828

# RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida               County of Leon              CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on
**RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005827

## <u>RETURN OF SERVICE</u>

| State of Florida | County of Leon | CIRCUIT Court |
|---|---|---|

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on
**SECURE ONE CAPITAL CORPORATION, 555 ANTON BLVD., #900, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

_Sent via Certified Mail_

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005826

# RETURN OF SERVICE

State of Florida                        County of Leon                        CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **PAYCHECK INSURANCE AGENCY, INC., 1535 SCENIC AVENUE, #100, COSTA MESA, CA 92626**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005825

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **JAMES PATE, 805 DELAWARE STREET, HUNTINGTON BEACH, CA 92648.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005824

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962864

Remove ✕

This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

# Reminder to Schedule Redelivery of your item before May 11, 2021

Feedback

Schedule Redelivery ∨

---

Text & Email Updates                                    ∨

---

Schedule Redelivery                                     ∨

---

Tracking History                                        ∧

Reminder to Schedule Redelivery of your item before May 11, 2021
This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

**April 27, 2021, 11:37 am**
Notice Left (No Authorized Recipient Available)
CORONA DEL MAR, CA 92625

**April 26, 2021, 8:17 pm**
Departed USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 26, 2021, 12:52 pm**
Arrived at USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 25, 2021**
In Transit to Next Facility

**April 24, 2021, 10:20 pm**
Arrived at USPS Regional Origin Facility
TALLAHASSEE FL DISTRIBUTION CENTER

**April 24, 2021, 11:56 am**
USPS in possession of item
TALLAHASSEE, FL 32301

Feedback

**Product Information**  

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# USPS Tracking®

FAQs ›

Track Another Package ✛

Tracking Number: 70202450000078962833

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 5:37 pm on April 28, 2021 in CARLSBAD, CA 92011.

## ⊘ Delivered, Front Desk/Reception/Mail Room

April 28, 2021 at 5:37 pm
CARLSBAD, CA 92011

Get Updates ⌄

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

Feedback

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962895

Remove ✕

Your item was delivered to an individual at the address at 2:21 pm on April 28, 2021 in HUNTINGTON BEACH, CA 92648.

## ✓ Delivered, Left with Individual

April 28, 2021 at 2:21 pm
HUNTINGTON BEACH, CA 92648

**Get Updates** ⌄

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962840

Remove ✕

Your item was delivered to an individual at the address at 2:20 pm on April 27, 2021 in RANCHO SANTA MARGARITA, CA 92688.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 2:20 pm
RANCHO SANTA MARGARITA, CA 92688

**Get Updates** ⌄

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

Track Another Package ✛

**Tracking Number:** 70202450000078962871

Remove ✕

Your item has been delivered to an agent for final delivery in COSTA MESA, CA 92626 on April 27, 2021 at 10:47 am.

## ✔ Delivered to Agent for Final Delivery

April 27, 2021 at 10:47 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

Track Another Package +

**Tracking Number:** 70202450000078962888

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

Get Updates ⌄

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

Feedback

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

## Track Another Package +

**Tracking Number:** 70202450000078962857

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ✅ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

United States
Postal Service
• Sender: Please print your name, address, and ZIP+4® in this box•
Sidney Potter
P.O. Box 387
Pasadena CA 91102-0387
USPS TRACKING #
9590 9402 5353 0049 4100 54
First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 6287 0274 9275 05

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box®

Sidney Potter
P.O. Box 287
Pasadena, CA 91102-0287



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5732 0049 4300 61

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box•

Sidney Potter
P.O. Box 287
Pasadena, CA 91102-0287

USPS TRACKING #

9590 9402 5932 0049 4100 92

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Sidney Powell
P.O. Box 287
Pasadena, CA 91102-0287

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7020 2450 0000 7896 2895

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postmark
Here
Postage
$
Total Postage and Fees
$
Sent To
James Pate
Street and Apt. No., or PO Box No.
505 Delaware Street
City, State, ZIP+4®
Huntington Beach, CA 92648
PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7020 2450 0000 7896 2864

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postmark
Here
Postage
$
Total Postage and Fees
$
Sent To
Reeven Akiba
Street and Apt. No., or PO Box No.
100 Sea Lane
City, State, ZIP+4®
Corona Del Mar, CA 92628
PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7020 2450 0000 7896 2888

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postmark
Here
Postage
$
Total Postage and Fees
$
Sent To
Paycheck Insurance Agency, Inc.
Street and Apt. No., or PO Box No.
1525 Scenic Ave. #100
City, State, ZIP+4®
Costa Mesa, CA 92626
PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7020 2450 0000 7896 2857

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postmark
Here
Postage
$
Total Postage and Fees
$
Sent To
Greg Lewis
Street and Apt. No., or PO Box No.
1525 Scenic Ave. #700
City, State, ZIP+4®
Costa Mesa, CA 92626
PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7020 2450 0000 7896 2871

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postmark
Here
Postage
$
Total Postage and Fees
$
Sent To
Secure One Capital Corp.
Street and Apt. No., or PO Box No.
555 Anton Blvd. #900
City, State, ZIP+4®
Costa Mesa, CA 92626
PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7020 2450 0000 7896 2840

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postmark
Here
Postage
$
Total Postage and Fees
$
Sent To
Leanne Krieger
Street and Apt. No., or PO Box No.
Calle Por Estribo
City, State, ZIP+4®
Rancho Santa Margarita, CA 92688
PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Ryan Manier

Street and Apt. No., or PO Box No.  6214 Topiary Street

City, State, ZIP+4®  Carlsbad, CA 92009

PS Form 3800, April 2015 PSN 7530-02-000-9047       See Reverse for Instructions

7020 2450 0000 7896 2833



**UNITED STATES POSTAL SERVICE.**

TALLAHASSEE
2800 S ADAMS ST
TALLAHASSEE, FL 32301-9998
(800)275-8777

04/24/2021                          12:02 PM

---

| Product | Qty | Unit Price | Price |
|---------|-----|------------|-------|

---

First-Class Mail®     1                $1.80
Large Envelope
    Carlsbad, CA  92009
    Weight: 0 lb 4.60 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                     $3.60
        Tracking #:
        70202450000078962833
    Return Receipt                      $2.85
        Tracking #:
        9590 9402 6287 0274 9344 59
Total                                   $8.25

First-Class Mail®     1                $1.80
Large Envelope
    Rancho Santa Margari, CA  92688
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                     $3.60
        Tracking #:
        70202450000078962840
    Return Receipt                      $2.85
        Tracking #:
        9590 9402 6287 0274 9275 05
Total                                   $8.25

First-Class Mail®     1                $1.80
Large Envelope
    Costa Mesa, CA  92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                     $3.60
        Tracking #:
        70202450000078962857
    Return Receipt                      $2.85
        Tracking #:
        9590 9402 5932 0049 4100 92
Total                                   $8.25

First-Class Mail®     1                $1.80
Large Envelope
    Corona del Mar, CA  92625
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                     $3.60
        Tracking #:
        70202450000078962864
    Return Receipt                      $2.85
        Tracking #:
        9590 9402 5932 0049 4100 85
Total                                   $8.25

Large Envelope
    Costa Mesa, CA  92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                     $3.60
        Tracking #:
        70202450000078962871
    Return Receipt                      $2.85
        Tracking #:
        9590 9402 5932 0049 4100 78
Total                                   $8.25

First-Class Mail®     1                $1.80
Large Envelope
    Costa Mesa, CA  92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                     $3.60
        Tracking #:
        70202450000078962888
    Return Receipt                      $2.85
        Tracking #:
        9590 9402 5932 0049 4100 61
Total                                   $8.25

First-Class Mail®     1                $1.80
Large Envelope
    Huntington Beach, CA  92648
    Weight: 0 lb 4.60 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                     $3.60
        Tracking #:
        70202450000078962895
    Return Receipt                      $2.85
        Tracking #:
        9590 9402 5932 0049 4100 54
Total                                   $8.25

---

Grand Total:                           $57.75

Debit Card Remitted                    $57.75
    Card Name: MasterCard
    Account #: XXXXXXXXXXXX3885
    Approval #: 170013
    Transaction #: 999
    Receipt #: 042592
    Debit Card Purchase: $57.75
    AID: A0000000042203        Chip
    AL: US DEBIT
    PIN: Verified

Filing # 126262624 E-Filed 05/05/2021 11:12:34 PM

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL DISTRICT, IN AND FOR
LEON COUNTY, FLORIDA

David Sidney Potter,

       Plaintiff

vs.

Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
Greg Gehris

       Defendants

**SUMMONS AND PROCESS
OF SERVICE CONFIRMATION**
Leon County
Case No. 2021 CA 000401

D. Sidney Potter vs. Secure One Capital Corporation, et al.

Page 1

Plaintiff D. Sidney Potter presents Summons and Process of Service Confirmation:

<u>Summons of Affidavits:</u>
Enclosed all 7 Defendants

<u>USPS Tracking – Delivery Confirmation</u>
Akiba-7020-2450-0000-7896-2864 (delivered-notice left)
Marier-7020-2450-0000-7896-2833 (delivered)
Pate-7020-2450-0000-7896-2895 (delivered)
Keegan-7020-2450-0000-7896-2840 (delivered)
Secure-7020-2450-0000-7896-2871 (delivered)
Paychex-7020-2450-0000-7896-2888 (delivered)
Gehris-7020-2450-0000-7896-2857 (delivered)

<u>USPS-Green Card stamped received and returned</u>
Akiba-Not Confirmed
Marier-
Pate-xxxxxxxxx-4100-54
Keegan-xxxxxxxxx-9275-05
Secure-
Paychex-xxxxxxxxx-4100-61
Gehris-xxxxxxxxx-4100-92

<u>USPS Receipt Stub</u>
Enclosed all 7 Defendants

<u>USPS Receipt Printout</u>
Enclosed all 7 Defendants

Dated:  this 5th of May 2021.


Respectively Submitted,

/ D. Sidney Potter /

_____

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

# CERTIFICATE OF SERVICE

I hereby certify that on 5th of May 2021, a copy of the foregoing was sent via first class mail to:

_____

Defendant Addresses:

Rooven Akiba
[DRE ID: 00350120]
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936]
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379]
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

_D. Sidney Potter v. Secure One Capital Corporation, et al._

# EXHIBITS



## RETURN OF SERVICE

**State of Florida**                    County of Leon                        CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **ROOVEN AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

Sent via Certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

## <u>RETURN OF SERVICE</u>

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEHRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Serv via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005828

## RETURN OF SERVICE

**State of Florida**                    **County of Leon**                    **CIRCUIT Court**

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RYAN MARIER, 6214 TOPIARY STREET, CARLSBAD, CA 92009**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005830

## RETURN OF SERVICE

State of Florida                     County of Leon                     CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **LEANNE KEEGAN, 1 CALLE ESTRIBO, RANCHO SANTA MARGARITA, CA 92628.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm,** I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

_____

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005829

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEMRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I**:

*Sent via Certified mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005828

## RETURN OF SERVICE

State of Florida        County of Leon        CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005827

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

| State of Florida | County of Leon | CIRCUIT Court |
|---|---|---|

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **SECURE ONE CAPITAL CORPORATION, 555 ANTON BLVD., #900, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005826

## RETURN OF SERVICE

State of Florida                              County of Leon                              CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **PAYCHECK INSURANCE AGENCY, INC., 1535 SCENIC AVENUE, #100, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005825

## RETURN OF SERVICE

State of Florida                          County of Leon                          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **JAMES PATE, 805 DELAWARE STREET, HUNTINGTON BEACH, CA 92648.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

Sent via Certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005824

# USPS Tracking®

FAQs ›

Track Another Package **+**

**Tracking Number:** 70202450000078962864

Remove ✕

This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

## Reminder to Schedule Redelivery of your item before May 11, 2021

Schedule Redelivery ⌄

Feedback

---

### Text & Email Updates                                                                ⌄

---

### Schedule Redelivery                                                                      ⌄

---

### Tracking History                                                                            ⌃

Reminder to Schedule Redelivery of your item before May 11, 2021
This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

**April 27, 2021, 11:37 am**
Notice Left (No Authorized Recipient Available)
CORONA DEL MAR, CA 92625

**April 26, 2021, 8:17 pm**
Departed USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 26, 2021, 12:52 pm**
Arrived at USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 25, 2021**
In Transit to Next Facility

**April 24, 2021, 10:20 pm**
Arrived at USPS Regional Origin Facility
TALLAHASSEE FL DISTRIBUTION CENTER

**April 24, 2021, 11:56 am**
USPS in possession of item
TALLAHASSEE, FL 32301

Feedback

**Product Information** ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# USPS Tracking®

FAQs ›

Track Another Package +

**Tracking Number:** 70202450000078962833

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 5:37 pm on April 28, 2021 in CARLSBAD, CA 92011.

## ⊘ Delivered, Front Desk/Reception/Mail Room

April 28, 2021 at 5:37 pm
CARLSBAD, CA 92011

Feedback

**Get Updates** ⌄

Text & Email Updates ⌄

Tracking History ⌄

Product Information ⌄

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package  +

**Tracking Number:** 70202450000078962895

Remove ✕

Your item was delivered to an individual at the address at 2:21 pm on April 28, 2021 in HUNTINGTON BEACH, CA 92648.

## ✓ Delivered, Left with Individual

April 28, 2021 at 2:21 pm
HUNTINGTON BEACH, CA 92648

Feedback

**Get Updates** ⌄

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

Track Another Package  +

**Tracking Number:** 70202450000078962840

Remove ✕

Your item was delivered to an individual at the address at 2:20 pm on April 27, 2021 in RANCHO SANTA MARGARITA, CA 92688.

## ✓ Delivered, Left with Individual

April 27, 2021 at 2:20 pm
RANCHO SANTA MARGARITA, CA 92688

Feedback

**Get Updates** ⌄

Text & Email Updates                                                          ⌄

Tracking History                                                               ⌄

Product Information                                                            ⌄

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

## Track Another Package ✛

**Tracking Number:** 70202450000078962871

Remove ✕

Your item has been delivered to an agent for final delivery in COSTA MESA, CA 92626 on April 27, 2021 at 10:47 am.

## ⊘ Delivered to Agent for Final Delivery

April 27, 2021 at 10:47 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌄

---

**Product Information** ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ❯

Track Another Package ✛

**Tracking Number:** 70202450000078962888

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ✓ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962857

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback



USPS TRACKING #

2021 PM 7 L

9590 9402 5536 0049 4100 54

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box●

Sidney Potter
P.O Box 287
Pasadena, CA 91102 - 0287



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5932 0049 4300 63

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box•

Sidney Petter
P.o Box 287
Pasadena, CA 91102-0287

USPS TRACKING #

9590 9402 5932 0049 4100 92

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

Sidney Potter
P.O. Box 287
Pasadena, CA 91102-0287

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**O F F I C I A L   U S E**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$
Total Postage and Fees
$

Sent To *James Pate*
Street and Apt. No., or PO Box No. *500 Delaware Street*
City, State, ZIP+4® *Huntington Beach, CA 92648*

7020 2450 0000 7896 2895

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**O F F I C I A L   U S E**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$
Total Postage and Fees
$

Sent To *Reeves Akiba*
Street and Apt. No., or PO Box No. *1800 Sea Lane*
City, State, ZIP+4® *Costa Del Mar, CA 92628*

7020 2450 0000 7896 2864

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**O F F I C I A L   U S E**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$
Total Postage and Fees
$

Sent To *Maverick Insurance Agency, Inc.*
Street and Apt. No., or PO Box No. *1535 Scenic Ave. #100*
City, State, ZIP+4® *Costa Mesa, CA 92626*

7020 2450 0000 7896 2888

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**O F F I C I A L   U S E**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$
Total Postage and Fees
$

Sent To *Corey Lewis*
Street and Apt. No., or PO Box No. *1535 Scenic Ave. #700*
City, State, ZIP+4® *Costa Mesa, CA 92626*

7020 2450 0000 7896 2857

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**O F F I C I A L   U S E**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$
Total Postage and Fees
$

Sent To *Secure One Capital Corp.*
Street and Apt. No., or PO Box No. *555 Anton Blvd. #900*
City, State, ZIP+4® *Costa Mesa, CA 92626*

7020 2450 0000 7896 2871

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**O F F I C I A L   U S E**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$
Total Postage and Fees
$

Sent To *Leanne Keegan*
Street and Apt. No., or PO Box No. *Calle Estribo*
City, State, ZIP+4® *Rancho Santa Margarita, CA 92688*

7020 2450 0000 7896 2840

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7020 2450 0000 7896 2833

For delivery information, visit our website at *www.usps.com®*

## OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required           $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Ryan Maner
Street and Apt. No., or PO Box No.  624 Tepiary Street
City, State, ZIP+4®  Carlsbad, CA 92009

PS Form 3800, April 2015 PSN 7530-02-000-9047         See Reverse for Instructions



UNITED STATES
POSTAL SERVICE.

TALLAHASSEE
2800 S ADAMS ST
TALLAHASSEE, FL 32301-9998
(800)275-8777

04/24/2021                          12:02 PM
------------------------------------------------
Product             Qty   Unit    Price
                          Price
------------------------------------------------
First-Class Mail®    1            $1.80
Large Envelope
    Carlsbad, CA 92009
    Weight: 0 lb 4.60 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962833
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 6287 0274 9344 59
Total                              $8.25

First-Class Mail®    1            $1.80
Large Envelope
    Rancho Santa Margari, CA  92688
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962840
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 6287 0274 9275 05
Total                              $8.25

First-Class Mail®    1            $1.80
Large Envelope
    Costa Mesa, CA 92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962857
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 5932 0049 4100 92
Total                              $8.25

First-Class Mail®    1            $1.80
Large Envelope
    Corona del Mar, CA  92625
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962864
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 5932 0049 4100 85
Total                              $8.25

Large Envelope
    Costa Mesa, CA 92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962871
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 5932 0049 4100 78
Total                              $8.25

First-Class Mail®    1            $1.80
Large Envelope
    Costa Mesa, CA 92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962888
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 5932 0049 4100 61
Total                              $8.25

First-Class Mail®    1            $1.80
Large Envelope
    Huntington Beach, CA  92648
    Weight: 0 lb 4.60 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                $3.60
        Tracking #:
        70202450000078962895
    Return Receipt                 $2.85
        Tracking #:
        9590 9402 5932 0049 4100 54
Total                              $8.25

------------------------------------------------
Grand Total:                       $57.75

Debit Card Remitted                $57.75
    Card Name: MasterCard
    Account #: XXXXXXXXXXXX3885
    Approval #: 170013
    Transaction #: 999
    Receipt #: 042592
    Debit Card Purchase: $57.75
    AID: A0000000042203        Chip
    AL: US DEBIT
    PIN: Verified
        ------------------------------

1
2
D. Sidney Potter
(Attorney TBD)
P.O. Box 287
3
Pasadena, CA 91102
(818) 771-7710 telephone
4
(818) 924-0404 facsimile
5
dsidneypotter@potterequities.com

6

7
IN THE CIRCUIT COURT OF THE
8
SECOND JUDICIAL DISTRICT, IN AND FOR
LEON COUNTY, FLORIDA
9

10
David Sidney Potter,

11
       Plaintiff
12

13
**SUMMONS AND PROCESS**
**OF SERVICE CONFIRMATION**
14
    vs.
Leon County
Case No. 2021 CA 000401
15

16
Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
17
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
18
Greg Gehris
19

       Defendants
20

21

22

23

24

25

26

27

28

Plaintiff D. Sidney Potter presents Summons and Process of Service Confirmation:

<u>Summons of Affidavits:</u>
Enclosed all 7 Defendants

<u>USPS Tracking – Delivery Confirmation</u>
Akiba-7020-2450-0000-7896-2864 (delivered-notice left)
Marier-7020-2450-0000-7896-2833 (delivered)
Pate-7020-2450-0000-7896-2895 (delivered)
Keegan-7020-2450-0000-7896-2840 (delivered)
Secure-7020-2450-0000-7896-2871 (delivered)
Paychex-7020-2450-0000-7896-2888 (delivered)
Gehris-7020-2450-0000-7896-2857 (delivered)

<u>USPS-Green Card stamped received and returned</u>
Akiba-Not Confirmed
Marier-
Pate-xxxxxxxxx-4100-54
Keegan-xxxxxxxxx-9275-05
Secure-
Paychex-xxxxxxxxx-4100-61
Gehris-xxxxxxxxx-4100-92

<u>USPS Receipt Stub</u>
Enclosed all 7 Defendants

<u>USPS Receipt Printout</u>
Enclosed all 7 Defendants

Dated:  this 5th of May 2021.

Respectively Submitted,

/ D. Sidney Potter /

_____

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

Page 3

## CERTIFICATE OF SERVICE

I hereby certify that on 5th of May 2021, a copy of the foregoing was sent via first class mail to:

_____

Defendant Addresses:

Rooven Akiba
[DRE ID: 00350120]
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936]
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379]
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

D. Sidney Potter v. Secure One Capital Corporation, et al.

Page 4

**EXHIBITS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



D. Sidney Potter v. Secure One Capital Corporation, et al.

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **ROOVEN AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida                              County of Leon                                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEHRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Serv via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005828

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RYAN MARIER, 6214 TOPIARY STREET, CARLSBAD, CA 92009**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

Sent via certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005830

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **LEANNE KEEGAN, 1 CALLE ESTRIBO, RANCHO SANTA MARGARITA, CA 92628.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005829

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEMRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

Sent via certified mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005828

## RETURN OF SERVICE

State of Florida                    County of Leon                         CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                          County of Leon                          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
D. SIDNEY POTTER

vs.

Respondent:
JAMES PATE, ET AL.

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on
**RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent Via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

_____
MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on
**SECURE ONE CAPITAL CORPORATION, 555 ANTON BLVD., #900, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in
good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the
facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525
(2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005826

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **PAYCHECK INSURANCE AGENCY, INC., 1535 SCENIC AVENUE, #100, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005825

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **JAMES PATE, 805 DELAWARE STREET, HUNTINGTON BEACH, CA 92648.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005824

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 70202450000078962864

Remove ✕

This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

## Reminder to Schedule Redelivery of your item before May 11, 2021

Feedback

Schedule Redelivery ⌄

Text & Email Updates ⌄

Schedule Redelivery ⌄

Tracking History ⌃

Reminder to Schedule Redelivery of your item before May 11, 2021
This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

**April 27, 2021, 11:37 am**
Notice Left (No Authorized Recipient Available)
CORONA DEL MAR, CA 92625

**April 26, 2021, 8:17 pm**
Departed USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 26, 2021, 12:52 pm**
Arrived at USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 25, 2021**
In Transit to Next Facility

**April 24, 2021, 10:20 pm**
Arrived at USPS Regional Origin Facility
TALLAHASSEE FL DISTRIBUTION CENTER

**April 24, 2021, 11:56 am**
USPS in possession of item
TALLAHASSEE, FL 32301

Feedback

**Product Information** ∨

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# USPS Tracking®

FAQs >

Track Another Package  +

**Tracking Number:** 70202450000078962833

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 5:37 pm on April 28, 2021 in CARLSBAD, CA 92011.

## ⊘ Delivered, Front Desk/Reception/Mail Room

April 28, 2021 at 5:37 pm
CARLSBAD, CA 92011

Feedback

**Get Updates** ⌄

---

**Text & Email Updates**                                                    ⌄

---

**Tracking History**                                                         ⌄

---

**Product Information**                                                      ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

**Track Another Package** +

**Tracking Number:** 70202450000078962895

Remove ✕

Your item was delivered to an individual at the address at 2:21 pm on April 28, 2021 in HUNTINGTON BEACH, CA 92648.

## ✅ Delivered, Left with Individual

April 28, 2021 at 2:21 pm
HUNTINGTON BEACH, CA 92648

Feedback

**Get Updates** ⌄

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

Track Another Package ✛

**Tracking Number:** 70202450000078962840

Remove ✕

Your item was delivered to an individual at the address at 2:20 pm on April 27, 2021 in RANCHO SANTA MARGARITA, CA 92688.

## ✓ Delivered, Left with Individual

April 27, 2021 at 2:20 pm
RANCHO SANTA MARGARITA, CA 92688

**Get Updates** ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962871

Remove ✕

Your item has been delivered to an agent for final delivery in COSTA MESA, CA 92626 on April 27, 2021 at 10:47 am.

## ⊘ Delivered to Agent for Final Delivery

April 27, 2021 at 10:47 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| Text & Email Updates | ⌄ |
| --- | --- |
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962888

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ✅ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962857

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ✓ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

Feedback

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5532 0049 4100 54

United States
Postal Service

\* Sender: Please print your name, address, and ZIP+4® in this box\*

Sidney Potter
P.O. Box 287
Pasadena, CA 91102 - 0287





First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

"Sender: Please print your name, address, and ZIP+4® in this box"

Sidney Polite
P.O. Box 287
Pasadena, CA 91102-0287

United States
Postal Service

USPS TRACKING #

9590 9402 5932 0049 4106 92

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Sidney Potts
P.o. Box 287
Pasadena, CA 9162-0287

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  James Pate
Street and Apt. No., or PO Box No.  505 Delaware Street
City, State, ZIP+4®  Huntington Beach, CA 92648

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2855

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Reeven Akiba
Street and Apt. No., or PO Box No.  1000 Sea Lane
City, State, ZIP+4®  Corona Del Mar, CA 92625

PS Form 3800, April 2015 PSN 7630-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2864

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Newbreak Insurance Agency, Inc.
Street and Apt. No., or PO Box No.  1525 Scenic Ave. # 100
City, State, ZIP+4®  Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2888

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Corey Lewis
Street and Apt. No., or PO Box No.  1525 Scenic Ave # 100
City, State, ZIP+4®  Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2857

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Secure One Capital Corp.
Street and Apt. No., or PO Box No.  555 Anton Blvd. # 900
City, State, ZIP+4®  Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2871

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy) $ _____
☐ Return Receipt (electronic) $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Leanne Kregen
Street and Apt. No., or PO Box No.  Calle Estribo
City, State, ZIP+4®  Rancho Santa Margarita, CA 92688

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2840



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

# OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ _____
☐ Return Receipt (electronic)        $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required            $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Ryan Manier

Street and Apt. No., or PO Box No.  6214 Teplay Street

City, State, ZIP+4®  Carlsbad, CA 92009

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7020 2450 0000 7896 2833



```
                TALLAHASSEE
             2800 S ADAMS ST
         TALLAHASSEE, FL 32301-9998
               (800)275-8777
04/24/2021                      12:02 PM
-----------------------------------------
Product            Qty   Unit    Price
                         Price
-----------------------------------------
First-Class Mail®    1            $1.80
Large Envelope
   Carlsbad, CA 92009
   Weight: 0 lb 4.60 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
      70202450000078962833
   Return Receipt                $2.85
      Tracking #:
      9590 9402 6287 0274 9344 59
Total                            $8.25

First-Class Mail®    1            $1.80
Large Envelope
   Rancho Santa Margari, CA 92688
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
      70202450000078962840
   Return Receipt                $2.85
      Tracking #:
      9590 9402 6287 0274 9275 05
Total                            $8.25

First-Class Mail®    1            $1.80
Large Envelope
   Costa Mesa, CA 92626
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
      70202450000078962857
   Return Receipt                $2.85
      Tracking #:
      9590 9402 5932 0049 4100 92
Total                            $8.25

First-Class Mail®    1            $1.80
Large Envelope
   Corona del Mar, CA 92625
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
      70202450000078962864
   Return Receipt                $2.85
      Tracking #:
      9590 9402 5932 0049 4100 85
Total                            $8.25


Large Envelope
   Costa Mesa, CA 92626
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
      70202450000078962871
   Return Receipt                $2.85
      Tracking #:
      9590 9402 5932 0049 4100 78
Total                            $8.25

First-Class Mail®    1            $1.80
Large Envelope
   Costa Mesa, CA 92626
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
      70202450000078962888
   Return Receipt                $2.85
      Tracking #:
      9590 9402 5932 0049 4100 61
Total                            $8.25

First-Class Mail®    1            $1.80
Large Envelope
   Huntington Beach, CA 92648
   Weight: 0 lb 4.60 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
      70202450000078962895
   Return Receipt                $2.85
      Tracking #:
      9590 9402 5932 0049 4100 54
Total                            $8.25
-----------------------------------------
Grand Total:                    $57.75

Debit Card Remitted             $57.75
   Card Name: MasterCard
   Account #: XXXXXXXXXXXX3885
   Approval #: 170013
   Transaction #: 999
   Receipt #: 042592
   Debit Card Purchase: $57.75
   AID: A0000000042203        Chip
   AL: US DEBIT
   PIN: Verified
      -----------------------------------
```

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL DISTRICT, IN AND FOR
LEON COUNTY, FLORIDA

David Sidney Potter,

       Plaintiff

      vs.

Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
Greg Gehris

       Defendants

**SUMMONS AND PROCESS
OF SERVICE CONFIRMATION**
Leon County
Case No. 2021 CA 000401

D. Sidney Potter vs. Secure One Capital Corporation, et al.

Page 1

Plaintiff D. Sidney Potter presents Summons and Process of Service Confirmation:

<u>Summons of Affidavits:</u>
Enclosed all 7 Defendants

<u>USPS Tracking – Delivery Confirmation</u>
Akiba-7020-2450-0000-7896-2864 (delivered-notice left)
Marier-7020-2450-0000-7896-2833 (delivered)
Pate-7020-2450-0000-7896-2895 (delivered)
Keegan-7020-2450-0000-7896-2840 (delivered)
Secure-7020-2450-0000-7896-2871 (delivered)
Paychex-7020-2450-0000-7896-2888 (delivered)
Gehris-7020-2450-0000-7896-2857 (delivered)

<u>USPS-Green Card stamped received and returned</u>
Akiba-Not Confirmed
Marier-
Pate-xxxxxxxxx-4100-54
Keegan-xxxxxxxxx-9275-05
Secure-
Paychex-xxxxxxxxx-4100-61
Gehris-xxxxxxxxx-4100-92

<u>USPS Receipt Stub</u>
Enclosed all 7 Defendants

<u>USPS Receipt Printout</u>
Enclosed all 7 Defendants

   Dated:  this 5th of May 2021.


                              Respectively Submitted,

                              / D. Sidney Potter /

                              _____
                              D. Sidney Potter
                              (Attorney TBD)
                              P.O. Box 287
                              Pasadena, CA 91102
                              (818) 771-7710  telephone
                              (818) 924-0404  facsimile
                              dsidneypotter@potterequities.com

# CERTIFICATE OF SERVICE

I hereby certify that on 5th of May 2021, a copy of the foregoing was sent via first class mail to:

Defendant Addresses:

Rooven Akiba
[DRE ID: 00350120]
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936]
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379]
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

# EXHIBITS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

D. Sidney Potter v. Secure One Capital Corporation, et al.

# RETURN OF SERVICE

| State of Florida | County of Leon | CIRCUIT Court |
|---|---|---|

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **ROOVEN AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

Sent via Certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEHRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sub via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005828

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RYAN MARIER, 6214 TOPIARY STREET, CARLSBAD, CA 92009**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

Sent via certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005830

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **LEANNE KEEGAN, 1 CALLE ESTRIBO, RANCHO SANTA MARGARITA, CA 92628.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

_____

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005829

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
D. SIDNEY POTTER

vs.

Respondent:
JAMES PATE, ET AL.

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEMRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at 12:00 pm, I:

*Sent via Certified mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005828

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

_____

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
D. SIDNEY POTTER

vs.

Respondent:
JAMES PATE, ET AL.

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on
SECURE ONE CAPITAL CORPORATION, 555 ANTON BLVD., #900, COSTA MESA, CA 92626.

I, MICHAEL C. NOLAN, do hereby affirm that on the 24th day of April, 2021 at 12:00 pm, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in
good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the
facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525
(2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005826

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **PAYCHECK INSURANCE AGENCY, INC., 1535 SCENIC AVENUE, #100, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

_____
**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005825

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **JAMES PATE, 805 DELAWARE STREET, HUNTINGTON BEACH, CA 92648.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005824

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 70202450000078962864

Remove ✕

This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

## Reminder to Schedule Redelivery of your item before May 11, 2021

Feedback

**Schedule Redelivery** ⌄

---

**Text & Email Updates**                                             ⌄

---

**Schedule Redelivery**                                              ⌄

---

**Tracking History**                                                 ⌃

Reminder to Schedule Redelivery of your item before May 11, 2021
This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

**April 27, 2021, 11:37 am**
Notice Left (No Authorized Recipient Available)
CORONA DEL MAR, CA 92625

**April 26, 2021, 8:17 pm**
Departed USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 26, 2021, 12:52 pm**
Arrived at USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 25, 2021**
In Transit to Next Facility

**April 24, 2021, 10:20 pm**
Arrived at USPS Regional Origin Facility
TALLAHASSEE FL DISTRIBUTION CENTER

**April 24, 2021, 11:56 am**
USPS in possession of item
TALLAHASSEE, FL 32301



**Product Information** ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962833

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 5:37 pm on April 28, 2021 in CARLSBAD, CA 92011.

## ⊘ Delivered, Front Desk/Reception/Mail Room

April 28, 2021 at 5:37 pm
CARLSBAD, CA 92011

**Get Updates** ⌄

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

**Track Another Package** +

**Tracking Number:** 70202450000078962895

Remove ✕

Your item was delivered to an individual at the address at 2:21 pm on April 28, 2021 in HUNTINGTON BEACH, CA 92648.

## ⊘ Delivered, Left with Individual

April 28, 2021 at 2:21 pm
HUNTINGTON BEACH, CA 92648

Feedback

**Get Updates** ⌄

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

**Track Another Package** +

**Tracking Number:** 70202450000078962840

Remove ✕

Your item was delivered to an individual at the address at 2:20 pm on April 27, 2021 in RANCHO SANTA MARGARITA, CA 92688.

## ✓ Delivered, Left with Individual

April 27, 2021 at 2:20 pm
RANCHO SANTA MARGARITA, CA 92688

Feedback

**Get Updates** ∨

| Text & Email Updates | ∨ |
| --- | --- |
| Tracking History | ∨ |
| Product Information | ∨ |

**See Less** ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

Track Another Package  +

**Tracking Number:** 70202450000078962871

Remove ✕

Your item has been delivered to an agent for final delivery in COSTA MESA, CA 92626 on April 27, 2021 at 10:47 am.

## ⊘ Delivered to Agent for Final Delivery

April 27, 2021 at 10:47 am
COSTA MESA, CA 92626

Feedback

**Get Updates** ⌄

---

| | |
|---|---|
| **Text & Email Updates** | ⌄ |

---

| | |
|---|---|
| **Tracking History** | ⌄ |

---

| | |
|---|---|
| **Product Information** | ⌄ |

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962888

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ✓ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

Feedback

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 70202450000078962857

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ✓ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback





USPS TRACKING #

[illegible]ANA CA [illegible]

[illegible] 2021 PM 7 L

9590 9402 5532 0049 4100 54

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

Sidney Potter
P.O. Box 287
Pasadena, CA 91102-0287

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 5132 0049 4200 61

United States
Postal Service

"Sender: Please print your name, address, and ZIP+4® in this box"

Sidney Powell
P.O. Box 267
Pasadena, CA 91102-0287



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Agnes Pate
Street and Apt. No., or PO Box No.  505 Delaware Street
City, State, ZIP+4®  Huntington Beach, CA 92648

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7020 2450 0000 7896 2895

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Reuven Akiba
Street and Apt. No., or PO Box No.  1000 Sea Lane
City, State, ZIP+4®  Corona Del Mar, CA 92625

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7020 2450 0000 7896 2864

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Kenbreck Insurance Agency, Inc.
Street and Apt. No., or PO Box No.  1525 Scenic Ave. #100
City, State, ZIP+4®  Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7020 2450 0000 7896 2888

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Loren Lewis
Street and Apt. No., or PO Box No.  1525 Scenic Ave. #700
City, State, ZIP+4®  Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7020 2450 0000 7896 2857

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Secure One Capital Corp.
Street and Apt. No., or PO Box No.  555 Anton Blvd. #900
City, State, ZIP+4®  Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7020 2450 0000 7896 2871

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Leanne Kueger
Street and Apt. No., or PO Box No.  Calle Estribo
City, State, ZIP+4®  Rancho Santa Margarita, CA 92688

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7020 2450 0000 7896 2840



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____
Postmark Here

Postage
$
Total Postage and Fees
$

Sent To Ryan Manier
Street and Apt. No., or PO Box No. 6214 Teprary Street
City, State, ZIP+4® Carlsbad, CA 92009

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2833



**UNITED STATES POSTAL SERVICE**

TALLAHASSEE
2800 S ADAMS ST
TALLAHASSEE, FL 32301-9998
(800)275-8777

04/24/2021                                    12:02 PM

---

Product              Qty    Unit     Price
                            Price
---

First-Class Mail®      1              $1.80
Large Envelope
    Carlsbad, CA 92009
    Weight: 0 lb 4.60 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                   $3.60
        Tracking #:
        70202450000078962833
    Return Receipt                    $2.85
        Tracking #:
        9590 9402 6287 0274 9344 59
Total                                 $8.25

First-Class Mail®      1              $1.80
Large Envelope
    Rancho Santa Margari, CA  92688
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                   $3.60
        Tracking #:
        70202450000078962840
    Return Receipt                    $2.85
        Tracking #:
        9590 9402 6287 0274 9275 05
Total                                 $8.25

First-Class Mail®      1              $1.80
Large Envelope
    Costa Mesa, CA 92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                   $3.60
        Tracking #:
        70202450000078962857
    Return Receipt                    $2.85
        Tracking #:
        9590 9402 5932 0049 4100 92
Total                                 $8.25

First-Class Mail®      1              $1.80
Large Envelope
    Corona del Mar, CA 92625
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                   $3.60
        Tracking #:
        70202450000078962864
    Return Receipt                    $2.85
        Tracking #:
        9590 9402 5932 0049 4100 85
Total                                 $8.25

Large Envelope
    Costa Mesa, CA  92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                   $3.60
        Tracking #:
        70202450000078962871
    Return Receipt                    $2.85
        Tracking #:
        9590 9402 5932 0049 4100 78
Total                                 $8.25

First-Class Mail®      1              $1.80
Large Envelope
    Costa Mesa, CA  92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                   $3.60
        Tracking #:
        70202450000078962888
    Return Receipt                    $2.85
        Tracking #:
        9590 9402 5932 0049 4100 61
Total                                 $8.25

First-Class Mail®      1              $1.80
Large Envelope
    Huntington Beach, CA  92648
    Weight: 0 lb 4.60 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                   $3.60
        Tracking #:
        70202450000078962895
    Return Receipt                    $2.85
        Tracking #:
        9590 9402 5932 0049 4100 54
Total                                 $8.25

---

Grand Total:                         $57.75

---

Debit Card Remitted                  $57.75
    Card Name: MasterCard
    Account #: XXXXXXXXXXXX3885
    Approval #: 170013
    Transaction #: 999
    Receipt #: 042592
    Debit Card Purchase: $57.75
    AID: A000000042203          Chip
    AL: US DEBIT
    PIN: Verified

1

2    D. Sidney Potter
(Attorney TBD)
P.O. Box 287
3    Pasadena, CA 91102
(818) 771-7710 telephone
4    (818) 924-0404 facsimile
dsidneypotter@potterequities.com
5

6

7                    IN THE CIRCUIT COURT OF THE
8            SECOND JUDICIAL DISTRICT, IN AND FOR
9                       LEON COUNTY, FLORIDA

10   David Sidney Potter,

11           Plaintiff

12

13                      **SUMMONS AND PROCESS**
                     **OF SERVICE CONFIRMATION**
14      vs.                     Leon County
                       Case No. 2021 CA 000401
15

16   Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
17   Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
18   Greg Gehris

19

20           Defendants

21

22

23

24

25

26

27

28

Plaintiff D. Sidney Potter presents Summons and Process of Service Confirmation:

<u>Summons of Affidavits:</u>
Enclosed all 7 Defendants

<u>USPS Tracking – Delivery Confirmation</u>
Akiba-7020-2450-0000-7896-2864 (delivered-notice left)
Marier-7020-2450-0000-7896-2833 (delivered)
Pate-7020-2450-0000-7896-2895 (delivered)
Keegan-7020-2450-0000-7896-2840 (delivered)
Secure-7020-2450-0000-7896-2871 (delivered)
Paychex-7020-2450-0000-7896-2888 (delivered)
Gehris-7020-2450-0000-7896-2857 (delivered)

<u>USPS-Green Card stamped received and returned</u>
Akiba-Not Confirmed
Marier-
Pate-xxxxxxxxx-4100-54
Keegan-xxxxxxxxx-9275-05
Secure-
Paychex-xxxxxxxxx-4100-61
Gehris-xxxxxxxxx-4100-92

<u>USPS Receipt Stub</u>
Enclosed all 7 Defendants

<u>USPS Receipt Printout</u>
Enclosed all 7 Defendants

Dated:  this 5th of May 2021.

Respectively Submitted,

/ D. Sidney Potter /

_____

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

Page 3

# CERTIFICATE OF SERVICE

I hereby certify that on 5th of May 2021, a copy of the foregoing was sent via first class mail to:

_____

<u>Defendant Addresses:</u>

Rooven Akiba
[DRE ID: 00350120]
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936]
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379]
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

# EXHIBITS

D. Sidney Potter v. Secure One Capital Corporation, et al.

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **ROOVEN AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005827

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEHRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sub via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

_____

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005828

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RYAN MARIER, 6214 TOPIARY STREET, CARLSBAD, CA 92009.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005830

## RETURN OF SERVICE

State of Florida                        County of Leon                        CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **LEANNE KEEGAN, 1 CALLE ESTRIBO, RANCHO SANTA MARGARITA, CA 92628.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005829

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                        County of Leon                        CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEMRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005828

## RETURN OF SERVICE

State of Florida                          County of Leon                          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
D. SIDNEY POTTER

vs.

Respondent:
JAMES PATE, ET AL.

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on
RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

Sent via Certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **SECURE ONE CAPITAL CORPORATION, 555 ANTON BLVD., #900, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

_____
**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005826

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **PAYCHECK INSURANCE AGENCY, INC., 1535 SCENIC AVENUE, #100, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005825

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **JAMES PATE, 805 DELAWARE STREET, HUNTINGTON BEACH, CA 92648.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005824

# USPS Tracking®

FAQs ›

## Track Another Package  +

**Tracking Number:** 70202450000078962864

Remove ✕

This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

## Reminder to Schedule Redelivery of your item before May 11, 2021

Feedback

**Schedule Redelivery** ⌄

---

### Text & Email Updates                                                        ⌄

---

### Schedule Redelivery                                                          ⌄

---

### Tracking History                                                             ⌃

Reminder to Schedule Redelivery of your item before May 11, 2021
This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

**April 27, 2021, 11:37 am**
Notice Left (No Authorized Recipient Available)
CORONA DEL MAR, CA 92625

**April 26, 2021, 8:17 pm**
Departed USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 26, 2021, 12:52 pm**
Arrived at USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 25, 2021**
In Transit to Next Facility

**April 24, 2021, 10:20 pm**
Arrived at USPS Regional Origin Facility
TALLAHASSEE FL DISTRIBUTION CENTER

**April 24, 2021, 11:56 am**
USPS in possession of item
TALLAHASSEE, FL 32301

Feedback

**Product Information**                                              ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# USPS Tracking®

FAQs  〉

Track Another Package  **+**

**Tracking Number:** 70202450000078962833

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 5:37 pm on April 28, 2021 in CARLSBAD, CA 92011.

## ⊘ Delivered, Front Desk/Reception/Mail Room

April 28, 2021 at 5:37 pm
CARLSBAD, CA 92011

**Get Updates** ⌄

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

# FAQs

Feedback

# USPS Tracking®

FAQs ›

## Track Another Package  +

**Tracking Number:** 70202450000078962895

Remove ✕

Your item was delivered to an individual at the address at 2:21 pm on April 28, 2021 in HUNTINGTON BEACH, CA 92648.

## ⊘ Delivered, Left with Individual

April 28, 2021 at 2:21 pm
HUNTINGTON BEACH, CA 92648

**Get Updates** ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

Track Another Package  +

**Tracking Number:** 70202450000078962840

Remove ✕

Your item was delivered to an individual at the address at 2:20 pm on April 27, 2021 in RANCHO SANTA MARGARITA, CA 92688.

## ✓ Delivered, Left with Individual

April 27, 2021 at 2:20 pm
RANCHO SANTA MARGARITA, CA 92688

**Get Updates** ⌄

Feedback

---

Text & Email Updates ⌄

---

Tracking History ⌄

---

Product Information ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package  +

**Tracking Number:** 70202450000078962871

Remove ✕

Your item has been delivered to an agent for final delivery in COSTA MESA, CA 92626 on April 27, 2021 at 10:47 am.

## ✓ Delivered to Agent for Final Delivery

April 27, 2021 at 10:47 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **Tracking History** | ⌄ |
| **Product Information** | ⌄ |

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

Track Another Package  +

**Tracking Number:** 70202450000078962888

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ✓ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

Feedback

**Get Updates** ⌄

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962857

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback



USPS TRACKING #

SANTA ANA CA 905
2021 PM 7 L

9590 9402 5932 0049 4100 54

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box*

Sidney Potter
P.o. Box 287
Pasadena, CA 91102 – 0287



USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5932 0049 4100 63

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box®

Sidney Potter
P.o Box 287
Pasadena, CA 91102-0287

United States
Postal Service

USPS TRACKING #

9530 9402 2046 0049 4300 92

* Sender: Please print your name, address, and ZIP+4® in this box *

Sidney Powell
P.O. Box 257
Pasadena, CA 91102-0257

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees

Sent To James Pate
Street and Apt. No., or PO Box No. Delaware Street
City, State, ZIP+4® Huntington Beach, CA 92648

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2875

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees

Sent To Reeven Akiba
Street and Apt. No., or PO Box No. 1000 Sea Lane
City, State, ZIP+4® Corona Del Mar, CA 92628

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2864

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees

Sent To Fencheck Insurance Agency, Inc.
Street and Apt. No., or PO Box No. 1535 Scenic Ave. #100
City, State, ZIP+4® Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2888

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees

Sent To Corey Lewis
Street and Apt. No., or PO Box No. 1535 Scenic Ave. #700
City, State, ZIP+4® Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2857

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees

Sent To Secure One Capital Corp.
Street and Apt. No., or PO Box No. 555 Anton Blvd. #900
City, State, ZIP+4® Costa Mesa, CA 92626

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2871

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)         $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postage
$
Total Postage and Fees

Sent To Leanne Kregen
Street and Apt. No., or PO Box No. Calle Estribo
City, State, ZIP+4® Rancho Santa Margarita, CA 92688

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 2450 0000 7896 2840



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

**OFFICIAL USE**

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)       $ _____
☐ Return Receipt (electronic)     $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required        $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To    Ryan Manier

Street and Apt. No., or PO Box No.  6214 Tepray Street

City, State, ZIP+4®  Carlsbad, CA 92009

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7020 2450 0000 7896 2833



**UNITED STATES POSTAL SERVICE**

```
                TALLAHASSEE
               2800 S ADAMS ST
          TALLAHASSEE, FL 32301-9998
                (800)275-8777
04/24/2021                        12:02 PM
--------------------------------------------
Product          Qty   Unit     Price
                       Price
--------------------------------------------
First-Class Mail®  1             $1.80
Large Envelope
   Carlsbad, CA  92009
   Weight: 0 lb 4.60 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
         70202450000078962833
   Return Receipt                $2.85
      Tracking #:
         9590 9402 6287 0274 9344 59
Total                            $8.25

First-Class Mail®  1             $1.80
Large Envelope
   Rancho Santa Margari, CA  92688
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
         70202450000078962840
   Return Receipt                $2.85
      Tracking #:
         9590 9402 6287 0274 9275 05
Total                            $8.25

First-Class Mail®  1             $1.80
Large Envelope
   Costa Mesa, CA  92626
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
         70202450000078962857
   Return Receipt                $2.85
      Tracking #:
         9590 9402 5932 0049 4100 92
Total                            $8.25

First-Class Mail®  1             $1.80
Large Envelope
   Corona del Mar, CA  92625
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
         70202450000078962864
   Return Receipt                $2.85
      Tracking #:
         9590 9402 5932 0049 4100 85
Total                            $8.25
```

```
First-Class Mail®  1             $1.80
Large Envelope
   Costa Mesa, CA  92626
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
         70202450000078962871
   Return Receipt                $2.85
      Tracking #:
         9590 9402 5932 0049 4100 78
Total                            $8.25

First-Class Mail®  1             $1.80
Large Envelope
   Costa Mesa, CA  92626
   Weight: 0 lb 4.50 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
         70202450000078962888
   Return Receipt                $2.85
      Tracking #:
         9590 9402 5932 0049 4100 61
Total                            $8.25

First-Class Mail®  1             $1.80
Large Envelope
   Huntington Beach, CA  92648
   Weight: 0 lb 4.60 oz
   Estimated Delivery Date
      Wed 04/28/2021
   Certified Mail®               $3.60
      Tracking #:
         70202450000078962895
   Return Receipt                $2.85
      Tracking #:
         9590 9402 5932 0049 4100 54
Total                            $8.25
--------------------------------------------
Grand Total:                    $57.75

Debit Card Remitted             $57.75
   Card Name: MasterCard
   Account #: XXXXXXXXXXXX3885
   Approval #: 170013
   Transaction #: 999
   Receipt #: 042592
   Debit Card Purchase: $57.75
   AID: A0000000042203        Chip
   AL: US DEBIT
   PIN: Verified
      --------------------------------
```

D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710 telephone
(818) 924-0404 facsimile
dsidneypotter@potterequities.com

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL DISTRICT, IN AND FOR
LEON COUNTY, FLORIDA

David Sidney Potter,

       Plaintiff

vs.

Rooven Akiba, Ryan Marier,
James Pate, Leanne Keegan,
Secure One Capital Corporation,
Paychex Insurance Agency, Inc.,
Greg Gehris

       Defendants

**SUMMONS AND PROCESS
OF SERVICE CONFIRMATION**
Leon County
Case No. 2021 CA 000401

D. Sidney Potter vs. Secure One Capital Corporation, et al.

Page 1

Plaintiff D. Sidney Potter presents Summons and Process of Service Confirmation:

<u>Summons of Affidavits:</u>
Enclosed all 7 Defendants

<u>USPS Tracking – Delivery Confirmation</u>
Akiba-7020-2450-0000-7896-2864 (delivered-notice left)
Marier-7020-2450-0000-7896-2833 (delivered)
Pate-7020-2450-0000-7896-2895 (delivered)
Keegan-7020-2450-0000-7896-2840 (delivered)
Secure-7020-2450-0000-7896-2871 (delivered)
Paychex-7020-2450-0000-7896-2888 (delivered)
Gehris-7020-2450-0000-7896-2857 (delivered)

<u>USPS-Green Card stamped received and returned</u>
Akiba-Not Confirmed
Marier-
Pate-xxxxxxxxx-4100-54
Keegan-xxxxxxxxx-9275-05
Secure-
Paychex-xxxxxxxxx-4100-61
Gehris-xxxxxxxxx-4100-92

<u>USPS Receipt Stub</u>
Enclosed all 7 Defendants

<u>USPS Receipt Printout</u>
Enclosed all 7 Defendants

     Dated:  this 5th of May 2021.

Respectively Submitted,

/ D. Sidney Potter /

_____
D. Sidney Potter
(Attorney TBD)
P.O. Box 287
Pasadena, CA 91102
(818) 771-7710  telephone
(818) 924-0404  facsimile
dsidneypotter@potterequities.com

Page 3

### CERTIFICATE OF SERVICE

I hereby certify that on 5th of May 2021, a copy of the foregoing was sent via first class mail to:

Defendant Addresses:

Rooven Akiba
[DRE ID: 00350120]
Secure One Capital Corporation
1000 Sea Lane
Corona Del Mar, CA 92625

Ryan Marier
[DRE ID: 01848936]
Secure One Capital Corporation
6214 Topiary Street
Carlsbad, CA 92009

James Pate
[DRE ID: 01297379]
Secure One Capital Corporation
805 Delaware Street
Huntington Beach, CA 92648

Leanne Keegan
Secure One Capital Corporation
1 Calle Estribo
Rancho Santa Margarita, CA 92688

Secure One Capital Corporation
555 Anton Blvd #900
Costa Mesa, CA 92626

Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

Greg Gehris
[CA License: 4050025]
Paychex Insurance Agency, Inc
1535 Scenic Ave., #100
Costa Mesa, CA 92626

**To be notified upon Pre-Trial Conference, but no later than Trial:**
* California Department of Real Estate: (License No. 02001881)
* California Department of Business Oversight: (74DBO-46257)
* Florida Office of Financial Regulation: (MLDB 12273)

# EXHIBITS

D. Sidney Potter v. Secure One Capital Corporation, et al.

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **ROOVEN AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEHRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Sub via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

_____

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005828

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RYAN MARIER, 6214 TOPIARY STREET, CARLSBAD, CA 92009**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

Sent via certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005830

## RETURN OF SERVICE

| State of Florida | County of Leon | CIRCUIT Court |

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **LEANNE KEEGAN, 1 CALLE ESTRIBO, RANCHO SANTA MARGARITA, CA 92628.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm**, I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005829

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **GREG GEMRIS, 1535 SCENIC AVENUE, #1000, COSTA MESA, CA 92626**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

*Sent via Certified mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005828

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm,** I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

_____

**MICHAEL C. NOLAN**
Certified Process Server, #111

**NOLAN PROCESS SERVERS, LLC**
**7498 Anglewood Lane**
**Tallahassee, FL 32309**
**(850) 562-6058**

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida                 County of Leon                          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **RODNEY AKIBA, 1000 SEA LANE, CORONA DEL MAR, CA 92625.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I:**

*Serb via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005827

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
D. SIDNEY POTTER

vs.

Respondent:
JAMES PATE, ET AL.

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **SECURE ONE CAPITAL CORPORATION, 555 ANTON BLVD., #900, COSTA MESA, CA 92626**.

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021** at **12:00 pm, I**:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005826

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2b

## RETURN OF SERVICE

State of Florida                          County of Leon                          CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **PAYCHECK INSURANCE AGENCY, INC., 1535 SCENIC AVENUE, #100, COSTA MESA, CA 92626.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm, I:**

Sent via Certified Mail

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge. NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005825

## RETURN OF SERVICE

State of Florida                    County of Leon                    CIRCUIT Court

Case Number: 2021 CA 000401

Petitioner:
**D. SIDNEY POTTER**

vs.

Respondent:
**JAMES PATE, ET AL.**

For:
D. SIDNEY POTTER
PRO SE
P.O. BOX 287
PASADENA, CA 91102

Received by NOLAN PROCESS SERVERS, LLC on the 23rd day of April, 2021 at 5:00 pm to be served on **JAMES PATE, 805 DELAWARE STREET, HUNTINGTON BEACH, CA 92648.**

I, MICHAEL C. NOLAN, do hereby affirm that on the **24th day of April, 2021 at 12:00 pm,** I:

*Sent via Certified Mail*

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.  Under penalty of perjury I declare that the facts contained herein are true to the best of my knowledge.NO NOTARY REQUIRED PURSUANT TO F.S. 92.525 (2).

MICHAEL C. NOLAN
Certified Process Server, #111

NOLAN PROCESS SERVERS, LLC
7498 Anglewood Lane
Tallahassee, FL 32309
(850) 562-6058

Our Job Serial Number: MCN-2021005824

# USPS Tracking®

FAQs ⟩

Track Another Package **+**

**Tracking Number:** 70202450000078962864

Remove ✕

This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

## Reminder to Schedule Redelivery of your item before May 11, 2021

Schedule Redelivery ⌄

Feedback

Text & Email Updates                                                                ⌄

Schedule Redelivery                                                                ⌄

Tracking History                                                                ⌃

Reminder to Schedule Redelivery of your item before May 11, 2021
This is a reminder to arrange for redelivery of your item before May 11, 2021 or your item will be returned on May 12, 2021. You may arrange redelivery by using the Schedule a Redelivery feature on this page or may pick up the item at the Post Office indicated on the notice.

**April 27, 2021, 11:37 am**
Notice Left (No Authorized Recipient Available)
CORONA DEL MAR, CA 92625

**April 26, 2021, 8:17 pm**
Departed USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 26, 2021, 12:52 pm**
Arrived at USPS Regional Destination Facility
ANAHEIM CA DISTRIBUTION CENTER

**April 25, 2021**
In Transit to Next Facility

**April 24, 2021, 10:20 pm**
Arrived at USPS Regional Origin Facility
TALLAHASSEE FL DISTRIBUTION CENTER

**April 24, 2021, 11:56 am**
USPS in possession of item
TALLAHASSEE, FL 32301

Feedback

**Product Information** ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962833

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 5:37 pm on April 28, 2021 in CARLSBAD, CA 92011.

## ⊘ Delivered, Front Desk/Reception/Mail Room

April 28, 2021 at 5:37 pm
CARLSBAD, CA 92011

Feedback

**Get Updates** ⌄

---

Text & Email Updates                                                      ⌄

---

Tracking History                                                          ⌄

---

Product Information                                                       ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

Track Another Package +

**Tracking Number:** 70202450000078962895

Remove ✕

Your item was delivered to an individual at the address at 2:21 pm on April 28, 2021 in HUNTINGTON BEACH, CA 92648.

## ✓ Delivered, Left with Individual

April 28, 2021 at 2:21 pm
HUNTINGTON BEACH, CA 92648

Feedback

**Get Updates** ⌄

---

Text & Email Updates ⌄

---

Tracking History ⌄

---

Product Information ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

## Track Another Package ✛

**Tracking Number:** 70202450000078962840

Remove ✕

Your item was delivered to an individual at the address at 2:20 pm on April 27, 2021 in RANCHO SANTA MARGARITA, CA 92688.

## ⊘ Delivered, Left with Individual

April 27, 2021 at 2:20 pm
RANCHO SANTA MARGARITA, CA 92688

**Get Updates** ⌄

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

Feedback

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70202450000078962871

Remove ✕

Your item has been delivered to an agent for final delivery in COSTA MESA, CA 92626 on April 27, 2021 at 10:47 am.

## ✓ Delivered to Agent for Final Delivery

April 27, 2021 at 10:47 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|
| Tracking History | ⌄ |
| Product Information | ⌄ |

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs 〉

Track Another Package  +

**Tracking Number:** 70202450000078962888

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ⓥ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback

# USPS Tracking®

FAQs ›

## Track Another Package ✛

**Tracking Number:** 70202450000078962857

Remove ✕

Your item was delivered to an individual at the address at 11:21 am on April 27, 2021 in COSTA MESA, CA 92626.

## ✅ Delivered, Left with Individual

April 27, 2021 at 11:21 am
COSTA MESA, CA 92626

**Get Updates** ⌄

Feedback

---

Text & Email Updates                                          ⌄

---

Tracking History                                              ⌄

---

Product Information                                           ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Feedback





USPS TRACKING #

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 5932 0049 4100 63

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Sidney Potter
P.o Box 287
Pasadena, CA 91102-0287

USPS TRACKING #

9590 9402 5932 0049 4100 92

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

* Sender: Please print your name, address, and ZIP+4® in this box •

Sidney Potts
P.o. Box 287
Pasadena, CA 91162-0287

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postmark Here
Postage
$
Total Postage and Fees
$
Sent To James Pate
Street and Apt. No., or PO Box No. Delaware Street
City, State, ZIP+4® Huntington Beach, CA 92648
PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2895

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postmark Here
Postage
$
Total Postage and Fees
$
Sent To Reeven Akiba
Street and Apt. No., or PO Box No. 1000 Sea Lane
City, State, ZIP+4® Corona Del Mar, CA 92628
PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2864

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postmark Here
Postage
$
Total Postage and Fees
$
Sent To Landmark Insurance Agency, Inc.
Street and Apt. No., or PO Box No. 1525 Scenic Ave. #100
City, State, ZIP+4® Costa Mesa, CA 92626
PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2888

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postmark Here
Postage
$
Total Postage and Fees
$
Sent To Larry Lewis
Street and Apt. No., or PO Box No. 1525 Scenic Ave. #700
City, State, ZIP+4® Costa Mesa, CA 92626
PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2857

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postmark Here
Postage
$
Total Postage and Fees
$
Sent To Secure One Capital Corp.
Street and Apt. No., or PO Box No. Bristol Blvd #900
City, State, ZIP+4® Costa Mesa, CA 92626
PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2871

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

O F F I C I A L   U S E

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $
Postmark Here
Postage
$
Total Postage and Fees
$
Sent To Leanne Kruger
Street and Apt. No., or PO Box No. Calle Estribo
City, State, ZIP+4® Rancho Santa Margarita, CA 92688
PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 2450 0000 7896 2840



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To   Ryan Manier

Street and Apt. No., or PO Box No.   6 2 4 Tepray Street

City, State, ZIP+4®   Carlsbad, CA 92009

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7020 2450 0000 7896 2833



**UNITED STATES POSTAL SERVICE**

TALLAHASSEE
2800 S ADAMS ST
TALLAHASSEE, FL 32301-9998
(800)275-8777

04/24/2021                                    12:02 PM

--------------------------------------------

| Product | Qty | Unit Price | Price |
|---|---|---|---|

--------------------------------------------

First-Class Mail®      1                 $1.80
Large Envelope
    Carlsbad, CA 92009
    Weight: 0 lb 4.60 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                       $3.60
        Tracking #:
            70202450000078962833
    Return Receipt                        $2.85
        Tracking #:
            9590 9402 6287 0274 9344 59
Total                                     $8.25

First-Class Mail®      1                 $1.80
Large Envelope
    Rancho Santa Margari, CA 92688
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                       $3.60
        Tracking #:
            70202450000078962840
    Return Receipt                        $2.85
        Tracking #:
            9590 9402 6287 0274 9275 05
Total                                     $8.25

First-Class Mail®      1                 $1.80
Large Envelope
    Costa Mesa, CA 92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                       $3.60
        Tracking #:
            70202450000078962857
    Return Receipt                        $2.85
        Tracking #:
            9590 9402 5932 0049 4100 92
Total                                     $8.25

First-Class Mail®      1                 $1.80
Large Envelope
    Corona del Mar, CA 92625
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                       $3.60
        Tracking #:
            70202450000078962864
    Return Receipt                        $2.85
        Tracking #:
            9590 9402 5932 0049 4100 85
Total                                     $8.25

Large Envelope
    Costa Mesa, CA 92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                       $3.60
        Tracking #:
            70202450000078962871
    Return Receipt                        $2.85
        Tracking #:
            9590 9402 5932 0049 4100 78
Total                                     $8.25

First-Class Mail®      1                 $1.80
Large Envelope
    Costa Mesa, CA 92626
    Weight: 0 lb 4.50 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                       $3.60
        Tracking #:
            70202450000078962888
    Return Receipt                        $2.85
        Tracking #:
            9590 9402 5932 0049 4100 61
Total                                     $8.25

First-Class Mail®      1                 $1.80
Large Envelope
    Huntington Beach, CA 92648
    Weight: 0 lb 4.60 oz
    Estimated Delivery Date
        Wed 04/28/2021
    Certified Mail®                       $3.60
        Tracking #:
            70202450000078962895
    Return Receipt                        $2.85
        Tracking #:
            9590 9402 5932 0049 4100 54
Total                                     $8.25

-----------------------------------------

Grand Total:                             $57.75
-----------------------------------------

Debit Card Remitted                      $57.75
    Card Name: MasterCard
    Account #: XXXXXXXXXXXX3885
    Approval #: 170013
    Transaction #: 999
    Receipt #: 042592
    Debit Card Purchase: $57.75
    AID: A0000000042203          Chip
    AL: US DEBIT
    PIN: Verified
    -----------------------------------