**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**DAVID SIDNEY POTTER,**

**Plaintiff,**

**vs.** **Case No. 4:21cv200-AW-MAF**

**SECURE ONE CAPITAL CORPORATION, RYAN MARIER, JAMES PATE, LEANNE KEEGAN, GREG GEHRIS, PAYCHEX INSURANCE AGENCY, INC., and ROOVEN AKIBA,**

**Defendants.**

**________________________________/**

**REPORT AND RECOMMENDATION**

Defendants filed a notice of removal, ECF No. 1, on May 17, 2021, removing this case from the Second Judicial Circuit Court in and for Leon County, Florida. The notice was timely filed pursuant to 28 U.S.C. § 1446(b)(1) and it was concluded that jurisdiction exists pursuant to 28 U.S.C. § 1331 as the operative pleading filed in state court asserts claims which may be heard pursuant to this Court's federal question jurisdiction. *See* ECF No. 4 (citing ECF No. 1 at 4).

An Order was entered advising Plaintiff that if he disputed either that jurisdiction existed or that removal was not appropriate, he must file a response to that Order, or a motion to remand, by June 16, 2021. ECF No. 4. As of this date, no response has been received.

Additionally, Plaintiff had filed a number of amended complaints in state court prior to removal. Plaintiff's operative pleading was deemed to be the one filed in state court on March 24, 2021. ECF No. 4 (citing ECF No. 1-2 at 359-378). Because that complaint[1] is insufficient, Plaintiff was required to file a proper amended complaint in this Court which contained his original signature.[2] ECF No. 4. Plaintiff was given until June 21, 2021, to file an "eighth amended complaint." *Id.* As of this date, nothing has been received. Because Plaintiff was warned that his failure to comply with the Order would result in a recommendation of dismissal of this action, it appears that Plaintiff has abandoned this litigation.

---

[1] None of the complaints included a proper signature; all were electronic only. ECF No. 1-2 at 29, 51, 72, 93, 183, 285, and 377.

[2] All documents filed in this Court must contain Plaintiff's original signature. N.D. Fla. Loc. R. 5.1(E). Additionally, the "signature block" must include Plaintiff's "handwritten signature, typed or printed name, street address, email address if the party has one, and telephone number if the party has one." *Id.*

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on June 23, 2021.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** ***See*** **11th Cir. Rule 3-1; 28 U.S.C. § 636.**